Dakota Pearce (WSBA #57011)
BUCHALTER
1420 5th Avenue, Suite 3100
Seattle, Washington 98101
Telephone: (206) 319-7052
Email: dpearce@buchalter.com

Bernard D. Bollinger, Jr. (*pro hac vice* pending) (CA SBN: 132817)
Julian I. Gurule (*pro hac vice* pending) (CA SBN: 251260)
Khaled Tarazi (*pro hac vice* pending) (AZ SBN: 032446)
BUCHALTER
1000 Wilshire Blvd., Suite 1500
Los Angeles, California 90017
Telephone: (213) 891-0700
Email: jgurule@buchalter.com

*Proposed Counsel to Debtors*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| In re: | Chapter 11 |
|---|---|
| ICAP ENTERPRISES, INC., <br> Debtor. | Proposed Lead Case No. 23-01243-11 |
| ICAP PACIFIC NW MANAGEMENT, LLC, <br> Debtor. | Chapter 11 <br> Case No. 23-01261-11 |
| ICAP VAULT MANAGEMENT, LLC, <br> Debtor. | Chapter 11 <br> Case No. 23-01258-11 |
| ICAP VAULT, LLC, <br> Debtor. | Chapter 11 <br> Case No. 23-01256-11 |

MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION AND RELATED RELIEF - 1

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 78738766v3

23-01243-WLH11    Doc 2    Filed 09/29/23    Entered 09/29/23 22:55:55    Pg 1 of 12

| | |
|---|---|
| ICAP VAULT 1, LLC,<br>　　　　　Debtor. | Chapter 11<br>Case No. 23-01257-11 |
| VAULT HOLDING 1, LLC,<br>　　　　　Debtor. | Chapter 11<br>Case No. 23-01265-11 |
| ICAP INVESTMENTS, LLC,<br>　　　　　Debtor. | Chapter 11<br>Case No. 23-01255-11 |
| ICAP PACIFIC NORTHWEST OPPORTUNITY AND INCOME FUND, LLC,<br>　　　　　Debtor. | Chapter 11<br>Case No. 23-01248-11 |
| ICAP EQUITY, LLC,<br>　　　　　Debtor. | Chapter 11<br>Case No. 23-01247-11 |
| ICAP PACIFIC INCOME 4 FUND, LLC,<br>　　　　　Debtor. | Chapter 11<br>Case No. 23-01251-11 |
| ICAP PACIFIC INCOME 5 FUND, LLC,<br>　　　　　Debtor. | Chapter 11<br>Case No. 23-01249-11 |
| ICAP NORTHWEST OPPORTUNITY FUND, LLC,<br>　　　　　Debtor. | Chapter 11<br>Case No. 23-01253-11 |
| 725 BROADWAY, LLC,<br>　　　　　Debtor. | Chapter 11<br>Case No. 23-01245-11 |
| SENZA KENMORE, LLC<br>　　　　　Debtor. | Chapter 11<br>Case No. 23-01254-11 |

MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION AND RELATED RELIEF - 2

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319-7052

BN 78738766v3

23-01243-WLH11    Doc 2    Filed 09/29/23    Entered 09/29/23 22:55:55    Pg 2 of 12

| | |
|---|---|
| ICAP CAMPBELL WAY, LLC,<br>                    Debtor. | Chapter 11<br>Case No. 23-01250-11 |
| UW 17TH AVE, LLC,<br>                    Debtor. | Chapter 11<br>Case No. 23-01267-11 |
| ICAP BROADWAY, LLC,<br>                    Debtor. | Chapter 11<br>Case No. 23-01252-11 |
| VH 1121 14TH LLC,<br>                    Debtor. | Chapter 11<br>Case No. 23-01264-11 |
| VH SENIOR CARE LLC,<br>                    Debtor. | Chapter 11<br>Case No. 23-01266-11 |
| VH WILLOWS TOWNHOMES LLC,<br>                    Debtor. | Chapter 11<br>Case No. 23-01262-11 |
| ICAP @ UW, LLC,<br>                    Debtor. | Chapter 11<br>Case No. 23-01244-11 |
| VH 2ND STREET OFFICE LLC,<br>                    Debtor. | Chapter 11<br>Case No. 23-01259-11 |
| VH PIONEER VILLAGE LLC,<br>                    Debtor. | Chapter 11<br>Case No. 23-01263-11 |
| ICAP FUNDING LLC<br>                    Debtor. | Chapter 11<br>Case No. 23-01246-11 |

