Dakota Pearce (WSBA #57011)
BUCHALTER
1420 5th Avenue, Suite 3100
Seattle, Washington 98101
Telephone: (206) 319-7052
Email: dpearce@buchalter.com

Bernard D. Bollinger, Jr. (*pro hac vice* pending) (CA SBN: 132817)
Julian I. Gurule (*pro hac vice* pending) (CA SBN: 251260)
Khaled Tarazi (*pro hac vice* pending) (AZ SBN: 032446)
BUCHALTER
1000 Wilshire Blvd., Suite 1500
Los Angeles, California 90017
Telephone: (213) 891-0700
Email: jgurule@buchalter.com

*Proposed Counsel to Debtors*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>ICAP ENTERPRISES, INC.,<br><br>Debtor. | Chapter 11<br><br>Proposed Lead Case No. 23-01243-11 |
| ICAP PACIFIC NW MANAGEMENT, LLC,<br><br>Debtor. | Chapter 11<br>Case No. 23-01261-11 |
| ICAP VAULT MANAGEMENT, LLC,<br>Debtor. | Chapter 11<br>Case No. 23-01258-11 |
| ICAP VAULT, LLC,<br>Debtor. | Chapter 11<br>Case No. 23-01256-11 |
| ICAP VAULT 1, LLC,<br>Debtor. | Chapter 11<br>Case No. 23-01257-11 |

MOTION FOR ORDER LIMITING SCOPE OF
NOTICE AND RELATED RELIEF - 1

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 78737812v6

23-01243-WLH11    Doc 3    Filed 09/29/23    Entered 09/29/23 23:12:18    Pg 1 of 12

| | |
|---|---|
| VAULT HOLDING 1, LLC,<br>　　　　　Debtor. | Chapter 11<br>Case No. 23-01265-11 |
| ICAP INVESTMENTS, LLC,<br>　　　　　Debtor. | Chapter 11<br>Case No. 23-01255-11 |
| ICAP PACIFIC NORTHWEST OPPORTUNITY AND INCOME FUND, LLC,<br>　　　　　Debtor. | Chapter 11<br>Case No. 23-01248-11 |
| ICAP EQUITY, LLC,<br>　　　　　Debtor. | Chapter 11<br>Case No. 23-01247-11 |
| ICAP PACIFIC INCOME 4 FUND, LLC,<br>　　　　　Debtor. | Chapter 11<br>Case No. 23-01251-11 |
| ICAP PACIFIC INCOME 5 FUND, LLC,<br>　　　　　Debtor. | Chapter 11<br>Case No. 23-01249-11 |
| ICAP NORTHWEST OPPORTUNITY FUND, LLC,<br>　　　　　Debtor. | Chapter 11<br>Case No. 23-01253-11 |
| 725 BROADWAY, LLC,<br>　　　　　Debtor. | Chapter 11<br>Case No. 23-01245-11 |
| SENZA KENMORE, LLC<br>　　　　　Debtor. | Chapter 11<br>Case No. 23-01254-11 |
| ICAP CAMPBELL WAY, LLC,<br>　　　　　Debtor. | Chapter 11<br>Case No. 23-01250-11 |

MOTION FOR ORDER LIMITING SCOPE OF
NOTICE AND RELATED RELIEF - 2

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319-7052

BN 78737812v6

23-01243-WLH11    Doc 3    Filed 09/29/23    Entered 09/29/23 23:12:18    Pg 2 of 12

| | |
|---|---|
| UW 17TH AVE, LLC,<br>　　　　　　　Debtor. | Chapter 11<br>Case No. 23-01267-11 |
| ICAP BROADWAY, LLC,<br>　　　　　　　Debtor. | Chapter 11<br>Case No. 23-01252-11 |
| VH 1121 14TH LLC,<br>　　　　　　　Debtor. | Chapter 11<br>Case No. 23-01264-11 |
| VH SENIOR CARE LLC,<br>　　　　　　　Debtor. | Chapter 11<br>Case No. 23-01266-11 |
| VH WILLOWS TOWNHOMES LLC,<br>　　　　　　　Debtor. | Chapter 11<br>Case No. 23-01262-11 |
| ICAP @ UW, LLC,<br>　　　　　　　Debtor. | Chapter 11<br>Case No. 23-01244-11 |
| VH 2ND STREET OFFICE LLC,<br>　　　　　　　Debtor. | Chapter 11<br>Case No. 23-01259-11 |
| VH PIONEER VILLAGE LLC,<br>　　　　　　　Debtor. | Chapter 11<br>Case No. 23-01263-11 |
| ICAP FUNDING LLC<br>　　　　　　　Debtor. | Chapter 11<br>Case No. 23-01246-11 |
| ICAP MANAGEMENT LLC<br>　　　　　　　Debtor. | Chapter 11<br>Case No. 23-01268-11 |

