| | |
|---|---|
| Julian I. Gurule (CA SBN: 251260)*<br>O'MELVENY & MYERS LLP<br>400 South Hope Street, 18th Floor<br>Los Angeles, California 90071<br>Telephone: (213) 430-6067<br>Email: jgurule@omm.com<br><br>*Co-Counsel to Debtors and Debtors in Possession*<br><br>Dakota Pearce (WSBA #57011)<br>BUCHALTER<br>1420 5th Avenue, Suite 3100<br>Seattle, Washington 98101<br>Telephone: (206) 319-7052<br>Email: dpearce@buchalter.com<br><br>Bernard D. Bollinger, Jr. (CA SBN: 132817)*<br>Khaled Tarazi (AZ SBN: 032446)*<br>BUCHALTER<br>1000 Wilshire Blvd., Suite 1500<br>Los Angeles, California 90017<br>Telephone: (213) 891-0700<br>Email: bbollinger@buchalter.com<br>       ktarazi@buchalter.com<br><br>*Admitted *Pro Hac Vice*<br><br>*Counsel to Debtors and Debtors in Possession* | HONORABLE WHITMAN L. HOLT<br><br>HEARING DATE: March 27, 2024<br>HEARING TIME: 10:00 A.M.<br>LOCATION:  Tower Bldg<br>                   2nd Floor Courtroom<br>                   402 East Yakima Avenue<br>                   Yakima, WA 98901 |

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>ICAP ENTERPRISES, INC., et al.,<br><br>                      Debtors.[1] | Chapter 11<br><br>Lead Case No. 23-01243-WLH11<br>Jointly Administered |

---

[1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding 1, LLC (23-01265-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01248-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11); Vault

**DECLARATION OF LANCE MILLER IN SUPPORT OF JOINT MOTION FOR ORDER AUTHORIZING SUPPLEMENTAL DEBTOR IN POSSESSION FINANCING**

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

23-01243-WLH11    Doc 467-1    Filed 02/23/24    Entered 02/23/24 19:13:50    Pg 1 of 5

**DECLARATION OF LANCE MILLER IN SUPPORT OF JOINT MOTION FOR ORDER AUTHORIZING THE DEBTORS TO OBTAIN SUPPLEMENTAL POSTPETITION SECURED FINANCING**

I, Lance Miller, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief.

1. I am Chief Restructuring Officer and/or Manager of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). I am generally familiar with the Debtors' businesses and financial affairs, and books and records. I am above 18 years of age and I am competent to testify.

2. I am authorized to submit this declaration on behalf of the Debtors. Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents, and information I have received from the Debtors' advisors. If I were called upon to testify, I could and would testify competently to the facts set forth herein on that basis.

3. I offer this declaration in support of the contemporaneously filed *Joint Motion of the Debtors and Committee for Order: (I) Authorizing the Debtors to Obtain Supplemental Postpetition Secured Financing; (II) Granting Superpriority Administrative Expense Claims; and (III) Granting Related Relief* (the "Motion").[2]

4. The Debtors are at a point in these Chapter 11 Cases where they need additional financing to pursue value-maximizing litigation.

---

Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); iCap Holding 6 LLC (23-01274-11); Colpitts Sunset, LLC (23-01432-11); CS2 Real Estate Development LLC (23-01434-11); and iCap International Investments, LLC (23-01464-11).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the DIP Agreement, as applicable.

**DECLARATION OF LANCE MILLER IN SUPPORT OF JOINT MOTION FOR ORDER AUTHORIZING SUPPLEMENTAL DEBTOR IN POSSESSION FINANCING** — 2

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

23-01243-WLH11   Doc 467-1   Filed 02/23/24   Entered 02/23/24 19:13:50   Pg 2 of 5

5. Based on the Debtors' books and records, bank statements, financial statements, and interviews with individuals with personal knowledge of the facts and circumstances surrounding the failure of the Debtors' businesses, it is my understanding that, during the period prior to the Petition Date, the Debtors operated as a Ponzi scheme.

6. As of the Petition Date, approximately of $250 million in investor claims were outstanding and owed to approximately 1,800 individual investors. A successful outcome in these cases will depend on the Debtors' ability to pursue avoidance claims and other litigation. The Debtors and the Committee plan to cooperatively pursue these recoveries from third parties to maximize the ultimate distribution to the investor creditors damaged by the Debtors' prepetition conduct.

