Gary W. Dyer, CSBA #106701  
Assistant United States Trustee  
United States Dept. of Justice  
920 West Riverside, Room 593  
Spokane, WA 99201  
Telephone (509) 353-2999  
Fax (509) 353-3124

Hon. WHITMAN L. HOLT

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re:<br><br>iCAP ENTERPRISES, LLC [and jointly administered estates],<br><br>Debtors. | Case No. 23-01243 FPC11<br>[and jointly administered cases]1<br>Chapter 11<br><br>OBJECTION TO THE MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN SUPPLEMENTAL POSTPETITION SECURED FINANCING; (II) GRANTING SUPERPRIORITY |

---

1 The Debtors (along with their case numbers) are iCap Enterprises, Inc. (Case No. 23-01243- 11); iCap Pacific NW Management, LLC (Case No. 23-01261-11); iCap Vault Management, LLC (Case No. 23-01258-11); iCap Vault, LLC (Case No. 23- 01256-11); iCap Vault 1, LLC (Case No. 23-01257-11); Vault Holding 1, LLC (Case No. 23-01256-11); iCap Investments, LLC (Case No. 23- 01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (Case No. 23-01253-11); iCap Equity, LLC (Case No. 23-01247-11); iCap Pacific Income 4 Fund, LLC (Case No. 23-01251- 11); iCap Pacific Income 5 Fund, LLC (Case No. 23-01249-11); iCap Northwest Opportunity Fund, LLC (Case No. 23-01253-11); 725 Broadway, LLC (Case No. 23-01245-11); Senza Kenmore, LLC (Case No. 23-01254-11); iCap Campbell Way, LLC (Case No. 23-01250-11); UW 17th Ave, LLC (Case No. 23- 01267-11); iCap Broadway, LLC (Case No. 23-01252-11); VH 1121 14th LLC (Case No. 23-01264-11); VH Senior Care LLC (Case No. 23-01266-11); VH Willows Townhomes LLC (Case No. 23-01262-11); iCap @ UW, LLC (Case No. 23-01244-11); VH 2nd Street Office, LLC (Case No. 23-01259-11); VH Pioneer Village LLC (Case No. 23-01263-11); iCap Funding LLC (Case No. 23-01246-11); iCap Management LLC (Case No. 23-01268-11); iCap Realty, LLC (Case No. 23-01260- 11); Vault Holdings, LLC (23-01270-11); iCAP Pacific Development LLC (23-01271-11); iCAP Holding LLC (23-01272-11); iCAP Holding 5 LLC (23-01273-11); iCAP Holding 6 LLC (23-01274-11); Colpitts Sunset, LLC (23-01432-11); CS2 Real Estate Development LLC (23-01434-11); and iCAP International Investments, LLC (23-01464-11).

OBJECTION TO THE MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN SUPPLEMENTAL POSTPETITION SECURED FINANCING; (II) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS; AND (III) GRANTING RELATED RELIEF          Page 1

| | ADMINISTRATIVE EXPENSE CLAIMS; AND (III) GRANTING RELATED RELIEF |
|---|---|
| | [DOCKET #467, 471 and 553] |

The United States Trustee objects to the Motion for Determination of Joint Motion for Order Authorizing Debtors to Obtain Supplemental Postpetition Secured Financing [Docket # 467 and 471] for the following reasons, and noting that this objection also implicates the debtors' March 4th *ex parte* motion to set pre-hearing deadlines [Docket # 553] as they influence due process concerns around the Ponzi Scheme findings:

## 1. JURISDICTION

Jurisdiction is based upon 28 U.S.C. §§ 157(a) and (b), and 1334, and 11 U.S.C. § 307, FRBP, Rules 9013 and 9014 and Eastern District Court Local Rules, LCivR 83.5(a). The motion is primarily premised on section 363 of Title 11.

The United States Trustee is a proper party to raise these issues. 28 U.S.C. § 586(a)(3)(G) and 11 U.S.C. § 307. See H.Rep. No. 99–764, at 27 (1986), reprinted in, 1986 U.S.C.C.A.N. 5227, 5240. *In re Donovon Corp.*, 215 F.3d 929 (9th Cir. 2000).

