**So Ordered.**

**Dated: March 13th, 2024**

Whitman L. Holt
Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:

ICAP ENTERPRISES, INC., *et al.*,

Debtors.[1]

Chapter 11

Lead Case No. 23-01243-WLH11
Jointly Administered

**ORDER GRANTING DEBTORS' MOTION FOR ORDER ESTABLISHING PROCEDURES FOR SALE OF PROPERTY OF THE ESTATES**

---

[1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding 1, LLC (23-01256-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01253-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); VH @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11) ; Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); and iCap Holding 6 LLC (23-01274-11); Colpitts Sunset, LLC (23-01432-11); CS2 Real Estate Development LLC (23-01434-11); and iCap International Investments, LLC (23-01464-11).

**ORDER GRANTING SALE PROCEDURES MOTION**

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 81337862v3

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") pursuant to sections 105(a) and 363(b), (f), and (m) of title 11 of the Bankruptcy Code, Bankruptcy Rule 6004, and Local Rule 6004-1, for entry of an order authorizing the Debtors to implement procedures to: (a) sell or transfer real property, including any rights, interests, or portions thereof listed on Exhibit 1 to the Motion (collectively, the "Properties") in any individual transaction or series of related transactions, including related ancillary agreements thereto (each, a "Property Transaction") to a single buyer or group of related buyers as calculated within the Debtors' reasonable discretion and, to the extent permitted by the Bankruptcy Code and applicable non-bankruptcy law, free and clear of all liens, claims, interests, and encumbrances (collectively, the "Liens"), and with Liens attaching to the proceeds of such sale or transfer with the same validity, extent, and priority as had attached to the Properties immediately prior to the sale or transfer; (b) pay the reasonable and necessary documented fees and expenses (if any) incurred in connection with the sale of Properties, including, but not limited to, commissions to agents and brokers as disclosed in a Transaction Notice (as defined herein), and other customary costs of sale including prorated real property taxes, warranty costs, and excise taxes payable by the Debtors as sellers; and (c) granting related relief; it further appearing that this court has jurisdiction over this matter; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors; and good cause appearing therefor, the court makes the following findings of fact:

**Jurisdiction, Final Order, and Statutory Predicates**

A. This court has jurisdiction to hear and determine the Motion and over the Debtors, their estates, and the Properties sold under the Property Transaction Procedures. Venue of these Chapter 11 Cases and the Motion in the Eastern District of

---

[2] Capitalized terms used but not defined herein have the meaning ascribed to them in the Motion.

**ORDER GRANTING SALE PROCEDURES MOTION**

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

Washington is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The statutory and legal predicates for the relief sought in the Motion are sections 105(a) and 363(b), (f), and (m) of title 11 of the Bankruptcy Code, Bankruptcy Rule 6004, and Local Rule 6004-1.

C. This order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rule 6004(h), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the court expressly finds that there is no just reason for delay in the implementation of this order, and expressly directs the immediate entry of judgment as set forth in this order.

D. The Properties to be sold under the Property Transaction Procedures constitute property of the Debtors' estates, and title to the Properties is vested in the Debtors' estates within the meaning of section 541(a) of the Bankruptcy Code.

**Notice of the Motion**

E. Actual written notice of the Motion and a reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein have been afforded to: (a) all entities known to have asserted any interest in the Properties; (b) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested in the Motion; (c) the Office of the United States Trustee for the Eastern District of Washington; (d) counsel to the committee of unsecured creditors appointed in the Chapter 11 Cases (the "Committee"); and (e) all parties entitled to notice pursuant to the Limited Mailing List approved by this court [ECF Nos. 63 and 164] (the "Notice Parties").

F. As evidenced by the affidavits of service previously filed with the court, proper, timely, adequate, and sufficient notice of the Motion, the Property Transaction Procedures, and the hearing, has been provided in accordance with sections 102(1) and

**ORDER GRANTING SALE PROCEDURES MOTION**

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

BN 81337862v3

23-01243-WLH11    Doc 611    Filed 03/14/24    Entered 03/14/24 07:29:23    Pg 3 of 21

363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 9014 and Local Rules 2002-1, 6004-1, and 9014-1.  The notices described in paragraphs E and F herein were adequate, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion, Property Transaction Procedures, or the hearing is required.

