Garrett S. Ledgerwood, # 49970
Miller Nash LLP
111 SW Fifth Ave., Ste 3400
Portland, OR 97204
Tel: (503) 224-5858
Fax: (503) 224-0155

David C. Neu, # 33143
Zachary A. Cooper, # 53526
Miller Nash LLP
605 5th Ave S, Ste 900
Seattle, WA 98104
Tel: 206.824.8300
Fax: 206.340.9599

Honorable Whitman L. Holt
Chapter 11

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re

ICAP ENTERPRISES, INC., et al.,

Debtors.[1]

No. 23-01243-WLH11  LEAD CASE
Jointly Administered

OBJECTION TO DEBTORS' MOTION FOR ORDER (I) AUTHORIZING DEBTORS TO OBTAIN POSTPETITION SECURED FINANCING; (II) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS; AND (III) GRANTING RELATED RELIEF

---

[1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (Case No. 23-01243- 11); iCap Pacific NW Management, LLC (Case No. 23-01261-11); iCap Vault Management, LLC (Case No. 23-01258-11); iCap Vault, LLC (Case No. 23- 01256-11); iCap Vault 1, LLC (Case No. 23-01257-11); Vault Holding 1, LLC (Case No. 23-01256-11); iCap Investments, LLC (Case No. 23- 01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (Case No. 23-01253-11); iCap Equity, LLC (Case No. 23-01247-11); iCap Pacific Income 4 Fund, LLC (Case No. 23-01251- 11); iCap Pacific Income 5 Fund, LLC (Case No. 23-01249-11); iCap Northwest Opportunity Fund, LLC (Case No. 23-01253-11); 725 Broadway, LLC (Case No. 23-01245-11); Senza Kenmore, LLC (Case No. 23-01254-11); iCap Campbell Way, LLC (Case No. 23-01250-11); UW 17th Ave, LLC (Case No. 23- 01267-11); iCap Broadway, LLC (Case No. 23-01252-11); VH 1121 14th LLC (Case No. 23-01264-11); VH Senior Care LLC (Case No. 23-01266-11); VH Willows Townhomes LLC (Case No. 23-01262-11); iCap @ UW, LLC (Case No. 23-01244-11); VH 2nd Street Office, LLC (Case No. 23-01259-11); VH Pioneer Village LLC (Case No. 23-01263-11); iCap Funding LLC (Case No. 23-01246-11); iCap Management LLC (Case No. 23-01268-11); iCap Realty, LLC (Case No. 23-01260- 11); Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); and iCap Holding 6 LLC (23-01274-11); Colpitts Sunset, LLC (23-01432-11); CS2 Real Estate Development LLC (23-01434-11); and iCap International Investments, LLC (23-01464-11).

OBJECTION TO DEBTORS' MOTION FOR
POSTPETITION FINANCING - 1

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4871-5493-1373.2

23-01243-WLH11   Doc 617   Filed 03/18/24   Entered 03/18/24 11:56:12   Pg 1 of 16

Socotra REIT 1, LLC; WE Alliance Secured Income Fund, LLC; and Jason Yelowitz, in his capacity as trustee of the Jason Yelowitz 2006 Trust Dated March 31, 2006 (collectively, "Socotra") objects to the Debtors' Motion for Order (I) Authorizing Postpetition Secured Financing; (II) Granting Superpriority Administrative Expense Claims; and (III) Granting Related Relief (the "DIP Motion" and the proposed order, the "DIP Order") for the reasons set forth herein. Socotra further joins in the United States Trustee's objection to the DIP Motion filed on March 11, 2024 at Dkt. No. 583. In support of this Objection, Socotra states as follows:

## I. BACKGROUND

On or about December 15, 2022, VH 2nd Street Office, LLC ("VH 2nd Street") obtained a loan from Socotra REIT I, LLC ("Socotra") in the original principal amount of $3,000,000.00 (the "Loan"). The Loan was made pursuant to that certain Loan and Security Agreement dated December 15, 2022 (the "Loan and Security Agreement") and is evidenced by that certain Secured Note dated December 15, 2022 (the "VH Note"). As of the petition date, Socotra is owed $3,231,457.50 by VH 2nd Street.[2]

