Matthew J. Campos, WSBA 40777
McNaul Ebel Nawrot & Helgren PLLC
600 University Street, Suite 2700
Seattle, WA 98101
Phone: (206) 467-1816
mcampos@mcnaul.com

Matthew A. Lesnick, CSBN 177594
Lesnick Prince & Pappas LLP
315 West Ninth Street, Suite 705
Los Angeles, CA 90015
Phone: (310) 396-0964
matt@lesnickprince.com
(Admitted *Pro Hac Vice*)

*Attorneys for Interested Party
Christopher Christensen*

Hon. Whitman L. Holt

Hearing Date: March 27, 2024
Hearing Time: 10:00 a.m.
Location: Tower Bldg.
2nd Fl. Courtroom
402 E. Yakima Ave.
Yakima, WA 98901

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>ICAP ENTERPRISES, INC., et al.<br><br>Debtors.[1] | Chapter 11<br><br>Lead Case No. 23-01243-WLH11<br>Jointly Administered<br><br>**EVIDENTIARY OBJECTIONS TO DECLARATION OF LANCE MILLER IN SUPPORT OF JOINT MOTION FOR ORDER AUTHORIZING THE DEBTORS TO OBTAIN SUPPLEMENTAL** |

---

[1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (Case No. 23-01243-11); iCap Pacific NW Management, LLC (Case No. 23-01261-11); iCap Vault Management, LLC; (Case No. 23-01258-11); iCap Vault, LLC (Case No. 23- 01256-11); iCap Vault 1, LLC (Case No. 23-01257-11); Vault Holding 1, LLC (Case No. 23-01256-11); iCap Investments, LLC (Case No. 23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (Case No. 23-01253-11);iCap Equity, LLC (Case No. 23-01247-11); iCap Pacific Income 4 Fund, LLC (Case No. 23-01251-11); iCap Pacific Income 5 Fund, LLC (Case No. 23-01249-11); iCap Northwest Opportunity Fund, LLC (Case No. 23-01253-11); 725 Broadway, LLC (Case No. 23-01245-11); Senza Kenmore, LLC (Case No. 23-01254-11); iCap Campbell Way, LLC (Case No. 23-01250-11); UW 17th Ave, LLC (Case No. 23- 01267-11); iCap Broadway, LLC (Case No. 23-01252-11); VH 1121 14th LLC (Case No. 23-01264-11); VH Senior Care LLC (Case No. 23-01266-11); VH Willows Townhomes LLC (Case No. 23-01262-11); iCap @ UW, LLC (Case No. 23-01244- 11); VH 2nd Street Office, LLC (Case No. 23-01259-11); VH Pioneer Village LLC (Case No. 23-01263-11); iCap Funding LLC (Case No. 23-01246-11); iCap Management LLC (Case No. 23-01268-11); iCap Realty, LLC (Case No. 23-01260- 11).

EVIDENTIARY OBJECTIONS TO
DECLARATION OF LANCE MILLER –
Page 1

| | **POSTPETITION SECURED FINANCING**[2] |
|---|---|

Interested party Christopher Christensen ("Christensen") submits the following evidentiary objections to the Declaration of Lance Miller (the "Miller Declaration") [Dkt. No. 467-1] in Support of Debtors iCap Enterprises, Inc., et al. (the "Debtors") and the Official Committee of Unsecured Creditors' (the "Committee") Joint Motion for Order: (I) Authorizing the Debtors to Obtain Supplemental Postpetition Secured Financing; (II) Granting Superpriority Administrative Expense Claims; and (III) Granting Related Relief (the "Motion"). The statements in the Miller Declaration listed in the table below are inadmissible for the reasons set forth below. Accordingly, Christensen requests that the Court strike or exclude the below-referenced statements as inadmissible.

## **APPLICABLE LAW**

**A.     Improper Opinion Testimony**

Federal Rule of Evidence 701 permits a lay witness to testify "in the form of an opinion" only where the opinion is "rationally based on the perception of the witness." Further, the testimony must be "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue" and "not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701; *see also United States v. Preston*, 873 F.3d 829, 836 (9th Cir. 2017) ("[W]hile expert witnesses may testify in the form of opinion as to general matters based on specialized knowledge, Fed. R. Evid. 702, lay witnesses may not").

---

[2] These objections are made in addition to the objections raised in the brief filed by Christensen in opposition to the Motion.

### B. Personal Knowledge

Federal Rule of Evidence 602 provides that "a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. "Evidence to prove personal knowledge may consist of the witness's own testimony." *Id*.

### OBJECTIONABLE TESTIMONY

| PARAGRAPH NO. & TEXT | EVIDENTIARY OBJECTION(S) |
|---|---|
| Paragraph 5:<br><br>"Based on the Debtors' books and records, bank statements, financial statements, and interviews with individuals with personal knowledge of the facts and circumstances surrounding the failure of the Debtors' businesses, it is my understanding that, during the period prior to the Petition Date, the Debtors operated as a Ponzi scheme." | Inadmissible opinion testimony; legal conclusion. |
| Paragraph 9:<br><br>"The Debtors spent considerable time and effort to identify favorable sources of supplemental DIP financing. I have experience with litigation financing. Lenders who finance specific litigation require significant amounts of diligence regarding the underlying merits – diligence that requires months to complete – and the pricing for that financing is significantly more expensive than the terms proposed under the DIP Loan Facility. The marketing process for this facility was, therefore, narrowly tailored to a short list of parties that we believed could understand the opportunity and act quickly with reasonable terms." | Inadmissible opinion testimony; lacks foundation. |

| PARAGRAPH NO. & TEXT | EVIDENTIARY OBJECTION(S) |
|---|---|
| Paragraph 11:<br><br>"It is also important to emphasize that the Debtors coordinated closely with the Creditors' Committee and its professionals in the solicitation process and negotiating the proposed DIP Agreement. I believe that the Creditors' Committee is supportive of the process that we completed, and the final results." | Inadmissible opinion testimony; lacks foundation; speculation. |
| Paragraph 12:<br><br>"For these reasons, I believe that the terms of the DIP Agreement will maximize value for the Debtors' stakeholders and are ultimately in the best interests of the Debtors' estates and creditors. Under these circumstances, I further believe that the terms of the DIP Agreement are appropriate, fair, equitable, and should be approved by the Court." | Inadmissible opinion testimony; legal conclusion. |

Dated: March 18, 2024

By: */s/ Matthew J. Campos*
Matthew J. Campos, WSBA 40777
McNaul Ebel Nawrot & Helgren PLLC
600 University Street, Suite 2700
Seattle, WA 98101
Phone: (206) 467-1816
mcampos@mcnaul.com

and

Matthew A. Lesnick, CSBN 177594
Lesnick Prince & Pappas LLP
315 West Ninth Street, Suite 705
Los Angeles, CA 90015
Phone: (310) 396-0964
matt@lesnickprince.com
(Admitted Pro Hac Vice)

*Attorneys for Interested Party Christopher Christensen*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 18, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record who receives CM/ECF notification.

Dated: March 18, 2024        By: */s/ Nancy Hedges*
                                                  Nancy Hedges