Matthew J. Campos, WSBA 40777
McNaul Ebel Nawrot & Helgren PLLC
600 University Street, Suite 2700
Seattle, WA 98101
Phone: (206) 467-1816
mcampos@mcnaul.com

Matthew A. Lesnick, CSBN 177594
Lesnick Prince & Pappas LLP
315 West Ninth Street, Suite 705
Los Angeles, CA 90015
Phone: (310) 396-0964
matt@lesnickprince.com
(Admitted *Pro Hac Vice*)

*Attorneys for Interested Party
Christopher Christensen*

Hon. Whitman L. Holt

Hearing Date: March 27, 2024
Hearing Time: 10:00 a.m.
Location: Tower Bldg.
2nd Fl. Courtroom
402 E. Yakima Ave.
Yakima, WA 98901

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>ICAP ENTERPRISES, INC., et al.<br><br>Debtors.[1] | Chapter 11<br><br>Lead Case No. 23-01243-WLH11<br>Jointly Administered<br><br>**EVIDENTIARY OBJECTIONS TO CUSTODIAL DECLARATION OF LANCE MILLER IN SUPPORT OF JOINT MOTION FOR ORDER AUTHORIZING THE DEBTORS TO OBTAIN SUPPLEMENTAL** |

---

[1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (Case No. 23-01243-11); iCap Pacific NW Management, LLC (Case No. 23-01261-11); iCap Vault Management, LLC; (Case No. 23-01258-11); iCap Vault, LLC (Case No. 23- 01256-11); iCap Vault 1, LLC (Case No. 23-01257-11); Vault Holding 1, LLC (Case No. 23-01256-11); iCap Investments, LLC (Case No. 23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (Case No. 23-01253-11);iCap Equity, LLC (Case No. 23-01247-11); iCap Pacific Income 4 Fund, LLC (Case No. 23-01251-11); iCap Pacific Income 5 Fund, LLC (Case No. 23-01249-11); iCap Northwest Opportunity Fund, LLC (Case No. 23-01253-11); 725 Broadway, LLC (Case No. 23-01245-11); Senza Kenmore, LLC (Case No. 23-01254-11); iCap Campbell Way, LLC (Case No. 23-01250-11); UW 17th Ave, LLC (Case No. 23- 01267-11); iCap Broadway, LLC (Case No. 23-01252-11); VH 1121 14th LLC (Case No. 23-01264-11); VH Senior Care LLC (Case No. 23-01266-11); VH Willows Townhomes LLC (Case No. 23-01262-11); iCap @ UW, LLC (Case No. 23-01244- 11); VH 2nd Street Office, LLC (Case No. 23-01259-11); VH Pioneer Village LLC (Case No. 23-01263-11); iCap Funding LLC (Case No. 23-01246-11); iCap Management LLC (Case No. 23-01268-11); iCap Realty, LLC (Case No. 23-01260- 11).

EVIDENTIARY OBJECTIONS TO
CUSTODIAL DECLARATION OF LANCE
MILLER – Page 1

|  | **POSTPETITION SECURED FINANCING**[2] |
|---|---|

Interested party Christopher Christensen ("Christensen") submits the following evidentiary objections to the Custodial Declaration of Lance Miller (the "Custodial Miller Declaration") [Dkt. No. 543] in Support of Debtors iCap Enterprises, Inc., et al. (the "Debtors") and the Official Committee of Unsecured Creditors' (the "Committee") Joint Motion for Order: (I) Authorizing the Debtors to Obtain Supplemental Postpetition Secured Financing; (II) Granting Superpriority Administrative Expense Claims; and (III) Granting Related Relief (the "Motion"). The exhibits attached to the Custodial Miller Declaration are inadmissible for the reasons set forth below. Accordingly, Christensen requests that the Court exclude the below-referenced exhibits as inadmissible.

## **APPLICABLE LAW**

"Authentication is a condition precedent to admissibility[.]" *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). This condition is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). "Authentication or identification may be shown either with extrinsic evidence (such as testimony by a witness with knowledge, *see* Fed. R. Evid. 901(b)(1)) or by demonstrating that the document is one that is self-authenticating in accordance with Federal Rule of Evidence 902." Russell at § 901:1 (citing I*n re Bay Vista of Virginia, Inc.*, 428 B.R. 197, 214-215 (Bankr. E.D. Va. 2010)).

---

[2] These objections are made in addition to the objections raised in the brief filed by Christensen in opposition to the Motion.

**GENERAL OBJECTIONS**

Exhibits 1 through 30 of the Custodial Miller Declaration, which include the Debtors' private placement and offering memoranda, letters, account statements, and emails, are inadmissible because they have not been authenticated in any manner.

Paragraph 3 of the Custodial Miller Declaration states only that Miller is "one of the Company and Paladin employees that has possession, custody, and control of the Company's and Paladin's records." [Dkt. No. 543 ¶ 3.] It does not establish that Miller exercised any measure of control over the Debtors' records in the ordinary course of business. In fact, this cannot be established as Miller did not work for the Debtor until 2023. *See* Dkt. No. 23 (Declaration of Lance Miller in Support of First Day Motions) at 10 ("On July 14, 2023, the Debtors engaged the services of my firm, Paladin, in order to assist in evaluating options for addressing their liquidity needs and/or restructuring their obligations").

For this reason, Miller has not and cannot provide any information about where he got Exhibits 1 through 30 from, who created them, when they were created, or how they have been maintained. In other words, Exhibits 1 through 30 lack authentication. For example, the Custodial Miller Declaration attaches 11 memoranda which the Debtors argue were used "to cultivate the illusion that iCAP's Funds were legitimate business operations." [Dkt. No. 542 at 16.] However, the Debtors provide no indication of whether the attached memoranda are draft of final versions or whether they were actually disseminated to potential investors.

Because Exhibits 1 through 30 have not been authenticated, Christensen requests that the Court exclude them as inadmissible.

Dated: March 18, 2024

By: */s/Matthew J. Campos*
Matthew J. Campos, WSBA 40777
McNaul Ebel Nawrot & Helgren PLLC
600 University Street, Suite 2700
Seattle, WA 98101
Phone: (206) 467-1816
mcampos@mcnaul.com

and

Matthew A. Lesnick, CSBN 177594
Lesnick Prince & Pappas LLP
315 West Ninth Street, Suite 705
Los Angeles, CA 90015
Phone: (310) 396-0964
matt@lesnickprince.com
(Admitted Pro Hac Vice)

*Attorneys for Interested Party Christopher Christensen*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record who receives CM/ECF notification.

Dated: March 18, 2024      By: */s/ Nancy Hedges*
                                                 Nancy Hedges