The Honorable Whitman L Holt
Chapter: 11
Hearing Date: March 27, 2024
Hearing Time: 10:00 a.m.
Response Date: March 18, 2024
Hearing Location: Yakima, WA

IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re: | NO. 23-01243-WLH11 |
| iCAP ENTERPRISES, INC., | (Consolidated with 23-01266-WLH11) |
| Debtor. | REDMOND FUNDING GROUP, LLC'S OBJECTION TO DEBTORS' MOTION FOR ORDER ESTABLISHING PROCEDURES FOR SUPPLEMENTAL DIP FINANCING |

**COMES NOW** Redmond Funding Group, LLC ("**Redmond Funding**"), a secured creditor, by and through its attorney, Darren R. Krattli of Eisenhower Carlson PLLC, and files this objection to the Joint Motion of the Debtors and Committee for Order: (i) Authorizing the Debtors to Obtain Supplemental Postpetition Secured Financing; (ii) Granting Superpriority Administrative Expense Claims, and (iii) Granting Related Relief ("**Supplemental DIP Financing Motion**").[1] Redmond Funding objects to the Supplemental DIP Financing Motion to the extent it seeks to subject Redmond Funding to the Ponzi scheme presumption in any future actions seeking to avoid transfers to Redmond Funding. Redmond Funding is an asset based lender, rather than an investor, and dealt solely with VHSC regarding its claim herein. Debtors have failed to demonstrate evidence sufficient to show that Redmond Funding's transactions with its borrower were done in furtherance of the

---

[1] Dkt. no. 467.
REDMOND FUNDING GROUP, LLC'S OBJECTION TO DEBTORS'
MOTION FOR ORDER ESTABLISHING PROCEDURES FOR
SUPPLEMENTAL DIP FINANCING - 1
17991-2/DRK/1154613.000



alleged Ponzi scheme. Furthermore, Redmond Funding objects to the resolution of the Ponzi scheme presumption (i) in a contested hearing, and (ii) without explicit notice to the intended targets of the presumption.

## BACKGROUND

### A. Redmond Funding's Secured Claim

Redmond Funding previously filed a claim herein on October 30, 2023 in the amount of $1,797,620.16 ("**Claim**").[2] Redmond Funding loaned funds to VH Senior Care LLC ("**VHSC**"), a co-debtor herein, as evidenced by a Promissory Note, dated November 7, 2022, in the original principal amount of $1,651,500 ("**Note**").[3]

Pursuant to two Deeds of Trust (the "**Redmond Deeds of Trust**"), the Note is secured by two different properties owned by VHSC: (i) 302 SW 146th St., Burien, Washington ("**Burien Property**"), and (ii) 1226 – 160th St. SW, Lynnwood, Washington ("**Lynnwood Property**").[4] The Redmond Deeds of Trust are each first position consensual liens on the Burien Property and the Lynnwood Property (collectively, the "**VHSC Properties**").

The Debtor has been paying monthly interest payments, but only the amount calculated at the non-default rate of twelve percent per annum (12%). The Burien Property is currently listed for sale for $1,350,000.00, and the MLS listing reflects that a sale is pending.[5] The Lynnwood Property is also currently listed for sale for $2,050,000.00, and its MLS listing also reflects that a sale is pending.[6]

### B. Bankruptcy

---

[2] Claim no. 7.

[3] Claim, Ex. B (Note).

[4] *Id.*, Ex. C and D (Deeds of Trust).

[5] Dkt. no. 565, Ex. B.

[6] *Id.*, Ex. C.

REDMOND FUNDING GROUP, LLC'S OBJECTION TO DEBTORS' MOTION FOR ORDER ESTABLISHING PROCEDURES FOR SUPPLEMENTAL DIP FINANCING - 2
17991-2/DRK/1154613.000

EISENHOWER CARLSON PLLC
Attorneys at Law
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

23-01243-WLH11    Doc 624    Filed 03/18/24    Entered 03/18/24 16:40:09    Pg 2 of 9

The bankruptcy cases were filed on September 29, 2023, and the case of VHSC (Case No. 23-01266-11) was consolidated into this bankruptcy.

