Brian C. Free, WSBA #35788
Michael E. Schmidt, WSBA #56883
Hillis Clark Martin & Peterson P.S.
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tele: 206.623.1745/Fax: 206.623.7789
brian.free@hcmp.com
michael.schmidt@hcmp.com

Hon. Whitman L. Holt

THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re:

ICAP ENTERPRISES, INC., *et al.*,

Debtors.[1]

Chapter 11
Lead Case No: 23-01243-WLH11
Jointly Administered

**OBJECTION TO THE MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN SUPPLEMENTAL POST PETITION SECURED FINANCING; (II) GRANTING SUPER PRIORITY ADMINISTRATIVE EXPENSE CLAIMS; AND (III) GRANTING RELATED RELIEF**

Jim Christensen hereby objects to the Joint Motion of the Debtors and Committee for Order (I) Authorizing the Debtors to Obtain Supplemental Post-

---

[1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding 1, LLC (23-01265-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01248-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11); Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); iCap Holding 6 LLC (23-01274-11); Colpitts Sunset, LLC (23-01432-11); CS2 Real Estate Development LLC (23-01434-11); and iCap International Investments, LLC (23-01464-11).

OBJECTION TO THE MOTION FOR ORDER (I) AUTHORIZING THE
DEBTORS TO OBTAIN SUPPLEMENTAL POST PETITION SECURED
FINANCING; (II) GRANTING SUPER PRIORITY ADMINISTRATIVE
EXPENSE CLAIMS; AND (III) GRANTING RELATED RELIEF - 1
Case No: 23-01243-WLH11

23-01243-WLH11    Doc 625    Filed 03/18/24    Entered 03/18/24 16:41:19    Pg 1 of 5

Petition Secured Financing; (II) Granting Super Priority Administrative Expense Claims; and (III) Granting Related Relief [ECF No. 467] (the "Motion").

Mr. Christensen joins in the United States Trustee's Objection to the Motion [ECF No. 583] and other parties' objections. It is not appropriate for the Debtors and the Committee to request a Ponzi scheme finding 1) that is entirely separate from a particular cause of action and 2) that is a condition precedent to receiving post-petition financing. Such a finding will require significant fact-finding, and will not answer the question of any party's liability.

First, by requesting a Ponzi scheme finding at this early stage, Debtors and the Committee are essentially asking the Court to agree that Debtors will succeed on the claims they intend to bring, whatever those may be. This is inappropriate: parties may not seek such assurances from the Court. The request also attempts to separate the Ponzi scheme issue from the causes of action that Debtors may bring, which is illogical. Although parties are still unclear what actions Debtors may bring, such actions will naturally be actions to recover money or property, which must be adversary proceedings. *See* Fed. R. Bankr. P. 7001. Debtors and the Committee may argue that a Ponzi scheme finding, standing alone, is entirely separate from any findings required in future actions to recover money or property. Common sense suggests otherwise. A Ponzi scheme finding at this stage will necessarily assist with making determinations of liability in any subsequent action (such as a fraudulent transfer action), which is precisely why the finding is requested. In other words, if some Ponzi scheme finding is made now, Debtors will effectively benefit from a presumption that fraudulent transfers occurred and will be able to bypass the requirement to establish requisite facts. This would obviously stack the deck in Debtors' favor and prejudice any prospective defendant

OBJECTION TO THE MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN SUPPLEMENTAL POST PETITION SECURED FINANCING; (II) GRANTING SUPER PRIORITY ADMINISTRATIVE EXPENSE CLAIMS; AND (III) GRANTING RELATED RELIEF - 2
Case No: 23-01243-WLH11

23-01243-WLH11    Doc 625    Filed 03/18/24    Entered 03/18/24 16:41:19    Pg 2 of 5

attempting to defend itself. The requested Ponzi scheme finding should be a determination left for any adversary proceedings Debtors plan to bring.

Second, a post-petition financing agreement may not contain terms that forces a court to make a make a finding of fact or conclusion of law without requisite procedure. As Debtors and the Committee state in their Motion, "cases consistently reflect that the court's discretion under section 364 is to be utilized on grounds that permit reasonable business judgment to be exercised *so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers* or its purpose is not so much to benefit the estate as it is to benefit parties in interest." Motion at 22 (quoting *In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990) (emphasis added)). *See also Ames*, 115 B.R. at 37 (noting that in applying their discretion under section 364(b), "courts have focused their attention on proposed terms that would tilt the conduct of the bankruptcy case; prejudice, at an early stage, the powers and rights that the Bankruptcy Code confers for the benefit of all creditors; or *leverage the Chapter 11 process by preventing motions by parties-in-interest from being decided on their merits.*") (emphasis added). Incorporating a Ponzi scheme finding in a post-petition financing order would unquestionably leverage the Chapter 11 process by preventing future parties-in-interest from having their cases decided on the merits. The Court should not summarily conclude that a Ponzi scheme occurred on a motion to approve post-petition financing.

Finally, the findings that Debtors and the Committee seek are advisory and have no practical effect. By way of example, Mr. Christensen (like all other possible defendants) has no notice that he may be a party in some future adversary action, and thus has no need to be involved in these early proceedings. Further

OBJECTION TO THE MOTION FOR ORDER (I) AUTHORIZING THE
DEBTORS TO OBTAIN SUPPLEMENTAL POST PETITION SECURED
FINANCING; (II) GRANTING SUPER PRIORITY ADMINISTRATIVE
EXPENSE CLAIMS; AND (III) GRANTING RELATED RELIEF - 3
Case No: 23-01243-WLH11

proceedings would necessarily be required, with the requisite due process procedures. To the extent that the Court is willing to entertain an early fact-finding procedure absent adversary proceedings, any findings about the company would be at best advisory for the company's net-positive investors.

Accordingly, Mr. Christensen respectfully requests that the Motion be denied.

DATED this 18th day of March, 2024.

HILLIS CLARK MARTIN & PETERSON P.S.

By: *s/ Brian C. Free*
Brian C. Free, WSBA #35788
Michael E. Schmidt, WSBA #56883
Hillis Clark Martin & Peterson P.S.
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tele: 206.623.1745/Fax: 206.623.7789
brian.free@hcmp.com
michael.schmidt@hcmp.com

*Attorneys for Jim Christensen*

OBJECTION TO THE MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN SUPPLEMENTAL POST PETITION SECURED FINANCING; (II) GRANTING SUPER PRIORITY ADMINISTRATIVE EXPENSE CLAIMS; AND (III) GRANTING RELATED RELIEF - 4
Case No: 23-01243-WLH11

23-01243-WLH11    Doc 625    Filed 03/18/24    Entered 03/18/24 16:41:19    Pg 4 of 5

# CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the 18th day of March, 2024, I caused to be served a copy of the foregoing document upon all registered counsel and parties of record via CM/ECF.

*s/ Brian C. Free*
Brian C. Free, WSBA #35788

ND: 24655.002 4865-5427-4734v3

OBJECTION TO THE MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN SUPPLEMENTAL POST PETITION SECURED FINANCING; (II) GRANTING SUPER PRIORITY ADMINISTRATIVE EXPENSE CLAIMS; AND (III) GRANTING RELATED RELIEF - 5
Case No: 23-01243-WLH11

23-01243-WLH11    Doc 625    Filed 03/18/24    Entered 03/18/24 16:41:19    Pg 5 of 5