Jason Ayres, WSBA #39141
Tara J. Schleicher, WSBA #26884
FOSTER GARVEY PC
121 SW Morrison St.
Eleventh Floor
Portland, OR 97204
Tel: (503) 228-3939
jason.ayres@foster.com
tara.schleicher@foster.com

*Counsel to Umpqua Bank*

Hon. WHITMAN L. HOLT
HEARING DATE: March 27, 2024
HEARING TIME: 10:00 a.m.
LOCATION: Tower Bldg.
2nd Floor Courtroom
402 East Yakima Ave.
Yakima, WA 98901

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

In re:

iCAP ENTERPRISES, INC., *et al.,*

Debtors,

Case No. 23-01243 WLH11
[and jointly administered cases]

UMPQUA BANK'S OBJECTION TO MOTION TO APPROVE ENTRY INTO AND PERFORMANCE UNDER THE COOPERATION AGREEMENT

Umpqua Bank objects to the Debtors' Motion to Approve Entry Into and Performance Under The Cooperation Agreement [ECF #470] (the "**Cooperation Agreement Motion**"). The objection is supported by the Declaration of Clifton Molatore ("**Molatore Dec.**") and the records and files in this proceeding.

## Introduction

Umpqua Bank objects to the Debtors' Cooperation Agreement Motion, which is marred by a conflict of interest of counsel for the Debtors, the Buchalter law firm ("Buchalter").[1] For the reasons discussed below, the Buchalter firm has

---

[1] Four individual lawyers in the Buchalter firm are identified as counsel of record on the instant motion: Dakota Pearce, Bernard Bollinger, David Mark, and Khaled

a concurrent (an actual) conflict of interest under Washington's Rules of Professional Conduct because the firm is representing clients (Debtors) that are investigating and prosecuting claims against Umpqua Bank, while simultaneously representing Umpqua Bank on other matters. *See* WRPC 1.7(a)(1) (defining concurrent conflicts of interest) and WRPC 1.10(a) (imputing conflict of individual attorneys to law firm). While a concurrent conflict may be waived by a client, Buchalter has not requested or obtained a waiver from Umpqua Bank to date. WRPC 1.7(b)(1) and (4) (requiring counsel to obtain written informed consent from client to waive concurrent conflicts).[2] Respectfully, the Cooperation Agreement Motion should be denied unless and until the conflict of the Buchalter firm is resolved.

**Bankruptcy Court's Enforcement of Rules of Professional Conduct**

The Court is responsible for controlling the conduct of the attorneys appearing before it, including enforcement of the Rules of Professional Conduct of Washington. *Kitchen Cabinet Manufacturers Ass'n v. AAA Cabinets & Millworks Inc.*, 2020 WL 13505052, at *1 (E.D. Wash. 2020) (citing *Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980)).

The duty to regulate attorney conduct is no different in Bankruptcy Court than in the District Courts. *In re Glenview Health Care Facility, Inc.*, 620 B.R. 582, 589 (B.A.P. 6th Cir. 2020) ("…[I]t is perfectly appropriate for the bankruptcy court to consider state rules governing the professional responsibility of an attorney to the extent adopted by the federal court and put in issue by the parties.") (applying

---

Tarazi.

[2] Umpqua Bank was not alerted to Buchalter's concurrent conflict of interest until review of the Cooperation Agreement and present motion to approve the same. Molatore Dec., ¶ 3.

UMPQUA BANK'S OBJECTION TO MOTION TO APPROVE ENTRY INTO AND PERFORMANCE UNDER THE COOPERATION AGREEMENT - 2

FG: 102478554.1

FOSTER GARVEY PC
eleventh floor
121 sw morrison street
portland, oregon 97204-3141
(503) 228-3939

23-01243-WLH11    Doc 626    Filed 03/18/24    Entered 03/18/24 17:03:34    Pg 2 of 7

11 U.S.C. §1103); *see also In re Pac. Homes*, 1 B.R. 574, 582 (Bankr. C.D. Cal. 1979) ("When an attorney appears before a federal court, he is acting as an officer of that court, and it is that court which must judge his conduct.").

Under LBR 9010-1(a)(1), matters of attorney conduct and discipline are governed by District Court rules, and in the Eastern District of Washington, attorneys are bound by the Rules of Professional Conduct of the Washington State Bar. L. Civ. R. 83.3. WRPC 1.7(a)(1) provides that an attorney faces a concurrent conflict of interest if "the representation of one client will be directly adverse to another client."[3]

## Facts Demonstrating Actual Conflict of Interest

Buchalter has been representing Umpqua Bank in numerous ongoing matters, including a pending bankruptcy case during the pendency of this case. See, e.g. *In re Zummit Plastics, Inc.*, Case No. 24-00816-BKM (United States Bankruptcy Court – Dist. of Ariz.) (*See* ECF #4 – 2/5/24 Notice of Appearance of Khaled Tarazi and Robert Miller of Buchalter, A Professional Corporation on behalf of Umpqua Bank). Molatore Dec., ¶ 2.

