ARMAND J. KORNFELD, WSBA #17214
AIMEE S. WILLIG, WSBA #22859
JASON WAX, WSBA #41944
BUSH KORNFELD LLP
601 UNION STREET, SUITE 5000
SEATTLE, WA 98101-2373
Tel: (206) 292-2110
Emails: jkornfeld@bskd.com;
awillig@bskd.com; jwax@bskd.com

HONORABLE WHITMAN L. HOLT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re

ICAP ENTERPRISES, INC., et al.,

Debtors.[1]

No. 23-01243-WLH11
(Jointly Administered)

**RENEWED AND AMENDED EMERGENCY MOTION TO ESTABLISH SCHEDULE ON DIP AND 9019 MOTION**

The Official Committee of Unsecured Creditors hereby files the attached *Renewed and Amended Emergency Motion to Establish Schedule on DIP and 9019 Motion* as a courtesy to O'Melveny & Myers, LLP, counsel for iCap Enterprises, Inc., et al., Debtors.

DATED this 19th day of March, 2024.

BUSH KORNFELD LLP

By /s/ *Armand J. Kornfeld*
    Armand J. Kornfeld, WSBA #17214
    Aimee S. Willig, WSBA #22859
    Jason Wax, WSBA #41944
Attorneys for the Official Committee of Unsecured Creditors

---

[1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (Case No. 23-01243-11); iCap Pacific NW Management, LLC (Case No. 23-01261-11); iCap Vault Management, LLC (Case No. 23-01258-11); iCap Vault, LLC (Case No. 23-01256-11); iCap Vault 1, LLC (Case No. 23-01257-11); Vault Holding 1, LLC (Case No. 23-01256-11); iCap Investments, LLC (Case No. 23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (Case No. 23-01253-11); iCap Equity, LLC (Case No. 23-01247-11); iCap Pacific Income 4 Fund, LLC (Case No. 23-01251-11); iCap Pacific Income 5 Fund, LLC (Case No. 23-01249-11); iCap Northwest Opportunity Fund, LLC (Case No. 23-01253-11); 725 Broadway, LLC (Case No. 23-01245-11); Senza Kenmore, LLC (Case No. 23-01254-11); iCap Campbell Way, LLC (Case No. 23-01250-11); UW 17th Ave, LLC (Case No. 23-01267-11); iCap Broadway, LLC (Case No. 23-01252-11); VH 1121 14th LLC (Case No. 23-01264-11); VH Senior Care LLC (Case No. 23-01266-11); VH Willows Townhomes LLC (Case No. 23-01262-11); iCap @ UW, LLC (Case No. 23-01244-11); VH 2nd Street Office, LLC (Case No. 23-01259-11); VH Pioneer Village LLC (Case No. 23-01263-11); iCap Funding LLC (Case No. 23-01246-11); iCap Management LLC (Case No. 23-01268-11); iCap Realty, LLC (Case No. 23-01260-11).

RENEWED AND AMENDED EMERGENCY MOTION TO ESTABLISH SCHEDULE ON DIP AND 9019 MOTION– Page 1

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

hc19r6017v

23-01243-WLH11   Doc 632   Filed 03/19/24   Entered 03/19/24 22:51:47   Pg 1 of 13

Julian I. Gurule (CA SBN 252160)*
O'Melveny & Myers, LLP
400 S. Hope St., 18th Fl.
Los Angeles, California 90071-2899
Telephone: (213) 430-6067
Email:jgurule@buchalter.com

Madhu Pocha (CA SBN 260997)*
O'Melveny & Myers, LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 553-6700
Email: mpocha@omm.com

*Admitted *Pro Hac Vice*

*Counsel to Debtors and Debtors in Possession*

Armand J. Kornfeld, WSBA No. 17214
Aimee S. Willig, WSBA #22859
Jason Wax, WSBA #41944
Bush Kornfeld LLP
601 Union Street, Suite 5000
Seattle, WA 98101-2373
Tel: (206) 292-2110
Emails: jkornfeld@bskd.com,
awillig@bskd.com, jwax@bskd.com

*Counsel for the Official Committee of Unsecured Creditors*

John T. Bender, WSBA No. 49658
Corr Cronin LLP
1015 Second Avenue, 10th Floor
Seattle, Washington 98104-1001
Telephone: (206) 625-8600
jbender@corrcronin.com

