Jason Ayres, WSBA #39141
Tara J. Schleicher, WSBA #26884
FOSTER GARVEY PC
121 SW Morrison St.
Eleventh Floor
Portland, OR 97204
Tel: (503) 228-3939
jason.ayres@foster.com
tara.schleicher@foster.com

*Counsel to Umpqua Bank*

Hon. WHITMAN L. HOLT
HEARING DATE: April 17, 2024
HEARING TIME: 10:30 a.m.
LOCATION: Tower Bldg.
2nd Floor Courtroom
402 East Yakima Ave.
Yakima, WA 98901

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

In re:

iCAP ENTERPRISES, INC., *et al.,*

Debtors,

Case No. 23-01243 WLH11
[and jointly administered cases]

UMPQUA BANK'S OBJECTION TO BUCHALTER'S SUPPLEMENTAL EMPLOYMENT APPLICATION

Umpqua Bank objects to the Buchalter law firm's Supplemental Employment Application [ECF #669] ("**Supplemental Application**"). The objection is supported by the Declaration of Clifton Molatore ("**Molatore Dec.**"), the Declaration of Jason M. Ayres ("**Ayres Dec.**"), exhibits attached thereto, and the records and files in this proceeding.

## **INTRODUCTION**

Umpqua Bank objects to Buchalter's Supplemental Application, which is premised on a fundamentally erroneous understanding of Buchalter's duties of disclosure under Federal Rule of Bankruptcy Procedure 2014 ("**Rule 2014**") and requirement of disinterestedness under 11 U.S.C. § 327. As explained below, Buchalter is not disinterested, it willfully disregarded its 2014 disclosure duties, and it misled its own client, Umpqua Bank, with respect to the conflict, prompting

UMPQUA BANK'S OBJECTION TO BUCHALTER'S
SUPPLEMENTAL EMPLOYMENT APPLICATION - 1

FOSTER GARVEY PC
*eleventh floor*
*121 sw morrison street*
*portland, oregon 97204-3141*
(503) 228-3939

23-01243-WLH11   Doc 728   Filed 04/08/24   Entered 04/08/24 15:42:31   Pg 1 of 14

Buchalter to supplement its Rule 2014 disclosures.

According to Buchalter, the purpose of its Supplemental Application is "to provide a factual background upon which this court may base a decision on the implications of a mistake that gave rise to non-willful Bankruptcy Rule 2014 reporting violation…" [ECF #669], p. 2. The narrative Buchalter advances to minimize its Rule 2014 violation is that the firm included Umpqua Bank's name in its preliminary conflicts check, but that Umpqua Bank's name was somehow inadvertently omitted from Schedule 2 to the firm's 2014 disclosures. According to the supplemental Bollinger declaration [ECF #670] (the "**Supplemental Bolliger Dec.**"), its assumption that Umpqua Bank's name was included in Schedule 2 excuses its delay in filing its supplemental disclosure.

As discussed below, Buchalter's narrative is contradicted by: (1) Buchalter's own Schedule 1 in its disclosures, which comprises the list of names that were run through the firm's conflicts (and which omits Umpqua Bank); and (2) in a prior communication from Buchalter to Umpqua Bank, the firm stated it did not run Umpqua Bank through its conflicts check (which was its excuse for not having foreseen a possible conflict).

Buchalter's Supplemental Application and supplemental disclosures were not timely and constitute a willful violation of Rule 2014. Umpqua Bank repeatedly raised the concurrent conflict of interest with Buchalter beginning in early March 2024. Umpqua Bank expressly notified the firm of its failure to name Umpqua Bank in its Rule 2014 disclosures. Buchalter still failed to supplement its disclosures until March 21, 2024, only <u>after</u> the March 20th status conference in which the court expressed its concern regarding the lack of Rule 2014 disclosures made by Buchalter with respect to Umpqua Bank.

Under the circumstances, Buchalter willfully violated its Rule 2014 duties.

