The Honorable Whitman L. Holt
Chapter: 11
Hearing Date: May 1, 2024
Hearing Date: 2:00 pm PST
Hearing Location: Telephonic

IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>iCAP ENTERPRISES, INC.,<br><br>                        Debtor. | No. 23-01243-WLH11<br><br>(Consolidated with 23-01267-WLH11)<br><br>DHILLON/JOSAN CREDITORS' OBJECTION TO DEBTORS' MOTION FOR AN ORDER AUTHORIZING INTERIM DISTRIBUTION TO DIP LENDER SERENE INVESTMENT MANAGEMENT, LLC |

COMES NOW Manmohan Dhillon, Sarbjit Dhillon, Sukhvir Singh Josan, and Jaswinder Kaur Josan ("Dhillon/Josan Creditors"), secured creditors, by and through their attorney, Yen Lam of Galvin Realty Law Group, P.S., and files this objection to Debtors' Motion for an Order Authorizing Interim Distribution To Dip Lender Serene Investment Management, LLC ("Motion"). The Dhillon/Josan Creditors dispute the material facts relied upon by Debtor in its Motion and respectfully request the Court deny Debtor's Motion.

### I. RELEVANT FACTS

DHILLON/JOSAN CREDITORS' OBJECTION TO DEBTORS' MOTION FOR AN ORDER AUTHORIZING INTERIM DISTRIBUTION TO DIP LENDER SERENE INVESTMENT MANAGEMENT, LLC - Page 1

**Galvin Realty Law Group, P.S.**
Attorneys at Law
6100 – 219th St. SW, Suite 560
Mountlake Terrace, WA 98043
Telephone: (425) 248-2163
Facsimile: (425) 248-2168

23-01243-WLH11    Doc 833    Filed 04/30/24    Entered 04/30/24 17:11:19    Pg 1 of 4

Debtor's sale of 4740 17TH Ave. NE, Seattle, WA, 98105 ("Property") is estimated to close on May 3, 2024 and Debtor has requested an interim payment to Serene Investment, LLC ("Serene"), claiming Serene holds a first position lien as an assignee of the Deed of Trust encumbering the Property recorded on March 31, 2023 ("Vault Deed of Trust"), which secures a Promissory Note in favor of Vault Holding, LLC dated September 14, 2022 ("Vault Loan"). The Dhillon/Josan Creditors dispute both Serene's lien position and claimed amount due.

Colpitts Sunset, LLC ("Colpitts"), a related Debtor and part of this consolidated bankruptcy, sold the real property located at 2715 Sunset Lane, Renton, WA 98056 ("Sunset Terrace") to Olympia Hotel Group, LLC a Washington limited liability company, Sunset Living, LLC a Washington limited liability company, and Sunset Terrace WA, LLC a Washington limited liability company. Manmohan Dhillon is the member of Olympia Hotel Group, LLC and Sukhvir Singh Josan is the member of Sunset Living, LLC.

Colpitts requested a $3 Million line of credit from the Dhillon/Josan Creditors secured by the Property in order to cure loan defaults, pay contractors, and other costs/fees associated with obtaining a certificate of occupancy. Colpitts represented to the Dhillon/Josan Creditors that the Vault Deed of Trust would be reconveyed and the Dhillon/Josan Creditors would be in first position on the Property. *See* Declaration of Yen Lam in Support of Dhillon/Josan Creditors' Objection to Debtor's Motion for Interim Distribution.

The $3 Million advance was re-paid upon closing of the sale of Sunset Terrace; however, Colpitts was unable to deliver a certificate of occupancy at closing and requested another $1.1 million line of credit to pay outstanding construction/development costs.