MOTION FOR ORDER AUTHORIZING JOINT
ADMINISTRATION AND RELATED RELIEF - 3

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319-7052

BN 78738766v3

23-01243-WLH11    Doc 2    Filed 09/29/23    Entered 09/29/23 22:55:55    Pg 3 of 12

| | |
|---|---|
| ICAP MANAGEMENT LLC<br>         Debtor. | Chapter 11<br>Case No. 23-01268-11 |
| ICAP REALTY, LLC<br>         Debtor. | Chapter 11<br>Case No. 23-01260-11 |
| | **DEBTORS' *EX PARTE* EMERGENCY MOTION FOR ENTRY OF ORDER (I) DIRECTING THE JOINT ADMINISTRATION OF THESE CASES; AND (II) GRANTING RELATED RELIEF** |

Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1(b) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Washington (the "LBR"), the above-captioned debtors and debtors in Possession (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby move, on an emergency basis (this "Motion"), for the entry of an order: (i) authorizing the joint administration of these Chapter 11 Cases for procedural purposes only, including the use of consolidated lists; and (ii) that the Court maintain one file and one docket for all of the Chapter 11 Cases under the proposed lead case of iCap Enterprises, Inc. ("Enterprises"). In support of this Motion, the Debtors submit the contemporaneously-filed *Declaration of Lance Miller in Support of* Ex Parte *Motions Seeking Approval of (I) Joint Administration of Chapter 11 Cases; and (II) Limited Notice Procedures* (the "Miller Dec.") and respectfully state the following:

/ / /

/ / /

MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION AND RELATED RELIEF - 4

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 78738766v3

23-01243-WLH11　　Doc 2　　Filed 09/29/23　　Entered 09/29/23 22:55:55　　Pg 4 of 12

# I. JURISDICTION AND VENUE.

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for relief requested herein are Bankruptcy Rule 1015(b) and LBR 1015-1(b).

# II. STATEMENT OF FACTS.

## A. General Background.

4. On September 29, 2023 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code before this Court.

5. The Debtors continue to operate and manage their business and affairs as debtors in possession in their Chapter 11 Cases pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. The Debtors' business was founded in 2007 by Christopher Christensen to invest in real estate opportunities in the Pacific Northwest. The business grew quickly, raising more than $211 million in capital and deploying those funds towards, toward real estate investments. By early 2023, the Debtors employed more than 35 employees in its headquarters based in Bellevue, Washington.

7. The Debtors invest in two categories of real estate, across two divisions of operations known as the "Portfolio Business" and the "Vault Business." The Portfolio Business is the oldest of the Debtors' business lines, focusing on development opportunities for multifamily real estate projects. The Vault Business was started in 2018 for the purpose of investing in standalone real estate investments that have the potential to be or already were cash flow positive. On the Petition Date,

MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION AND RELATED RELIEF - 5

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319-7052

BN 78738766v3

23-01243-WLH11    Doc 2    Filed 09/29/23    Entered 09/29/23 22:55:55    Pg 5 of 12

the Debtors owned or controlled a total of 13 real estate properties, spread across both Businesses.

8. The Debtors' growth was financed largely through indebtedness. By November 2022, total indebtedness reached $230 million with reported consolidated assets of $93 million. At the same time, the national and state economies were experiencing significant disruption, with slowing growth, escalating inflation rates, and successive increases in interest rates. The Debtors were no longer able to service their ongoing debts.