MOTION FOR ORDER LIMITING SCOPE OF
NOTICE AND RELATED RELIEF - 3

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319-7052

BN 78737812v6

23-01243-WLH11    Doc 3    Filed 09/29/23    Entered 09/29/23 23:12:18    Pg 3 of 12

| | |
|---|---|
| ICAP REALTY, LLC<br><br>　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 23-01260-11<br><br>**DEBTORS'** ***EX PARTE*** **EMERGENCY MOTION FOR ENTRY OF ORDER (I) LIMITING SCOPE OF NOTICE; (II) AUTHORIZING SERVICE TO INVESTORS BY EMAIL; AND (III) GRANTING RELATED RELIEF** |

Pursuant to Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), section 105 of Title 11 of the United States Code (the "Bankruptcy Code"), and Local Rule 2002-1, the above-captioned debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby move, on an emergency basis (this "Motion"), for the entry of an Order: (i) approving a Limited Mailing List and a limited notice procedure; (ii) authorizing the Debtors to serve Investors (defined below) by email; and (iii) granting related relief. In support of this Motion, the Debtors submit the contemporaneously-filed *Declaration of Lance Miller in Support of* Ex Parte *Motions Seeking Approval of (I) Joint Administration of Chapter 11 Cases; and (II) Limited Notice Procedures* (the "Miller Dec.") and respectfully state the following:

**I.    JURISDICTION AND VENUE.**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 9007, and Local Rule 2002-1.

MOTION FOR ORDER LIMITING SCOPE OF
NOTICE AND RELATED RELIEF - 4

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319-7052

BN 78737812v6

23-01243-WLH11    Doc 3    Filed 09/29/23    Entered 09/29/23 23:12:18    Pg 4 of 12

## II. STATEMENT OF FACTS.

### A. General Background.

4. On September 29, 2023 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code before this Court.

5. The Debtors continue to operate and manage their business and affairs as debtors in possession in their Chapter 11 Cases pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. The Debtors' business was founded in 2007 by Christopher Christensen to invest in real estate opportunities in the Pacific Northwest. The business grew quickly, raising more than $211 million in capital and deploying those funds towards real estate investments. By early 2023, the Debtors employed more than 35 employees in its headquarters based in Bellevue, Washington.

7. The Debtors invest in two categories of real estate, across two divisions of operations known as the "Portfolio Business" and the "Vault Business." The Portfolio Business is the oldest of the Debtors' business lines, focusing on development opportunities for multifamily real estate projects. The Vault Business was started in 2018 for the purpose of investing in standalone real estate investments that have the potential to be or already were cash flow positive. On the Petition Date, the Debtors owned or controlled a total of 13 real estate properties, spread across both Businesses.

8. The Debtors' growth was financed largely through indebtedness. By November 2022, total indebtedness reached $230 million, with reported consolidated assets of $93 million. At the same time, the national and state economies were experiencing significant disruption, with slowing growth,

MOTION FOR ORDER LIMITING SCOPE OF NOTICE AND RELATED RELIEF - 5

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319-7052

BN 78737812v6

escalating inflation rates, and successive increases in interest rates. The Debtors were no longer able to service their ongoing debts.

9.  The Debtors' liquidity continued to decline, and on April 15, 2023 the Debtors terminated substantially all of their employees. Between March and July 2023, the Debtors attempted to find ways to raise liquidity and address their obligations out of court. Those efforts were ultimately unsuccessful. On July 14, 2023, the Debtors engaged the services of Paladin Management Group ("Paladin") to assist in evaluating options for addressing their liquidity needs and/or restructuring their obligations.

10. On September 28, 2023, Mr. Christensen resigned all positions with the Debtors, and Lance Miller of Paladin was appointed Chief Restructuring Officer with full and exclusive control and authority over the Debtors and the prosecution of these Chapter 11 Cases.

**B.  Facts Specific to this Motion.**

11. The Debtors' prepetition fundraising efforts relied substantially on raising debt capital from almost 2,000 individual investors (the "Investors") around the United States, including within the Chinese community. All of the creditors on the Debtors' list of top 30 unsecured creditors (the "Top 30 List") are such Investors. Miller Dec. ¶ 18.

12. In addition, approximately 200 of the Debtors' Investors live outside of the United States, including 22 of whom that are listed on the Top 30 List, in places such as (for example) China, Taiwan, the United Kingdom, and the British Virgin Islands. Furthermore, the Debtors do not have mailing addresses for approximately 350 of the Investors and have been communicating with the exclusively via email. Miller Dec. ¶ 19.