7. The Debtors have limited cash resources to fund litigation efforts, and will require additional financing. I believe that the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors, and, therefore, should be approved.

8. Given their current financial condition, financing arrangements, and capital structure, the Debtors are unable to obtain alternative sources of litigation financing other than the DIP Lender. The Debtors are unable to procure financing in the form of unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code, as an administrative expense under section 364(a) or (b) of the Bankruptcy Code, or solely based on the grant of an administrative expense priority pursuant to section 364(c)(1) of the Bankruptcy Code. The Debtors are also unable to obtain secured credit allowable solely under section 364(c)(2) or 364(c)(3) of the Bankruptcy Code. The Debtors have been unable to procure the necessary financing on terms more favorable than the financing offered by the DIP Lender pursuant to the DIP Agreement.

**DECLARATION OF LANCE MILLER IN SUPPORT OF JOINT MOTION FOR ORDER AUTHORIZING SUPPLEMENTAL DEBTOR IN POSSESSION FINANCING** 3

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

23-01243-WLH11    Doc 467-1    Filed 02/23/24    Entered 02/23/24 19:13:50    Pg 3 of 5

9. The Debtors spent considerable time and effort to identify favorable sources of supplemental DIP financing. I have experience with litigation financing. Lenders who finance specific litigation require significant amounts of diligence regarding the underlying merits – diligence that requires months to complete – and the pricing for that financing is significantly more expensive than the terms proposed under the DIP Loan Facility. The marketing process for this facility was, therefore, narrowly tailored to a short list of parties that we believed could understand the opportunity and act quickly with reasonable terms. To complete the marketing process, the Debtors compiled a short list of appropriate lenders to solicit, derived from existing networks of Paladin, the Debtors' counsel, and the Committee's professionals. We made targeted phone calls to those parties in order to describe the opportunity and elicit interest. For those parties who were interested in exploring further, we asked that they sign a non-disclosure agreement and provided access to diligence. As part of the diligence process, the Debtors' professionals were made available for calls. In total, we contacted six (6) potential lenders, including the Debtors' existing DIP lender (Serene) and a firm that provides more traditional litigation financing. Of those parties, three (3) executed NDAs and received access to diligence, and only one (1) party – the proposed DIP Lender here – provided an indication of interest towards a DIP facility.

10. Without access to the proceeds of the DIP Loan Facility, the Debtors will lack sufficient liquidity to administer these cases and pursue litigation as contemplated and in order to maximize the value of the Debtors' estate. Ultimately, the Debtors engaged with the DIP Lender and successfully negotiated the DIP Loan Facility. The DIP Documents are the result of the Debtors' reasonable judgment that the DIP Lender provided the best (and only possible) postpetition financing option available under the circumstances. The Debtors believe that the DIP Loan Facility

**DECLARATION OF LANCE MILLER IN SUPPORT OF JOINT MOTION FOR ORDER AUTHORIZING SUPPLEMENTAL DEBTOR IN POSSESSION FINANCING** 4

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

23-01243-WLH11    Doc 467-1    Filed 02/23/24    Entered 02/23/24 19:13:50    Pg 4 of 5

provides, among other things, (a) necessary liquidity for the Debtors to pursue the value-maximizing process for the benefit of all parties in interest and (b) economic terms that (i) were the result of arm's-length negotiations with the DIP Lender, (ii) are an integral component of the overall terms of the DIP Loan Facility, and (iii) were required by the DIP Lender as consideration for the DIP Loan Facility.

11. It is also important to emphasize that the Debtors coordinated closely with the Creditors' Committee and its professionals in the solicitation process and negotiating the proposed DIP Agreement. I believe that the Creditors' Committee is supportive of the process that we completed, and the final results.

12. For these reasons, I believe that the terms of the DIP Agreement will maximize value for the Debtors' stakeholders and are ultimately in the best interests of the Debtors' estates and creditors. Under these circumstances, I further believe that the terms of the DIP Agreement are appropriate, fair, equitable, and should be approved by the Court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED this 23rd day of February, 2024.

*[signature]*

Lance Miller

**DECLARATION OF LANCE MILLER IN SUPPORT OF JOINT MOTION FOR ORDER AUTHORIZING SUPPLEMENTAL DEBTOR IN POSSESSION FINANCING** 5

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

23-01243-WLH11    Doc 467-1    Filed 02/23/24    Entered 02/23/24 19:13:50    Pg 5 of 5