OBJECTION TO THE MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN SUPPLEMENTAL POSTPETITION SECURED FINANCING; (II) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS; AND (III) GRANTING RELATED RELIEF    Page 2

23-01243-WLH11    Doc 583    Filed 03/11/24    Entered 03/11/24 16:50:34    Pg 2 of 14

## 2. DUE PROCESS

"For more than a century the central meaning of procedural due process has been clear: 'Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.' *Baldwin v. Hale,* 1 Wall. 223, 233, 17 L.Ed. 531. See *Windsor v. McVeigh*, 93 U.S. 274, 23 L.Ed. 914; *Hovey v. Elliott*, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215; *Grannis v. Oredean*, 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363. It is equally fundamental that the right to notice and an opportunity to be heard 'must be granted at a meaningful time and in a meaningful manner.' *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62."

The requirement of notice and an opportunity to be heard raises no impenetrable barrier to the taking of a person's possessions. But the fair process of decision making that it guarantees works, by itself, to protect against arbitrary deprivation of property. For when a person has an opportunity to speak up in his own defense, and when the State must listen to what he has to say, substantively unfair and simply mistaken deprivations of property interests can be prevented. It has long been recognized that 'fairness can rarely be obtained by secret, one-sided determination of facts decisive of rights. . . . (And n)o better instrument has been devised for arriving at truth than to give a person in jeopardy of serious loss notice of the case against him and opportunity to meet it.' *Joint Anti-Fascist Refugee Committee v. McGrath*, 341 U.S. 123, 170—172, 71 S.Ct. 624, 647, 95 L.Ed. 817 Frankfurter, J., concurring).

The right to a prior hearing has long been recognized by this Court under the Fourteenth and Fifth Amendments. Although the Court has held that due process tolerates variances in the form of a hearing 'appropriate to the nature of the case,' *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 657, 94 L.Ed. 865, and 'depending upon the importance of the interests involved and the nature of the subsequent proceedings (if any),' *Boddie v. Connecticut,* 401 U.S. 371, 378, 91 S.Ct. 780, 786, 28 L.Ed.2d 113, the Court has traditionally insisted that, whatever its form, opportunity for that hearing must be provided before the deprivation at issue takes effect.

Fuentes v. Shevin, 407 U.S. 67, 80, 92 S. Ct. 1983, 1994, 32 L. Ed. 2d 556 (1972)(seizure of goods).

F.R.B.P 7001 provides that:

"An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

(1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under §554(b) or §725 of the Code, Rule 2017, or Rule 6002;

In an adversary proceeding, service is by Rule 4 of the F.R.C.P.. and includes the specific identification of the parties, the filed complaint, and the specific remedy sought against the identified parties.

### 3. OBJECTION

**Summary**

The objection here is not to the merits in any Ponzi Scheme findings. The concerns are with the motion and notice which lack appropriate due process which will purport to establish substantive legal findings against unnamed parties in some future action to collect money. In effect, debtors are seeking a partial summary judgment on the Ponzi Scheme issues against those unnamed targets. Federal Rule

OBJECTION TO THE MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN SUPPLEMENTAL POSTPETITION SECURED FINANCING; (II) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS; AND (III) GRANTING RELATED RELIEF    Page 4

23-01243-WLH11    Doc 583    Filed 03/11/24    Entered 03/11/24 16:50:34    Pg 4 of 14

of Bankruptcy Procedure 7001(1) requires, however, with some exceptions inapplicable here, that proceeding to recover monies are governed by part VII of the Federal Rules of Bankruptcy Procedure. The part VII rules establish strict due process requirements that are wholly lacking in this effort to make factual findings binding in an action to collect money. Those procedures include the filing of a complaint (F.R.B.P 7003); the issuance of a summons signed by the court clerk with the court seal that is "directed to the defendant" (F.R.B.P 7005(a) and Fed.R.Civ.P. 4(a)); and that the summons notify the defendant "that failure to appear and defend will result in a default judgment against the defendant for the relief demanded, (*id*.).