G.    The disclosure made by the Debtors concerning the Motion, the Property Transaction Procedures, and the hearing were good, complete, and adequate.

**IT IS THEREFORE ORDERED THAT:**

**General Provisions**

1.    The relief requested in the Motion [ECF No. 370] is granted as set forth in this order, and the Property Transaction Procedures contemplated therein are approved.

2.    ~~Notice of the Motion, the Hearing, and the Property Transaction Procedures was adequate, fair, and equitable under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004, and Local Rules 2002-1 and 6004-1.~~ All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled as announced to the court at the hearing or by stipulation filed with the court, and all reservations of rights included therein, are overruled on the merits or have been otherwise satisfied or adequately provided for pursuant to this order.

**Approval of the Property Transaction Procedures**

3.    The Property Transaction Procedures are approved as follows:

a.    the Debtors are authorized to consummate such Property Transactions if the Debtors determine in the reasonable exercise of their business judgment that such Property Transactions are in the best interest of the estates, subject to the terms of this order;

b.    the Debtors must, at least 10 Business Days prior to closing a Property Transaction, give written notice (email being sufficient) of

ORDER GRANTING SALE PROCEDURES MOTION

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA  98101-1337
TELEPHONE: 206.319.7052

BN 81337862v3

such Property Transaction to (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to Serene Investment Management, LLC; (d) any known affected creditor(s), including counsel to any creditor asserting a Lien on the relevant Properties; and (e) those parties requesting notice pursuant to Bankruptcy Rule 2002;

c.  each Transaction Notice must: (a) identify the Properties being sold or transferred; (b) identify the Debtor that directly owns the Properties; (c) identify the purchaser of the Properties; (d) identify the holders known to the Debtors as holding Liens on the Properties; (e) include the purchase price and the material economic terms and conditions of the sale, or transfer; (f) include a copy of the sale or transfer agreement evidencing the sale of the Properties; and (g) itemize commission, fees, or other customary expenses to be paid in connection with such Property Transaction;

d.  if no written objections are filed and served on the Debtors, with a copy to their counsel (email being sufficient), by the Transaction Notice Parties within 10 Business Days of service of such Transaction Notice, the Debtors will lodge a proposed form of order approving the Property Transaction, substantially in the form attached hereto as Exhibit A (the "Proposed Sale Order"), and file a supporting declaration establishing: (1) compliance with the Property Transaction Procedures; (2) facts supporting a finding under section 363(f) of the Bankruptcy Code; and (3) facts supporting a finding under section 363(m) of the Bankruptcy Code with respect to any such Property. The court may enter such Proposed Sale Order without further notice to any party, and upon

**ORDER GRANTING SALE PROCEDURES MOTION**

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

entry of such Proposed Sale Order, the subject Property Transaction will be, without need for any action by any party, final and fully authorized by the court, and the Debtors will be authorized to consummate such Property Transaction immediately;

e. if a written objection, whether formal or informal, is received from a Transaction Notice Party within the Transaction Notice Period that cannot be resolved, the Property Transaction can be consummated only upon withdrawal of such written objection, whether formal or informal, or further order of the court;

f. good faith purchasers of Properties pursuant to these Property Transaction Procedures will be entitled to the protections of section 363(m) of the Bankruptcy Code; and

g. pursuant to section 363(f) of the Bankruptcy Code, all sales and transfers of Properties pursuant to these Property Transaction Procedures will be free and clear of all liens, claims, encumbrances, and interests, if any, with any and all such valid and perfected liens, claims, encumbrances, and interests to attach to proceeds of the sales with the same validity, priority, force, and effect such liens, claims, encumbrances, and interests had on the property immediately prior to the sale or transfer, subject to the rights, claims, defenses, and obligations, if any, of the Debtors and all interested parties with respect to any such asserted liens, claims, encumbrances, and interests. For the avoidance of doubt, the absence of a timely objection to the sale of the Properties will constitute consent to such sale within the meaning of section 363(f)(2) of the Bankruptcy Code.