---

[2] The Loan was partially assigned to WE Alliance Secured Income Fund, LLC on January 5, 2023, pursuant to that certain Allonge of that date. The Loan was partially assigned to Jason Yelowitz, Trustee of the Jason

OBJECTION TO DEBTORS' MOTION FOR
POSTPETITION FINANCING - 2

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4871-5493-1373.2

23-01243-WLH11    Doc 617    Filed 03/18/24    Entered 03/18/24 11:56:12    Pg 2 of 16

The obligations of the Debtor under the Loan and Security Agreement and the VH Note were secured by a deed of trust encumbering the property commonly known as 2818 E. 2nd Street, Vancouver, WA 98661 (the "2nd Street Property"), as well as an assignment of rents and security agreement. The 2nd Street Property is income-producing and contains a number of business tenants.

On January 5, 2024, VH 2nd Street filed its Motion for an Order (I) Approving the Sale of Real Property; and (II) Approving the Sale Free and Clear of Liens, and Encumbrances (Pioneer Village and 2nd Street Properties) (the "Sale Motion") pursuant to which it sought court authority to sell the 2nd Street Property. On January 30, 2024, the Court entered an order (the "Sale Order") approving the sale of the 2nd Street Property. Pursuant to the Sale Order, VH 2nd Street was required to segregate $3,240,000 of the sale proceeds of the 2nd Street Property pending further order of the Court allowing Socotras' claim. VH 2nd Street is also required to pay Socotra adequate protection payments of interest at the contract rate until such time as the proceeds of the sale are released.

Socotra has been informed that the sale of the 2nd Street Property closed on March 11, 2024.

---

Yelowitz 2006 Trust, Dated March 31, 2006 ("Jason Yelowitz"), on February 21, 2023, pursuant to that certain Allonge of that date.

OBJECTION TO DEBTORS' MOTION FOR
POSTPETITION FINANCING - 3

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4871-5493-1373.2

23-01243-WLH11    Doc 617    Filed 03/18/24    Entered 03/18/24 11:56:12    Pg 3 of 16

## II. EVIDENCE RELIED UPON

This objection relies on the Declaration of Paul Cotter and the pleadings and papers herein.

## III. ARGUMENT

Socotra shares the concerns articulated by the United States Trustee in his objection to the Motion related to the proposed finding in paragraph D of the Findings of Fact of the DIP Order that the iCap Debtors operated as a Ponzi scheme and Section 3 of the Order which provides that the Debtors are entitled to the benefit of the "Ponzi scheme presumption" in any "causes of action asserted under Sections 544 and 548 of the Bankruptcy Code or any other applicable fraudulent transfer, debtor/creditor law, avoidance and recovery statute or cause of action, claim, or argument."

As well-argued by the United States Trustee, whose arguments are incorporated herein, the proposed finding of fact that the iCap entities operated as a Ponzi scheme is premature and fraught with due process issues. Moreover, the Debtors inexplicably seek to extend the Ponzi presumption to *all* Debtor entities notwithstanding that they offer scant evidence that entities like VH 2nd Street, and other real property owning entities in the iCap family, were involved in the alleged

OBJECTION TO DEBTORS' MOTION FOR
POSTPETITION FINANCING - 4

4871-5493-1373.2

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

23-01243-WLH11    Doc 617    Filed 03/18/24    Entered 03/18/24 11:56:12    Pg 4 of 16

fraudulent scheme perpetrated by the investment fund entities. Applying the Ponzi presumption to all of the Debtor entities is entirely improper given the evidence.

A. Due Process Issues

It is unheard of, or at a minimum highly unusual, for a debtor or trustee to seek a finding that a business was a Ponzi scheme in the context of a motion to approve debtor-in-possession financing. Counsel for Socotra was unable to locate a single instance in which a debtor has sought such a determination in this manner. Needless to say, seeking such a finding in a DIP financing motion and in the time frame in which the Debtors propose is prejudicial to potential targets of avoidance actions and deprives them of them of their procedural due process rights to be heard in a meaningful time and in a meaningful manner. *Fuents v. Shevin*, 407 U.S. 67, 80, 92 S.Ct. 1983, 32 L.Ed.2d 566 (1974) ("It is fundamental that the right to notice and an opportunity to be heard 'must be granted at a meaningful time and in a meaningful manner'").