Debtors obtained a 2004 order directing Redmond Funding to produce documents related to a previously satisfied loan.[7] In an abundance of caution and to expedite any review of Redmond Funding's current loan to VHSC, though, Redmond Funding produced documents related to the VHSC senior care loan on February 20, 2024.

### C. Supplemental DIP Financing Motion

On February 23, 2024, the Debtors and the unsecured creditors' committee filed the Supplemental DIP Financing Motion to obtain a supplemental DIP loan in the amount of $5,000,000 ("**2nd DIP Loan**").[8] Unlike the prior DIP financing motion, it does not appear that the current request seeks authority to prime the liens of secured creditors.[9]

The original Supplemental DIP Financing Motion does not contain much argument regarding the Ponzi scheme presumption. The word "presumption" was only used a single time.[10] However, the proposed DIP financing agreement includes a requirement for a final order determining that Debtors' pre-petition operations constituted a "Ponzi Scheme".[11]

In an apparent attempt to address this issue, on March 1, 2024, just 26 days prior to the scheduled hearing, the Debtors filed a Supplemental Brief Regarding Ponzi Scheme Findings in Support of Joint Motion for Order Authorizing Debtor-In-Possession Financing ("**Supplemental Ponzi Brief**").[12]

---

[7] Dkt. no. 242.

[8] Dkt. no. 467.

[9] *See* dkt. nos. 33, 68, and 113. However, the Supplemental DIP Financing Motion does not clearly identify the "Permitted Liens". Dkt. no. 467, pp. 60 and 67 (§ 4.1). The Permitted Liens include those disclosed on a "Schedule B-I" of the lender's title policy, but that Schedule B-I is not included with the motion. Presumably the title report will reflect all perfected real property liens such as the Redmond Deeds of Trust.

[10] Dkt. no. 467, p. 17, l. 22.

[11] Dkt. no. 467, p. 4 (definition of "Final Order").

[12] Dkt. no. 542.

REDMOND FUNDING GROUP, LLC'S OBJECTION TO DEBTORS' MOTION FOR ORDER ESTABLISHING PROCEDURES FOR SUPPLEMENTAL DIP FINANCING - 3
17991-2/DRK/1154613.000

EISENHOWER CARLSON PLLC
Attorneys at Law
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

23-01243-WLH11   Doc 624   Filed 03/18/24   Entered 03/18/24 16:40:09   Pg 3 of 9

Neither the Supplemental Ponzi Brief nor the Supplemental DIP Financing Motion identify any facts alleging VHSC was involved in the Ponzi scheme, nor do they allege any facts putting Redmond Funding on notice of the alleged ponzi scheme.

**D. Scheduling Motion**

After both the Supplemental DIP Financing Motion and Supplemental Ponzi Brief were filed, Debtors filed on March 3, 2024 a motion on shortened time seeking to schedule discovery deadlines ("**Scheduling Motion**").[13] Among other things, the Scheduling Motion requested a deadline for completion of discovery on March 15, 2024 (12 days after the Scheduling Motion was filed). Although Debtor uploaded a proposed order on the Scheduling Motion,[14] no order has been entered to date.

At the hearing held in this case on March 12, 2024, the Court discussed the procedural aspects of the hearing scheduled for March 27, 2024 regarding the Supplemental DIP Financing Motion, to include whether the matter should be continued to allow discovery.[15] In arguing for an evidentiary hearing to proceed, counsel for Debtors stated that he would be available for discovery conferences that day to expedite any remaining discovery needed. Counsel for Redmond Funding contacted Debtors' counsel by email on both March 12th and 14th requesting such a conference, but Debtors' counsel has not responded in any fashion.[16] Due to the Debtors' failure to cooperate on discovery, Redmond Funding anticipates filing a motion under Fed. R. Bankr. P. Rule 2004 to compel production.[17]

**DISCUSSION**

---

[13] Dkt. no. 553.

[14] Dkt. no. 556.