At the same time, the firm is representing the Debtors in this case to investigate claims **against** Umpqua Bank. An examination of key provisions in the Cooperation Agreement reflects clear and direct adversity to Umpqua Bank. The parties to the agreement are the Debtors, the Debtors in Possession, and Committee of Unsecured Creditors who have agreed to **jointly** investigate and **prosecute** "Specified Claims" (Agreement, p. 3) ("The Parties will jointly prosecute the

---

[3] A conflict of an individual lawyer under WPRC 1.7 is imputed to that individual's entire law firm under WRPC 1.10(a) ("…while lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7…").

UMPQUA BANK'S OBJECTION TO
MOTION TO APPROVE ENTRY INTO AND
PERFORMANCE UNDER THE
COOPERATION AGREEMENT - 3

FG: 102478554.1

FOSTER GARVEY PC
*eleventh floor*
*121 sw morrison street*
*portland, oregon 97204-3141*
*(503) 228-3939*

23-01243-WLH11   Doc 626   Filed 03/18/24   Entered 03/18/24 17:03:34   Pg 3 of 7

Specified Claims…").

The Specified Claims expressly include "Umpqua Claims":

> **Specified Claims:** The Christensen Claims, the Sunset Terrace Claims, the Umpqua Claims, and any additional claims, as agreed by the Parties.

The "Umpqua Claims" are defined as:

> **Umpqua Claims:** Any and all claims held by the Debtors or that could be asserted by the Debtors against Umpqua Bank or any of its affiliates, officers, directors, or employees.

Under the provisions above, a fundamental purpose of the present motion and Cooperation Agreement is to aid Buchalter's clients' prosecution of claims directly adverse to another client of the Buchalter firm, Umpqua Bank. The filing of the Cooperation Agreement Motion alone demonstrates a concurrent conflict of the law firm that has not been waived.

Likewise, Buchalter filed and signed the Joint Motion for Order Authorizing Debtors to Obtain Supplemental Debtor-In-Possession Financing [ECF #476] and the nineteen (19) page Supplemental Brief Regarding Ponzi Scheme Findings in Support of Joint Motion for Order Authorizing Debtor-In-Possession Financing [ECF #542] along with all notices and supporting records with interested parties **directed** to contact Buchalter for copies of all motions and supporting documents.[4] Buchalter's continued efforts to obtain a DIP financing order with Ponzi Scheme findings to use in subsequent litigation, including with respect to apparent Umpqua Claims, further highlights the concurrent conflict of interest.

---

[4] The Notice of Debtors' Request for Findings that ICAP Operated as a Ponzi Scheme informs all parties that "copies of the Motions and all supporting documents described herein are available upon request to counsel for the Debtors at **ktarazi@buchalter.com**..." (emphasis added)

UMPQUA BANK'S OBJECTION TO MOTION TO APPROVE ENTRY INTO AND PERFORMANCE UNDER THE COOPERATION AGREEMENT - 4

FG: 102478554.1

FOSTER GARVEY PC
eleventh floor
121 sw morrison street
portland, oregon 97204-3141
(503) 228-3939

23-01243-WLH11    Doc 626    Filed 03/18/24    Entered 03/18/24 17:03:34    Pg 4 of 7

Buchalter's application to serve as Debtors' counsel [ECF #84 and 85] suggests the firm's conflicts check failed to identify Umpqua Bank as an Interested Party, despite identifying five other banks connected to the Debtors:

| Banks | American Express |
|---|---|
|  | Axos Bank |
|  | Banc Of California |
|  | Cardflex, Inc |
|  | M&T Bank |

ECF #85 (Bollinger Declaration, p. 14).[5]

Buchalter's omission of Umpqua Bank from its conflicts check is a mystery, as the Debtors held deposit accounts with Umpqua Bank as of the petition dates and prior to the date of Buchalter's application to serve as counsel for the Debtors.

Prior to entering the Cooperation Agreement, Buchalter and the Debtors were involved in an "investigation into the Specified Claims," which demonstrates additional conduct involving a concurrent conflict of the firm even **before** execution of the Agreement. *See* Cooperation Agreement Motion, p. 11, Para. 21. Indeed, Buchalter's application to serve as counsel for the Debtors filed in October 2023 contemplated the firm's services would include "tak[ing] all necessary actions to protect and preserve the Debtors' interests…including… the prosecution of actions against third parties and any other litigation that might be needed in the Chapter 11 Cases." ECF #84, p. 4, Para. 8(e).