*Special Litigation Counsel for the Official Committee of Unsecured Creditors*

HONORABLE WHITMAN L. HOLT

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| In re: | Chapter 11 |
|---|---|
| ICAP ENTERPRISES, INC., *et al.*, | Lead Case No. 23-01243-WLH11 Jointly Administered |

***EX PARTE* EMERGENCY MOTION TO SET SCHEDULE** - 1-

Debtors.[1]

**RENEWED AND AMENDED EMERGENCY MOTION TO ESTABLISH SCHEDULE ON DIP AND 9019 MOTION**

Pursuant to Rules 9006(c) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the above-captioned debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 bankruptcy cases (the "Chapter 11 Cases"), hereby move (this "Motion") for the entry of an order setting a schedule on the following motions:

- *Joint Motion of the Debtors and Committee for Order: (I) Authorizing the Debtors to Obtain Supplemental Postpetition Secured Financing; (II) Granting Superpriority Administrative Expense Claims; and (III) Granting Related Relief* [ECF 467] filed February 23, 2024 ("DIP Motion" or "DIP Mot."), and

- *Debtors' Motion to Approve Entry Into and Performance Under the Cooperation Agreement* [ECF No. 470] filed on February 23, 2024 (the "9019 Motion" or "9019 Mot.").

Debtors request that the court enter a scheduling order (substantially in the form of **Exhibit 1**, attached hereto), setting pre-hearing deadlines.

---

[1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding1, LLC (23-01256-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01253-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11); Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); and iCap Holding 6 LLC (23-01274-11); Colpitts Sunset, LLC (23-01432-11); CS2 Real Estate Development LLC (23-01434-11); and iCap International Investments, LLC (23-01464-11).

*EX PARTE* **EMERGENCY MOTION TO SET SCHEDULE** - 2-

In support of this Motion, the Debtors respectfully state the following:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for relief requested herein is Rules 9006(c), and 9014 of the Bankruptcy Rules.

## II. STATEMENT OF FACTS

4. On September 29 and 30, 2023 ("Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Additional information regarding the Debtors and their bankruptcy case, including the Debtors' businesses, financial condition, corporate structure, and the reasons and objectives for the case are set forth in the Declaration of Lance Miller in Support of First Day Motions [ECF No. 23].

5. The Debtors filed the DIP Motion and 9019 Motion on February 23, 2024, on regular notice, with a hearing set for March 27, 2024. ECF No. 471. As explained in the DIP Motion, the DIP Loan Facility is expressly conditioned on the court finding that the Debtors operated as a Ponzi scheme during the prepetition period. DIP Mot., at 7. Accordingly, the Debtors have requested that this court find that Debtors operated as a Ponzi scheme. *Id.* at 32-33.

6. In support of the DIP Motion, Debtors have filed the *Declaration of Lance Miller in Support of the Supplemental Debtor in Possession Financing Motion* [ECF No. 467-1], *Supplemental Declaration of Lance Miller in Support of Postpetition Financing and Related Relief* [ECF No. 468, Supplemented at ECF No. 473], *Declaration of Jeffrey H. Kinrich in Support of Postpetition Financing and Related Relief* [ECF No. 469], *Declaration Of Stanley Ho In Support Of Post-Petition Financing And Related Relief* [ECF No. 541], and *Supplemental Brief Regarding Ponzi Scheme Findings In Support Of Joint Motion For Order Authorizing Debtor-In-Possession Financing* [ECF No. 542].

7. On March 3, 2024, the Debtors filed an Ex Parte *Emergency Motion to Schedule and Expedite Hearing on Termination Motion on Shortened Notice; and Establish Schedule on DIP and 9019 Motion* [ECF No. 553] ("Motion to Establish a Schedule").

8. On March 11, 2024, the United States Trustee filed an Objection to the DIP Motion [ECF No. 583], and on March 18, 2024, several other parties (collectively, "Objectors") filed Objections to the DIP Motion, 9019 Motion, and/or Motion to Establish a Schedule. *See* ECF Nos. 619-621, 624-625, 628.