UMPQUA BANK'S OBJECTION TO BUCHALTER'S
SUPPLEMENTAL EMPLOYMENT APPLICATION - 2

FOSTER GARVEY PC
eleventh floor
121 sw morrison street
portland, oregon 97204-3141
(503) 228-3939

23-01243-WLH11    Doc 728    Filed 04/08/24    Entered 04/08/24 15:42:31    Pg 2 of 14

The firm is not disinterested, and it has a concurrent conflict of interest under Washington's Rules of Professional Conduct (the "**RPCs**") that has not been waived. As a result, this court should deny Buchalter's Supplemental Application because Buchalter is not disinterested and Buchalter cannot cure that fact by "screening" under either 11 USC §327 or the applicable RPCs. If the court does not outright deny the Supplemental Application, further proceedings, including discovery, are necessary to adjudicate the extent of the firm's violation of Rule 2014 and lack of disinterestedness under 11 U.S.C. § 327.

## DISCUSSION

### I. Buchalter violated its duties under Rule 2014.

When seeking court approval to represent a Debtor, attorneys must strictly comply with the disclosure requirements of Rule 2014. *In re Park-Helena Corp.*, 63 F.3d 877, 881 (9th Cir. 1995). The rule imposes an independent duty of disclosure on attorneys, who do not have discretion to pick and choose among connections to be disclosed. *Id*. ("The duty of professionals is to disclose all connections with the debtor, debtor-in-possession, insiders, creditors, and parties in interest.... They cannot pick and choose which connections are irrelevant or trivial.... No matter how old the connection, no matter how trivial it appears, the professional seeking employment must disclose it.").

Buchalter was and is under a continuing duty to disclose conflicts under Rule 2014, even after filing its initial application. *In re Kobra Properties*, 406 B.R. 396, 402 (Bankr. E.D. Cal. 2009) ("The duty to disclose is a continuing obligation as to which the risk of defective disclosure always lies with the discloser."). Consistent with this duty, Buchalter represented to the court in its initial application that it will periodically review its files and update any disclosures if additional information came to light. [ECF #85], Para. 20 ("Buchalter will periodically review its files

UMPQUA BANK'S OBJECTION TO BUCHALTER'S
SUPPLEMENTAL EMPLOYMENT APPLICATION - 3

FOSTER GARVEY PC
*eleventh floor*
*121 sw morrison street*
*portland, oregon 97204-3141*
(503) 228-3939

23-01243-WLH11    Doc 728    Filed 04/08/24    Entered 04/08/24 15:42:31    Pg 3 of 14

during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new or relevant facts or relationships are discovered or arise, Buchalter will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).").

### A. Buchalter's claim of an inadvertent omission to identify Umpqua in its 2014 disclosures is not credible.

In its Supplemental Application, Buchalter claims that it ran Umpqua Bank's name through its conflicts check at the time of its initial 2014 disclosures, but inadvertently omitted to include Umpqua Bank's name in Schedule 2 of its application for employment. According to Buchalter's principal, Mr. Bollinger, "As a result of my belief that Umpqua Bank had been listed, I did not timely recognize the obligation to update disclosures." [ECF#670], Para. 5.

This explanation is not credible and contradicts its prior filings in this case. First, in Buchalter's initial application, it did not list Umpqua Bank anywhere, including in Schedule 1, which was "the list provided by Debtors' proposed counsel of Interested Parties…" that Buchalter used to search for any connections with the firm. [ECF #85], Para. 17. "Buchalter's search and review were aimed at ascertaining whether Buchalter currently represents or formerly represented any of the Interested Parties." *Id*.

A review of Schedule 1 shows the names of numerous banks, but not Umpqua Bank:

| Banks | American Express |
| | Axos Bank |
| | Banc Of California |
| | Cardflex, Inc |
| | M&T Bank |

ECF #85 (Bollinger Declaration, p. 14).