DHILLON/JOSAN CREDITORS' OBJECTION TO DEBTORS' MOTION FOR AN ORDER AUTHORIZING INTERIM DISTRIBUTION TO DIP LENDER SERENE INVESTMENT MANAGEMENT, LLC - Page 2

**Galvin Realty Law Group, P.S.**
Attorneys at Law
6100 – 219th St. SW, Suite 560
Mountlake Terrace, WA 98043
Telephone: (425) 248-2163
Facsimile: (425) 248-2168

23-01243-WLH11    Doc 833    Filed 04/30/24    Entered 04/30/24 17:11:19    Pg 2 of 4

The Amended Line of Credit was secured by an amended Deed of Trust, recorded against the Real Property on July 27, 2023, evidencing an indebtedness of $1,100,000. No interest-only payments were made as required under the Amended Line of Credit and the loan is in default.

The Dhillon/Josan Creditors filed a Proof of Claim in the amount of $1,119,854.08 ("Claim") based on the $1.1 Million Amended Line of Credit. In reality, the Dhillon/Josan Creditors were surprised by many unexpected events and unexpected costs, and paid costs well above the amount they have requested in their Claim.

Lance Miller, Debtors' Chief Restructuring Officer and Manager, previously conceded that $2,000,000 of the Vault Loan (Vault is a related entity to the Debtors) had been paid back to investors. He explained as follows:

> [W]hen Vault's funds were needed to pay investor obligations elsewhere, Vault made an investment in a specific construction project (an SPE) and recorded a deed of trust against that property. Company records show, however, that as soon as the funds were transferred from Vault to the project's bank account, they were immediately transferred to a different affiliate (Fund 1, Fund 2, or Fund 3) and paid to investors.

Supplemental Declaration of Lance Miller in Support of Post-Petition Financing and Related Relief, pg. 26-27, para. 52 [ECF No. 468].

In the Supplemental Declaration, Mr. Miller provided a table to illustrate the following: On **September 14, 2022**, $2,500,000 was transferred to iCap @ UW (in other words Debtor UW 17th Ave, LLC) and $2,000,000 was transferred back out to investors. *Id*. at pg. 27, para 52.

DHILLON/JOSAN CREDITORS' OBJECTION TO DEBTORS' MOTION FOR AN ORDER AUTHORIZING INTERIM DISTRIBUTION TO DIP LENDER SERENE INVESTMENT MANAGEMENT, LLC - Page 3

**Galvin Realty Law Group, P.S.**
Attorneys at Law
6100 – 219th St. SW, Suite 560
Mountlake Terrace, WA 98043
Telephone: (425) 248-2163
Facsimile: (425) 248-2168

23-01243-WLH11    Doc 833    Filed 04/30/24    Entered 04/30/24 17:11:19    Pg 3 of 4

Despite confirming that $2,000,000 was already re-paid to investors, Mr. Miller now claims the outstanding balance is $2,942,500, consisting of the principal amount of $2,500,000 and default interest of $192,500,000. Decl. Lance Miller in Support of Interim Distribution Motion, pg. 3-4, para. 10.

## II. DISCUSSION

Debtor claims the Dhillon/Josan Creditors' lien should be avoided and the Dhillon/Josan Creditors dispute the Serene lien. There are many issues that need to be addressed in the future concerning both liens but these issues cannot be resolved here on Debtor's present motion on shortened time.

The procedure to recover money is governed by part VII of the Federal Rules of Bankruptcy Procedure. The procedure includes the filing of an adversary complaint, which allows for due process and factual findings. Therefore, the Dhillon/Josan Creditors respectfully request that the Court deny Debtor's Motion.

DATED this 30th day of April, 2024.

GALVIN REALTY LAW GROUP, P.S.

/s/ Yen B. Lam

_____

Yen B. Lam, WSBA No. 32989
Attorney for Dhillon/Josan Creditors

DHILLON/JOSAN CREDITORS' OBJECTION TO DEBTORS' MOTION FOR AN ORDER AUTHORIZING INTERIM DISTRIBUTION TO DIP LENDER SERENE INVESTMENT MANAGEMENT, LLC - Page 4

**Galvin Realty Law Group, P.S.**
Attorneys at Law
6100 – 219th St. SW, Suite 560
Mountlake Terrace, WA 98043
Telephone: (425) 248-2163
Facsimile: (425) 248-2168

23-01243-WLH11    Doc 833    Filed 04/30/24    Entered 04/30/24 17:11:19    Pg 4 of 4