9. The Debtors' liquidity continued to decline, and on April 15, 2023, the Debtors terminated substantially all of their employees. Between March and July 2023, the Debtors attempted to find ways to raise liquidity and address their obligations out of court. Those efforts were ultimately unsuccessful. On July 14, 2023, the Debtors engaged the services of Paladin Management Group ("Paladin") to assist in evaluating options for addressing their liquidity needs and/or restructuring their obligations.

10. On September 28, 2023, Mr. Christensen resigned all positions with the Debtors, and Lance Miller of Paladin was appointed Chief Restructuring Officer with full and exclusive control and authority over the Debtors and the prosecution of these Chapter 11 Cases.

B. **Facts Specific to this Motion.**

11. The Debtors are all part of a common business enterprise and share common direct or indirect ownership and control.

12. Enterprises is the ultimate parent for all of the Debtors other than iCap Investments, LLC ("Investments"). Mr. Christensen is the sole shareholder of both of those Debtors.

MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION AND RELATED RELIEF - 6

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319-7052

BN 78738766v3

23-01243-WLH11    Doc 2    Filed 09/29/23    Entered 09/29/23 22:55:55    Pg 6 of 12

13. As discussed above, on September 28, 2023, Mr. Christensen resigned all positions with the Debtors and Mr. Miller was appointed Chief Restructuring Officer with full and exclusive control and authority over the Debtors, including, without limitation, the power to file and prosecute all of these Chapter 11 Cases.

### III. SUMMARY OF REQUESTED RELIEF.

The Debtors jointly request, pursuant to Bankruptcy Rule 1015(b) and LBR 1015-1(b), entry of an order on an emergency basis directing joint administration of these Chapter 11 Cases for procedural purposes only, to include:

(i) use of a single pleadings docket for administrative matters under the proposed lead case: *In re iCap Enterprises, Inc.*; and the filing, lodging and docketing of pleadings and orders, where appropriate;

(ii) use of a single pleading caption;

(iii) use of a consolidated mailing matrix (or matrices), and the combining of notices to creditors and other parties-in-interest, where appropriate;

(iv) combined scheduling of hearings, where appropriate;

(v) consolidated billing by professionals employed by the estates, subject to review and apportionment of billing should the need arise; and

(vi) joint handling of other administrative matters that may aid in the expeditious and economical administration of the Debtors' estates.

The Debtors propose:

(i) to use the case caption that is set forth in Section IV of this Motion;

(ii) entry of an order approving this Motion;

(iii) to give notice to all creditors and interested parties advising them of the joint administration in accordance with notice procedures approved by this Court;

MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION AND RELATED RELIEF - 7

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319-7052

BN 78738766v3

23-01243-WLH11    Doc 2    Filed 09/29/23    Entered 09/29/23 22:55:55    Pg 7 of 12

(iv) that the Court direct the Clerk of the Court to place a notation, like that set forth in Section IV below, in the docket maintained for each of the Debtors' Chapter 11 Cases to reflect that the they are being jointly administered.

## IV. LEGAL ARGUMENT.

Joint administration may be appropriate when two or more related debtors have filed chapter 11 cases. Bankruptcy Rule 1015(b); *In re Brookhollow Assocs.*, 435 F. Supp. 763, 766 (D. Mass. 1990), *aff'd*, 575 F.2nd 1003 (1st Cir. 1986) (joint administration helps the Bankruptcy Court administer economically and efficiently different estates with substantial interests in common). Requests for joint administration of bankruptcy cases have been granted in this District. *See, e.g., In re Easterday Ranches, Inc.*, Case No. 21-00141-WLH11, ECF 78, (Bankr. E.D. Wash. Feb. 8, 2021).