MOTION FOR ORDER LIMITING SCOPE OF NOTICE AND RELATED RELIEF - 6

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319-7052

BN 78737812v6

23-01243-WLH11    Doc 3    Filed 09/29/23    Entered 09/29/23 23:12:18    Pg 6 of 12

13. Due to the general delays, costs, and potential issues associated with overseas mailings, the Debtors have historically had substantially all relevant communications with their Investors via email. Miller Dec. ¶ 20.

14. Among other reasons, the Debtors bring this Motion because of the impracticability of serving almost 2,000 Investors by mail, many of whom do not live in the United States. Miller Dec. ¶ 21.

### III. LEGAL ARGUMENT.

#### A. Limited Scope of Notice.

The Bankruptcy Code, the Bankruptcy Rules, and the Local Rules provide this Court the authority to establish case management procedures tailored to the specific needs of a case and reduce the costs of providing notice.

Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 102(1)(A) further provides that the phrase "after notice and a hearing" as used in the Bankruptcy Code shall be construed as meaning "such notice as is appropriate in the particular circumstances."

Bankruptcy Rule 2002(m) provides that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Bankruptcy Rule 9007 provides that "[w]hen notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given." Fed. R. Bankr. P. 9007.

Bankruptcy Rule 2002(i) provides, in pertinent part:

> [T]he Court may order that notices required by subdivision (a)(2), (3) and (6) of this rule be transmitted to the United States Trustee and be mailed only to the committees . . .

MOTION FOR ORDER LIMITING SCOPE OF NOTICE AND RELATED RELIEF - 7

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319-7052

BN 78737812v6

23-01243-WLH11    Doc 3    Filed 09/29/23    Entered 09/29/23 23:12:18    Pg 7 of 12

> appointed under § 1102 of the Code or to their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them.

Fed. R. Bankr. P. 2002(i). In addition, Bankruptcy Rules 4001, 6004, 6006, 9006, 9007, 9013, 9014 and 9019 each allow this Court to determine those parties to whom the Debtors must provide notice.

LBR 2002-1 expressly allows for there to be two separate mailing lists: a Master Mailing List ("MML") and a Limited Mailing List ("LML"). The LBR provide that both lists will be maintained by the office of the Clerk, with the MML produced and maintained automatically, and the LML established after notice and hearing. LBR 2002-1(d)(1)(A)-(B). Once these lists are established, any "[n]otice required . . . to be given to all creditors is presumed to be appropriate if provided to all entities on an MML or LML retrieved from the database of the court within five (5) days of the notice, and as required by [Bankruptcy Rules] 2002 and 9036." LBR 2002-1(d)(1).

As there are over 2,500 creditors and other parties to be served in this case, providing notice of all matters identified in Bankruptcy Rule 2002 to all creditors and interested parties in this case would be costly and time-consuming. Miller Dec. ¶ 21. Mailing notices and copies of motions to Investors overseas would be particularly expensive, and potentially cost-prohibitive. Miller Dec. ¶ 22. The Debtors bring this Motion in an effort to minimize the administrative burden and expense on the Debtors while remaining cognizant of the due process concerns of creditors and other parties in interest. Miller Dec. ¶ 23.

Based on the foregoing, the Debtors seek entry of an order of the Court establishing the LML, limiting service of certain notices of hearings, applications, motions, stipulations, and other matters to the parties (the "Notice Parties") set forth

MOTION FOR ORDER LIMITING SCOPE OF
NOTICE AND RELATED RELIEF - 8

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

BN 78737812v6

23-01243-WLH11    Doc 3    Filed 09/29/23    Entered 09/29/23 23:12:18    Pg 8 of 12

below:

    (i) The Office of the United States Trustee;

    (ii) Counsel to any committee appointed in these Chapter 11 Cases;

    (iii) The Debtors' creditors holding the thirty (30) largest unsecured claims (via email, as discussed below);

    (iv) The DIP lender and counsel thereto;

    (v) All secured creditors and counsel thereto;

    (vi) The Internal Revenue Service;

    (vii) The United States Securities and Exchange Commission;

    (viii) The Office of the United States Attorney General for the District of Washington;

    (ix) Applicable state taxing authorities;

    (x) Parties who file and serve on counsel for the Debtors requests for special notice or service of papers;

    (xi) Any party directly affected by a particular motion; and

    (xii) Any other parties that the Court may direct.