Debtors provide no support that these part VII procedures may be disregarded (absent a prior criminal guilty plea by a defendant.) *Cf. Johnson v. Neilson (In re Slatkin)*, 525 F.3d 805, 812 (9th Cir. 2008) (citing cases supporting that defendant's guilty plea related to a Ponzi scheme may be used by trustee in subsequent avoidance actions).[2] And so, for example, in the *Mirikitani* bankruptcy case, the court found that absent a criminal guilty plea, self-serving

---

[2] The reported cases located by the United States Trustee generally reflect the use of adversary proceedings, a plan confirmation hearing, or a defendant's criminal guilty plea to acquire the Ponzi Scheme findings. The court need not decide today whether including the Ponzi Scheme findings in a plan, with its related procedural and due process protections, provides sufficient due process.

OBJECTION TO THE MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN SUPPLEMENTAL POSTPETITION SECURED FINANCING; (II) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS; AND (III) GRANTING RELATED RELIEF      Page 5

statements regarding Ponzi scheme fraudulent intent could not conclusively establish fraudulent intent on summary judgment. *In re Marikitani*, No. 05-cv-03693, 2016 WL 7367760 at *3 (Bankr. D. Haw. December 19, 2016) ("*Slatkin* does not hold that any admission of fraudulent intent other than a guilty plea is conclusive or irrebutable."), *adopted sub nom. Field v. Mirikitani*, No. 16-cv-00121, 2017 WL 980558 (D. Haw. Mar. 14, 2017). If such self-serving declarations cannot be deemed conclusive in an adversary proceeding, it is unclear how such declarations can conclusively determine facts against the unnamed targets in motion practice the unnamed targets are not parties to.

Here, debtors' self-serving purpose is in self-evident. Without making the Ponzi Scheme factual concessions, debtors believe they risk losing DIP financing. So it is understandable that debtors are inclined to make the declarations requested by the lender. And to be clear, the United States Trustee is not arguing that debtors are barred from making factual declarations they believe truthful. But absent the due process protections of the part VII rules, debtors' financing concessions cannot be transformed into conclusive factual findings on fraudulent intent against others. As the *Mirikitani* court made sure to note, "[t]here is no guilty plea in this case." *Id.*; *see also In re Dwek*, No. 08-01015, 2011 WL 182847 at *2

OBJECTION TO THE MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN SUPPLEMENTAL POSTPETITION SECURED FINANCING; (II) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS; AND (III) GRANTING RELATED RELIEF       Page 6

23-01243-WLH11    Doc 583    Filed 03/11/24    Entered 03/11/24 16:50:34    Pg 6 of 14

(Bankr. D. N.J. 2011) ("the Trustee argues that Solomon Dwek's admissions 'that he was running a Ponzi scheme are conclusive, irrefutable proof, that he was running a Ponzi scheme.' . . . The Court disagrees. . . . In this case, Mr. Dwek has never been [criminally] charged with operating a Ponzi scheme.").

In short, the Ponzi Scheme findings are inappropriately coupled in a financing motion, but in any circumstance, their importance to and impact on the future litigation targets cannot be subsumed by this coupling, nor rushed because the debtors in possession did not manage their costs and uses of the first loan in this case.

### A. No Urgency For the Ponzi Scheme Findings

This is a liquidation case as described by the debtors in possession in several court hearings. These findings impact the future of this case and the litigation trust which is likely to be proposed in the plan of liquidation. In fact, this motion has been described as a "pivotal" and thus, it should be done carefully and completely. The risk of prejudice is only on the future litigation targets, and if improperly and hastily done, will increase the litigation costs for any litigation trustee pursuing future complaints when a collateral attack is launched.

OBJECTION TO THE MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN SUPPLEMENTAL POSTPETITION SECURED FINANCING; (II) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS; AND (III) GRANTING RELATED RELIEF    Page 7

23-01243-WLH11    Doc 583    Filed 03/11/24    Entered 03/11/24 16:50:34    Pg 7 of 14

Oddly, while this motion was filed February 23rd, an emergency motion was filed March 4th to set pre-hearing deadlines in which the debtors have sought to have the court force a shortened timeline on the parties for any discovery (if so ordered on March 12th) to be completed by March 15th, which in contrast in an adversary proceeding would never happen so quickly. This should cause the court some concern about the speed of making these findings. In every other reported case in the Ninth Circuit, the Ponzi Scheme findings were made in the context of an adversary proceeding or a plan confirmation, and most often, a partial summary judgment motion focused on these Ponzi Scheme findings. Both of those statutory frameworks of adversary proceeding and plan confirmation have significantly more disclosure and pointed allegations or plan provisions with the identified parties involved, and in no way are a generic notice.