**ORDER GRANTING SALE PROCEDURES MOTION**

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 81337862v3

23-01243-WLH11    Doc 611    Filed 03/14/24    Entered 03/14/24 07:29:23    Pg 6 of 21

4.    Nothing in this order affects any party's credit bid rights under section 363(k) of the Bankruptcy Code, with all such rights being reserved.

5.    Upon the closing of the sale of any property secured by a lien in favor of Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as Owner Trustee of MFA 2022-RTL1 Trust; Lima One Capital, LLC as servicer ("Wilmington"), the Debtors will segregate all net proceeds of such sale in a separate bank account until the total balance of such account equals $5,250,000 (the "Wilmington Segregated Proceeds"), pending further order of this court with respect to the allowance of the proofs of claim of Wilmington filed in the Chapter 11 Cases. The Wilmington Segregated Proceeds will be kept in such separate bank account and will not be used for any purpose without further court order. The Debtors will continue to pay Wilmington adequate protection payments in accordance with this court's prior order approving debtor-in-possession financing [ECF No. 154], the terms of which will continue in full force and effect. For the avoidance of doubt, Wilmington will have an automatically perfected lien in the Wilmington Segregated Proceeds held in the segregated account with same validity, priority (other than with respect to the bank at which the Wilmington Segregated Proceeds are deposited), force, and effect as Wilmington's liens in any property sold pursuant to this order. Before the closing of a sale of any property secured by a lien in favor Wilmington, Debtors must identify to Wilmington (i) the bank at which the Wilmington Segregated Proceeds will be deposited and (ii) the last four digits of the account number.

6.    Upon the closing of the sale of any property secured by a lien in favor of Redmond Funding Group, LLC ("Redmond"), the Debtors will segregate all net proceeds of such sale in a separate bank account until the total balance of such account equals $2,000,000.00 (the "Redmond Segregated Proceeds"), pending further order of this court with respect to the allowance of the proofs of claim of Redmond filed in the

**ORDER GRANTING SALE PROCEDURES MOTION**

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

BN 81337862v3

23-01243-WLH11    Doc 611    Filed 03/14/24    Entered 03/14/24 07:29:23    Pg 7 of 21

Chapter 11 Cases.  The Redmond Segregated Proceeds will be kept in such separate bank account and will not be used for any purpose without further court order.  The Debtors will continue to pay Redmond adequate protection payments in accordance with this court's prior order approving debtor-in-possession financing [ECF No. 154], the terms of which will continue in full force and effect.  For the avoidance of doubt, Redmond will have an automatically perfected lien in the Redmond Segregated Proceeds held in the segregated account with the same validity, priority (other than with respect to the bank at which the Redmond Segregated Proceeds are deposited), force, and effect as Redmond's liens in any property sold pursuant to this order.  Before the closing of a sale of any property secured by a lien in favor of Redmond, Debtors must identify to Redmond (i) the bank at which the Redmond Segregated Proceeds will be deposited and (ii) the last four digits of the account number.

**<u>Miscellaneous</u>**

7.     Pursuant to Bankruptcy Rules 6004(h), 7062, and 9014, this order is effective immediately upon its entry.

8.     All time periods set forth in this order will be calculated in accordance with Bankruptcy Rule 9006(a).

9.     To the extent this order is inconsistent with any prior order or pleading with respect to the Motion filed in these Chapter 11 Cases, the terms of this order will govern.

10.    The court retains jurisdiction and power with respect to all matters arising from or related to the implementation and interpretation of this order.