1. The Ponzi Presumption Should be Determined by Adversary Proceeding.

In their Supplemental Brief in Support of Motion for DIP Financing (the "Supplemental Brief") Debtors argue that the Court can make the determination of whether the Debtors' business constitute a Ponzi Scheme in a contested matter.

OBJECTION TO DEBTORS' MOTION FOR
POSTPETITION FINANCING - 5

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4871-5493-1373.2

23-01243-WLH11    Doc 617    Filed 03/18/24    Entered 03/18/24 11:56:12    Pg 5 of 16

Their analysis is faulty. Bankruptcy Rule 7001 expressly requires that proceedings to recover money or property be brought as an adversary proceeding. F.R.B.P. 7001(1). Debtors attempt to distinguish a Ponzi finding from a proceeding to recover money, but, in fact, recovering money is precisely why they seek the finding. The Ponzi finding is a precursor, a necessary step, for the Debtors to successfully prosecute avoidance actions to recover funds from investors and other unidentified targets.[3] The Debtors' attempts to analogize the Ponzi finding to things like true-lease determinations, termination of the automatic stay, or determinations of the nature of a leasehold interest are unavailing, as none of those determinations fall with the scope of Rule 7001. The Ponzi finding, in contrast, is an element of their intentional voidable transaction claims (the intent element). What the Debtors are doing, in effect, is seeking a summary determination of an element of their claim to recover property. The idea that they can separate this element of an avoidance claim out from the core cause of action, and treat it independently of their efforts to recover money, is nonsensical.

---

[3] One extremely troubling aspect of the efforts of the Debtor and Committee to seek a Ponzi finding at this juncture is that they have not identified who the targets are. Socotra has no information if arms-length lenders are targets or whether it needs to spend the time and resources to resist the Debtor's efforts. It is telling that in the Motion header, the Debtor and Committee refer to the Ponzi finding as "related relief" in an apparent attempt to not draw attention to the actual relief which they seek.

OBJECTION TO DEBTORS' MOTION FOR
POSTPETITION FINANCING - 6

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4871-5493-1373.2

23-01243-WLH11    Doc 617    Filed 03/18/24    Entered 03/18/24 11:56:12    Pg 6 of 16

An adversary proceeding offers counter-parties an opportunity to be heard in a meaningful time and in a meaningful manner. Adversary proceedings require that a plaintiff file and serve a complaint, advising the defendant of the factual basis for the nature of the claims asserted against it. Adversary proceedings allow for a discovery process that spans weeks if not longer, thereby allowing the defendant to meaningfully gather and evaluate the evidence that supports the claim asserted against it. Adversary proceedings allow for motion practice that can be used to challenge claims and narrow issues. None of these procedural safeguard are present in a contested matter or the procedure proposed by the Debtors.

2. <u>The Proposed Procedure Does not Provide Potential Targets with Meaningful Opportunity to Defend Themselves</u>

By their own admission, the Debtors have had several *months* to review the financial records of the Debtors. Per the Declaration of Lance Miller in Support of Paladin Employment Application [Dkt. No. 87], Paladin Management Group has been examining the Debtors' records since July, 2023, and was paid in excess of $380,000 for just its pre-petition work.[4] Yet, Debtors propose to give unidentified

---

[4] Because no applications for compensation have been filed, it is unclear how much Paladin has been paid post-petition.

OBJECTION TO DEBTORS' MOTION FOR
POSTPETITION FINANCING - 7

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4871-5493-1373.2

23-01243-WLH11    Doc 617    Filed 03/18/24    Entered 03/18/24 11:56:12    Pg 7 of 16

counter-parties mere days to complete discovery.[5] Socotra is a prime example of why such a process is fundamentally unfair. The Debtors submitted over three thousand pages of exhibits in support of the DIP Motion's Ponzi argument, none of which appear to support the proposition that the real-property owning entities such as VH 2nd Street were part of the Ponzi scheme. Socotra, and other similarly-situated lenders, however, will have no opportunity to engage their own financial expert, should they chose to do so, to analyze whether all of the iCap entities (which are not substantively consolidated) were part of the fraudulent activity. In other words, Socotra and other lenders will have no meaningful opportunity to attempt to rebut Debtors' expert report, and, if the Court grants the relief requested, will be relegated to the situation where they can only assert affirmative defenses, thereby inexorably shifting the burden of proof from the Debtors to the arms-length lenders.