[15] Declaration of Darren R. Krattli ("**Krattli Decl.**"). paras. 4-5.

[16] *Id.*, paras. 6-8 and Ex. A.

[17] *Id.*, para. 9.

REDMOND FUNDING GROUP, LLC'S OBJECTION TO DEBTORS' MOTION FOR ORDER ESTABLISHING PROCEDURES FOR SUPPLEMENTAL DIP FINANCING - 4
17991-2/DRK/1154613.000



23-01243-WLH11    Doc 624    Filed 03/18/24    Entered 03/18/24 16:40:09    Pg 4 of 9

## A. Debtors Failed to Allege or Prove that Redmond Funding's Borrower Acted in Furtherance of the Ponzi Scheme.

The Debtors' pleadings do not address the role of Redmond Funding's borrower in the alleged Ponzi scheme. Unless Debtors can show that those entities were a part of the alleged Ponzi scheme, the Ponzi scheme presumption should not be applied to Redmond Funding as the Debtors must show that the specific transactions at issue were made in furtherance of the Ponzi scheme.

"A Ponzi scheme is an arrangement whereby an enterprise makes payments to investors from the proceeds of a later investment rather than from profits of the underlying business venture, as the investors expected."[18] The scheme creates "an illusion of profitability, thus attracting new investors."[19] Where a debtor is solely involved in a Ponzi scheme (meaning there is no legitimate portion of its business), the debtor's actual intent to hinder, delay, or defraud its creditors may be inferred from the mere existence of the scheme.[20] Such a finding allows a trustee to establish a basis for avoiding a fraudulent transfer under § 548(a)(1)(A), shifting the burden to the transferee to assert a defense under § 548(c). Where the debtor is involved in a legitimate business, though, a presumption of fraud should not be applied.[21] The presumption does not relieve the trustee of the burden to show that the transfers were made in furtherance of the scheme.[22]

---

[18] *In re Agric. Research & Tech. Grp., Inc.*, 916 F.2d 528, 531 (9th Cir. 1990) *citing Cunningham v. Brown*, 265 U.S. 1, 7, 44 S. Ct. 424, 425, 68 L. Ed. 873 (1924).

[19] *In re The Bennett Funding Grp., Inc.*, 439 F.3d 155, 157, n. 2 (2d Cir. 2006).

[20] *In re Agric. Research & Tech. Grp., Inc.*, 916 F.2d 528, 535 (9th Cir. 1990).

[21] *See In re KZK Livestock, Inc.*, 190 B.R. 626, 630 (Bankr. C.D. Ill. 1996) (rejecting the application of a ponzi scheme type presumption to a check-kiting scheme were the perpetrator also operated a legitimate business).

[22] *In re DBSI Inc.*, 593 B.R. 795, 821 (Bankr. D. Idaho 2018), aff'd sub nom. Goldsmith v. Zazzali as Tr. for Debtors' Jointly-Administered Chapter 11 Estates, 1:19-CV-2 WBS, 2019 WL 13240380 (D. Idaho July 2, 2019), aff'd, 814 Fed. Appx. 279 (9th Cir. 2020) *citing Zazzali v. AFA Fin. Grp., LLC*, ADV 10-54524 PJW, 2012 WL 4903593, at *7 (Bankr. D. Del. Aug. 28, 2012).

REDMOND FUNDING GROUP, LLC'S OBJECTION TO DEBTORS'
MOTION FOR ORDER ESTABLISHING PROCEDURES FOR
SUPPLEMENTAL DIP FINANCING - 5
17991-2/DRK/1154613.000

EISENHOWER CARLSON PLLC
Attorneys at Law
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

23-01243-WLH11    Doc 624    Filed 03/18/24    Entered 03/18/24 16:40:09    Pg 5 of 9

In this case the Debtors' expert acknowledges that Debtors' business operations generated approximately $34.9 million in revenue.[23] However, the Debtors' pleadings do not discuss in any clear manner what amount of those funds were generated by Redmond Funding's borrower, if any. This case involves approximately 33 separate entities. Redmond Funding lent money to two of them, and, as an asset based lender, Redmond Funding possessed no material knowledge regarding the other entities. Redmond Funding lent money secured by real property of its borrower. At least with VHSC, the Debtors acknowledge that VHSC was a revenue producing entity. Unless the Debtors can show that transactions involving Redmond Funding's borrower were made in furtherance of the Ponzi scheme, the presumption should not be applied.