**The Cooperation Agreement Motion Must be Denied at this Point**

The Bankruptcy Code requires that professionals for a chapter 11 debtor be "distinterested." The Debtors are responsible for employing only professionals

---

[5] In its application, the firm represented that, "Buchalter conducted an internal conflicts check in regards to the representation of other clients as required by any code or rules of professional conduct and has addressed any such issue as required." ECF #84, p. 8, Para. 15(h).

UMPQUA BANK'S OBJECTION TO MOTION TO APPROVE ENTRY INTO AND PERFORMANCE UNDER THE COOPERATION AGREEMENT - 5

FG: 102478554.1

FOSTER GARVEY PC
eleventh floor
121 sw morrison street
portland, oregon 97204-3141
(503) 228-3939

23-01243-WLH11    Doc 626    Filed 03/18/24    Entered 03/18/24 17:03:34    Pg 5 of 7

"that do not hold or represent an interest adverse to the estate, and that are disinterested persons…" 11 U.S.C. § 327(a). Disinterested persons are those who do not have "an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." 11 U.S.C. § 101(14)(C).

It matters not that the two matters for which Buchalter represents Umpqua Bank are unrelated. WRPC 1.7, cmt. 6 ("…[A]bsent consent, a lawyer may not act as an advocate in one matter against a person the lawyer represents in some other matter, **even when the matters are wholly unrelated**.") (emphasis added). Courts "must disapprove" attorneys from representing a debtor under 11 USC §327(c) when an actual conflict of interest exists. COLLIER ON BANKRUPTCY, ¶327.01[2] (citing among other cases, *In re BH & P, Inc.*, 103 BR 556, 563 (Bankr. N.J. 1989) (defining an actual conflict of interest as "an active competition between two interests, in which one interest can only be served at the expense of the other"), *aff'd in pertinent part*, 119 BR 35 (D.N.J. 1990). In this case, clearly Buchalter's investigation of claims against its other client, Umpqua Bank, is "an active competition between two interests, in which one interest can only be served at the expense of the other." *Id.*

When seeking court approval to represent a Debtor, attorneys must strictly comply with the disclosure requirements of Rule 2014. *In re Park-Helena Corp.*, 63 F.3d 877, 881 (9th Cir. 1995). The rule imposes an independent duty of disclosure on attorneys. *Id.* ("The duty of professionals is to disclose all connections with the debtor, debtor-in-possession, insiders, creditors, and parties in interest.... They cannot pick and choose which connections are irrelevant or trivial.... No matter how old the connection, no matter how trivial it appears, the

UMPQUA BANK'S OBJECTION TO MOTION TO APPROVE ENTRY INTO AND PERFORMANCE UNDER THE COOPERATION AGREEMENT - 6

FG: 102478554.1

FOSTER GARVEY PC
eleventh floor
121 sw morrison street
portland, oregon 97204-3141
(503) 228-3939

23-01243-WLH11    Doc 626    Filed 03/18/24    Entered 03/18/24 17:03:34    Pg 6 of 7

professional seeking employment must disclose it.").

Buchalter was and is under a continuing duty to disclose conflicts under Rule 2014, even after filing its initial application. *In re Kobra Properties*, 406 B.R. 396, 402 (Bankr. E.D. Cal. 2009) ("The duty to disclose is a continuing obligation as to which the risk of defective disclosure always lies with the discloser."). It has not fulfilled that duty. As but one example: Buchalter represented the Debtors at the time of execution of the Cooperation Agreement dated February 6, 2024, while the law firm filed its Notice of Appearance for Umpqua Bank in *In re Zummit Plastics, Inc.*, *supra*,, **one** day earlier, on February 5, 2024.[6]

## Conclusion

Under these circumstances and for the reasons set forth above, Umpqua Bank objects to the Debtors' Cooperation Agreement Motion; objects to the continued representation of the Debtors by the Buchalter firm; and respectfully requests the Court deny the motion unless and until the concurrent actual conflict of interest of counsel is resolved.

DATED this 18th day of March, 2024.

FOSTER GARVEY PC

By: */s/ Jason M. Ayres*
Jason M. Ayres, WSBA #39141
Tara J. Schleicher WSBA # 26884
121 SW Morrison St., Eleventh Floor
Portland, OR 97204
(503) 228-3939
E-Mail: jason.ayres@foster.com

---

[6] At least one Buchalter attorney, Khaled Tarazi, is counsel of record in both matters.

UMPQUA BANK'S OBJECTION TO MOTION TO APPROVE ENTRY INTO AND PERFORMANCE UNDER THE COOPERATION AGREEMENT - 7

FG: 102478554.1

FOSTER GARVEY PC
eleventh floor
121 sw morrison street
portland, oregon 97204-3141
(503) 228-3939

23-01243-WLH11    Doc 626    Filed 03/18/24    Entered 03/18/24 17:03:34    Pg 7 of 7