## III. ARGUMENT

Having reviewed the positions of the Objectors, Debtors propose an amended schedule that will allow for expedited discovery while balancing the urgency of Debtors' liquidity situation and the need to advance these bankruptcy proceedings expeditiously. Debtors request the court convert the evidentiary hearing set for March 27, 2024, to a status conference and set the following deadlines in advance of an April 9, 2024 evidentiary hearing:

1. Fact discovery, if any, must be completed by March 29, 2024.
2. Expert discovery, if any, must be completed by April 3, 2024.

3. A list of witnesses to be called at the hearing and an estimate of the duration of their testimony must be filed by April 3, 2024.

4. A list of exhibits to be used at the hearing must be filed by April 3, 2024.

5. Objections to any other parties' witness and/or exhibit lists must be filed by April 5, 2024.

As the court has noted, "expedition is always an important consideration in bankruptcy." *Bullard v. Blue Hills Bank*, 575 U.S. 496, 505 (2015); *see also In re Easterday Ranches, Inc.*, 647 B.R. 236, 248 n.29 (Bankr. E.D. Wash. 2022) (Holt, J.) (collecting cases, including in Chapter 11 context).

Good cause exists to set an expedited schedule, because as explained in the DIP Motion the Debtors have limited cash resources to fund litigation efforts and pursue recoveries from third parties to maximize the ultimate distribution to investor creditors. DIP Mot., at 16. The DIP Loan Facility will provide the working capital necessary for the Debtors' to pursue claims arising out of the Ponzi scheme and formulate a plan of liquidation. *Id.* at 5, 7, 16.

Although Debtors will file a reply addressing Objectors' substantive arguments, Debtors note that no Objector has shown good cause to delay the entry of a scheduling order for the DIP Motion. First, certain Objectors complain that Debtors have not identified who are the targets of future litigation stemming from the Ponzi findings and therefore cannot determine whether to participate in discovery. *See, e.g.*, ECF No. 617, at 6 n.3. Those Objectors presumably already know they are targets, which is why they have objected, but to avoid any confusion, Debtors can confirm that all Objectors are potential targets for future litigation and should be ready to participate in this matter on an expedited schedule.[2]

---

[2] Debtors reserve the right to pursue additional targets who are not currently Objectors.

***EX PARTE* EMERGENCY MOTION TO SET SCHEDULE** - 5-

Second, only two Objectors offered an alternative schedule but neither provided justification for why their proposed schedule is necessary and reasonably tailored to the needs of this case. Chris Christensen argues that any litigation regarding Ponzi issues should be stayed due to criminal investigations and, if not stayed, he claims (without explanation) "discovery will take at least 6-12 months." ECF No. 620, at 2-3. But the existence of criminal investigations that may or may not result in prosecutions at some unspecified time in the future is not a reason to stay this court's authority over these proceedings—especially given the critical role the requested Ponzi findings will play in how these chapter 11 proceedings move forward. Although Christensen suggests unspecified "parties" may want to depose various unspecified witnesses and other unspecified "parties" may hire their own experts [ECF No. 620, at 11-19], he offers no concrete reason why a schedule cannot be set now and later modified if necessary. Nor has he made any effort to seek discovery in the weeks since Debtors filed their DIP Motion and supporting evidence. Indeed, despite voluminous court filings that provide a basis for parties to initiate discovery into the evidence that Debtors plan to rely on at the DIP hearing, no Objector has noticed depositions and only one, Redmond Funding Group, LLC ("Redmond"), has made any effort to request documents.

Redmond's proposal to continue these proceedings for 90 days also lacks justification. ECF No. 624. Redmond states that its counsel contacted Debtors counsel on March 12 and March 14 regarding a discrete set of documents. ECF No. 624, at 4; 624-1, at 2.[3] Debtors are working on responding to Redmond's requests and, to the extent Debtors identify responsive documents, anticipate producing them shortly. Redmond's request demonstrates that all Objectors already have the ability to seek

---

[3] Redmond's inquiries on March 12 and March 14 were sent to an outdated email address for Debtors' counsel, Julian Gurule, who recently changed law firms.

***EX PARTE* EMERGENCY MOTION TO SET SCHEDULE** - 6-

discovery and should act diligently if they wish to participate in the DIP hearing. Debtors are prepared to work cooperatively and expeditiously with all parties on targeted discovery, without the need for protracted litigation. To that end, Debtors will make a data room available this week that will contain materials Debtors are relying on for the DIP hearing.