UMPQUA BANK'S OBJECTION TO BUCHALTER'S
SUPPLEMENTAL EMPLOYMENT APPLICATION - 4

FOSTER GARVEY PC
eleventh floor
121 sw morrison street
portland, oregon 97204-3141
(503) 228-3939

23-01243-WLH11    Doc 728    Filed 04/08/24    Entered 04/08/24 15:42:31    Pg 4 of 14

If Umpqua Bank was included in the firm's initial conflicts check as now claimed by Buchalter, why is Umpqua Bank's name missing from Schedule 1? The firm offers *no* explanation in its Supplemental Application on this point. Did the firm conduct some separate, undisclosed conflicts check on names not listed on Schedule 1? If so, and that conflicts check was not disclosed, that in itself is a violation of Rule 2014. Was there a separate error in failing to disclose Umpqua Bank in Schedule 1, and for what reason?

Second, Buchalter told its own client, Umpqua Bank, that it did not run the bank's name through its conflicts check, which was its excuse for not having foreseen the possibility of the present conflict. Specific to this issue, on or around February 29, 2024, Umpqua Bank contacted Buchalter by phone to raise its concern regarding the conflict of interest, which prompted a follow up phone conversation and the following response on March 4, 2024 from Buchalter:

> "Having discussed this matter with B. Bollinger, the head of my practice group who is also involved in this matter and on these pleadings, the firm wants to make sure the Bank knows the following:
>
> When we took this engagement, we could not have foreseen the possibly that there would be a possible conflict interest with the Bank. I handle middle market debtor cases all of the time. *I would not typically run conflicts on depository banks that did not have a debtor/creditor relationship with the company.* This is what I would call a latent relationship conflict."

Molatore Dec., ¶ 3, Exhibit 1. (emphasis added). Buchalter's statement that it "would not typically run conflicts on depository banks that did not have a debtor/creditor relationship with the company" demonstrates that the firm either: (1) *did not* actually include Umpqua Bank's name in its conflicts check (contrary to the Supplemental Bolliger Dec.) or (2) it was seeking to mislead Umpqua Bank into believing the firm could not have anticipated any potential conflict. In either case, Buchalter offers no explanation for this prior statement to its own client that

UMPQUA BANK'S OBJECTION TO BUCHALTER'S
SUPPLEMENTAL EMPLOYMENT APPLICATION - 5

FOSTER GARVEY PC
eleventh floor
121 sw morrison street
portland, oregon 97204-3141
(503) 228-3939

23-01243-WLH11    Doc 728    Filed 04/08/24    Entered 04/08/24 15:42:31    Pg 5 of 14

contradicts the facts now presented to the Court in its Supplemental Application and Supplemental Bolliger Dec.[1]

In sum, Buchalter's excuse for failing to supplement its disclosures is not credible and is undermined by Buchalter's own prior representations to this court and the parties.

### B. Buchalter knowingly delayed supplemental disclosure reflecting a willful disregard of its Rule 2014 duties.

In an effort to try to minimize its violation of Rule 2014, Buchalter digs itself into a deeper hole by claiming, "[o]nce Buchalter became aware" of its omission, it filed a supplemental disclosure on March 21. [ECF #669], pp. 5-6. This is simply not true.

As described above, Umpqua Bank initially raised the conflict of interest with Buchalter on February 29, 2024 and again on March 4, 2024 by telephone after Umpqua Bank reviewed the proposed Cooperation Agreement. Buchalter fails to explain whether anyone at the firm, including Mr. Bollinger, checked its disclosures at that time, nor does it explain why it could not have supplemented its Rule 2014 disclosure *at least* as of that time.

On March 14, 2024, counsel for Umpqua Bank contacted Buchalter to expressly point out the firm's omission to disclose Umpqua Bank in its Rule 2014 disclosures. Ayres Dec., ¶ 2, Exhibit 1. Buchalter continued to ignore its disclosure duties, and instead sought to convince Umpqua Bank that no conflict existed. Ayres Dec., ¶ 3, Exhibit 2. Apparently hoping to appease Umpqua Bank, Buchalter promised it would "immediately cease" its ongoing efforts to obtain a Ponzi scheme

---

[1] This email to Umpqua Bank also reveals that the conflict issue was specifically discussed with Mr. Bollinger, the declarant who did not file a supplemental 2014 disclosure until two and half weeks later, as discussed further below.