Joint administration is designed to allow for more expeditious and less expensive administration of related cases. The Advisory Committee Note (1983) to Bankruptcy Rule 1015 states:

> Joint administration is distinguished from consolidation and may include combining the estates by using a single Docket for the Matters occurring in the administration, including the listing of filed claims, the combining of Notices to Creditors of different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

Joint administration is merely procedural, and there is no impact on the substantive rights of creditors. *In re Gianulias*, No. BAP CC-12-1194-PADKL, 2013 WL 1397430, at *6 (B.A.P. 9th Cir. Apr. 5, 2013); *In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark 1986). Each creditor may still file its claim against a particular debtor's estate by filing its proof of claim in the estate of the particular

MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION AND RELATED RELIEF - 8

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319-7052

BN 78738766v3

23-01243-WLH11    Doc 2    Filed 09/29/23    Entered 09/29/23 22:55:55    Pg 8 of 12

debtor against whom the claim is asserted.

Joint administration is also contemplated by LBR 1015-1(b)(1), which expressly sets forth certain requirements for a "motion for an order that two or more cases be jointly administered[.]" Despite LBR 1015-1(b)(1)'s general requirement that motions for joint administration be on twenty-one (21) days' notice and hearing, this Court has effectively waived that requirement before and authorized joint administration on the first day of a chapter 11 case, on the same day the motion for joint administration was filed. *See e.g. Easterday Ranches, Inc.*, ECF 78 (order entered *ex parte* on petition date of related case); *In re Astria Health*, Case No. 19-01189-FLK11, ECF 10, (Bankr. E.D. Wash. May 6, 2019) (order entered *ex parte* on petition date of joint cases). The Debtors similarly request waiver of the notice requirement of LBR 1015-1(b)(1) and request that joint administration be authorized on shortened notice and without a hearing

Joint administration of the Chapter 11 Cases of the Debtors is warranted and appropriate here. The affairs of the Debtors are sufficiently intertwined to make joint administration of their Chapter 11 Cases more efficient and economical than separate administration. Miller Dec. ¶ 14. For example, the Debtors are "affiliates" of each other as that term is defined in the Bankruptcy Code, inasmuch as all Debtor entities are direct or indirect subsidiaries of either Enterprises or Investments. Miller Dec. ¶ 12.

The Debtors believe that joint administration of the Chapter 11 Cases will provide significant administrative efficiencies without harming the substantive rights of any party in interest. Miller Dec. ¶ 17. Many of the motions, hearings and orders that will be filed in the Chapter 11 Cases almost certainly will affect each of the Debtors. Miller Dec. ¶ 15. The entry of an order directing joint administration of the Chapter 11 Cases will reduce fees and costs by avoiding duplicative filings,

MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION AND RELATED RELIEF - 9

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319-7052

BN 78738766v3

23-01243-WLH11    Doc 2    Filed 09/29/23    Entered 09/29/23 22:55:55    Pg 9 of 12

objections, notices, and hearings, and will allow all parties in interest to monitor the Chapter 11 Cases with greater ease and efficiency. Miller Dec. ¶ 16. The relief requested in the Motion is therefore in the best interests of the Debtors' estates, their creditors, and all other parties in interest and will enable the Debtors to administer their estates in chapter 11 with the least disruption. Miller Dec. ¶ 17.

In the event the Court orders joint administration of these Chapter 11 Cases, the Debtors respectfully suggest that the Enterprises case be used as the lead case and that the following proposed caption be approved:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| In re:<br><br>ICAP ENTERPRISES, INC., *et al.*,<br><br>Debtor.[1] | Chapter 11<br><br>Lead Case No. 23-01243-11<br>Jointly Administered |
|---|---|