The matters to be specifically excepted from this limitation of service of notice are the following:

    (i) The initial meeting of creditors and any continued or additional meetings of creditors pursuant to section 341(a) of the Bankruptcy Code;

    (ii) The time fixed for filing proofs of claim;

    (iii) The time fixed for filing objections to, and the hearing to consider, approval of any proposed disclosure statement;

    (iv) The time fixed for filing objections to, and the hearing to consider, confirmation of any proposed plan of reorganization;

MOTION FOR ORDER LIMITING SCOPE OF
NOTICE AND RELATED RELIEF - 9

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 78737812v6

23-01243-WLH11   Doc 3   Filed 09/29/23   Entered 09/29/23 23:12:18   Pg 9 of 12

(v) The time fixed for accepting or rejecting a proposed modification of a plan of reorganization; and

(vi) Any other proceedings for which the Court orders further notice.

The Debtors submit that the proposed limitation of service of notices is appropriate under the circumstances and should be approved. In addition to the sheer number of creditors, the fact that approximately 200 of them are located outside of the United States weighs heavily in favor of establishing the LML. Serving all parties in interest in these Chapter 11 Cases with all of the notices contemplated in Bankruptcy Rule 2002 will result in extraordinary expense to the Debtors' estates without any attendant benefit.

The proposed LML will greatly minimize the administrative burden on, and costs to, the estates while protecting the rights of parties to be heard. For the foregoing reasons, the Court should grant the order establishing the LML.

**B.  Service to the Investors by Email is Necessary and Appropriate.**

As described above, almost 2,000 of the Debtors' creditors are Investors, approximately 200 of whom have addresses outside of the United States. The Debtors also do not have mailing addresses for approximately 350 of their Investors. Email has historically been the method of communication between the Debtors and the Investors. To save the estate the very large expense of noticing all of these Investors both domestically and internationally (as well the delays that inherently come with overseas mailings), the Debtors seek authority to serve the Investors as follows:

(i) The Debtors will include in the Notice of Commencement of these Chapter 11 Cases specific notice of the entry of the order approving this Motion, and instruct parties that they may view a copy of the order on the website of the Debtors' claims agent,

MOTION FOR ORDER LIMITING SCOPE OF
NOTICE AND RELATED RELIEF - 10

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319-7052

BN 78737812v6

23-01243-WLH11    Doc 3    Filed 09/29/23    Entered 09/29/23 23:12:18    Pg 10 of 12

https://cases.creditorinfo.com/iCap.

(ii)  The Debtors will file the final Notice of Commencement on the docket of these Chapter 11 Cases, as well as have their claims agent post the Notice of Commencement on the website.

(iii)  The Debtors will serve the Notice of Commencement on <u>all</u> parties in interest, including all Investors, by mail, except the Investors for whom the Debtors do not have mailing addresses. The Debtors will also serve all Investors with the Notice of Commencement via email. The Debtors will file a certificate of service confirming same.

(iv)  The Debtors will serve all subsequent notices and documents on the Investors (either pursuant to the MML or LML, as applicable) by email, unless: (a) the Debtors are unable to serve an Investor by email with the Notice of Commencement, or any other document (*e.g.*, the email is returned or described as undeliverable); or (b) the Debtors receive from an Investor in writing (via mail, email, or request for notice filed in the Chapter 11 Cases) a request for service by mail. In either such case, the Debtors will serve all notices to such Investor by mail.

The foregoing proposed noticing procedures for Investors do not alter or modify in any way the rights of a party whose interests are directly affected by a particular matter to receive all pleadings and other court documents filed in connection with that matter. However, authorizing service via email as proposed herein will avoid unnecessary expense to the Debtors, thereby preserving estate assets. Approval of this Motion will therefore reduce administrative costs, allow for the conservation of resources, and preserve the Debtors' assets for the benefit of the estates and creditors thereof.

/ / /

MOTION FOR ORDER LIMITING SCOPE OF NOTICE AND RELATED RELIEF - 11

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319-7052

BN 78737812v6

23-01243-WLH11    Doc 3    Filed 09/29/23    Entered 09/29/23 23:12:18    Pg 11 of 12

## IV. CONCLUSION.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested in this Motion and such other and further relief as the Court may deem just and proper.

DATED this 29th day of September, 2023.

/s/ *Dakota Pearce*
DAKOTA PEARCE (WSBA 57011)
BERNARD D. BOLLINGER, JR. (*pro hac vice* pending)
JULIAN I. GURULE (*pro hac vice* pending)
BUCHALTER, a Professional Corporation

MOTION FOR ORDER LIMITING SCOPE OF NOTICE AND RELATED RELIEF - 12

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319-7052

BN 78737812v6

23-01243-WLH11    Doc 3    Filed 09/29/23    Entered 09/29/23 23:12:18    Pg 12 of 12