Here, also, the DIP financing motion, its supporting declarations plus numerous supplements, and notice exceed 3500 pages. The sheer number of the pages should also give considerable pause – in an adversary proceeding, the discovery process is part of the Rule 26 considerations and negotiations in light of the needs of the parties and the volume of the discovery.

The court did indicate its preference for expeditious resolution of matters in

OBJECTION TO THE MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN SUPPLEMENTAL POSTPETITION SECURED FINANCING; (II) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS; AND (III) GRANTING RELATED RELIEF      Page 8

23-01243-WLH11    Doc 583    Filed 03/11/24    Entered 03/11/24 16:50:34    Pg 8 of 14

chapter 11. This is the "pivotal" moment in the case and should not be rushed. In the *ad hoc* Status Conference on March 4th, the court referred to the *Bullard v. Blue Hills Bank* case (575 U.S. 496) in which Chief Justice Roberts observed, that in a chapter 13 case setting, "expedition is always an important consideration in bankruptcy." The context here in the iCAP cases, as a Ponzi Scheme case, is significantly different than in a chapter 13 case and in *Bullard*'s opinion that a denial of confirmation of a chapter 13 plan was not a final order for appeal purposes. Expediency has never been an exception to due process requirements.

**B. Potential Impact on Unspecified Parties**

If these Ponzi Scheme findings are made, the Notice [Docket # 471] indicates they will be used in each future adversary complaint to recover money and as collateral estoppel or issue preclusion. These findings have enormous consequences on the potential targets. These findings will be used against the targets. Thus, the due process concerns are significant where these findings will determine significant aspects of any adversary proceeding complaint and lead to the taking of property of the net positive investors to equalize the results among all the investors.

OBJECTION TO THE MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN SUPPLEMENTAL POSTPETITION SECURED FINANCING; (II) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS; AND (III) GRANTING RELATED RELIEF    Page 9

23-01243-WLH11    Doc 583    Filed 03/11/24    Entered 03/11/24 16:50:34    Pg 9 of 14

Hence, the adversary proceeding process, which has been refined over the years of use, is known to provide adequate due process for the future litigation targets. The adversary proceeding process identifies the defendant and the specific remedy sought. It moves with a deliberate rule-based speed which insures due process for the parties.

**C. In Contrast to an Adversary Proceeding Complaint, The Present Notice Fails To Identify The Parties or The Class of Targets**

Here, as reflected in the declarations of Mr. Miller and Mr. Kinrich and in the four months of investigation through the debtor's records, the debtors in possession must understand their probable targets. In an adversary proceeding, when served with the complaint and summons, the defendant knows it/he/she is a target and the scope of the threatened remedy if there is no response to the complaint. Here, in this motion, it is not so plainly disclosed. First, the caption does not mention any Ponzi scheme findings. It refers to the supplemental secured financing and a Cooperation Agreement; the Ponzi Scheme notice is only later revealed. This deficiency is magnified by the context. If the recipient reads the captions of the Notice and this motion, this motion has nothing to do with investors, Ponzi allegations or the recovery of money from investors and may well

OBJECTION TO THE MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN SUPPLEMENTAL POSTPETITION SECURED FINANCING; (II) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS; AND (III) GRANTING RELATED RELIEF      Page 10

23-01243-WLH11    Doc 583    Filed 03/11/24    Entered 03/11/24 16:50:34    Pg 10 of 14

(if not likely) simply remain unread.

The motion itself is captioned differently: "Joint Motion Of The Debtors And Committee For Order: (I) Authorizing The Debtors To Obtain Supplemental Postpetition Secured Financing; (II) Granting Superpriority Administrative Expense Claims; And (III) Granting Related Relief". Again, the caption does not mention any Ponzi issues. The opening of the motion does not refer to any Ponzi Scheme findings, but only refers to the proposed order in which the Ponzi Scheme findings are set forth. On page 4, the first reference to Ponzi is made as in the phrase of "Ponzi Declarations." The motion goes on and focuses on the factual basis for the Ponzi Scheme findings and not the implications for the potential targets, so it does not help in the elucidation for the investors their status as targets/non-targets.