PRESENTED BY:


By   /s/ Dakota Pearce
DAKOTA PEARCE (WSBA 57011)

**ORDER GRANTING SALE PROCEDURES MOTION**

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

BERNARD D. BOLLINGER, JR. (Admitted *Pro Hac Vice*)
KHALED TARAZI (Admitted *Pro Hac Vice*)
BUCHALTER, a Professional Corporation

*Counsel to Debtors and Debtors in Possession*

By

JULIAN I. GURULE (Admitted *Pro Hac Vice*)
O'MELVENY & MYERS, LLP

*Co-Counsel to Debtors and Debtors in Possession*

 * Changes made by court

**ORDER GRANTING SALE PROCEDURES MOTION**

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 81337862v3

1          **EXHIBIT A**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**ORDER GRANTING SALE PROCEDURES MOTION**

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 81337862v3

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

In re:

ICAP ENTERPRISES, INC., *et al.*,

Debtors.[3]

Chapter 11

Lead Case No. 23-01243-WLH11
Jointly Administered

**ORDER APPROVING SALE OF PROPERTY OF THE ESTATES PURSUANT TO PROPERTY TRANSACTION PROCEDURES**

---

[3] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding 1, LLC (23-01256-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01253-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11) ; Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); and iCap Holding 6 LLC (23-01274-11); Colpitts Sunset, LLC (23-01432-11); CS2 Real Estate Development LLC (23-01434-11); and iCap International Investments, LLC (23-01464-11).

**ORDER GRANTING SALE PROCEDURES MOTION**

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

BN 81337862v3

Pursuant to the *Order Granting Debtors' Motion for Order Establishing Procedures for Sale of Property of the Estates* [ECF No. ___] (the "Sale Procedures Order"); the court having also reviewed the *Declaration of Lance Miller in Support of Property Transaction* (the "Miller Declaration") [ECF No. ___]; it further appearing that this court has jurisdiction over this matter; and it further appearing that the relief requested is in the best interests of the Debtors[4], their estates, and their creditors; and good cause appearing therefor, the court makes the following findings of fact:

**Jurisdiction, Final Order, and Statutory Predicates**

E.　This court has jurisdiction to enter this order and over the Debtors, their estates, and the property located at _____ (the "Property"), sold under the Property Transaction Procedures.  Venue of these Chapter 11 Cases and the Motion in the Eastern District of Washington is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

F.　The statutory and legal predicates for the relief sought are sections 105(a) and 363(b), (f), and (m) of title 11 of the Bankruptcy Code, Bankruptcy Rule 6004, and Local Rule 6004-1.

G.　This order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rule 6004(h), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the court expressly finds that there is no just reason for delay in the implementation of this order, and expressly directs the immediate entry of judgment as set forth in this order.

**Notice of the Motion**

H.　Actual written notice of the Motion and this Property Transaction and a reasonable opportunity to object or be heard with respect to the Motion and the Property

---

[4] Capitalized terms used but not otherwise defined herein have the meaning given to them in the *Debtors' Motion for Order Establishing Procedures for Sale of Property of the Estates* [ECF No. 370] (the "Motion").

**ORDER GRANTING SALE PROCEDURES MOTION**

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101-1337
Telephone: 206.319.7052

Transaction and the relief requested therein have been afforded to: (a) all entities known to have asserted any interest in the Property; (b) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested in the Motion; (c) the Office of the United States Trustee for the Eastern District of Washington; (d) counsel to the committee of unsecured creditors appointed in the Chapter 11 Cases (the "<u>Committee</u>"); and (e) all parties entitled to notice pursuant to the Limited Mailing List approved by this court [ECF Nos. 63 and 164] (the "<u>Notice Parties</u>").

I.       As evidenced by the affidavits of service previously filed with the court, proper, timely, adequate, and sufficient notice of the Motion, the Property Transaction Procedures, and the hearing, has been provided in accordance with sections 102(1) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 9014 and Local Rules 2002-1, 6004-1, and 9014-1.  The notices described in paragraphs ~~EH~~ and ~~FI~~ herein were adequate, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion, Property Transaction Procedures, or the hearing is required.

J.       The disclosure made by the Debtors concerning the Motion, the Property Transaction Procedures, and this Property Transaction were good, complete, and adequate.