Simply put, the process proposed by the Debtors is flawed and fundamentally unfair. The Debtors (and their lender) and the Committee seek the advantage of being able to commence litigation against parties that are unidentified

---

[5] It is unreasonable to expect parties, such as Socotra, who don't even know whether they are a target of litigation, to engage in expensive discovery and retain financial experts on the chance that they might be sued in the future.

OBJECTION TO DEBTORS' MOTION FOR
POSTPETITION FINANCING - 8

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4871-5493-1373.2

23-01243-WLH11    Doc 617    Filed 03/18/24    Entered 03/18/24 11:56:12    Pg 8 of 16

and potentially not actively involved in this proceeding, with the deck stacked in their favor.

B. The Debtors Have not Established Grounds to Extend the Ponzi Finding to all iCap Entities

Rather than taking a surgical approach in their request for the Court to make a Ponzi finding, the Debtors take a scattershot approach, asking the Court to find that "iCap" or the "Debtors" operated as a Ponzi scheme.[6] Per the case caption and related footnote, "Debtors" encompasses all of the iCap family of companies without distinguishing between the investment funds and the property-owning entities such and VH 2nd Street.

While the declarations filed in support of the DIP Motion from Lance Miller and Jeffrey H. Kinrich attach thousands of pages of exhibits regarding the Ponzi allegation, there is scant documentation regarding the participation of the property-owing entities such as VH 2nd Street in the allegedly fraudulent scheme. In Mr. Miller's declaration in support of the DIP Motion, VH 2nd Street is mentioned only once – in the footnote identifying the debtor entities. In his second declaration, filed on March 1, 2024, it is again mention only once, in the same context. Mr.

---

[6] The DIP Order contains a conclusion that the "Debtors' business enterprises operated as a Ponzi scheme."

OBJECTION TO DEBTORS' MOTION FOR
POSTPETITION FINANCING - 9

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4871-5493-1373.2

23-01243-WLH11    Doc 617    Filed 03/18/24    Entered 03/18/24 11:56:12    Pg 9 of 16

Kinrich's declaration mentions VH 2nd Street eight times, none of them in the context of the Ponzi, but rather addressing issues such as the lapse of insurance. VH 2nd Street is not mentioned at all in the Declaration of Daniel Mayer filed on March 1, 2024, which appends the transcript of a call with investors regarding the alleged Ponzi scheme. The Debtors' Supplemental Brief in Support of Motion for DIP Financing only mentions VH 2nd Street in the footnote identifying the Debtors.

The Ninth Circuit defines a Ponzi scheme as "an arrangement whereby an enterprise makes payments to investors from the proceeds of a later investment rather than from profits of the underlying business venture, as the investors expected. The fraud consists of transferring proceeds received from the new investors to previous investors, thereby giving other investors the impression that a legitimate profit-making business opportunity exists, where in fact no such opportunity exists." *In re Agric. Research & Tech. Grp., Inc.*, 916 F.2d 528, 531 (9th Cir. 1990). Debtors define a Ponzi, stating as follows:

> The "hallmark" of a Ponzi scheme is "[d]istributing funds to earlier investors from the receipt of monies from later investors." Hayes v. Palm Seedlings Partners–A (I*n re Agricultural Research and Technology Group, Inc.*), 916 F.2d 528, 536 (9th Cir. 1990). "The fraud consists of [1] funneling proceeds received from new investors to previous investors [2] in the guise of profits from the alleged business venture, thereby cultivating an illusion that a legitimate profit-making business opportunity exists and inducing further investment." *In re United Energy Corp.*, 944 F.2d 589, 590 n. 1 (9th Cir. 1991); see *In re Fox Ortega Enterprises, Inc.*, 631 B.R. 425, 441–42 (Bankr. N.D. Cal. 2021) ("While there is not one universal definition of a 'Ponzi Scheme,'

OBJECTION TO DEBTORS' MOTION FOR
POSTPETITION FINANCING - 10

4871-5493-1373.2

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

23-01243-WLH11    Doc 617    Filed 03/18/24    Entered 03/18/24 11:56:12    Pg 10 of 16

> . . . [they] have two important characteristics which distinguish them from other types of fraud: (1) the promise of profit that is disconnected from any legitimate business activity . . . , and (2) use of new investor funds, instead of legitimate profit, to provide a return to earlier investors.").