### B. Granting the Relief Requested Violates Creditors' Due Process

Redmond Funding joins in the objections raised by the U.S. Trustee[24] and Wilmington.[25] Debtors are seeking relief to be used against unknown parties in future adversary cases. Despite alleging that their motion is based on a "robust" investigation,[26] Debtors coyly claim they are *unaware of any specific party* for which the Ponzi scheme presumption will be applied. That cannot possibly be true, and if it is, then it is by willful ignorance. Debtors are rushing through a material finding, and appear to be trying to avoid objections by obfuscating the parties to be affected.

Debtors have not cited any case authorizing the finding of a Ponzi scheme presumption in the absence of a pending adversary case. Instead, they merely point to the absence of the phrase "ponzi scheme" in Fed. R. Bankr. P. Rule 7001 to justify their use of a contested hearing. But that betrays the clear intent of 7001(1) and (9). 7001(1) states that

---

[23] Dkt. no. 469, p. 12.
[24] Dkt. no. 583
[25] Dkt. no. 619.
[26] Dkt. no. 468, para. 7.

REDMOND FUNDING GROUP, LLC'S OBJECTION TO DEBTORS' MOTION FOR ORDER ESTABLISHING PROCEDURES FOR SUPPLEMENTAL DIP FINANCING - 6
17991-2/DRK/1154613.000

EISENHOWER CARLSON PLLC
Attorneys at Law
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

23-01243-WLH11    Doc 624    Filed 03/18/24    Entered 03/18/24 16:40:09    Pg 6 of 9

adversary proceedings include actions "to recover money or property", and 7001(9) includes any "proceeding to obtain a declaratory judgment relating to" 7001(1). The purpose of the presumption is to result in a finding satisfying § 548(a)(1)(A), easing the prospect of future adversary cases. The Debtors are seeking relief that should be obtained in the context of an adversary proceeding (to include affirmative notice to the affected party).

To justify the request, Debtors claim that it is required as a condition of financing, and thus a proper subject for a contested matter. But that is hiding the clear purpose behind the fig leaf of financing. Presumably, the lender is requesting the finding to provide some certainty regarding the likelihood of success in future avoidance actions under § 548. Under 7001(1), those avoidance actions are required to be brought as adversary actions. DIP financing is not a justifiable basis to convert a required adversary matter into a contested matter. Debtors have provided no authority for the resolution of a Ponzi scheme presumption in the context of a contested matter, let alone as a prerequisite for financing.

This is not merely a procedural error, but has significant consequences for interested parties. By avoiding the disclosure of likely targets of future adversary actions, Debtors are discouraging full and vigorous defenses to their request for relief. A party unaware of the potential threat of an avoidance action may dismiss the requested relief as irrelevant to their claim. Even parties that suspect the *potential* of a claim must weigh the costs of litigating the issue against the theoretical benefits of unknown future claims. Debtors should be required to at least identify the intended claims before obtaining a finding triggering the Ponzi scheme presumption.

**C. Debtors Fail to Identify Whether Redmond Funding's two Deeds of Trust are "Permitted Liens" Under the DIP Financing Agreement.**

Redmond Funding previously objected to the Debtors' first DIP financing motion based on Debtors' proposal to prime certain real property liens, to include those of Redmond

REDMOND FUNDING GROUP, LLC'S OBJECTION TO DEBTORS'
MOTION FOR ORDER ESTABLISHING PROCEDURES FOR
SUPPLEMENTAL DIP FINANCING - 7
17991-2/DRK/1154613.000

EISENHOWER CARLSON PLLC
Attorneys at Law
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

23-01243-WLH11    Doc 624    Filed 03/18/24    Entered 03/18/24 16:40:09    Pg 7 of 9

Funding.[27] Counsel for Debtors have represented that they no longer seek to prime any liens of existing, perfected security interests. However, they fail to identify the specific "Permitted Liens" in a fashion to allow Redmond Funding to know if the proposed DIP Loan is being secured by an interest senior to that of Redmond Funding's two Deeds of Trust.