Third, although the Objectors dispute the process by which Debtors have sought the Ponzi findings requested in the DIP Motion, Debtors maintain that adequate notice has been provided (as evidenced by the Objectors' participation) and a contested matter is the appropriate procedure to resolve the Ponzi issue. But what is most significant for purposes of the court setting a schedule is what is *missing* from the Objectors' filings: no Objector has offered a specific factual reason why this court cannot set discovery and other pre-hearing deadlines. If scheduling modifications are later necessary and justified by concrete (rather than hypothetical) needs, then the parties can meet and confer and, if not resolved, seek appropriate leave of court.

## IV. CONCLUSION

WHEREFORE, the Debtors respectfully request that the court grant the relief requested in this Motion and such other and further relief as the court may deem just and proper.

DATED this 19th day of March, 2024:

/s/ Armand J. Kornfeld
ARMAND J. KORNFELD, WSBA NO. 17214
AIMEE S. WILLIG, WSBA #22859
JASON WAX, WSBA #41944
BUSH KORNFELD LLP

*Counsel for the Official Committee of Unsecured Creditors*

JOHN T. BENDER, WSBA NO. 49658
CORR CRONIN LLP

*Special Litigation Counsel for the Official Committee of Unsecured Creditors*

*Counsel to Debtors and Debtors in Possession*

And

JULIAN I. GURULE (Admitted *Pro Hac Vice*)
MADHU POCHA (Admitted *Pro Hac Vice*)
O'MELVENY & MYERS LLP

*Counsel to Debtors and Debtors in Possession*


*EX PARTE* EMERGENCY MOTION TO SET SCHEDULE - 8-

hc19w9010f

23-01243-WLH11    Doc 632    Filed 03/19/24    Entered 03/19/24 22:51:47    Pg 9 of 13

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re:

ICAP ENTERPRISES, INC., *et al.*,

Debtors.[1]

Chapter 11

Lead Case No. 23-01243-WLH11
Jointly Administered

**[PROPOSED] ORDER GRANTING RENEWED AND AMENDED EMERGENCY MOTION TO ESTABLISH SCHEDULE ON DIP AND 9019 MOTION**

---

[1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding1, LLC (23-01256-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01253-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11) ; Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); and iCap Holding 6 LLC (23-01274-11).

**ORDER SETTING EXPEDITED HEARING ON SHORTENED NOTICE AND ESTABLISHING SCHEDULE**- 1

Upon the motion [ECF No. __] (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") pursuant to Rule 9006(c) and 9014 of the Bankruptcy Rules, for an order setting pre-hearing deadlines on the DIP Motion, all as more fully set forth in the Motion; it further appearing that the court has jurisdiction over this matter; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors, and their creditors; and good cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion [ECF No. __] is granted;

**DIP Motion and 9019 Motion [ECF Nos. 467, 470]**

1. Fact discovery, if any, must be completed by March 29, 2024.
2. Expert discovery, if any, must be completed by April 3, 2024.
3. A list of witnesses to be called at the hearing and an estimate of the duration of their testimony must be filed by April 3, 2024.
4. A list of exhibits to be used at the hearing must be filed by April 3, 2024.
2. Objections to any other parties' witness and/or exhibit lists must be filed by April 5, 2024.
3. An evidentiary hearing will be held on April 9, 2024.

The court retains jurisdiction and power with respect to all matters arising from or related to the implementation and interpretation of this order.

///End of Order///

---

[2] Capitalized terms used, but not defined herein shall have the meanings ascribed to them in the Motion.

PRESENTED BY:

_____
ARMAND J. KORNFELD, WSBA NO. 17214
AIMEE S. WILLIG, WSBA #22859
JASON WAX, WSBA #41944
BUSH KORNFELD LLP

*Counsel for the Official Committee of Unsecured Creditors*

JOHN T. BENDER, WSBA NO. 49658
CORR CRONIN LLP

*Special Litigation Counsel for the Official Committee of Unsecured Creditors*

And

JULIAN I. GURULE (Admitted *Pro Hac Vice*)
MADHU POCHA (Admitted *Pro Hac Vice*)
O'MELVENY & MYERS LLP

*Counsel to Debtors and Debtors in Possession*

**ORDER SETTING EXPEDITED HEARING ON SHORTENED NOTICE AND ESTABLISHING SCHEDULE**- 3