UMPQUA BANK'S OBJECTION TO BUCHALTER'S
SUPPLEMENTAL EMPLOYMENT APPLICATION - 6

FOSTER GARVEY PC
eleventh floor
121 sw morrison street
portland, oregon 97204-3141
(503) 228-3939

23-01243-WLH11    Doc 728    Filed 04/08/24    Entered 04/08/24 15:42:31    Pg 6 of 14

finding adverse to Umpqua Bank. *Id*. This "assurance" that Buchalter would "immediately cease" its efforts to aid the Debtors in matters adverse to the bank only confirmed the fact that Buchalter did in fact represent the Debtors in matters adverse to the bank. Indeed a review of Buchalter's First Interim Application for Allowance of Compensation and Reimbursement of Expenses for the Period of September 29, 2023 through December 31, 2023 [ECF #472] confirms that Buchalter prepared an initial draft of the "Common Interest Privilege Agreement," which appears to now be known as the "Cooperation Agreement," on November 9, 2023 with the fee entry categorized under "Litigation". See ECF #472, Exhibit B, Page 162[2].

On March 18, 2024, Umpqua Bank filed its objections to the Motion for Ponzi scheme finding and Motion to Approve Cooperation Agreement raising the issue of Buchalter's conflict of interest. Again, Buchalter did not file any supplemental disclosures.

It was only *after* the March 20th Status Hearing in which the court raised its concern with Buchalter's Rule 2014 disclosures that the firm finally filed a supplemental declaration acknowledging Umpqua Bank's role as an Interested Party and Buchalter's ongoing representation of Umpqua Bank in other matters. [ECF #641].[3] However, the supplemental declaration failed to provide *any*

---

[2] Buchalter continues to argue that there is no conflict because the Cooperation Agreement contemplates John Bender and his firm serving as counsel for the Debtors and Committee with respect to the alleged Umpqua Claims. Yet, this language in Cooperation Agreement confirms that Buchalter was aware of the direct conflict at the time the Cooperation Agreement was drafted (noting the "Common Interest" it had with the Committee in pursuing such claims)

[3] The Supplemental Bolliger Dec. states that "in the past and during the pendency of these Chapter 11 Cases, represented Umpqua Bank ("Umpqua"), one of the

UMPQUA BANK'S OBJECTION TO BUCHALTER'S SUPPLEMENTAL EMPLOYMENT APPLICATION - 7

FOSTER GARVEY PC
eleventh floor
121 sw morrison street
portland, oregon 97204-3141
(503) 228-3939

23-01243-WLH11    Doc 728    Filed 04/08/24    Entered 04/08/24 15:42:31    Pg 7 of 14

explanation or justification for Buchalter's delay in supplementing its disclosures until the filing of its Supplemental Application to continue its employment of the Debtors without obtaining (or even requesting) conflict waivers as required by the RPCs.

### C. Buchalter's reliance on an argument that a conflict does not exist demonstrates its fundamental misunderstanding of its Rule 2014 duties.

The first half of Buchalter's Supplemental Application is devoted to a misguided argument that it was not required to disclose representation of Umpqua Bank because the firm concluded it did not have a conflict of interest under the RPCs. [ECF #669], pp. 4-5 ("There is No Conflict of Interest under Washington Law That Requires Bankruptcy Rule 2014 Disclosure"). This argument fundamentally misunderstands the strict requirements of Rule 2014, which do not grant attorneys discretion to pick and choose which connections to disclose. *In re Park-Helena Corp.*, *supra*.

In any event, Buchalter's conflicts analysis is wrong. RPC 1.7(a)(1) provides that an attorney faces a concurrent conflict of interest if "the representation of one client will be directly adverse to another client."[4] Buchalter has been representing Umpqua Bank in numerous ongoing matters, including a pending bankruptcy case during the pendency of this case. See, e.g. *In re Zummit*

---

depository banks used by the Debtors pre-petition, in matters unrelated to the Chapter 11 Cases."