[1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (Case No. 23-01243-11); iCap Pacific NW Management, LLC (Case No. 23-01261-11); iCap Vault Management, LLC (Case No. 23-01258-11); iCap Vault, LLC (Case No. 23-01256-11); iCap Vault 1, LLC (Case No. 23-01257-11); Vault Holding 1, LLC (Case No. 23-01256-11); iCap Investments, LLC (Case No. 23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (Case No. 23-01253-11); iCap Equity, LLC (Case No. 23-01247-11); iCap Pacific Income 4 Fund, LLC (Case No. 23-01251-11); iCap Pacific Income 5 Fund, LLC (Case No. 23-01249-11); iCap Northwest Opportunity Fund, LLC (Case No. 23-01253-11); 725 Broadway, LLC (Case No. 23-01245-11); Senza Kenmore, LLC (Case No. 23-01254-11); iCap Campbell Way, LLC (Case No. 23-01250-11); UW 17th Ave, LLC (Case No. 23-01267-11); iCap Broadway, LLC (Case No. 23-01252-11); VH 1121 14th LLC (Case No. 23-01264-11); VH Senior Care LLC (Case No. 23-01266-11); VH Willows Townhomes LLC (Case No. 23-01262-11); iCap @ UW, LLC (Case No. 23-01244-11); VH 2nd Street Office, LLC (Case No. 23-01259-11); VH Pioneer Village LLC (Case No. 23-01263-11); iCap Funding LLC (Case No. 23-01246-11); iCap Management LLC (Case No. 23-01268-11); iCap Realty, LLC (Case No. 23-01260-11).

To assist creditors, the Debtors also propose that the Clerk of the Court place

MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION AND RELATED RELIEF - 10

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319-7052

BN 78738766v3

23-01243-WLH11    Doc 2    Filed 09/29/23    Entered 09/29/23 22:55:55    Pg 10 of 12

the following notation in the docket for each of the Debtors' Chapter 11 Cases:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of iCap Enterprises, Inc. (Case No. 23-01243-11); iCap Pacific NW Management, LLC (Case No. 23-01261-11); iCap Vault Management, LLC (Case No. 23-01258-11); iCap Vault, LLC (Case No. 23-01256-11); iCap Vault 1, LLC (Case No. 23-01257-11); Vault Holding 1, LLC (Case No. 23-01265-11); iCap Investments, LLC (Case No. 23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (Case No. 23-01253-11); iCap Equity, LLC (Case No. 23-01247-11); iCap Pacific Income 4 Fund, LLC (Case No. 23-01251-11); iCap Pacific Income 5 Fund, LLC (Case No. 23-01249-11); iCap Northwest Opportunity Fund, LLC (Case No. 23-01253-11); 725 Broadway, LLC (Case No. 23-01245-11); Senza Kenmore, LLC (Case No. 23-01254-11); iCap Campbell Way, LLC (Case No. 23-01250-11); UW 17th Ave, LLC (Case No. 23-01267-11); iCap Broadway, LLC (Case No. 23-01252-11); VH 1121 14th LLC (Case No. 23-01264-11); VH Senior Care LLC (Case No. 23-01266-11); VH Willows Townhomes LLC (Case No. 23-01262-11); iCap @ UW, LLC (Case No. 23-01244-11); VH 2nd Street Office, LLC (Case No. 23-01259-11); VH Pioneer Village LLC (Case No. 23-01263-11); iCap Funding LLC (Case No. 23-01246-11); iCap Management LLC (Case No. 23-01268-11); iCap Realty, LLC (Case No. 23-01260-11). Consult the Docket in (Case No. 23-01243-11) for all matters affecting these cases.

Finally, the Debtors will serve a copy of the Order approving this Motion upon all parties in interest by mail, or as otherwise approved by this Court pursuant to the Debtors' contemporaneously-filed motion seeking approval of modified notice procedures.

## V. CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested in this Motion and such other and further relief as the Court may deem just and proper.

MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION AND RELATED RELIEF - 11

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319-7052

BN 78738766v3

23-01243-WLH11    Doc 2    Filed 09/29/23    Entered 09/29/23 22:55:55    Pg 11 of 12

1     DATED this 29th day of September, 2023.

                    /s/ *Dakota Pearce*
                    DAKOTA PEARCE (WSBA 57011)
                    BERNARD D. BOLLINGER, JR. (*pro hac vice* pending)
                    JULIAN I. GURULE (*pro hac vice* pending)
                    BUCHALTER, a Professional Corporation

MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION AND RELATED RELIEF - 12

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 78738766v3

23-01243-WLH11    Doc 2    Filed 09/29/23    Entered 09/29/23 22:55:55    Pg 12 of 12