Second, in the first bolded section of the notice, the identified parties are not specific, but described as "various third parties that did business with the Debtors, including but not limited to lenders, brokers, investors, consultants, and professional firms." Here, even the class, "investors," is too broad. The Ninth Circuit law does not permit recovery from all "investors" but only a subset of them. As discussed above, in an adversary proceeding required to recover money,

OBJECTION TO THE MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN SUPPLEMENTAL POSTPETITION SECURED FINANCING; (II) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS; AND (III) GRANTING RELATED RELIEF    Page 11

23-01243-WLH11    Doc 583    Filed 03/11/24    Entered 03/11/24 16:50:34    Pg 11 of 14

the defendant against whom relief is sought is specifically identified via the summons and complaint. The Notice provides no such notice or identification. The second bolded section of the Notice identifies the parties as "Third Parties" or "Third Parties that received transfers from the Debtors…" impliedly involved in "transfers and business transactions… [were] done with actual intent to hinder, delay, or defraud creditors." No investor thinks they were involved in any fraud or any bad intent. Further, the word, "transfers," is bankruptcy jargon here and not plain English. And further, many of the investors in this case are Chinese speakers and from other countries.

**D. No Insolvency Date is Fixed.**

The Notice does not delineate the insolvency period for the Ponzi Scheme findings. The motion refers to a period of "years during the prepetition period" or between October 2018 and September 2023 (Docket 467, page 6). The order refers to the "years during the prepetition period ("the Ponzi Period")," or "since inception," (Docket 467, Ex. 1, p. 33) and again, Ponzi Period (p. 45). In a circular fashion, the proposed order refers to the condition precedent in the DIP Agreement's section 3.1(b), which in turn refers to a "Final Order" which is a

OBJECTION TO THE MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN SUPPLEMENTAL POSTPETITION SECURED FINANCING; (II) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS; AND (III) GRANTING RELATED RELIEF      Page 12

23-01243-WLH11    Doc 583    Filed 03/11/24    Entered 03/11/24 16:50:34    Pg 12 of 14

defined phrase including the (ii):

> "finding and determining as a matter of law and fact and based on the submission by the Debtors and consideration of an evidentiary record, that the Debtors' pre-petition operations constituted a "Ponzi Scheme," including, without limitation, for purposes of Bankruptcy Code sections 544, 548, 550, and other applicable avoidance and recovery, debtor/creditor, and related authority."

Thus, no date for the insolvency finding is actually proposed or defined in the motion or the DIP Agreement. The supporting declarations indicate several other possible alternative dates. Mr. Ho provides examples of intercompany transfers and distribution to creditors as early as June 2019. The debtor's brief suggests it could be as early as the January 2017 using Mr. Croshaw's email, or June 26, 2018 using Mr. Norvet's email.

The proposed date by which the Ponzi Scheme findings are effective (related back to) for the Ponzi presumptions may be a significant factor for any responding parties to understand and consider. These are allegations that would necessarily be included in an adversary proceeding complaint. The totality of these unspecific circumstances through which avoidance action targets are supposedly to self-identify themselves further magnifies the lack of specific notice required by the part VII rules of bankruptcy procedure.

OBJECTION TO THE MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN SUPPLEMENTAL POSTPETITION SECURED FINANCING; (II) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS; AND (III) GRANTING RELATED RELIEF    Page 13

23-01243-WLH11    Doc 583    Filed 03/11/24    Entered 03/11/24 16:50:34    Pg 13 of 14

Wherefore, the court is respectfully requested to decline authorize these Ponzi Scheme findings in this motion in its present form.

Date: March 11, 2024.

                              Respectfully submitted,

                              GREGORY M. GARVIN
                              Acting United States Trustee

                              */s/ Gary W. Dyer*
                              GARY W. DYER
                              Assistant U.S. Trustee

OBJECTION TO THE MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN SUPPLEMENTAL POSTPETITION SECURED FINANCING; (II) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS; AND (III) GRANTING RELATED RELIEF     Page 14

23-01243-WLH11    Doc 583    Filed 03/11/24    Entered 03/11/24 16:50:34    Pg 14 of 14