**Validity of Transfer**

K.       The Debtors have full corporate power and authority to execute and deliver the Purchase and Sale Agreement ("<u>PSA</u>") attached to this order as <u>Exhibit A</u>, and all other documents contemplated thereunder, as necessary under the Property Transaction Procedures, and no further consents or approvals are required for the debtors to consummate the Property Transaction contemplated in the PSA.

L.       The transfer of the Property pursuant to the Property Transaction

**ORDER GRANTING SALE PROCEDURES MOTION**

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA  98101-1337
TELEPHONE: 206.319.7052

Procedures will be, as of the date of closing, a legal, valid, and effective transfer of such Property and will vest the purchaser with all right, title, and interest of the Debtors in the Property free and clear of all claims, rights, and encumbrances accruing, arising, or relating to any time prior to the closing date.

M.    Upon review of the Miller Declaration, the Debtors have complied with the Property Transaction Procedures with respect to the Property Transaction and no objections to the Property Transaction were filed in connection therewith.

**Section 363(f) of the Bankruptcy Code is Satisfied**

N.    The purchaser (i) is not, and will not be considered, a successor to the Debtors, (ii) has not, de facto or otherwise, merged with or into the Debtors, (iii) is not a continuation or substantial continuation, and is not holding itself out as a mere continuation, of the Debtors or their estates, business or operations, or any enterprise of the Debtors, and (iv) does not have a common identity of incorporators, directors, or equity holders with the Debtors.  The purchaser will have no, and will not be deemed to have, or to have assumed or become obligated by operation of law or in equity for, any liability of claims, rights, and encumbrances except as expressly assumed under the PSA.

O.    The Debtors may sell the Property pursuant to the Property Transaction Procedures free and clear of all claims, rights, and encumbrances because one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code have been satisfied.  Those holders of claims, rights, and encumbrances who did not object, or who withdrew their objections, to the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.  Those holders of claims, rights, and encumbrances who did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their claims, rights, and encumbrances, if any, attach to the cash proceeds of the Property Transaction

**ORDER GRANTING SALE PROCEDURES MOTION**

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 81337862v3

attributable to the Property in which such holder alleges a claim, right, or encumbrance, in the same order of priority, with the same validity, force, and effect that such claim, right, or encumbrance had prior to the Property Transaction, subject to any claims and defenses the Debtors and their estates may possess with respect thereto.

**Compelling Circumstances for Immediate Sale**

P.     To enhance the Debtors' level of liquidity, to preserve the value of the Debtors' estates and reduce the amount of postpetition financing borne by the Debtors, and to maximize the amount of funding available to provide for a timely exit from these Chapter 11 Cases, it is essential that the Property Transaction under the Property Transaction Procedures be consummated without the need for further motion or order.

Q.     Pursuant to Bankruptcy Rule 6004(f)(1), the Debtors are authorized to sell the Property pursuant to the Property Transaction Procedures. The manner of the sale of the Property is within the discretion of the Debtors, and the sale of Property is fair and reasonable under the circumstances and constitutes a sound exercise of the Debtors' business judgment.

R.     The consummation of the Property Transaction is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), and 363(m), and all of the applicable requirements of such sections have been complied with in respect to the Property Transaction.

**IT IS THEREFORE ORDERED THAT:**

**General Provisions**

1.     The relief requested in the Motion [ECF No. ___] and made available through the Sale Procedures Order is granted in part as set forth in this order.

2.     Notice of the Motion, the Hearing, and the Property Transaction Procedures was adequate, fair, and equitable under the circumstances and complied in

**ORDER GRANTING SALE PROCEDURES MOTION**

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

all respects with section 102(1) of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004, and Local Rules 2002-1 and 6004-1.  All objections to the proposed Property Transaction ~~Motion or the relief requested therein~~ that have not been withdrawn, waived, or settled as announced to the court at the hearing, ~~or~~ by stipulation filed with the court, or as described by the Sale Procedures Order, and all reservations of rights included therein, are overruled on the merits or have been otherwise satisfied or adequately provided for pursuant to this order.