Supplemental Brief Regarding Ponzi Scheme Findings in Support of Joint Motion for Order Authorizing Post-Petition Financing [Dkt. No. 542] at 9-10.

The declarations and briefs filed in support of the DIP Motion attempt to make the case that certain companies in the iCap family were operated in such a manner:

> Individual iCAP Funds exhibited the same pattern: large inflows and outflows of cash from and to investors, with little to no legitimate business revenue. For example, iCAP's Fund 4 received $23.9 million in deposits, of which 51.9%, or $12.4 million, was from investors, 47.9% percent, or $11.4 million, was from intercompany transfers, and only 0.2%, or $41,996, was from business operations.
>
> Despite generating barely any revenue, the Fund paid almost $5 million to investors; expensed over $3.0 million in general, operating, and administrative expenses; and redistributed $9.5 million to other entities within the organization. Id. Other iCAP funds similarly had "almost no real estate related activity," with "deposits and withdrawals . . . mostly money from and to [investors], along with intercompany transfers."

*Id.*, 11-12.

The Supplemental Declaration of Lance Miller in Support of Postpetition Financing and Related Relief [Dkt. 468] spends several pages detailing the business practices of iCap Pacific Northwest Opportunity and Income Fund, LLC, iCap Northwest Opportunity Fund, LLC, iCap Equity, LLC, and iCap Pacific

OBJECTION TO DEBTORS' MOTION FOR
POSTPETITION FINANCING - 11

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4871-5493-1373.2

23-01243-WLH11    Doc 617    Filed 03/18/24    Entered 03/18/24 11:56:12    Pg 11 of 16

Income Fund 4, LLC – specifically how these entities allegedly operated as a traditional Ponzi scheme, by using money from new investors to pay earlier investors. Supplemental Declaration of Lance Miller in Support of Postpetition Financing and Related Relief, 6-18. Notably absent is any discussion of VH 2nd Street or other legitimate property-owing entities. There is no allegation that VH 2nd Street had any investors at all (in fact, it did not).

The evidence presented does not support the notion that VH 2nd St. was a Ponzi enterprise as defined by the Ninth Circuit. There is no allegation or evidence that it "ma[de] payments to investors from the proceeds of a later investment rather than from profits of the underlying business venture, as the investors expected." All evidence suggests that it was nothing more than a legitimate entity, albeit perhaps adjacent to a fraudulent investment scheme (which Socotra does not concede), that did nothing more than own an income producing property and collect rents.

It is entirely inappropriate for the Court to make a determination at this juncture, without allowing Socotra and other similarly-situated lenders, an opportunity in a meaningful time and in a meaningful manner to contest the inclusion of the iCap property-owning enterprises, as opposed to the investment funds, in the Ponzi scheme finding.

OBJECTION TO DEBTORS' MOTION FOR
POSTPETITION FINANCING - 12

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4871-5493-1373.2

23-01243-WLH11    Doc 617    Filed 03/18/24    Entered 03/18/24 11:56:12    Pg 12 of 16

C.  The Proposed Ponzi Finding is Unnecessary Under §364

In the DIP Motion, the Debtors seek authority to obtain credit secured by a senior or equal lien on property of the estate that is subject to an existing lien. Under 11 U.S.C. §364(d), the Court is required to make only two findings to authorize such credit. First, it must find that the Debtor is unable to obtain such credit otherwise. 11 U.S.C. §364(d)(1)(A). Second, it must determine that there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted. 11 U.S.C. §364(d)(1)(B). The Court need not make any other finding to authorize the Debtors to acquire DIP Financing. The proposed finding regarding the alleged Ponzi scheme is entirely unnecessary and superfluous to the relief requested. After four months and hundreds of thousands of dollars paid to financial advisors, the Debtor, the Committee, and the proposed lender must have a handle on the merits of their Ponzi claims. If the lender is willing to extend credit taking avoidance actions as collateral, then it clearly had conducted due diligence to determine whether the facts will ultimately result in such a determination in the context of an adversary proceeding. In other words, it should not need a finding in the DIP Order that the iCap entities operated as a Ponzi scheme as a condition to extending credit. The Court should limit its findings in the DIP Order to those required by the