Under the DIP financing agreement, "Permitted Liens" are those identified in writing by the Debtors or identified in the lender's title report.[28] But Debtors do not identify any known liens that would qualify as Permitted Liens. Presumably the lender has obtained preliminary title reports at this point, and Debtors should be able to disclose those liens. If the Permitted Liens include Redmond Funding's two Deeds of Trust, then Redmond Funding does not object to the DIP Loan (beyond those objections discussed above). However, if Debtors *do not* believe Redmond Funding's Deeds of Trust are included as Permitted Liens, then Redmond Funding objects to the DIP Loan and requests that the matter be denied until the Debtors provide justification for Redmond Funding's treatment. Secured creditors should be provided notice of any attempt to alter their secured lien status, and the Supplemental DIP Financing Motion is not exactly a model of brevity or clarity sufficient to allow Redmond Funding to defend its secured status. Debtors should be required to fully disclose their intent prior to obtaining $5,000,000 in secured loans.

### D. If the Court Entertains the Supplemental DIP Financing Motion as a Contested Matter, a Reasonable Discovery Schedule Should be Set.

If the Court authorizes the Debtors to proceed with a contested evidentiary hearing on the Supplemental DIP Financing Motion, Redmond Funding respectfully requests that the Court schedule a reasonable period for discovery prior to the hearing. This case was filed on September 29, 2023. The Debtors evaluated the finances and structure of the debtor entities for five months before filing their motion. Interested parties require more than mere days to digest those materials and seek out supplemental discovery, especially as the Debtors have

---

[27] *See* dkt. nos. 33, 68, and 113.

[28] Dkt. no. 467, pp. 60 and 67 (§ 4.1).

REDMOND FUNDING GROUP, LLC'S OBJECTION TO DEBTORS'
MOTION FOR ORDER ESTABLISHING PROCEDURES FOR
SUPPLEMENTAL DIP FINANCING - 8
17991-2/DRK/1154613.000

EISENHOWER CARLSON PLLC
Attorneys at Law
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

23-01243-WLH11   Doc 624   Filed 03/18/24   Entered 03/18/24 16:40:09   Pg 8 of 9

not demonstrated any genuine willingness to voluntarily produce such information.[29] Redmond Funding requests that the hearing be continued for 90 days, with the parties allowed to pursue discovery in the interim.

**CONCLUSION**

Redmond Funding objects to the Supplemental DIP Financing Motion as it does not establish that Redmond Funding's borrower acted in furtherance of the alleged Ponzi scheme. Redmond Funding further objects to the matter being considered (i) at a contested hearing in lieu of an adversary action as required by 7001(1) and (ii) prior to identifying the avoidance targets. Should the Court elect to hear the motion as a contested matter, Redmond Funding requests that a reasonable period be granted for discovery by interested parties prior to the hearing, and respectfully proposes a 90 day continuance of the March 27, 2024 hearing.

DATED this 18th day of March, 2024.

EISENHOWER CARLSON PLLC

By: /s/ Darren R. Krattli
    Darren R. Krattli, WSBA #39128
    Attorney for Redmond Funding Group, LLC

---

[29] Krattli Decl., paras. 6-8 and Ex. A.

REDMOND FUNDING GROUP, LLC'S OBJECTION TO DEBTORS' MOTION FOR ORDER ESTABLISHING PROCEDURES FOR SUPPLEMENTAL DIP FINANCING - 9
17991-2/DRK/1154613.000



EISENHOWER CARLSON PLLC
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

23-01243-WLH11    Doc 624    Filed 03/18/24    Entered 03/18/24 16:40:09    Pg 9 of 9