[4] A conflict of an individual lawyer under WPRC 1.7 is imputed to that individual's entire law firm under WRPC 1.10(a) ("…while lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7…").

UMPQUA BANK'S OBJECTION TO BUCHALTER'S
SUPPLEMENTAL EMPLOYMENT APPLICATION - 8

FOSTER GARVEY PC
eleventh floor
121 sw morrison street
portland, oregon 97204-3141
(503) 228-3939

23-01243-WLH11    Doc 728    Filed 04/08/24    Entered 04/08/24 15:42:31    Pg 8 of 14

*Plastics, Inc.*, Case No. 24-00816-BKM (United States Bankruptcy Court – Dist. of Ariz.) (*See* ECF #4 – 2/5/24 Notice of Appearance of Khaled Tarazi and Robert Miller of Buchalter, A Professional Corporation on behalf of Umpqua Bank).

At the same time, Buchalter has been representing the Debtors in this case on matters adverse to Umpqua, including preparation and filing of motions to approve joint prosecution of claims against Umpqua Bank under the Cooperation Agreement (formerly referred to by Buchalter in its fee application as the Common Interest Privilege Agreement) and entry of adverse findings of a Ponzi scheme ("**Ponzi Findings Request**") adverse to Umpqua Bank if raised in future litigation. With respect to the Ponzi Findings Request, Buchalter filed and fully briefed all issues related to the Ponzi Findings Request and issued notices advising parties that "[i]f Ponzi Findings are made, they will affect litigation claims and recovery efforts that may be pursued against various third parties that did business with the Debtors, including but not limited to lenders, brokers, investors, consultants, and professional firms." See ECF #471. In a subsequent notice, Buchalter informed parties that the Debtors are seeking the Ponzi Findings Request specifically for the purposes of using the findings against third parties. See Notice of Debtors' Request for Findings that ICAP Operated as a Ponzi Scheme [ECF #585]. The fact that Ponzi Findings are sought for purposes of claims against Umpqua Bank was expressly confirmed in the Renewed and Amended Emergency Motion to Establish Schedule on DIP and 9019 Motion, [ECF #632], which states "to avoid any confusion, Debtors can confirm that all Objectors [including Umpqua Bank] are potential targets for future litigation and should be ready to participate in this matter on an expedited schedule." There is clear adversity in the filing of these pleadings and the actions taken by Buchalter.

UMPQUA BANK'S OBJECTION TO BUCHALTER'S
SUPPLEMENTAL EMPLOYMENT APPLICATION - 9

FOSTER GARVEY PC
eleventh floor
121 sw morrison street
portland, oregon 97204-3141
(503) 228-3939

23-01243-WLH11    Doc 728    Filed 04/08/24    Entered 04/08/24 15:42:31    Pg 9 of 14

Moreover, the alleged "screening" described by Buchalter is not permitted by the applicable Rules of Professional Conduct to avoid a concurrent conflict of interest. RPC 1.7(b) (requires, among other things, a **waiver** from each affected client). Screening is applicable only to former clients when the conflict impacts a lateral attorney whose former client is adverse to a client of the firm to which the lateral attorney has moved[5]. RPC 1.10(e).

**D. Buchalter's services to the Debtor are adverse to Umpqua Bank.**

The second section of Buchalter's Supplemental Application seeks to minimize its violation of Rule 2014 by arguing that Buchalter has not performed "any work that could conceivably concern Umpqua." [ECF 669], p. 4-5 ("the vast majority of the work by Buchalter attorneys with respect to these cases had nothing to do with Umpqua, *and any work that could conceivably concern Umpqua was transferred to counsel for the creditors committee.*"). As indicated above, this is blatantly false with respect to the Cooperation Agreement, which identifies and defines "Umpqua Claims" and Buchalter's efforts to establish a Ponzi Finding to be used against third parties, specifically including Umpqua Bank. In addition, this overblown statement is not borne out by the firm's own fee applications, which reflect legal services expressly involving Umpqua Bank as early as October of 2023. [ECF #472], p. 49-53 (see, e.g., entries from "KT" on 10/11, 10/12, 10/16, 10/17, 10/18, 10/19, 10/23). The firm's fee application also includes billing statements reflecting three months' worth of litigation services, including countless phone calls and meetings with special counsel and others to discuss "litigation strategy." [ECF #472] (*see, e.g.,* pp. 80-93 (October litigation services); pp. 160-169

---

[5] Screening should in fact be in place by O'Melveny & Myers LLP with respect to all former Buchalter attorneys.