**Approval of the Property Transaction**

3.     Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized to take any and all actions necessary or appropriate to (i) close and consummate the Property Transaction under the Property Transaction Procedures and this order; (ii) pay the reasonable and necessary documented fees and expenses (if any) incurred in connection with the Property Transaction, including, but not limited to, commissions to agents and brokers and other customary costs of sale including prorated real property taxes, prorated utility costs, warranty costs, and excise taxes payable by the Debtors as sellers; and (iii) execute and deliver, close, perform under, consummate, and implement the PSA of the Property Transaction, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Property Transaction.

4.     This order is binding in all respects upon the Debtors, their estates, all holders of equity interest in the Debtors, all holders of any Claim(s) (as defined in the Bankruptcy Code) against the Debtors, whether known or unknown, any holders of Liens (as defined in the Bankruptcy Code) and claims, rights, and encumbrances on all or any portion of the Properties, the purchaser(s), all successors and assigns of the purchaser(s), any trustees, if any, subsequently appointed in the Chapter 11 Cases or upon a conversion to chapter 7 under the Bankruptcy Code of the Chapter 11 Cases,

**ORDER GRANTING SALE PROCEDURES MOTION**

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101-1337
Telephone: 206.319.7052

BN 81337862v3

23-01243-WLH11    Doc 611    Filed 03/14/24    Entered 03/14/24 07:29:23    Pg 16 of 21

and all employee benefit plans in which the Debtors participated, if any. This order and the PSA inure to the benefit of the Debtors, their estates, their creditors, the purchaser, and their successors and assigns. Nothing contained in any plan of reorganization or liquidation or order of any type or kind entered in these Chapter 11 Cases or any subsequent chapter 7 or chapter 11 case for the Debtors or any related proceedings subsequent to the entry of this order will directly conflict with or derogate ~~fer~~om the provisions of the Property Transaction Procedures or the terms of this order.

**Transfer of the Property**

5.     Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Debtors are authorized to transfer the Property on the closing date. The Property will be transferred to the purchaser(s) upon and as of the closing date, and such transfer constitutes a legal, valid, binding, and effective transfer of such Property and, upon the Debtors' receipt of the purchase price, will be free and clear of all interests (as such is used in section 363(f) of the Bankruptcy Code), including without limitation, liens, claims, encumbrances, lis pendens, leases, options to purchase, agreements to sell, rights of first refusal or first offer (or any rights similar to the foregoing), rights of redemption, rights of setoff, netting and deductions, pledge, charges, and any successor or successor-in-interest liability theories. The Property will not be subject to any claims or interests allowed in the Chapter 11 Cases, including, without limitation, any claims allowed under section 361, 362, 363, 364, 365, 502, 503, 506, or 507 of the Bankruptcy Code, nor will the Property be subject to a surcharge or "carve out" that is otherwise agreed to or approved in the Chapter 11 Cases. Upon the closing of the Property Transaction, the purchaser will take title to and possession of the Property. All claims, rights, and encumbrances will attach at closing to the proceeds of the Property Transaction with the same validity, perfection, priority, force, and effect that they now have as against the Property, subject to any claims and defenses the Debtors and their

**ORDER GRANTING SALE PROCEDURES MOTION**

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101-1337
Telephone: 206.319.7052

BN 81337862v3

23-01243-WLH11    Doc 611    Filed 03/14/24    Entered 03/14/24 07:29:23    Pg 17 of 21

estates may possess with respect thereto, and will follow those proceeds to any segregated accounts required by the Sale Procedures Order.

6.      Except as may be expressly provided in the PSA, all persons and entities holding claims, rights, and encumbrances on all or any portion of the Properties are forever barred, estopped, and permanently enjoined from asserting against the purchaser or their successors or assigns, their property or the Property, such claims, rights, and encumbrances and all claims and rights relating thereto.  All persons and entities are forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtors to sell and transfer the Property in accordance with the Property Transaction Procedures and this order.