OBJECTION TO DEBTORS' MOTION FOR
POSTPETITION FINANCING - 13

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4871-5493-1373.2

23-01243-WLH11    Doc 617    Filed 03/18/24    Entered 03/18/24 11:56:12    Pg 13 of 16

Bankruptcy Code to authorize the relief requested by the Debtors, and not stray beyond the parameters of 11 U.S.C. §364 in an effort to appease the desires of the prospective lender.

## IV. CONCLUSION

The Debtors' attempt to ram through a Ponzi finding on an expedited basis, without any meaningful opportunity for unidentified potential avoidance-action targets to engage, should not be tolerated. There is no emergency and no exigent circumstances that would warrant a truncated process that deprives potential targets of due process. Debtors and the Committee argue that the DIP financing is necessary to pay administrative expenses and that the DIP lender will not provide the financing unless the deck is stacked on the potential avoidance actions. Needing money to pay professionals is not an emergency. This is precisely the situation that bankruptcy professionals sign up for when they undertake a debtor or committee representation. They have to wait until there is a recovery to get paid. The idea that the due process rights of parties in interest should be subordinated to the attorneys' desires to get paid should not be countenanced. The DIP Financing appears entirely unnecessary – certainly Debtors' and Committees' counsel can pursue causes of action without the financing, and wait to get paid from the

OBJECTION TO DEBTORS' MOTION FOR
POSTPETITION FINANCING - 14

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4871-5493-1373.2

23-01243-WLH11    Doc 617    Filed 03/18/24    Entered 03/18/24 11:56:12    Pg 14 of 16

proceeds of the result, as usually occurs in bankruptcy. Accordingly, the DIP Motion should be denied.[7]

DATED this 18th day of March, 2024.

MILLER NASH LLP

*/s/David C. Neu*
David C. Neu, WSBA No. 33143
Garrett S. Ledgerwood, # 49970
Zachary A. Cooper, # 53526
david.neu@millernash.com
garrett.ledgerwood@millernash.com
zachary.cooper@millernash.com

Attorneys for VH 2nd Street Noteholders

---

[7] It bears noting that the Debtors and its lender may not get the result that they want out of a Ponzi finding. In order for collateral estoppel to apply four elements must be satisfied: 1) The issue sought to be precluded must be the same as that involved in the prior action; 2) The issue must have been actually litigated; 3) It must have been determined by a valid and final judgment; and 4) The determination must have been essential to the final judgment. *In re Silva*, 190 B.R. 889, 892 (9th Cir. BAP 1995). "Actually litigated" means that the party must have had a full and fair opportunity to litigate the matter. *Allen v. McCurry*, 449 U.S. 90, 95, 101 S.Ct. 441, L.Ed.2d 308 (1980). Here, the procedures proposed by the Debtor and Committee mean that the issue will not have been full and fairly litigated. Moreover, a finding of a Ponzi scheme is not essential to a motion allowing postpetition financing under 11 U.S.C. §364.

OBJECTION TO DEBTORS' MOTION FOR
POSTPETITION FINANCING - 15

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4871-5493-1373.2

23-01243-WLH11    Doc 617    Filed 03/18/24    Entered 03/18/24 11:56:12    Pg 15 of 16

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the Notice of Appearance with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered counsel and parties of record.

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct to the best of my knowledge.

Signed this 18th day of March 2024 at Seattle, Washington.

*/s/David C. Neu*
David C. Neu, WSBA No. 33143

OBJECTION TO DEBTORS' MOTION FOR
POSTPETITION FINANCING - 16

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4871-5493-1373.2

23-01243-WLH11    Doc 617    Filed 03/18/24    Entered 03/18/24 11:56:12    Pg 16 of 16