UMPQUA BANK'S OBJECTION TO BUCHALTER'S SUPPLEMENTAL EMPLOYMENT APPLICATION - 10

FOSTER GARVEY PC
eleventh floor
121 sw morrison street
portland, oregon 97204-3141
(503) 228-3939

23-01243-WLH11    Doc 728    Filed 04/08/24    Entered 04/08/24 15:42:31    Pg 10 of 14

(November litigation services); pp. 220-232 (December litigation services).[6]

Time entries from the fee application of special counsel also appear to reflect communications with Buchalter regarding "litigation strategy" and "Umpqua communications." [ECF 265], p. 8-14 (*see, e.g.* 12/4/23 entries of JTB stating "Call with Buchalter/Paladin re 2004 and litigation strategy" and "Email with Buchalter regarding Umpqua communications."; 12/12/23 entries of JTB stating "Call with CRO and Buchalter re litigation strategy," followed by "Call with Umpqua Bank's counsel and 2004 follow up."; 12/19/23 entry of JTB for travel to Los Angeles "for meeting with CRO/Buchalter," followed a few days later by entry for review of Washington law "to identify a codified basis for a civil aiding and abetting claim against Umpqua Bank.").

Buchalter's fee applications summarize the firm's services in "analyz[ing] and review[ing] various issues related to potential litigation targets" and "conduct[ing] periodic meetings with the Committee to discuss potential recovery avenues and strategies in the Chapter 11 cases, including discussions about discovery, the sale of property of the estates, and potential targets for litigation." [ECF #472], p. 8 (Para. 8 and 13). None of these descriptions indicate any exception, carve-out, "screen," or non-involvement of Buchalter with respect to potential claims against Umpqua Bank.

Indeed, Buchalter's initial application stated the firm's services would include "tak[ing] *all* necessary actions to protect and preserve the Debtors' interests…including… the prosecution of actions against third parties and any other litigation that might be needed in the Chapter 11 Cases." [ECF #84], p. 4, Para.

---

[6] Many of the billing entries in the firm's fee application have been redacted, preventing discovery of the full nature and scope of the firm's services. Discovery of these billing statements will be sought if necessary to determine the nature and extent of services Buchalter provided adverse to Umpqua Bank.

UMPQUA BANK'S OBJECTION TO BUCHALTER'S
SUPPLEMENTAL EMPLOYMENT APPLICATION - 11

FOSTER GARVEY PC
*eleventh floor*
121 sw morrison street
portland, oregon 97204-3141
(503) 228-3939

23-01243-WLH11    Doc 728    Filed 04/08/24    Entered 04/08/24 15:42:31    Pg 11 of 14

8(e) (emphasis added).

There is more than ample evidence that confirms Buchalter has acted adversely to Umpqua Bank, has a conflict of interest that has not been waived, and has willfully violated its Rule 2014 duties. The firm's request for further representation of the Debtors should be summarily denied.

**II.  Buchalter is not disinterested under 11 USC § 327, thus prohibiting it from representing the Debtors.**

The Debtors are responsible for employing only professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons…" 11 U.S.C. § 327(a). Disinterested persons are those who do not have "an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." 11 U.S.C. § 101(14)(C).