7.      A certified copy of this order may be filed with the appropriate clerk and/or recorded with the appropriate recorder to cancel any claims, rights, and encumbrances of record.  On the closing date of the Property Transaction, each holder of a claim, right, and encumbrance is authorized and directed to execute such documents and take all other actions as may be deemed by the purchaser to be necessary or desirable to release its claim, right, encumbrance on the Property, as provided for herein, as such claim, right, and encumbrance may have been recorded or otherwise exist.

8.      The provisions of this order authorizing the Property Transaction free and clear of claims, rights, and encumbrances will be self-executing, and none of the Debtors, the purchaser, or any other party will be required to execute or file releases, termination statements, assignments, cancellations, consents, or other instruments to effectuate, consummate, and/or implement the provisions herein with respect to the Property Transaction; provided, however, that this paragraph does not excuse such parties from performing any and all of their obligations under the PSA.

9.      Notwithstanding paragraph 8 herein, if any person or entity that has filed statements  or  other  documents  or  agreements  evidencing  claims,  rights,  and

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA  98101-1337
TELEPHONE: 206.319.7052

encumbrances on all or any portion of the Property does not deliver to the Debtors prior to the closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements and any other documents necessary or desirable to the purchaser for the purpose of documenting the release of all claims, rights, and encumbrances, which the person or entity has or may assert with respect to all or any portion of the Property, the Debtors are authorized and directed, and the purchaser are authorized, to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Property.

10.    This order governs the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease of real property; and each of the foregoing persons and entities is authorized and directed to accept for filing any and all of the documents and instruments, including, without limitation, this order, necessary and appropriate to consummate the Property Transaction.

**Miscellaneous**

11.    Except as otherwise provided in this order, and to the maximum extent available under applicable law, and to the extent provided for under the PSA, the purchaser is authorized, as of the closing date of the Property Transaction, to operate under any license, permit, registration, and governmental authorization or approval of the Debtors with respect to the Property to the maximum extent available under

**ORDER GRANTING SALE PROCEDURES MOTION**

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

applicable law and to the extent provided for under the PSA, all such licenses, permits, registrations and governmental authorizations and approvals are deemed to have been transferred to the purchaser as of the closing date of the Property Transaction. All existing licenses, permits, registrations, and governmental authorizations applicable to the Property will remain in place for the benefit of the purchaser until either new licenses and permits are obtained or existing licenses, permits, registrations, and governmental authorizations are transferred in accordance with applicable administrative procedures. To the extent provided by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any grant, permit, or license relating to the operation of the Property on account of the filing or pendency of these Chapter 11 Cases or the consummation of the Property Transaction.

12.     Pursuant to Bankruptcy Rules 6004(h), 7062, and 9014, this order is effective immediately upon its entry, and the Debtors and the purchaser are authorized to close the Property Transaction immediately upon entry of this order.

13.     All time periods set forth in this order will be calculated in accordance with Bankruptcy Rule 9006(a).

14.     To the extent this order is inconsistent with any prior order or pleading with respect to the Motion filed in these Chapter 11 Cases, the terms of this order will govern.

15.     The court retains jurisdiction and power with respect to all matters arising from or related to the implementation and interpretation of this order.

///End of Order///

PRESENTED BY:

**ORDER GRANTING SALE PROCEDURES MOTION**

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

By _____
DAKOTA PEARCE (WSBA 57011)

BERNARD D. BOLLINGER, JR. (Admitted *Pro Hac Vice*)
KHALED TARAZI (Admitted *Pro Hac Vice*)
BUCHALTER, a Professional Corporation

*Counsel to Debtors and Debtors in Possession*

By

JULIAN I. GURULE (Admitted *Pro Hac Vice*)
O'MELVENY & MYERS, LLP

*Co-Counsel to Debtors and Debtors in Possession*

\* Changes made by court

**ORDER GRANTING SALE PROCEDURES MOTION**

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 81337862v3

23-01243-WLH11    Doc 611    Filed 03/14/24    Entered 03/14/24 07:29:23    Pg 21 of 21