Courts "must disapprove" attorneys from representing a debtor under 11 USC §327(c) when an actual conflict of interest exists. COLLIER ON BANKRUPTCY, ¶327.01[2] (citing among other cases, *In re BH & P, Inc.*, 103 BR 556, 563 (Bankr. N.J. 1989) (defining an actual conflict of interest as "an active competition between two interests, in which one interest can only be served at the expense of the other"), *aff'd in pertinent part*, 119 BR 35 (D.N.J. 1990). In this case, clearly Buchalter's investigation and strategizing regarding litigation of claims against its other client, Umpqua Bank, is "an active competition between two interests, in which one interest can only be served at the expense of the other." *Id.*

For all the reasons discussed above, there is obvious impropriety by the Buchalter firm, or at a minimum, an *appearance* of impropriety more than sufficient to conclude the firm is not disinterested under Section 327. *In re AFI*

UMPQUA BANK'S OBJECTION TO BUCHALTER'S SUPPLEMENTAL EMPLOYMENT APPLICATION - 12

FOSTER GARVEY PC
eleventh floor
121 sw morrison street
portland, oregon 97204-3141
(503) 228-3939

23-01243-WLH11    Doc 728    Filed 04/08/24    Entered 04/08/24 15:42:31    Pg 12 of 14

*Holding, Inc.*, 530 F.3d 832, 850 (9th Cir. 2008) ("The Code's definition of disinterestedness "covers not only actual impropriety, but the appearance of impropriety as well.").

Buchalter is not disinterested, thus prohibiting it from any further representation of the Debtors under 11 USC §327.

**III. Alternatively, further proceedings and discovery are necessary to adjudicate the extent of Buchalter's violation of Rule 2014 and its lack of disinterestedness under 11 USC § 327.**

As discussed above, Buchalter's Supplemental Application is tainted by half-truths, contradictions, and omissions that raise more questions than answers. Buchalter's claim that its Rule 2014 violation was inadvertent is not credible and contradicted by its own conduct, statements and representations to this court. If the court does not outright deny Buchalter's Supplemental Application to continue representing the Debtors, further discovery, investigation, and briefing is warranted to determine the nature and extent of the firm's violation of Rule 2014 and lack of disinterestedness under 11 U.S.C. § 327. If the Supplemental Application is not denied outright, Umpqua Bank will seek the discovery of all matters relevant to Buchalter's non-compliance with Rule 2014, 11 U.S.C. § 327, and the conflict of interest with Umpqua Bank, including but not limited to: the firm's internal communications and handling of its conflicts checks related to this case, preparation of the firm's employment application and Rule 2014 disclosures, and the scope and nature of any services rendered by the firm in investigating and pursuing claims against Umpqua Bank (including discovery of unredacted billing statements).

///

///

UMPQUA BANK'S OBJECTION TO BUCHALTER'S SUPPLEMENTAL EMPLOYMENT APPLICATION - 13

FOSTER GARVEY PC
eleventh floor
121 sw morrison street
portland, oregon 97204-3141
(503) 228-3939

23-01243-WLH11    Doc 728    Filed 04/08/24    Entered 04/08/24 15:42:31    Pg 13 of 14

## **CONCLUSION**

Under the circumstances and for the reasons set forth above, Buchalter's Supplemental Application should be denied and it should be prohibited from any further representation of the Debtors in this case. If the court does not outright deny further involvement by Buchalter in this case, the Umpqua Bank will seek discovery and proceedings to determine the nature and extent of the firm's violation of Rule 2014 and lack of disinterestedness under 11 U.S.C. § 327.

DATED this 8th day of April, 2024.

FOSTER GARVEY PC

By: */s/ Jason M. Ayres*
Jason M. Ayres, WSBA #39141
Tara J. Schleicher WSBA # 26884
121 SW Morrison St., Eleventh Floor
Portland, OR 97204
(503) 228-3939
E-Mail: jason.ayres@foster.com

UMPQUA BANK'S OBJECTION TO BUCHALTER'S SUPPLEMENTAL EMPLOYMENT APPLICATION - 14

FOSTER GARVEY PC
eleventh floor
121 sw morrison street
portland, oregon 97204-3141
(503) 228-3939

23-01243-WLH11    Doc 728    Filed 04/08/24    Entered 04/08/24 15:42:31    Pg 14 of 14