Julian I. Gurule (CA SBN: 251260)*
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, California 90071
Telephone: (213) 430-6067
Email: jgurule@omm.com

*Co-Counsel to Debtors and
Debtors in Possession*

OREN B. HAKER (WSBA No. 48725)
BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: (503) 224-5560
Email: oren.haker@bhlaw.com

*Admitted Pro Hac Vice

*Proposed Co-Counsel to Debtors and
Debtors in Possession*

HONORABLE WHITMAN L. HOLT

HEARING DATE: August 21, 2024
HEARING TIME: 10:30 a.m. (PT)
LOCATION: Telephonic

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Chapter 11 |
| ICAP ENTERPRISES, INC., *et al.*, | Lead Case No. 23-01243-WLH11 |
| Debtors.[1] | Jointly Administered |
| | **NOTICE OF HEARING AND MOTION FOR AN ORDER** |

[1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding 1, LLC (23-01265-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01248-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11); Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); iCap Holding 6 LLC (23-01274-11); Colpitts Sunset, LLC (23-01432-11); CS2 Real Estate Development LLC (23-01434-11); and iCap International Investments, LLC (23-01464-11).

**NOTICE OF HEARING AND MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT**     1

**APPROVING (I) PROPOSED DISCLOSURE STATEMENT; (II) SOLICITATION AND VOTING PROCEDURES; (III) NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF JOINT PLAN OF LIQUIDATION; AND (IV) GRANTING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**PLEASE TAKE NOTICE** that, at the above referenced time and date, before the Honorable Whitman L. Holt, United States Bankruptcy Judge, or as soon thereafter as the court may hear the matter, the court shall hold a hearing on the *Motion for an Order Approving: (I) Proposed Disclosure Statement; (II) Solicitation and Voting Procedures; (III) Notice and Objection Procedures for Confirmation of Joint Plan of Liquidation; and (IV) Granting Related Relief* (the "Motion") filed by iCap Enterprises, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 bankruptcy cases. **The hearing will be held via the court's telephone conference line: (877) 402-9757, access code 7036041.** On July 16, 2024, the Debtors filed the *Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1089] (the "Plan") and related disclosure statement [ECF No. 1088] (the "Disclosure Statement").

**PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this notice, the accompanying Memorandum of Points and Authorities, the *Declaration of Lance Miller in Support of First Day Motions* [ECF No. 23], the record in these cases and all other matters of which this court may take judicial notice pursuant to rule 201 of the Federal Rules of Evidence, the arguments of counsel to be made at the hearing, and all other admissible evidence properly brought before the court at or before the

**NOTICE OF HEARING AND MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT** 2

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

hearing on this Motion, if any.

PLEASE TAKE FURTHER NOTICE that any party may review and obtain a copy of the Motion, Plan, and Disclosure Statement, by visiting the following website https://cases.creditorinfo.com/iCap.

Parties may also contact and request a copy from: BMC Group, Inc., the Debtors' solicitation agent, by sending a written request to:

**By Regular Mail:**
BMC Group
Attention: iCap Ballot Processing
P.O. Box 90100
Los Angeles, CA 90009

**Overnight Courier, or Hand Delivery, to:**
BMC Group
Attention: iCap Ballot Processing
3732 W. 120th St.
Hawthorne, CA 90250

Additionally, copies of the Motion, Disclosure Statement, and Plan are on file with the Office of the Clerk of the Bankruptcy Court for review.

PLEASE TAKE FURTHER NOTICE that any party opposing or responding to the Motion must file and serve any response ("Response") by August 16, 2024 at 4:00 p.m. (Pacific Time) (the "Response Deadline"), on the following, so as to be actually received by them on or before the Response Deadline (collectively, the "Notice Parties"):

i. Counsel to the Debtors: (a) O'Melveny & Myers LLP, 400 South Hope Street, Suite 1900, Los Angeles, CA 90071, Attn: Julian I. Gurule (jgurule@omm.com); (b) O'Melveny & Myers LLP, 1301 Avenue of the Americas, Suite 1700, New York, NY 10019, Attn: Diana M. Perez (dperez@omm.com); and (c) Black Helterline LLP, 805 SW Broadway,

**NOTICE OF HEARING AND MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT** 3

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

Suite 1900, Portland, OR 97205, Attn: Oren B. Haker (oren.haker@bhlaw.com);

ii. The Office of the United States Trustee for the Eastern District of Washington, 920 W. Riverside Ave., Suite 593, Spokane, WA 99201, Attn: Gary W. Dyer (gary.w.dyer@usdoj.gov);

iii. Counsel to the Official Committee of Unsecured Creditors of iCap Enterprises, Inc., Bush Kornfeld LLP, 601 Union Street, Suite 5000, Seattle, WA 98101, Attn: Armand J. Kornfeld (jkornfeld@bskd.com), Aimee S. Willig (awillig@bskd.com), and Jason E. Wax (jwax@bskd.com);

iv. Special Counsel to the Official Committee of Unsecured Creditors of iCap Enterprises, Inc., Corr Cronin LLP, 1015 Second Avenue, 10th Floor, Seattle, WA 98104-1001, Attn: John T. Bender (jbender@corrcronin.com); and

v. any party that has requested notice pursuant to Bankruptcy Rule 2002.

A Response must be a complete written statement of all reasons in opposition to or in support of the Motion, declarations and copies of all evidence on which the responding party intends to rely, and any responding memorandum of points and authorities.

**PLEASE TAKE FURTHER NOTICE** that the failure to file and serve a timely Response to the Motion by the Response Deadline may be deemed by the court to be consent to the relief requested therein.

**NOTICE OF HEARING AND MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT** 4

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

Dated: July 19, 2024           BLACK HELTERLINE LLP

*/s/ Oren B. Haker*
OREN B. HAKER, WSBA No. 48725
BLACK HELTERLINE LLP

*Proposed Co-Counsel to Debtors and Debtors in Possession*

and

JULIAN I. GURULE (Admitted *Pro Hac Vice*)
O'MELVENY & MYERS LLP

*Co-Counsel to Debtors and Debtors in Possession*

**NOTICE OF HEARING AND MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT** 5

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

Julian I. Gurule (CA SBN: 251260)*
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, California 90071
Telephone: (213) 430-6067
Email: jgurule@omm.com

*Co-Counsel to Debtors and
Debtors in Possession*

OREN B. HAKER (WSBA No. 48725)
BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone:  503 224-5560
Email:  oren.haker@bhlaw.com

*Admitted Pro Hac Vice*

*Proposed Co-Counsel to Debtors and
Debtors in Possession*

HONORABLE WHITMAN L. HOLT

HEARING DATE: August 21, 2024
HEARING TIME: 10:30 a.m. (PT)
LOCATION:  Telephonic

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Chapter 11 |
| ICAP ENTERPRISES, INC., *et al.*, | Lead Case No. 23-01243-WLH11 |
| Debtors.[1] | Jointly Administered |
| | **MOTION FOR AN ORDER APPROVING (I) PROPOSED** |

---

[1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding 1, LLC (23-01265-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01248-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11); Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding (23-01272-11); iCap Holding 5 LLC (23-01273-11); iCap Holding 6 LLC (23-01274-11); Colpitts Sunset, LLC (23-01432-11); CS2 Real Estate Development LLC (23-01434-11); and iCap International Investments, LLC (23-01464-11).

MOTION FOR AN ORDER APPROVING DISCLOSURE
STATEMENT

**DISCLOSURE STATEMENT; (II)
SOLICITATION AND VOTING
PROCEDURES; (III) NOTICE AND
OBJECTION PROCEDURES FOR
CONFIRMATION OF JOINT PLAN
OF LIQUIDATION; AND (IV)
GRANTING RELATED RELIEF**

## MEMORANDUM OF POINTS AND AUTHORITIES

iCap Enterprises, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 bankruptcy cases (the "Chapter 11 Cases") and the Official Committee of Unsecured Creditors (the "Committee" and together with the Debtors, the "Plan Proponents"), request (the "Motion") approval of (i) the *Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1088] (the "Disclosure Statement")[2] filed on July 16, 2024, (ii) the solicitation and voting procedures proposed herein, (iii) the proposed notice and objection procedures for confirmation of the *Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1089] (the "Plan") filed on July 16, 2024, and (iv) granting related relief as set forth more fully herein. In support of the Motion, the Plan Proponents refer to the *Declaration of Lance Miller in Support of First Day Motions* [ECF No. 23] (the "First Day Declaration"). The Plan Proponents respectfully submit that the Disclosure Statement contains "adequate information," as that phrase is defined in section 1125(a)(1) of the Bankruptcy Code,[3] and, thus, request the court grant the Motion.

---

[2] Capitalized terms not otherwise defined herein have the same definitions set forth in the Disclosure Statement.

[3] Unless specified otherwise, all chapter and section references are to title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure. All "Local Rule" references are to the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Washington.

**MOTION FOR AN ORDER APPROVING DISCLOSURE
STATEMENT**                    2

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

In support of this Motion, the Plan Proponents respectfully state the following:

## I.   JURISDICTION AND VENUE

1.     This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 1125 and 1126 of the Bankruptcy Code; Bankruptcy Rules 2002, 3016, 3017, 3018, and 3020; and Local Bankruptcy Rules 2002-1, 3017-1, and 3018-1.

## II.   BACKGROUND

### A.   The Debtors and Commencement of the Chapter 11 Cases.

2.     The Debtors were founded in 2007 by Chris Christensen ("Christensen") to invest in real estate opportunities in the Pacific Northwest. On September 28, 2023, Christensen resigned all positions with the Debtors, and Lance Miller was appointed Chief Restructuring Officer with full and exclusive control and authority over the Debtors and the prosecution of these chapter 11 cases.

3.     The Debtors commenced their respective Chapter 11 Cases on September 29, 2023 (the "Petition Date").[4] Since the commencement of these Chapter 11 Cases, the Debtors continue to control their business and affairs as debtors in possession, under the control of the Chief Restructuring Officer, pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

4.     On October 2, 2023, the Court ordered joint administration of the Chapter 11 Cases, which are now being administered under the lead case of iCap Enterprises, Inc. (Case No. 23-01243-WLH11).

---

[4] Certain of the Debtors filed their own chapter 11 cases on September 30, November 8, and November 14, 2023. For purposes of this Motion, "Petition Date" as used herein will refer to the earliest of the Debtors' respective filing dates, and "Chapter 11 Cases" includes all of the Debtors' cases, irrespective of when they were filed.

**MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT**          3

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

5. On October 20, 2023, the Office of the United States Trustee for the Eastern District of Washington appointed the Committee.

6. Additional information about the Debtors' historical business operations, capital structure, and the events leading up to the commencement of the Chapter 11 Cases is set forth in the First Day Declaration.

## III. DISCLOSURE STATEMENT AND PLAN

7. On July 16, 2024, the Plan Proponents filed the proposed Plan and related Disclosure Statement. The Plan Proponents worked diligently with their advisors to prepare the Plan, which seeks to liquidate the Debtors' remaining assets and maximize value for the Estates for the benefit of creditors. As set forth in the Disclosure Statement, the primary source of funding of cash distributions under the Plan will be from the liquidation of all remaining property of the Debtors and their Estates, including the iCap Trust Actions, which include, among other things, any and all causes of action, claims, remedies, or rights that may be brought by or on behalf of the Debtors or the Estates under sections 542, 544, 547, 548, 549, 550, 551, or 553 of the Bankruptcy Code, or under related state or federal statutes, or pursuant to any theory or cause of action under common law, regardless whether such action has been commenced prior to the Effective Date.

8. The Plan Proponents propose the following key dates in connection with the approval of the Disclosure Statement and confirmation of the Plan, subject to the court's availability with respect to the proposed confirmation schedule:

| Event | Date/Deadline |
|---|---|
| Voting Record Date (defined below) | August 21, 2024 |
| Solicitation Commencement Deadline (defined below)[5] | August 23, 2024 |

---

[5] The solicitation commencement deadline, and subsequent deadlines, are contingent on the date of the entry of the order approving the Disclosure Statement. For purposes of this proposed timeline, the

**MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT**     4

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

| Event | Date/Deadline |
|-------|---------------|
| Deadline to object to, or to file a motion to estimate, claims for voting purposes (the "Voting Objection Deadline") | September 3, 2024 |
| Deadline for submission of Ballots to the Solicitation Agent (the "Voting Deadline") | September 13, 2024 at 4:00 p.m. (Pacific Time) |
| Deadline for filing objections to confirmation of the Plan (the "Confirmation Objection Deadline") | September 13, 2024 at 4:00 p.m. (Pacific Time) |
| Deadline to File Tabulation Report, Memorandum of Law in Support of Confirmation, Proposed Confirmation Order and Response to Objections to the Confirmation | September 18, 2024 |
| Hearing regarding confirmation of the Plan (the "Confirmation Hearing") | September 23, 2024 |

9.     For the court's reference, the Plan Proponents provide the below list of the various exhibits and documents cited throughout this Motion:

| Document | Exhibit |
|----------|---------|
| Form of Proposed Order | **Exhibit A** |
| Class 3 Ballot | **Exhibit B** |
| Class 4 Ballot | **Exhibit C** |
| Notice of Non-Voting Status | **Exhibit D** |
| Confirmation Hearing Notice | **Exhibit E** |

10.     The Plan Proponents respectfully request entry of an order: (i) approving the Disclosure Statement as containing "adequate information," as that term is defined

Debtors assume entry of the order approving the Disclosure Statement on or about August 21, 2024.

**MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT**          5

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

in section 1125(a)(1) of the Bankruptcy Code; (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, including (a) approving the form and manner of the solicitation packages, (b) approving the form and manner of notice of the Confirmation Hearing, attached hereto as **Exhibit E**, (c) establishing a voting record date and approving procedures for distributing the solicitation packages, (d) approving the forms of ballots, (e) establishing the Voting Deadline, and (f) approving procedures for tabulating acceptances and rejections of the Plan; (iii) establishing procedures with respect to, and the deadline for filing objections to, the confirmation of the Plan; and (iv) granting related relief.

## IV.    LEGAL ARGUMENT.

### A.    The Disclosure Requirements of the Bankruptcy Code.

11.    Pursuant to section 1125 of the Bankruptcy Code, a plan proponent must provide holders of impaired claims with "adequate information" regarding a proposed chapter 11 plan. In that regard, section 1125(a)(1) provides in pertinent part that:

> 'adequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1). Thus, a disclosure statement must, as a whole, provide information that is reasonably designed to permit an informed judgment by impaired creditors or equity or other interest holders entitled to vote on a plan. *See In re Cal. Fidelity, Inc.*, 198 B.R. 567, 571 (B.A.P. 9th Cir. 1996) ("At a minimum, § 1125(b)

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

seeks to guarantee that a creditor receives adequate information about the plan before the creditor is asked for a vote."); *In re Art & Architecture Books of the 21st Century*, No. 2:13-bk-14135-RK, 2016 WL 1118743, at \*14 (Bankr. C.D. Cal. Mar. 18, 2016) ("The primary purpose of a disclosure statement is to give creditors and interest holders the information they need to decide whether to accept the plan.") (citing *Captain Blythers, Inc. v. Thompson (In re Captain Blythers, Inc.)*, 311 B.R. 530, 537 (B.A.P. 9th Cir. 2004)).

12.  In examining the adequacy of the information contained in a disclosure statement, the court has broad discretion. *See Comput. Task Grp., Inc. v. Brotby (In re Brotby)*, 303 B.R. 177, 193 (B.A.P. 9th Cir. 2003) ("'[T]he determination of what is adequate information . . . is largely within the discretion of the bankruptcy court.'" (*quoting Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988))); *Kirk v. Texaco, Inc.*, 82 B.R. 678, 682 (S.D.N.Y. 1988) ("The legislative history could hardly be more clear in granting broad discretion to bankruptcy judges under § 1125(a)"); *see also In re Oxford Homes, Inc.*, 204 B.R. 264, 269 (Bankr. D. Me. 1997) (Congress intentionally drew vague contours of what constitutes adequate information so that bankruptcy courts may exercise discretion to tailor them to each case's particular circumstances); *In re Dakota Rail Inc.*, 104 B.R. 138, 143 (Bankr. D. Minn. 1989) (a bankruptcy court has "wide discretion to determine . . . whether a disclosure statement contains adequate information, without burdensome, unnecessary, and cumbersome detail").

13.  Accordingly, the determination of whether a disclosure statement contains adequate information is to be made on a case-by-case basis, focusing on the unique facts and circumstances of each case. *See In re Diversified Inv'rs Fund XVII*, 91 B.R. 559, 561 (Bankr. C.D. Cal. 1988) ("According to the legislative history, the parameters of what constitutes adequate information are intended to be flexible."); *see also In re PC

**MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT**                7

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

23-01243-WLH11   Doc 1142   Filed 07/19/24   Entered 07/19/24 18:30:40   Pg 12 of 97

*Liquidation Corp.*, 383 B.R. 856 at 866 (E.D.N.Y. 2008). This discretion provides flexibility and facilitates the effective reorganization of the different types of chapter 11 debtors by accommodating the varying circumstances accompanying chapter 11 cases. *See* H.R. REP. NO. 595, at 408-09, 95th Cong. (1st Sess. 1977). The determination of whether adequate information has been provided should take account of the expertise and resources, including outside advisors and relevant information already possessed or publicly available, of the hypothetical investor of each class of claims or interests from which classes the acceptance or rejection of a plan is solicited after the commencement of the cases. *See In re Zenith Elec. Corp.*, 241 B.R. 92, 99-100 (Bankr. D. Del. 1999).

**B.** **The Proposed Disclosure Statement Meets the Applicable Standards.**

14. The Disclosure Statement provides "adequate information" to allow holders of claims in the Voting Classes (as defined below) to make an informed decision about whether to vote to accept or reject the Plan. Specifically, the Disclosure Statement contains a number of categories of information that courts consider "adequate information" and satisfy Local Rule 3017-1(a) (to the extent applicable), including:

(a) History of the Debtors prior to filing (*see* Disclosure Statement, Article II);

(b) The corporate structure and indebtedness of the Debtors (*see id.*, Article II.B);

(c) Key events leading to the commencement of the Chapter 11 Cases (*see id.*, Article II.D);

(d) Significant events that occurred during the Chapter 11 Cases (*see id.*, Article III);

(e) Description of the Plan Proponents' determination that Christensen operated the prepetition Debtors as a Ponzi scheme (*see id.*, Article IV);

(f) Description of the Plan (*see id.*, Article V);

(g) Description of how the Plan is to be implemented (*see id.*, Article V.F);

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

(h)     Description of risk factors affecting the Plan and the Debtors (*see id.*, Article VI);

(i)     Description of the securities law consequences of the Plan (*see id.*, Article VIII)

(j)     Description of the Federal income tax consequences of the Plan (*see id.*, Article IX);

(k)     Description of the requirements for confirmation of the Plan and the procedures for voting on the Plan (*see id.*, Article VII.B.); and

(l)     Description of the exculpation, release, and injunction provisions of the Plan (*see id.*, Articles V.I.8., 9., 10.).

15.     Pursuant to Bankruptcy Rule 3016(c), "[i]f a plan provides for an injunction against conduct not otherwise enjoined under the Code, the plan and disclosure statement [must] describe in specific and conspicuous language all acts to be enjoined and identify the entities that would be subject to the injunction." Fed. R. Bankr. P. 3016(c). The Disclosure Statement provides adequate notice, and a detailed description, of the release, exculpation, and injunction provisions in the Plan. *See* Disclosure Statement, Articles V.I.8., 9., 10.

16.     Furthermore, the Plan Proponents and their advisors are preparing an analysis of the alternatives to confirmation and consummation of the Plan, which will demonstrate that an impaired claimant or interest holder that does not accept, or is deemed to reject, the Plan will receive or retain under the Plan property of a value greater than the amount that such holder would receive or retain if the Debtors were forced to liquidate under chapter 7 of the Bankruptcy Code. The Plan Proponents intend to file this liquidation analysis prior to the hearing to consider this Motion.

17.     The Plan Proponents respectfully submit that the Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code. The Debtors will

MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT          9

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

23-01243-WLH11     Doc 1142     Filed 07/19/24     Entered 07/19/24 18:30:40     Pg 14 of 97

demonstrate at the hearing to approve the Disclosure Statement that the Disclosure Statement addresses the information set forth above in a manner that provides holders of claims in the Voting Classes with adequate information within the meaning of section 1125 and should therefore be approved.

**C.** **Approval of Form, and Procedures for Distribution, of Solicitation Packages.**

18. Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims for the purpose of soliciting their votes and providing adequate notice of the hearing on confirmation of a plan of reorganization:

> Upon approval of a disclosure statement,—except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders—the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee:
>
> (1)    the plan or a court-approved summary of the plan;
>
> (2)    the disclosure statement approved by the court;
>
> (3)    notice of the time within which acceptances and rejections of the plan may be filed; and
>
> (4)    any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan . . . .

**MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT**          10

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

Fed. R. Bankr. P. 3017(d).

19. Under the Plan, the only classes of claims entitled to vote on the Plan are Class 3 (Investor Claims) and Class 4 (General Unsecured Claims) (collectively, the "Voting Classes"). Class 1 (Priority Claims) and Class 2 (Secured Claims) are not impaired and are not entitled to vote on the Plan. The Plan Proponents have decided not to solicit the votes of holders of claims in Class 5 (Subordinated Claims) and such holders will therefore be deemed to have rejected the Plan and will not be entitled to vote on the Plan. Holders of interests in Class 6 (Equity Interests) are not entitled to receive or retain any property or interests in property under the Plan and are therefore deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. Such holders are not entitled to vote on the Plan and their votes will not be solicited by the Plan Proponents.

20. As further discussed below, if the court approves the Disclosure Statement as containing adequate information pursuant to section 1125, the Debtors propose to distribute by (i) First Class Mail to holders of claims in Class 4 (General Unsecured Creditors) and (ii) by email to holders of claims in Class 3 (Investor Claims) in accordance with the *Order Granting Debtors' Ex Parte Motion for Entry of Order: (I) Limiting Scope of Notice; (II) Authorizing Service to Investors by Email; and (III) Granting Related Relief* [ECF No. 63] (the "Limited Service Order"), the Confirmation Hearing Notice (as defined below), as well as a package containing solicitation materials (the "Solicitation Package") including:

(a) the court's order approving the Disclosure Statement (the "Disclosure Statement Order"), excluding the exhibits attached thereto;

(b) the applicable ballot (a "Ballot"), the proposed forms of which are attached to the Motion as Exhibits B and C, together with a prepaid, pre-addressed return envelope and either paper copies of or electronic copies in "pdf"

MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT    11

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

format via email, on a CD-ROM or USB flash drive containing the Disclosure Statement (with the Plan and other exhibits attached thereto);

(c)    letter from the Committee in support of the Plan; and

(d)    any supplemental documents filed with the court and such other materials as the court may direct.

21.    The Plan Proponents submit that such materials and manner of service satisfy the requirements of Bankruptcy Rule 3017(d).

22.    BMC Group, Inc. will serve as the Debtors' solicitation agent (the "Solicitation Agent") and provide access to Solicitation Packages, among other things. Solicitation Packages (except for Ballots) will be available (i) for download at https://cases.creditorinfo.com/iCap, (ii) by sending a written request to: BMC Group, Attention: iCap Ballot Processing, 3732 W. 120th St., Hawthorne, CA 90250, and (iii) by e-mail request to: iCap@bmcgroup.com. Additionally, copies of the Motion, Disclosure Statement, and Plan are on file with the Office of the Clerk of the Bankruptcy Court for review.

23.    The Plan Proponents anticipate that some of the notices and/or pleadings served in the Chapter 11 Cases have been or may be returned, including because certain notice parties have foreign addresses. The Debtors believe that it would be costly and inefficient to distribute the Solicitation Package to the same addresses to which undeliverable notices were previously distributed. Therefore, the Plan Proponents seek the court's approval for a departure from the strict notice rule, excusing the Debtors from distributing Solicitation Packages to those entities listed at undeliverable addresses if the Debtors are not provided with updated addresses for such entities before the Solicitation Commencement Date (as defined below). Further, if the Debtors send Solicitation Packages that are deemed undeliverable and are not provided with a forwarding or more updated address, the Plan Proponents seek to be excused from

MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT    12

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1142    Filed 07/19/24    Entered 07/19/24 18:30:40    Pg 17 of 97

attempting to re-deliver Solicitation Packages to such entities. The Plan Proponents submit that good cause exists for implementing the aforementioned notice and service procedures.

**D.  Approval of Form and Manner of Confirmation Hearing Notice.**

24.     Upon approval of the Disclosure Statement, the Debtors will serve or cause to be served the following documents on the following parties, as applicable: (i) a written notice, attached hereto as **Exhibit E**, to the Voting Classes (the "Confirmation Hearing Notice") of (a) the court's approval of the Disclosure Statement, (b) the Voting Deadline, (c) the time, date, and place for the Confirmation Hearing, (d) the deadline and procedures for filing objections to confirmation of the Plan, and (e) a summary of the Plan's release, injunction, and exculpation provisions, together with the Solicitation Package; and (ii) a written notice to the non-voting classes (the "Notice of Non-Voting Status") attached hereto as **Exhibit D** that sets forth the treatment for such claims under the Plan, a summary of the Plan's release, injunction, and exculpation provisions, and certain information regarding the Confirmation Hearing and related deadlines. The relevant notices will be served on the appropriate parties by First Class Mail or e-mail, as applicable.

25.     Consistent with section 1126(f) of the Bankruptcy Code and Bankruptcy Rule 3017(d), the Debtors propose to send the Notice of Non-Voting Status to holders of unclassified claims and the holders of claims or equity interests in Class 1 (Priority Claims), Class 2 (Secured Claims), Class 5 (Subordinated Claims), and Class 6 (Equity Interests) (collectively, the "Non-Voting Classes").

26.     The Plan Proponents submit that such notices satisfy the requirements of the Bankruptcy Code and Bankruptcy Rule 3017(d). Accordingly, the Plan Proponents request that the court determine that the Debtors are not required to distribute copies of the Plan, Disclosure Statement, or Disclosure Statement Order to the Non-Voting

**MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT**          13

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

Classes, unless otherwise requested in writing or by the terms of the Disclosure Statement Order.

27.     The Plan Proponents expect that the Debtors will be able to commence distribution of (i) the Confirmation Hearing Notice and Solicitation Package to the Voting Classes and (ii) the Notice of Non-Voting Status to the Non-Voting Classes, as applicable, as set forth herein, within two business days after the date of entry of the Disclosure Statement Order, or as soon as reasonably practicable thereafter (the "Solicitation Commencement Date"). The Plan Proponents anticipate that, subject to entry of an order granting this Motion, that the Solicitation Commencement Date will be August 23, 2024.

28.     The Debtors shall cause to be distributed electronically the Disclosure Statement Order (excluding exhibits thereto), the Confirmation Hearing Notice, the Disclosure Statement (together with the Plan and other exhibits attached thereto), and such other materials as the court may direct (excluding a Ballot) to, among other parties (to the extent such parties did not otherwise receive the Solicitation Package):

(a)     the U.S. Trustee;

(b)     the Internal Revenue Service and any state and local taxing authorities in which the Debtors did business;

(c)     the Securities and Exchange Commission;

(d)     the Washington Attorney General; and

(e)     all persons and entities that have filed a request for service of filings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

**E.     Establishment of Voting Record Date.**

29.     Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a bankruptcy plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes and other securities of

MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT          14

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

23-01243-WLH11     Doc 1142     Filed 07/19/24     Entered 07/19/24 18:30:40     Pg 19 of 97

record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed R. Bankr. P. 3017(d). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.

30.     The Plan Proponents request that the court establish August 21, 2024, as the record date (the "Voting Record Date"), for purposes of determining the claimholders that are entitled to vote (subject to the voting procedures set forth below) on the Plan or, in the case of Non-Voting Classes, for purposes of determining the claimholders to receive certain Plan-related materials.

**F.     Approval of Forms of Ballot.**

31.     Bankruptcy Rule 3017(d) requires that the Debtors mail a form of ballot to "creditors and equity security holders entitled to vote on the plan." The Plan Proponents propose to distribute to each holder of a claim in each Voting Class a Ballot, the forms of which are attached to the Motion as **Exhibits B** and **C**. The forms of Ballot are based upon Official Form No. B314, but have been modified to be consistent with the specific provisions of the Plan and the facts of these Chapter 11 Cases. The Ballots (i) provide holders of claims in the Voting Classes with clear instruction on how to complete and return a Ballot, (ii) prominently feature the Voting Deadline, (iii) clearly and unequivocally state that Ballots received after the Voting Deadline will not be counted (except in the discretion of the Plan Proponents), and (iv) with respect to Ballot for Class 3, clearly identify and explain the option for a holder of a Class 3 Investor Claim to elect to contribute certain of its claims to the liquidating trust formed under the Plan.

**G.     Establishment of the Voting Deadline.**

32.     Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court shall fix a time within which the holders of claims or equity security interests may accept or reject a plan. The Plan Proponents have

MOTION FOR AN ORDER APPROVING DISCLOSURE
STATEMENT                                    15

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

developed the proposed schedule to allow for a solicitation period in these Chapter 11 Cases of approximately 21 days, which the Plan Proponents believe is appropriate in light of the circumstances of the Chapter 11 Cases. Accordingly, the Plan Proponents propose that in order to be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed, and delivered to the Debtors so as to be received by the Debtors no later than the Voting Deadline **(4:00 p.m. (Pacific Time) on the date that is 21 days after the Solicitation Commencement Deadline)** (or as such date as may be extended by the Plan Proponents before or after the Voting Deadline) or as otherwise ordered by the court. The Plan Proponents submit that such solicitation period is a sufficient period within which creditors can make an informed decision to accept or reject the Plan in light of the circumstances of these Chapter 11 Cases.

33.     All Ballots must be delivered via First Class Mail, overnight courier, or hand delivery so as to be actually received by the Solicitation Agent no later than the Voting Deadline. Except as provided below, Ballots must be submitted to the Solicitation Agent at the following address in accordance with the voting procedures set forth below:

> **By Regular Mail:**
> BMC Group
> Attention: iCap Ballot Processing
> P.O. Box 90100
> Los Angeles, CA 90009
>
> **Overnight Courier, or Hand Delivery, to:**
> BMC Group
> Attention: iCap Ballot Processing
> 3732 W. 120th St.
> Hawthorne, CA 90250

34.     In addition to accepting hard copy Ballots via First Class Mail, overnight courier, and hand delivery, the Plan Proponents request authorization to accept Ballots

**MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT**         16

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

via electronic, online transmissions, solely through a customized online balloting portal maintained by the Solicitation Agent on the Debtors' case website. Parties entitled to vote may cast an electronic Ballot and electronically sign and submit the Ballot instantly by utilizing the online balloting portal (which allows a holder to submit an electronic signature). Instructions for electronic, online transmission of Ballots are set forth on the form of Ballot. The Ballot will include a customized username and password for submitting an electronic Ballot. The encrypted ballot data and audit trail created by such electronic submission will become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective. For the avoidance of doubt, Ballots submitted via the customized online balloting portal shall be received when submitted and deemed to contain an original signature.

35.    In light of the requirement to deliver the Ballots to the Solicitation Agent, the Plan Proponents request that this court waive the requirement of Local Rule 3018-1(e) that Ballots be filed with the court. In light of the number of claims in these cases, the Debtors further request a waiver of the requirement of Local Rule 3018 (c)(4) of the filing of a List Classifying Claims.

**H.    Establishment of the Tabulation Procedures.**

36.    Section 1126(c) provides as follows:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c). Further, Bankruptcy Rule 3018(a) provides that "the court after notice and hearing may temporarily allow the claim or interest in an amount which the

MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT                17

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a).

37. For purposes of voting on the Plan, with respect to all creditors of the Debtors, the Plan Proponents propose that the amount and/or eligibility of a claim used to tabulate acceptance or rejection of the Plan should be, as applicable:

(a) The amount of the claim listed in the Debtors' schedules of assets and liabilities (the "Schedules") shall be the amount of the claim for voting purposes; provided that (i) such claim is not scheduled as contingent, unliquidated, undetermined, disputed, and/or in a zero dollar amount, and (ii) no proof of claim has been timely filed (or otherwise deemed timely filed by the court under applicable law) with respect to such claim.

(b) The noncontingent and liquidated amount specified in a proof of claim timely filed with the court (or otherwise deemed timely filed by the court under applicable law) shall be the amount of the claim for voting purposes to the extent the proof of claim is not the subject of an objection filed by the Voting Objection Deadline (or, if such claim has been resolved for allowance and/or voting purposes pursuant to a stipulation or order entered by the court, or otherwise resolved by the court, the amount set forth in such stipulation or order).

(c) If a proof of claim has been timely filed prior to the applicable bar date and such claim is asserted in the amount of $0.00, such claim shall not be entitled to vote.

(d) Notwithstanding anything to the contrary in these tabulation rules, the holder of any claim that has been indefeasibly paid, in full or in part, shall only be permitted to vote the unpaid amount of such claim, if any, to accept or reject the Plan.

(e) The amount temporarily allowed or estimated by the court for voting purposes, pursuant to Bankruptcy Rule 3018(a), subject to notice consistent with the procedures set forth herein, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules shall be the amount of the claim for voting purposes.

(f) If a claim for which a proof of claim has been timely filed for unknown or

**MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT** 18

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11 Doc 1142 Filed 07/19/24 Entered 07/19/24 18:30:40 Pg 23 of 97

undetermined amounts (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Debtors) and such claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.

(g) If a claim is listed on a timely filed proof of claim as either wholly or partially contingent or unliquidated, such claim is temporarily allowed in the amount that is the greater of (i) the liquidated and non-contingent amount and (ii) $1.00, for voting purposes only, and not for purposes of allowance or distribution.

(h) If a claim is deemed allowed under the Plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan.

(i) If a claim is not listed in the Schedules or is listed in the Schedules as contingent, unliquidated, or disputed (or in a zero amount) and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the court or (ii) deemed timely filed by an order of the court prior to the Voting Deadline, such claim shall be disallowed for voting purposes.

(j) If a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim. Except as otherwise ordered by the court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

38. The temporary allowance of claims for voting purposes does not constitute an allowance of claims for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors or any other party-in-interest in any other context, including to contest the amount or validity of any claim for purposes of allowance under the Plan.

**MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT**     19

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1142    Filed 07/19/24    Entered 07/19/24 18:30:40    Pg 24 of 97

39. Additionally, the Plan Proponents seek authorization from the court to object to any claim (as defined in section 101(5)) solely for Plan voting purposes by filing a determination motion (the "Determination Motion") no later than the Voting Objection Deadline. If an objection to a claim (made by way of a Determination Motion or otherwise) filed on or before the Voting Objection Deadline requests that such claim be reduced or reclassified, such claimant's Ballot shall be counted in such reduced amount or as falling into the reclassified category. Further, if a creditor casts a Ballot and has timely filed a proof of claim (or has otherwise had a proof of claim deemed timely filed by the court under applicable law), but the creditor's claim is the subject of an objection (made by way of a Determination Motion or otherwise) filed no later than the Voting Objection Deadline, the Plan Proponents request, in accordance with Bankruptcy Rule 3018, that the creditor's Ballot not be counted to the extent it is challenged by the objection, unless such claim is temporarily allowed by the court for voting purposes pursuant to Bankruptcy Rule 3018(a) after the creditor files a motion for such temporary allowance (a "Claims Estimation Motion").[6]

40. If a creditor seeks to have its claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), the Plan Proponents request that such creditor be required to file a Claims Estimation Motion for such temporary allowance by the later of (i) the Voting Objection Deadline or (ii) if such claim is the subject of an objection or a Determination Motion, seven (7) days after the filing of the applicable objection or Determination Motion.

41. In the event that a Determination Motion or Claims Estimation Motion is filed, the Plan Proponents request that the court allow the non-moving party to file a

---

[6] This proposed procedure is consistent with section 1126 of the Bankruptcy Code, which provides that a plan may be accepted or rejected by the holder of a claim allowed under section 502 of the Bankruptcy Code. In turn, section 502(a) provides that a filed proof of claim is deemed allowed "unless a party in interest . . . objects." 11 U.S.C. § 502(a).

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

reply to such motion by the later of (i) the Voting Objection Deadline, or (ii) seven days after the filing of the applicable motion (the "Voting Objection Reply Deadline"). A hearing will be scheduled (subject to the court's availability) on such motion within seven days of the Voting Objection Reply Deadline but in no event later than the Confirmation Hearing. The Plan Proponents further request that the ruling by the court on any Determination Motion or Claims Estimation Motion be considered a ruling with respect to the allowance of the claim(s) under Bankruptcy Rule 3018 and such claim(s) be counted, for voting purposes only, in the amount determined by the court.

42. The Plan Proponents propose that, in the event a claimant reaches an agreement with the applicable Debtor(s), as to the treatment of its claim for voting purposes, the claim may be treated in such manner.

43. The Plan Proponents further request that the following voting procedures and standard assumptions be used in tabulating the Ballots:

(a) For purposes of the numerosity requirement of section 1126(c) and based on the reasonable efforts of the Debtors, separate claims held by a single creditor in a particular class will be aggregated as if such creditor held one claim against the Debtors in such class, and the votes related to such claims will be treated as a single vote to accept or reject the Plan.

(b) Any creditor who holds duplicate claims within the same class (against one Debtor or across multiple Debtors) shall be provided with only one Solicitation Package and one Ballot for voting a single claim in such class, regardless of whether the Debtors have objected to such duplicate claims.

(c) Creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, a Ballot (or multiple Ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will not be counted.

(d) Ballots that fail to indicate an acceptance or rejection of the Plan but which are otherwise properly executed and received prior to the Voting Deadline, will be deemed as a vote to accept the Plan.

**MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT** 21

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

(e)     Ballots that indicate both acceptance and rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will not be counted.

(f)     Only Ballots that are timely received by the Voting Deadline with signatures will be counted. Unsigned Ballots will not be counted.

(g)     Ballots sent by mail or overnight delivery that are postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted.

(h)     Ballots that are illegible, or contain insufficient information to permit the identification of the creditor, will not be counted.

(i)     Ballots transmitted to the Debtors by facsimile, electronic mail, or other means not specifically approved by the court may be accepted by the Debtors with the consent of the Committee on a case-by-case basis.

(j)     Whenever a creditor casts more than one Ballot voting the same claim prior to the Voting Deadline, the last valid Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior received Ballots.

(k)     If a creditor simultaneously casts inconsistent duplicate Ballots with respect to the same claim, such Ballots shall not be counted.

(l)     Each creditor shall be deemed to have voted the full amount of its claim in a class. Unless otherwise ordered by the court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots shall be determined by the Debtors, which determination shall be final and binding.

(m)    Any Ballot containing a vote that the court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code shall not be counted.

(n)     Any Ballot cast by a person or entity that does not hold a claim in a Voting Class shall not be counted.

(o)     Any class that does not contain any claim eligible to vote to accept or reject

**MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT**     22

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

the Plan (by reason of temporary allowance by the court or otherwise) as of the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such class pursuant to section 1129(a)(8).

(p)     If a class contains claims eligible to vote and no holders of claims eligible to vote in such class vote to accept or reject the Plan, the Plan shall be deemed accepted by the holders of such claims in such class.

(q)     Notwithstanding anything contained herein to the contrary, the Debtors may contact parties that submitted Ballots to cure any defects in the Ballots.

(r)     Unless waived, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors or the court determines. Neither the Debtors nor any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor shall the Debtors or any other person or entity incur any liabilities for failure to provide such notification. Unless otherwise directed by the court, delivery of such Ballots shall not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) shall not be counted.

(s)     The Debtors, subject to contrary order of the court, may waive any defect in any Ballot at any time, either before or after the Voting Deadline and without notice, and any such waivers shall be documented in the voting results filed with the court.

(t)     Except as provided below, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors may reject such Ballot as invalid, and therefore, decline to utilize it in connection with confirmation of the Plan by the court; *provided*, *however*, that such invalid Ballots shall be documented in the voting results filed with the court.

(u)     Subject to contrary order of the court, the Debtors reserve the absolute right to reject any and all Ballots not proper in form, the acceptance of which would, in the opinion of the Debtors, not be in accordance with the

**MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT**          23

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

provisions of the Bankruptcy Code; *provided*, *however*, that such invalid Ballots shall be documented in the voting results filed with the court.

44. The Plan Proponents submit that such procedures provide for a fair and equitable voting process.

## I. Establishment of Deadline and Procedures for Filing Objections to the Confirmation of the Plan.

### i. Scheduling the Confirmation Hearing

45. Bankruptcy Rule 3017(c) provides:

> On or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation.

Fed. R. Bankr. P. 3017(c). In accordance with Bankruptcy Rule 3017(c), the Plan Proponents request that the Confirmation Hearing be scheduled for a time to be determined.

46. The Plan Proponents propose that, no later than five days prior to the Confirmation Hearing, the Debtors will file with the court a tabulation report for Plan voting, a proposed form of confirmation order, a memorandum in support of confirmation addressing the requirements of section 1129(a) and any declarations or other evidence in support thereof, and replies to any objections received by the Confirmation Objection Deadline.

47. The Plan Proponents request that the Confirmation Hearing may be continued from time to time by the court or the Debtors without further notice other than by notices of continuance filed on the docket of the Chapter 11 Cases. The proposed timing for the Confirmation Hearing is in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and will enable the Debtors to pursue

MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT                24

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

confirmation of the Plan in a timely fashion.

## ii. Establishing Procedures for the Confirmation Hearing

48. Bankruptcy Rules 2002(b) and 3017(d) require not less than twenty-eight (28) days' notice to all creditors and equity security holders of the time fixed for filing objections and the hearing to consider confirmation of a chapter 11 plan. The Debtors propose to provide to all creditors and interest holders a copy of either the Confirmation Hearing Notice or the Notice of Non-Voting Status as proposed herein, setting forth, among other things, (a) the date of approval of the Disclosure Statement, (b) the Voting Record Date, (c) the Voting Deadline, (d) the Confirmation Objection Deadline, and (e) the time, date, and place for the Confirmation Hearing. While such notice will be sent at least 21 days before the deadline to object to confirmation of the Plan, the Plan and Disclosure Statement will have been on file for over 58 days prior to the Confirmation Objection Deadline. Moreover, this Motion, which sets forth the proposed Confirmation Objection Deadline will be served on the Master Mailing List at least 55 days before the Confirmation Objection Deadline. The Plan Proponents submit that the foregoing procedures will provide adequate notice of the Confirmation Hearing and the Confirmation Objection Deadline and, accordingly, request that the court approve such notice as adequate.

## iii. Establishing Procedures for the Filing of Objections to the Confirmation of the Plan

49. Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." The Confirmation Hearing Notice provides, and the Plan Proponents request the court to direct, that objections to the confirmation of the Plan or proposed modifications to the Plan, if any, must:

**MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT**    25

Bʟᴀᴄᴋ Hᴇʟᴛᴇʀʟɪɴᴇ LLP
805 SW Bʀᴏᴀᴅᴡᴀʏ
Sᴜɪᴛᴇ 1900
Pᴏʀᴛʟᴀɴᴅ, OR 97205
Tᴇʟᴇᴘʜᴏɴᴇ: 503 224-5560

(a)    be in writing;

(b)    comply with the Bankruptcy Rules and the Local Rules;

(c)    set forth the name of the objector and the nature and amount of any claim asserted by the objector against or in the Debtors;

(d)    state with particularity the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan that would resolve such objection; and

(e)    be filed with the court, together with proof of service, and served so that they are actually received by the Notice Parties (as defined below) by the Confirmation Objection Deadline.

50.    The Plan Proponents request that the court require any confirmation objection to be served on the following parties (collectively, the "Notice Parties"):

(a)    Counsel to the Debtors: (i) O'Melveny & Myers LLP, 400 South Hope Street, Suite 1900, Los Angeles, CA 90071, Attn: Julian I. Gurule (jgurule@omm.com); (ii) O'Melveny & Myers LLP, 1301 Avenue of the Americas, Suite 1700, New York, NY 10019, Attn: Diana M. Perez (dperez@omm.com); and (iii) Black Helterline LLP, 805 SW Broadway, Suite 1900, Portland, OR 97205, Attn: Oren B. Haker (oren.haker@bhlaw.com);

(b)    The Office of the United States Trustee for the Eastern District of Washington, 920 W. Riverside Ave., Suite 593, Spokane, WA 99201, Attn: Gary W. Dyer (gary.w.dyer@usdoj.gov);

(c)    Counsel to the Official Committee of Unsecured Creditors of iCap Enterprises, Inc., Bush Kornfeld LLP, 601 Union Street, Suite 5000, Seattle, WA 98101, Attn: Armand J. Kornfeld (jkornfeld@bskd.com), Aimee S. Willig (awillig@bskd.com), and Jason E. Wax (jwax@bskd.com);

(d)    Special Counsel to the Official Committee of Unsecured Creditors of iCap Enterprises, Inc., Corr Cronin LLP, 1015 Second Avenue, 10th Floor, Seattle, WA 98104-1001, Attn: John T. Bender

MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT    26

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

1    (jbender@corrcronin.com); and

2    (e)    any party that has requested notice pursuant to Bankruptcy Rule 2002.

3    51.    The proposed timing for filing and service of objections and proposed

4    modifications, if any, will afford the court, the Plan Proponents, and other parties in

5    interest sufficient time to consider the objections and proposed modifications prior to

6    the Confirmation Hearing.

7    **J.    Waiver of Bankruptcy Rule 9006(f).**

8    52.    The Debtors seek a waiver of the additional notice requirements under

9    Bankruptcy Rule 9006(f). Pursuant to Bankruptcy Rule 9006(f), when service is by

10   mail, "three days are added after the prescribed period would otherwise expire under

11   Rule 9006(a)."  In accordance with the Limited Service Order, the court authorized the

12   Debtors to "serve all subsequent notices and documents on the Investors . . . by email .

13   . . ." Accordingly, the majority of the parties in these Chapter 11 Cases receive notice

14   via electronic means and only a limited number of creditors receive notice via First class

15   mail. Because nearly all parties will receive the requisite notice via email of the time

16   fixed (1) for filing objections and the hearing to consider approval of the Disclosure

17   Statement, and (2) for filing objections and the hearing to consider confirmation of the

18   Plan under the Bankruptcy Rules, the Plan Proponents respectfully submit that it is

19   appropriate to waive the requirements of Bankruptcy Rule 9006(f) with respect to the

20   calculations of the deadlines and hearing dates set forth herein. .

21                            **V.    NOTICE**

22   53.    The Debtors will provide notice of this Motion on the day hereof via email

23   or First Class Mail, as applicable, to (i) the U.S. Trustee; (ii) counsel to the Committee;

24   (iii) the Internal Revenue Service; (iv) the Securities and Exchange Commission; (v) the

25   individual investors; and (vi) all other parties on the Master Mailing List.

26

**MOTION FOR AN ORDER APPROVING DISCLOSURE
STATEMENT**                27

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

## VI.  CONCLUSION

WHEREFORE, the Plan Proponents respectfully request that the court enter an order: (i) approving the Disclosure Statement; (ii) approving the solicitation and voting procedures; (iii) approving the proposed notice and objection procedures for confirmation of the Plan; and (iv) granting such other and further relief as the court deems just and proper.

DATED this 19th day of July 2024.

BLACK HELTERLINE LLP

By___*/s/ Oren B. Haker*___
OREN B. HAKER, WSBA No. 48725
BLACK HELTERLINE LLP

*Proposed Co-Counsel to Debtors and Debtors in Possession*

And

By___*/s/ Julian I. Gurule*___
JULIAN I. GURULE (Admitted *Pro Hac Vice*)
O'MELVENY & MYERS LLP

*Co-Counsel to Debtors and Debtors in Possession*

By___*/s/ Armand J. Kornfeld*___
Armand J. Kornfeld (WSBA 17214)

AIMEE S. WILLIG (WSBA 22859)
JASON WAX (WSBA 41944)
BUSH KORNFELD LLP

*Attorney for the Official Committee of Unsecured Creditors*

**MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT**          28

Black Helterline llp
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

And


By_____/s/ John T. Bender_____
          John T. Bender (WSBA 49658)

CORR CRONIN LLP

*Special Counsel for the Official Committee of Unsecured Creditors*

**MOTION FOR AN ORDER APPROVING DISCLOSURE
STATEMENT**          29

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11   Doc 1142   Filed 07/19/24   Entered 07/19/24 18:30:40   Pg 34 of 97

# EXHIBIT A

## PROPOSED FORM OF ORDER

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:

ICAP ENTERPRISES, INC., *et al.*,

Debtors.[1]

Chapter 11

Lead Case No. 23-01243-WLH11
Jointly Administered

**PROPOSED ORDER APPROVING:
(I) PROPOSED DISCLOSURE
STATEMENT; (II) SOLICITATION
AND VOTING PROCEDURES; (III)
NOTICE AND OBJECTION
PROCEDURES FOR
CONFIRMATION OF JOINT PLAN
OF LIQUIDATION; AND (IV)
GRANTING RELATED RELIEF**

---

[1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding 1, LLC (23-01256-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01253-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11); Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); iCap Holding 6 LLC (23-01274-11); Colpitts Sunset, LLC (23-01432-11); CS2 Real Estate Development LLC (23-01434-11); and iCap International Investments, LLC (23-01464-11).

**PROPOSED ORDER APPROVING DISCLOSURE STATEMENT
AND SOLICITATION PROCEDURES**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

This matter came before the court on the *Motion for an Order Approving: (I) Proposed Disclosure Statement; (II) Solicitation and Voting Procedures; (III) Notice and Objection Procedures for Confirmation of Joint Plan of Liquidation; and (IV) Granting Related Relief* (the "Motion") filed by iCap Enterprises, Inc., and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 bankruptcy cases (the "Chapter 11 Cases"). On July 16, 2024, the Debtors filed the *Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [Docket No. 1089] (the "Plan") and related disclosure statement [Docket No. 1088] (the "Disclosure Statement").

The court, having reviewed the Motion, the Disclosure Statement, the Plan, the *Declaration of Lance Miller in Support of First Day Motions* [Docket No. 23], the accompanying Memorandum of Points and Authorities, the record in these Chapter 11 Cases and all other matters of which this court may take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence; the court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; all objections to the Motion having been withdrawn, continued, overruled, settled by stipulation approved by the court, or otherwise settled as reflected on the record at the hearing on the Motion; and after due deliberation and sufficient good cause appearing therefor:

**THE COURT HEREBY FINDS AND CONCLUDES THAT[2]:**

A.     Jurisdiction and Venue. This court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, made applicable to this proceeding pursuant to Rule 9014. To the extent that any of the following findings of

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

pursuant to 28 U.S.C. § 157(b) (2) (A), (B), (L), and (O). Venue of these cases is proper in this District and in this Court, pursuant to 28 U.S.C. §§ 1408 and 1409.

B. <u>Notice.</u> As evidenced by the declarations of service previously filed with the court, the Debtors have provided proper, timely, adequate and sufficient notice with respect to the Motion and the relief sought therein, including, but not limited to, (i) approving the Disclosure Statement as containing "adequate information," as that term is defined in § 1125(a)(1); (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, including (a) approving the form and manner of the solicitation packages, (b) approving the form and manner of notice of the hearing to confirm the Plan, (c) establishing a voting record date and approving procedures for distributing the solicitation packages, (d) approving the forms of ballots, (e) establishing the deadline for the receipt of ballots, and (f) approving procedures for tabulating acceptances and rejections of the Plan; (iii) establishing procedures with respect to, and the deadline for filing objections to, the confirmation of the Plan; and (iv) granting related relief.

C. <u>Adequate Information.</u> The Disclosure Statement contains "adequate information" within the meaning of § 1125.

D. <u>Objections.</u> All objections, responses to, and statements and comments, including, but not limited to, the Objections, in opposition to the Motion or approval of the Disclosure Statement, other than those withdrawn with prejudice or resolved in their entirety, shall be, and hereby are, overruled in their entirety and, notwithstanding the foregoing, no objection shall be considered an objection to confirmation of the Plan unless such objection is interposed in accordance with the procedures for objecting to confirmation of the Plan set forth herein.

---

fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

**PROPOSED ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**

3

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

E.     Approval of Forms of Notice. The notices substantially in the form attached hereto as Exhibit A (the "Confirmation Hearing Notice") and Exhibit B (the "Notice of Non-Voting Status"), and the procedures set forth below for providing such notice to all creditors and interest holders of the time, date, and place of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") are adequate and sufficient.

F.     Approval of Forms of Ballot. The forms of Ballot attached hereto as Exhibits C and D are sufficiently consistent with Official Form No. B314 and adequately address the particular needs of these Chapter 11 Cases and are appropriate for each of the respective classes of claims that is entitled to vote to accept or reject the Plan.

G.     The Solicitation Package and Procedures. The content and proposed distribution of the Solicitation Packages complies with the Rule 3017(d). The contents of the Solicitation Packages comply with Rules 2002 and 3017, and service of such materials as set forth herein constitutes sufficient notice to all interested parties. Ballots need not be provided to holders of the Administrative Claims, Professional Claims, Priority Tax Claims, claims in Class 1 (Priority Claims), claims in Class 2 (Secured Claims), claims in Class 5 (Subordinated Claims), or claims in Class 6 (Equity Interests) (each as defined in the Plan, and, collectively, the "Unclassified/Unimpaired Claimholders"), because such holders are either unclassified pursuant to § 1123(a)(1), deemed to accept the Plan pursuant to § 1126(f), deemed to have rejected the Plan pursuant to § 1123(g), or the Debtors have decided not to solicit their votes.

H.     The Solicitation Procedures. The procedures for solicitation of acceptances of the Plan (the "Solicitation Procedures") and tabulation of votes to accept or reject the plan (as more fully set forth in the Motion and below) provide for a fair and equitable voting process and are consistent with § 1126. The period, set forth below, during which

**PROPOSED ORDER APPROVING DISCLOSURE STATEMENT
AND SOLICITATION PROCEDURES**
4

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

the Debtors may solicit acceptances to the Plan is a reasonable and adequate period of time under the circumstances for creditors to make an informed decision to accept or reject the Plan.

**IT IS HEREBY ORDERED, AND NOTICE IS HEREBY GIVEN, THAT:**

1. The Motion is GRANTED and all remaining objections to the Motion or approval of the Disclosure Statement, if any, are OVERRULED on their merits and DENIED.

2. The Disclosure Statement is APPROVED.

3. The record date for purposes of determining the claimholders that are entitled to vote (subject to the voting procedures set forth below) on the Plan or, in the case of non-voting classes, for purposes of determining the claimholders to receive certain Plan-related materials approved by this Order shall be the date of entry of this Order (the "Voting Record Date").

4. BMC Group will serve as the Debtors' Solicitation Agent (the "Solicitation Agent") and provide access to Solicitation Packages, among other things. Solicitation Packages (except for Ballots) shall be available (i) for download at https://cases.creditorinfo.com/iCap, (ii) by sending a written request via standard overnight or hand delivery to: BMC Group, Attention: iCap Ballot Processing, 3732 W. 120th St., Hawthorne, CA 90250, and (iii) by e-mail request to: iCap@bmcgroup.com. Additionally, copies of the Motion, Disclosure Statement, and Plan are on file with the Office of the Clerk of the Bankruptcy Court for review.

5. The Confirmation Hearing Notice attached to the Motion as Exhibit E and Notice of Non-Voting Status attached to the Motion as Exhibit D are APPROVED.

6. The Debtors are authorized and empowered to commence distribution of the Confirmation Hearing Notice and Solicitation Package to the Voting Classes within three business days following the date of entry of this Order (the "Solicitation

**PROPOSED ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**
5

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

Commencement Date") and shall serve the same via First Class Mail and email, as applicable.

7.      To the extent the Debtors are required to distribute copies of the Plan and/or Disclosure Statement, the Debtors, through their Solicitation Agent, may distribute either paper copies or electronic copies in "pdf" format via email, on CD-ROM or USB Flash Drive, at their sole discretion; *provided* that the Debtors shall make paper copies available in the manner specified in paragraph 4, above.

8.      By the Solicitation Commencement Date, the Debtors shall commence or cause to be distributed by First Class Mail or electronic mail, this order, the Confirmation Hearing Notice, the Disclosure Statement (together with the Plan and other exhibits attached thereto), and such other materials as the court may direct (excluding a Ballot) to, among other parties (to the extent such parties did not otherwise receive the Solicitation Package):

(a)      the U.S. Trustee;

(b)      the Internal Revenue Service and any state and local taxing authorities in which the Debtors did business;

(c)      the Securities and Exchange Commission;

(d)      the Washington Attorney General; and

(e)      all persons and entities that have filed a request for service of filings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

9.      The Ballots, substantially in the form attached to the Motion as Exhibits B and C are APPROVED.

10.      Solicitation Packages, which shall include individual Ballots, shall be distributed to the Voting Classes, which classes are designated under the Plan as entitled to vote to accept or reject the Plan.

**PROPOSED ORDER APPROVING DISCLOSURE STATEMENT
AND SOLICITATION PROCEDURES**
6

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11      Doc 1142      Filed 07/19/24      Entered 07/19/24 18:30:40      Pg 41 of 97

11.     Only a Notice of Non-Voting Status shall be distributed to the holders of unclassified claims and the holders of claims or equity interests in Class 1 (Priority Claims), Class 2 (Secured Claims), Class 5 (Subordinated Claims), and Class 6 (Equity Interests) (collectively, the "Non-Voting Classes"). The Debtors are not required to distribute copies of the Plan, Disclosure Statement, or this Order to any Non-Voting Classes, unless such holder makes a specific request in writing for the same.

12.     The Debtors are excused from distributing Solicitation Packages to those addresses from which one or more prior notices served in these Chapter 11 Cases were returned as undeliverable or from which mailings made pursuant to this order are returned as undeliverable unless the Debtors are provided with updated addresses for such entities before the Solicitation Commencement Date. The Debtors are excused from any obligation to re-deliver Solicitation Packages to entities with addresses that are deemed undeliverable and are not provided with a forwarding or more updated address.

13.     All Ballots must be properly executed, completed, and delivered to the Solicitation Agent so as to be received by the Solicitation Agent no later than 4:00 p.m. (Pacific Time) on the date that is 21 days after the Solicitation Commencement Deadline (the "Voting Deadline") as set forth below. Except as provided below, Ballots must be submitted via the Solicitation Agents e-balloting portal or to the Solicitation Agent at the following address in accordance with the voting procedures set forth below:

**By Regular Mail:**
BMC Group
Attention: iCap Ballot Processing
P.O. Box 90100
Los Angeles, CA 90009

**PROPOSED ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

7

**Overnight Courier, or Hand Delivery, to:**
BMC Group
Attention: iCap Ballot Processing
3732 W. 120th St.
Hawthorne, CA 90250

14. In addition, the Debtors are authorized to accept Ballots via electronic, online transmissions solely through a customized online balloting platform on the Debtors' case website. Ballots are not required to be filed with the Bankruptcy Court. The Debtors are not required to file a List of Classifying Claims pursuant to Local Bankruptcy Rule 3018 (c)(4).

15. **BALLOTS TRANSMITTED TO THE DEBTORS BY FACSIMILE, ELECTRONIC MAIL, OR OTHER MEANS NOT SPECIFICALLY APPROVED BY THIS ORDER MAY BE ACCEPTED BY THE DEBTORS, AFTER CONSULTATION WITH THE COMMITTEES, ON A CASE-BY-CASE BASIS.**

16. For purposes of voting on the Plan, with respect to all creditors of the Debtors, the Plan Proponents propose that the amount and/or eligibility of a claim used to tabulate acceptance or rejection of the Plan should be, as applicable:

a) The amount of the claim listed in the Debtors' schedules of assets and liabilities (the "Schedules") shall be the amount of the claim for voting purposes; provided that (i) such claim is not scheduled as contingent, unliquidated, undetermined, disputed, and/or in a zero dollar amount, and (ii) no proof of claim has been timely filed (or otherwise deemed timely filed by the Bankruptcy Court under applicable law) with respect to such claim.

b) The noncontingent and liquidated amount specified in a proof of claim timely filed with the Bankruptcy Court (or otherwise deemed timely filed by the Bankruptcy Court under applicable law) shall be the amount of the claim for voting purposes to the extent the proof of claim is not the subject

**PROPOSED ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**
8

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

23-01243-WLH11    Doc 1142    Filed 07/19/24    Entered 07/19/24 18:30:40    Pg 43 of 97

of an objection filed by [_____], 2024 (the "<u>Voting Objection Deadline</u>") (or, if such claim has been resolved for allowance and/or voting purposes pursuant to a stipulation or order entered by the Bankruptcy Court, or otherwise resolved by the Bankruptcy Court, the amount set forth in such stipulation or order).

c) If a proof of claim has been timely filed prior to the applicable bar date and such claim is asserted in the amount of $0.00, such claim shall not be entitled to vote.

d) Notwithstanding anything to the contrary in these tabulation rules, the holder of any claim that has been indefeasibly paid, in full or in part, shall only be permitted to vote the unpaid amount of such claim, if any, to accept or reject the Plan.

e) The amount temporarily allowed or estimated by the Bankruptcy Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), subject to notice consistent with the procedures set forth herein, the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules shall be the amount of the claim for voting purposes.

f) If a claim for which a proof of claim has been timely filed for unknown or undetermined amounts (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Debtors) and such claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.

g) If a claim is listed on a timely filed proof of claim as either wholly or partially contingent or unliquidated, such claim is temporarily allowed in the amount that is the greater of (i) the liquidated and non-contingent amount and (ii) $1.00, for voting purposes only, and not for purposes of allowance or distribution.

h) If a claim is deemed allowed under the Plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan.

i) If a claim is not listed in the Schedules or is listed in the Schedules as contingent, unliquidated, or disputed (or in a zero amount) and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of

**PROPOSED ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**

9

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

claim established by the Bankruptcy Court or (ii) deemed timely filed by an order of the Bankruptcy Court prior to the Voting Deadline, such claim shall be disallowed for voting purposes.

j) If a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim. Except as otherwise ordered by the Bankruptcy Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

17. The temporary allowance of claims for voting purposes does not constitute an allowance of claims for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors, the Committees, or any other party-in-interest in any other context, including, without limitation, to contest the amount, classification or validity of any claim for purposes of allowance under the Plan.

18. Additionally, the Plan Proponents seek authorization from the court to object to any claim (as defined in § 101(5)) solely for Plan voting purposes by filing a determination motion (the "Determination Motion") no later than the Voting Objection Deadline. If an objection to a claim (made by way of a Determination Motion or otherwise) filed on or before the Voting Objection Deadline requests that such claim be reduced or reclassified, such claimant's Ballot shall be counted in such reduced amount or as falling into the reclassified category. Further, if a creditor casts a Ballot and has timely filed a proof of claim (or has otherwise had a proof of claim deemed timely filed by the court under applicable law), but the creditor's claim is the subject of an objection (made by way of a Determination Motion or otherwise) filed no later than the Voting Objection Deadline, the Plan Proponents request, in accordance with Bankruptcy Rule 3018, that the creditor's Ballot not be counted to the extent it is challenged by the

**PROPOSED ORDER APPROVING DISCLOSURE STATEMENT**
**AND SOLICITATION PROCEDURES**
10

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

objection, unless such claim is temporarily allowed by the court for voting purposes pursuant to Bankruptcy Rule 3018(a) after the creditor files a motion for such temporary allowance (a "Claims Estimation Motion").[3]

19.     If a creditor seeks to have its claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Rule 3018(a) (including in response to a Determination Motion filed by the Debtors or any other party granted standing), such creditor shall file a Claims Estimation Motion for such temporary allowance by the later of (i) the Voting Objection Deadline or (ii) if such claim is the subject of an objection or a Determination Motion, seven (7) days after the filing of the applicable objection or Determination Motion.

20.     In the event that a Determination Motion or Claims Estimation Motion is filed, the non-moving party shall file a reply to such motion by the later of (i) the Voting Objection Deadline, or (ii) seven days after the filing of the applicable motion (the "Voting Objection Reply Deadline"). Subject to the court's availability, a hearing will be scheduled on such motion within seven (7) days of the Voting Objection Reply Deadline but in no event later than the Confirmation Hearing (as defined below). The ruling by the Court on any Determination Motion or Claims Estimation Motion shall be considered a ruling with respect to the allowance of the claim(s) under Rule 3018 and such claim(s) shall be counted, for voting purposes only, in the amount determined by the court.

21.     In the event a claimant reaches an agreement with the Debtors, in consultation with the Committee, as to the treatment of its claim for voting purposes, the claim may be treated in such manner without further order of the court.

---

[3] This proposed procedure is consistent with § 1126, which provides that a plan may be accepted or rejected by the holder of a claim allowed under § 502. In turn, § 502(a) provides that a filed proof of claim is deemed allowed "unless a party in interest . . . objects." 11 U.S.C. § 502(a).

**PROPOSED ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**
11

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11     Doc 1142     Filed 07/19/24     Entered 07/19/24 18:30:40     Pg 46 of 97

22.     The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

a) For purposes of the numerosity requirement of section 1126(c) and based on the reasonable efforts of the Debtors, separate claims held by a single creditor in a particular class will be aggregated as if such creditor held one claim against the Debtors in such class, and the votes related to such claims will be treated as a single vote to accept or reject the Plan.

b) Any creditor who holds duplicate claims within the same class (against one Debtor or across multiple Debtors) shall be provided with only one Solicitation Package and one Ballot for voting a single claim in such class, regardless of whether the Debtors have objected to such duplicate claims.

c) Creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, a Ballot (or multiple Ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will not be counted.

d) Ballots that fail to indicate an acceptance or rejection of the Plan but which are otherwise properly executed and received prior to the Voting Deadline, will be deemed as a vote to accept the Plan.

e) Ballots that indicate both acceptance and rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will not be counted.

f) Only Ballots that are timely received by the Voting Deadline with signatures will be counted. Unsigned Ballots will not be counted.

g) Ballots sent by mail or overnight delivery that are postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted.

h) Ballots that are illegible, or contain insufficient information to permit the identification of the creditor, will not be counted.

i) Ballots transmitted to the Debtors by facsimile, electronic mail, or other means not specifically approved by the court may be accepted by the Debtors with the consent of the Committee on a case-by-case basis.

**PROPOSED ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**
12

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

j) Whenever a creditor casts more than one Ballot voting the same claim prior to the Voting Deadline, the last valid Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior received Ballots.

k) If a creditor simultaneously casts inconsistent duplicate Ballots with respect to the same claim, such Ballots shall not be counted.

l) Each creditor shall be deemed to have voted the full amount of its claim in a class. Unless otherwise ordered by the court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots shall be determined by the Debtors, which determination shall be final and binding.

m) Any Ballot containing a vote that the court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code shall not be counted.

n) Any Ballot cast by a person or entity that does not hold a claim in a Voting Class shall not be counted.

o) Any class that does not contain any claim eligible to vote to accept or reject the Plan (by reason of temporary allowance by the court or otherwise) as of the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such class pursuant to section 1129(a)(8).

p) If a class contains claims eligible to vote and no holders of claims eligible to vote in such class vote to accept or reject the Plan, the Plan shall be deemed accepted by the holders of such claims in such class.

q) Notwithstanding anything contained herein to the contrary, the Debtors may contact parties that submitted Ballots to cure any defects in the Ballots.

r) Unless waived, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors or the court determines. Neither the Debtors nor any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor shall the Debtors or any other person or entity incur any liabilities for failure to provide such notification. Unless otherwise directed by the court, delivery of such Ballots shall not

**PROPOSED ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**
13

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11   Doc 1142   Filed 07/19/24   Entered 07/19/24 18:30:40   Pg 48 of 97

be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) shall not be counted.

s) The Debtors, subject to contrary order of the court, may waive any defect in any Ballot at any time, either before or after the Voting Deadline and without notice, and any such waivers shall be documented in the voting results filed with the court.

t) Except as provided below, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors may reject such Ballot as invalid, and therefore, decline to utilize it in connection with confirmation of the Plan by the court; *provided*, *however*, that such invalid Ballots shall be documented in the voting results filed with the court.

u) Subject to contrary order of the court, the Debtors reserve the absolute right to reject any and all Ballots not proper in form, the acceptance of which would, in the opinion of the Debtors, not be in accordance with the provisions of the Bankruptcy Code; *provided*, *however*, that such invalid Ballots shall be documented in the voting results filed with the court.

23. The court shall hold a hearing on confirmation of the Plan (the "Confirmation Hearing") on _____, 2024 at _____ (Pacific Time). The Debtors shall serve the Confirmation Hearing Notice as set forth herein.

24. Pursuant to Rule 3020(b)(1), objections to the confirmation of the Plan or proposed modifications to the Plan (a "Confirmation Objection"), if any, must:

a) be in writing;

b) comply with the Rules and the Local Rules;

c) set forth the name of the objector and the nature and amount of any Claim asserted by the objector against or in the Debtors;

d) state with particularity the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan that would resolve such objection; and

**PROPOSED ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**
14

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

e) be filed with the court, together with proof of service, and served so that they are actually received by the Notice Parties (as defined below) no later than [_____], 2024 at 4:00 p.m. (Pacific Time) which deadline may be extended by the Debtors (the "<u>Confirmation Objection Deadline</u>").

25.    Any Confirmation Objection must be served on the following parties (collectively, the "<u>Notice Parties</u>"):

(a)    Counsel to the Debtors: (i) O'Melveny & Myers LLP, 400 South Hope Street, Suite 1900, Los Angeles, CA 90071, Attn: Julian I. Gurule (jgurule@omm.com); (ii) O'Melveny & Myers LLP, 1301 Avenue of the Americas, Suite 1700, New York, NY 10019, Attn: Diana M. Perez (dperez@omm.com); and (iii) Black Helterline LLP, 805 SW Broadway, Suite 1900, Portland, OR 97205, Attn: Oren B. Haker (oren.haker@bhlaw.com);

(b)    The Office of the United States Trustee for the Eastern District of Washington, 920 W. Riverside Ave., Suite 593, Spokane, WA 99201, Attn: Gary W. Dyer (gary.w.dyer@usdoj.gov);

(c)    Counsel to the Official Committee of Unsecured Creditors of iCap Enterprises, Inc., Bush Kornfeld LLP, 601 Union Street, Suite 5000, Seattle, WA 98101, Attn: Armand J. Kornfeld (jkornfeld@bskd.com), Aimee S. Willig (awillig@bskd.com), and Jason E. Wax (jwax@bskd.com);

(d)    Special Counsel to the Official Committee of Unsecured Creditors of iCap Enterprises, Inc., Corr Cronin LLP, 1015 Second Avenue, 10th Floor, Seattle, WA 98104-1001, Attn: John T. Bender (jbender@corrcronin.com); and

(e)    any party that has requested notice pursuant to Bankruptcy Rule 2002.

26.    Confirmation Objections that are not timely filed and served in the manner set forth above shall not be considered by the court and shall be overruled.

27.    No later than seven days prior to the Confirmation Hearing, the Debtors shall file with the court (a) a tabulation report for Plan voting, (b) a memorandum of

**PROPOSED ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**
15

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

23-01243-WLH11    Doc 1142    Filed 07/19/24    Entered 07/19/24 18:30:40    Pg 50 of 97

law in support of confirmation of the Plan addressing the requirements of § 1129, and any evidence in support thereof, (c) any responses to objections to confirmation of the Plan, and (d) a proposed form of confirmation order.

28. The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this order without seeking further order of the court, including, but not limited to, the making of any payments reasonably necessary to perform the actions and distributions contemplated herein.

29. The Debtors, after consultation with the Committee, are authorized to make non-substantive changes or modifications to the Disclosure Statement, Plan, Ballots, Confirmation Hearing Notice, Notice of Non-Voting Status, and related documents without further order of the court, including, but not limited to, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package prior to their distribution.

30. The court shall retain jurisdiction with respect to all matters related to this order.

///End of Order///

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

PRESENTED BY:

By:    /s/

OREN B. HAKER (WSBA No. 48725)
BLACK HELTERLINE LLP

*Proposed Co-Counsel to Debtors and Debtors in Possession*

By:    /s/

JULIAN I. GURULE (Admitted *Pro Hac Vice*)
O'MELVENY & MYERS, LLP

*Co-Counsel to Debtors and Debtors in Possession*

**PROPOSED ORDER APPROVING DISCLOSURE STATEMENT**
**AND SOLICITATION PROCEDURES**
17

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1142    Filed 07/19/24    Entered 07/19/24 18:30:40    Pg 52 of 97

# EXHIBIT B

# CLASS 3 BALLOT

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:

ICAP ENTERPRISES, INC., *et al*.,

Debtors. [1]

Chapter 11

Lead Case No. 23-01243-WLH11
Jointly Administered

# BALLOT FOR VOTING TO ACCEPT OR REJECT
# JOINT CHAPTER 11 PLAN OF LIQUIDATION

## BALLOT FOR CLASS 3: INVESTOR CLAIMS

**TO BE COUNTED, YOUR VOTE MUST BE <u>ACTUALLY RECEIVED</u> BY BMC GROUP, INC. BY [_____] AT [_____] (PREVAILING PACIFIC TIME)**

This ballot (the "<u>Ballot</u>") is submitted to you to solicit your vote to accept or reject the *Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1089] (as may be amended, modified, or supplemented from time to time, the "<u>Plan</u>"),[2] which is proposed by iCap Enterprises, Inc. and its affiliated debtors and debtors-in-possession (the "<u>Debtors</u>") in the above-captioned chapter 11 bankruptcy cases (the "<u>Chapter 11 Cases</u>") and the Official Committee of Unsecured Creditors (the "<u>Committee</u>" and together with the Debtors, the "<u>Plan Proponents</u>") and which is described in the related *Disclosure Statement for the Joint Chapter 11 Plan of*

---

[1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding 1, LLC (23-01256-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01253-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11); Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); and iCap Holding 6 LLC (23-01274-11).

[2] Capitalized terms used in this Ballot that are not otherwise defined have the meanings given to them in the Plan.

**BALLOT FOR CLASS 3: INVESTOR CLAIMS**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

*Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1088] (the "<u>Disclosure Statement</u>").

On [_____], 2024, the court entered an order that, among other things, approved the Disclosure Statement as containing "adequate information," and authorized the Debtors to begin soliciting votes in respect of the Plan in accordance with the procedures set forth therein [ECF No. _____] (the "<u>Disclosure Statement Order</u>").

The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot. Court approval of the Disclosure Statement does not indicate court approval of the Plan. Copies of the Disclosure Statement and Plan are available (i) upon request by emailing or calling the Debtors' voting agent, BMC Group, Inc. (the "<u>Voting Agent</u>") at iCap@bmcgroup.com or at (888) 909-0100, (ii) for a fee, on the United States Bankruptcy Court PACER website http://www.waeb.uscourts.gov, or (iii) free of charge on the Debtors' case website at https://cases.creditorinfo.com/iCap.

**You should review the Disclosure Statement and the Plan before you vote. Your Claim has been placed in Class 3 (Investor Claims) under the Plan. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim(s) under the Plan.**

The Plan may be made binding on you whether or not you vote if the Plan (a) is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan; (b) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code; and (c) the court enters an order confirming the Plan. Even if the requisite acceptances are not obtained, however, the court may still confirm the Plan if the court

**BALLOT FOR CLASS 3: INVESTOR CLAIMS**

2

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. **If the Plan is confirmed by the court, it will be binding on you whether or not you vote and regardless of how you vote.**

This Ballot is solely for purposes of voting to accept or reject the Plan and electing to contribute your Contributed Claims to the iCap Trust. This Ballot is not for the purpose of allowance or disallowance of, or distribution on account of, Claims in Class 3.

There are two ways by which you may submit your Ballot: (i) you may submit your Ballot via the online e-balloting portal (the "E-Balloting Portal") provided by the Voting Agent as directed below, or (ii) you may return your Ballot to the Voting Agent via First Class Mail, overnight courier, or hand delivery by following the instructions set forth below.

### If Submitting Your Vote Through the E-Balloting Portal:

The Voting Agent will accept Ballots if properly completed through the E-Balloting Portal.

You can submit your Ballot electronically via the Voting Agent's E-Balloting Portal at https://cases.creditorinfo.com/icap by clicking the "Submit E-Ballot" section on the Debtors' case website and following the instructions to submit your Ballot.

Your User Name: _____

Your Password: _____

### If by Regular Mail:

BMC Group
Attention: iCap Ballot Processing

**BALLOT FOR CLASS 3: INVESTOR CLAIMS**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

P.O. Box 90100
Los Angeles, CA 90009

**If by Overnight Courier, or Hand Delivery, to:**

BMC Group
Attention: iCap Ballot Processing
3732 W. 120th St.
Hawthorne, CA 90250

If your Ballot is damaged or illegible, or if you have any questions concerning voting procedures, you should contact the Voting Agent by emailing iCap@bmcgroup.com or calling the Voting Agent at (888) 909-0100. Please be advised that the Voting Agent cannot provide legal advice.

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is actually received by the Voting Agent by no later than the Voting Deadline of [_____] (Pacific Time) on [_____], 2024 (the "Voting Deadline"). **If your Ballot is not actually received by the Voting Agent on or before the Voting Deadline, and such deadline is not extended by the Debtors or order of the court, your vote will not count as either an acceptance or a rejection of the Plan.**

The Voting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

## ACCEPTANCE OR REJECTION OF THE PLAN

**YOUR VOTE ON THIS BALLOT FOR CLASS 3 (INVESTOR CLAIMS) SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM YOU HAVE A CLASS 3 CLAIM.**

**BALLOT FOR CLASS 3: INVESTOR CLAIMS**

**4**

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

**Item 1. Amount of Claim.** For purposes of voting to accept or reject the Plan, the undersigned certifies that the undersigned holds an Investor Claim in Class 3 in the amount set forth below.

      **Amount of Claim: $**_____

**Item 2. Vote on Plan.** The undersigned, the Holder of a Class 3 Investor Claim, hereby votes, in the amount set forth above, as follows (check one box only):

      ☐ **ACCEPT (votes FOR) the Plan**

      ☐ **REJECTS (votes AGAINST) the Plan.**

**Item 3. Contributed Claim Election.** You may own Contributed Claims, which are defined in the Plan as "all Causes of Action that a Creditor has against any Person that is not a Released Party and that are related in any way to the Debtors, their predecessors, their respective affiliates, or any Excluded Parties, excluding any Individual Investor-Specific Claims." **If you select the box below, you agree, subject to the occurrence of the Effective Date, to contribute your Contributed Claims, if any, to the iCap Trust**. **If you select the box below and elect to contribute your Contributed Claim, you will no longer be permitted to pursue your Contributed Claims on your own behalf (including if you are a member of any class action lawsuit), and any recovery received on account of such Contributed Claims will be iCap Trust Assets to be distributed to all iCap Trust Beneficiaries in accordance with the Plan.**

If you elect to contribute your Contributed Claims to the iCap Trust, your relative share of iCap Trust recoveries will be enhanced by having the amount that otherwise would be your Allowed Investor Class A Claim and/or Allowed Investor Class B Claim each increased by the Contributing Claimants' Enhancement Multiplier (*i.e.*, 10%). Aggregating all Contributed Claims and similar iCap Trust Actions may enable the pursuit and settlement of such litigation claims in a more efficient and effective manner.

Bʟᴀᴄᴋ Hᴇʟᴛᴇʀʟɪɴᴇ LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Tᴇʟᴇᴘʜᴏɴᴇ: 503 224-5560

If you elect to not contribute your Contributed Claims to the iCap Trust, you will remain able to pursue such claims (at your own cost and expense) in an appropriate forum; your success or failure on any such claims that you retain may affect your rights against other parties. If you decide to not contribute your Contributed Claims, your Claim will not receive the benefit of the Contributing Claimants' Enhancement Multiplier (*i.e.*, 10%). The Debtors encourage anyone not contributing their Contributed Claims to consult with their own counsel about any such claims and related matters.

☐ **The undersigned Claimant elects to (OPTS IN) contribute its Contributed Claims to the iCap Trust.**

**Item 4. Acknowledgements.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but is not timely submitted, does not indicate either acceptance or rejection of the Plan, or indicates both an acceptance and rejection of the Plan, this Ballot will not be counted as having been cast.

**Name of Holder:**_____

**Signature:** _____

**Name of Signatory:** _____

**Title of Signatory:** _____

**Address:** _____

**Email Address:** _____

**Date Completed:** _____

**BALLOT FOR CLASS 3: INVESTOR CLAIMS**

6

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

**VOTING INFORMATION AND INSTRUCTIONS**
**FOR COMPLETING THE BALLOT**

1.     In the boxes provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and submit your Ballot. Ballots must be received by the Voting Agent by the Voting Deadline. If a Ballot is received after the Voting Deadline, it will not be counted.

2.     Please indicate the amount of your Class 3 Investor Claim in Item 2 above. Each Claim entitled to vote on the Plan will be deemed temporarily allowed for voting purposes in an amount equal to the full stated amount claimed by the Holder of such Claim in any proof of Claim filed prior to the Voting Record Date to the extent that the proof of Claim specifies a fixed or liquidated non-contingent amount, or if no proof of claim has been filed, as set forth in the Debtors' Schedules if it is not contingent, unliquidated, or disputed.

3.     Please indicate whether you elect to contribute your Contributed Claim to the iCap Trust in Item 3 above. If you select the box in Item 3 above, your Contributed Claim will be contributed to the iCap Trust and you will no longer be permitted to pursue your Contributed Claims on your own behalf (including if you are a member of any class action lawsuit).

4.     Please sign and date your ballot as required in Item 4 above. Your signature is required before your ballot may be counted.

5.     The following voting and standard assumptions shall be used in tabulating Ballots, including yours:

(a)     For purposes of the numerosity requirement of section 1126(c) and based on the reasonable efforts of the Debtors, separate claims held by a single creditor in a particular class will be aggregated as if such creditor held one claim against the Debtors in such class, and the

**BALLOT FOR CLASS 3: INVESTOR CLAIMS**

7

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

votes related to such claims will be treated as a single vote to accept or reject the Plan.

(b)    Any creditor who holds duplicate claims within the same class (against one Debtor or across multiple Debtors) shall be provided with only one Solicitation Package and one Ballot for voting a single claim in such class, regardless of whether the Debtors have objected to such duplicate claims.

(c)    Creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, a Ballot (or multiple Ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will not be counted.

(d)    Ballots that fail to indicate an acceptance or rejection of the Plan but which are otherwise properly executed and received prior to the Voting Deadline, will be deemed as a vote to accept the Plan.

(e)    Ballots that indicate both acceptance and rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will not be counted.

(f)    Only Ballots that are timely received by the Voting Deadline with signatures will be counted. Unsigned Ballots will not be counted.

(g)    Ballots sent by mail or overnight delivery that are postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted.

(h)    Ballots that are illegible, or contain insufficient information to permit the identification of the creditor, will not be counted.

(i)    Ballots transmitted to the Debtors by facsimile, electronic mail, or other means not specifically approved by the court may be accepted by the Debtors with the consent of the Committee on a case-by-case basis.

(j)    Whenever a creditor casts more than one Ballot voting the same claim prior to the Voting Deadline, the last valid Ballot received

**BALLOT FOR CLASS 3: INVESTOR CLAIMS**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

8

23-01243-WLH11    Doc 1142    Filed 07/19/24    Entered 07/19/24 18:30:40    Pg 61 of 97

prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior received Ballots.

(k) If a creditor simultaneously casts inconsistent duplicate Ballots with respect to the same claim, such Ballots shall not be counted.

(l) Each creditor shall be deemed to have voted the full amount of its claim in a class. Unless otherwise ordered by the court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots shall be determined by the Debtors, which determination shall be final and binding.

(m) Any Ballot containing a vote that the court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code shall not be counted.

(n) Any Ballot cast by a person or entity that does not hold a claim in a Voting Class shall not be counted.

(o) Any class that does not contain any claim eligible to vote to accept or reject the Plan (by reason of temporary allowance by the court or otherwise) as of the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such class pursuant to section 1129(a)(8).

(p) If a class contains claims eligible to vote and no holders of claims eligible to vote in such class vote to accept or reject the Plan, the Plan shall be deemed accepted by the holders of such claims in such class.

(q) Notwithstanding anything contained herein to the contrary, the Debtors may contact parties that submitted Ballots to cure any defects in the Ballots.

(r) Unless waived, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors or the court determines. Neither the Debtors nor any other person or

**BALLOT FOR CLASS 3: INVESTOR CLAIMS**

9

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

entity shall be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor shall the Debtors or any other person or entity incur any liabilities for failure to provide such notification. Unless otherwise directed by the court, delivery of such Ballots shall not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) shall not be counted.

(s)   The Debtors, subject to contrary order of the court, may waive any defect in any Ballot at any time, either before or after the Voting Deadline and without notice, and any such waivers shall be documented in the voting results filed with the court.

(t)   Except as provided below, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors may reject such Ballot as invalid, and therefore, decline to utilize it in connection with confirmation of the Plan by the court; *provided*, *however*, that such invalid Ballots shall be documented in the voting results filed with the court.

(u)   Subject to contrary order of the court, the Debtors reserve the absolute right to reject any and all Ballots not proper in form, the acceptance of which would, in the opinion of the Debtors, not be in accordance with the provisions of the Bankruptcy Code; *provided*, *however*, that such invalid Ballots shall be documented in the voting results filed with the court.

(v)   The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and elect to contribute your Contributed Claims to the iCap Trust.

(w)   The Ballot does not constitute, and shall not be deemed to be, a proof of Claim or an assertion or admission of a Claim or Equity Interest.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL MAKE YOU OR ANY OTHER PERSON AN AGENT OF THE DEBTORS OR THE VOTING AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT, GIVE ANY**

BALLOT FOR CLASS 3: INVESTOR CLAIMS

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

10

INFORMATION OR ADVICE, OR TO MAKE ANY STATEMENTS ON BEHALF OF THE DEBTORS OR THE VOTING AGENT WITH RESPECT TO THE DISCLOSURE STATEMENT AND PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE DOCUMENTS ENCLOSED HEREWITH. THIS BALLOT SHALL NOT CONSTITUTE OR BE DEEMED TO CONSTITUTE (A) A PROOF OF CLAIM OR (B) AN ADMISSION BY THE DEBTORS OF THE NATURE, VALIDITY, PRIORITY, OR AMOUNT OF ANY CLAIM.

PLEASE SUBMIT YOUR BALLOT PROMPTLY. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

DATED this __th day of _____ 2024.

BLACK HELTERLINE LLP

By_____
OREN B. HAKER, WSBA No. 48725
BLACK HELTERLINE LLP

*Proposed Co-Counsel to Debtors and Debtors in Possession*

And

JULIAN I. GURULE (Admitted *Pro Hac Vice*)
O'MELVENY & MYERS LLP

*Co-Counsel to Debtors and Debtors in Possession*

**BALLOT FOR CLASS 3: INVESTOR CLAIMS**

11

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

**EXHIBIT C**

**CLASS 4 BALLOT**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:

ICAP ENTERPRISES, INC., *et al.*,

Debtors. [1]

Chapter 11

Lead Case No. 23-01243-WLH11
Jointly Administered

## BALLOT FOR VOTING TO ACCEPT OR REJECT
## JOINT CHAPTER 11 PLAN OF LIQUIDATION

### BALLOT FOR CLASS 4: GENERAL UNSECURED CLAIMS

**TO BE COUNTED, YOUR VOTE MUST BE <u>ACTUALLY RECEIVED</u> BY BMC GROUP, INC. BY [\_\_\_\_\_] AT [\_\_\_\_\_] (PREVAILING PACIFIC TIME)**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1089] (as may be amended, modified, or supplemented from time to time, the "Plan"),[2] which is proposed by iCap Enterprises, Inc. and its affiliated debtors and debtors-in-possession (the "Debtors") in the above-captioned chapter 11 bankruptcy cases (the "Chapter 11 Cases") and the Official Committee of Unsecured Creditors (the "Committee" and together with the Debtors, the "Plan Proponents") and which is described in the related *Disclosure Statement for the Joint Chapter 11 Plan of*

---

[1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding 1, LLC (23-01256-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01253-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care, LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11); Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); and iCap Holding 6 LLC (23-01274-11).

[2] Capitalized terms used in this Ballot that are not otherwise defined have the meanings given to them in the Plan.

**BALLOT FOR CLASS 4: GENERAL
UNSECURED CLAIM**

- 1 -

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors [ECF No. 1088] (the "Disclosure Statement").

On [_____], 2024, the court entered an order that, among other things, approved the Disclosure Statement as containing "adequate information," and authorized the Debtors to begin soliciting votes in respect of the Plan in accordance with the procedures set forth therein [ECF No. ____] (the "Disclosure Statement Order").

The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot. Court approval of the Disclosure Statement does not indicate court approval of the Plan. Copies of the Disclosure Statement and Plan are available (i) upon request by emailing or calling the Debtors' voting agent, BMC Group, Inc. (the "Voting Agent") at iCap@bmcgroup.com or at (888) 909-0100, (ii) for a fee, on the United States Bankruptcy Court PACER website http://www.waeb.uscourts.gov, or (iii) free of charge on the Debtors' case website at https://cases.creditorinfo.com/iCap.

**You should review the Disclosure Statement and the Plan before you vote. Your Claim has been placed in Class 4 (General Unsecured Claims) under the Plan. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim(s) under the Plan.**

The Plan may be made binding on you whether or not you vote if the Plan (a) is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan; (b) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code; and (c) the court enters an order confirming the Plan. Even if the requisite acceptances are not obtained, however, the court may still confirm the Plan if the court

**BALLOT FOR CLASS 4: GENERAL UNSECURED CLAIM**

2

Black Helterline LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. **If the Plan is confirmed by the court, it will be binding on you whether or not you vote and regardless of how you vote.**

This Ballot is solely for purposes of voting to accept or reject the Plan. This Ballot is not for the purpose of allowance or disallowance of, or distribution on account of, Claims in Class 4.

There are two ways by which you may submit your Ballot: (i) you may submit your Ballot via the online e-balloting portal (the "E-Balloting Portal") provided by the Voting Agent as directed below, or (ii) you may return your Ballot to the Voting Agent via First Class Mail, overnight courier, or hand delivery by following the instructions set forth below.

### If Submitting Your Vote Through the E-Balloting Portal:

The Voting Agent will accept Ballots if properly completed through the E-Balloting Portal.

You can submit your Ballot electronically via the Voting Agent's E-Balloting Portal at https://cases.creditorinfo.com/icap by clicking the "Submit E-Ballot" section on the Debtors' case website and following the instructions to submit your Ballot.

Your User Name: _____

Your Password: _____

### If by Regular Mail:

BMC Group
Attention: iCap Ballot Processing
P.O. Box 90100
Los Angeles, CA 90009

**BALLOT FOR CLASS 4: GENERAL UNSECURED CLAIM**

3

**If by Overnight Courier, or Hand Delivery, to:**

BMC Group
Attention: iCap Ballot Processing
3732 W. 120th St.
Hawthorne, CA 90250

If your Ballot is damaged or illegible, or if you have any questions concerning voting procedures, you should contact the Voting Agent by emailing iCap@bmcgroup.com or calling the Voting Agent at (888) 909-0100. Please be advised that the Voting Agent cannot provide legal advice.

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is actually received by the Voting Agent by no later than the Voting Deadline of [_____] (Pacific Time) on [_____], 2024 (the "Voting Deadline"). **If your Ballot is not actually received by the Voting Agent on or before the Voting Deadline, and such deadline is not extended by the Debtors or order of the court, your vote will not count as either an acceptance or a rejection of the Plan.**

The Voting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

## ACCEPTANCE OR REJECTION OF THE PLAN

**YOUR VOTE ON THIS BALLOT FOR CLASS 4 (GENERAL UNSECURED CLAIMS) SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM YOU HAVE A CLASS 4 CLAIM.**

**Item 1. Amount of Claim.** For purposes of voting to accept or reject the Plan, the undersigned certifies that the undersigned holds a General Unsecured Claim in Class 4 in the amount set forth below.

**Amount of Claim: $_____**

BALLOT FOR CLASS 4: GENERAL
UNSECURED CLAIM

4

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1142    Filed 07/19/24    Entered 07/19/24 18:30:40    Pg 69 of 97

**Item 2. Vote on Plan.** The undersigned, the Holder of a Class 4 General Unsecured Claim, hereby votes, in the amount set forth above, as follows (check one box only):

         ☐ **ACCEPT (votes FOR) the Plan**

         ☐ **REJECTS (votes AGAINST) the Plan.**

**Item 3. Acknowledgements.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but is not timely submitted, does not indicate either acceptance or rejection of the Plan, or indicates both an acceptance and rejection of the Plan, this Ballot will not be counted as having been cast.

| |
|---|
| **Name of Holder:**_____ |
| **Signature:** _____ |
| **Name of Signatory:** _____ |
| **Title of Signatory:** _____ |
| **Address:** _____ |
| **Email Address:** _____ |
| **Date Completed:** _____ |

## VOTING INFORMATION AND INSTRUCTIONS
## FOR COMPLETING THE BALLOT

       1. In the boxes provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and submit your Ballot. Ballots must be received by the Voting Agent by

**BALLOT FOR CLASS 4: GENERAL
UNSECURED CLAIM**

5

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

the Voting Deadline. If a Ballot is received after the Voting Deadline, it will not be counted.

2.    Please indicate the amount of your Class 4 General Unsecured Claim in Item 2 above. Each Claim entitled to vote on the Plan will be deemed temporarily allowed for voting purposes in an amount equal to the full stated amount claimed by the Holder of such Claim in any proof of Claim filed prior to the Voting Record Date to the extent that the proof of Claim specifies a fixed or liquidated non-contingent amount, or if no proof of claim has been filed, as set forth in the Debtors' Schedules if it is not contingent, unliquidated, or disputed.

3.    Please sign and date your ballot as required in Item 3 above. Your signature is required before your ballot may be counted.

4.    The following voting and standard assumptions shall be used in tabulating Ballots, including yours:

(a)    For purposes of the numerosity requirement of section 1126(c) and based on the reasonable efforts of the Debtors, separate claims held by a single creditor in a particular class will be aggregated as if such creditor held one claim against the Debtors in such class, and the votes related to such claims will be treated as a single vote to accept or reject the Plan.

(b)    Any creditor who holds duplicate claims within the same class (against one Debtor or across multiple Debtors) shall be provided with only one Solicitation Package and one Ballot for voting a single claim in such class, regardless of whether the Debtors have objected to such duplicate claims.

(c)    Creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, a Ballot (or multiple Ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will not be counted.

**BALLOT FOR CLASS 4: GENERAL UNSECURED CLAIM**

6

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

(d)    Ballots that fail to indicate an acceptance or rejection of the Plan but which are otherwise properly executed and received prior to the Voting Deadline, will be deemed as a vote to accept the Plan.

(e)    Ballots that indicate both acceptance and rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will not be counted.

(f)    Only Ballots that are timely received by the Voting Deadline with signatures will be counted. Unsigned Ballots will not be counted.

(g)    Ballots sent by mail or overnight delivery that are postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted.

(h)    Ballots that are illegible, or contain insufficient information to permit the identification of the creditor, will not be counted.

(i)    Ballots transmitted to the Debtors by facsimile, electronic mail, or other means not specifically approved by the court may be accepted by the Debtors with the consent of the Committee on a case-by-case basis.

(j)    Whenever a creditor casts more than one Ballot voting the same claim prior to the Voting Deadline, the last valid Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior received Ballots.

(k)    If a creditor simultaneously casts inconsistent duplicate Ballots with respect to the same claim, such Ballots shall not be counted.

(l)    Each creditor shall be deemed to have voted the full amount of its claim in a class. Unless otherwise ordered by the court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots shall be determined by the Debtors, which determination shall be final and binding.

(m)    Any Ballot containing a vote that the court determines, after notice and a hearing, was not solicited or procured in good faith or in

**BALLOT FOR CLASS 4: GENERAL UNSECURED CLAIM**

7

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

accordance with the provisions of the Bankruptcy Code shall not be counted.

(n) Any Ballot cast by a person or entity that does not hold a claim in a Voting Class shall not be counted.

(o) Any class that does not contain any claim eligible to vote to accept or reject the Plan (by reason of temporary allowance by the court or otherwise) as of the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such class pursuant to section 1129(a)(8).

(p) If a class contains claims eligible to vote and no holders of claims eligible to vote in such class vote to accept or reject the Plan, the Plan shall be deemed accepted by the holders of such claims in such class.

(q) Notwithstanding anything contained herein to the contrary, the Debtors may contact parties that submitted Ballots to cure any defects in the Ballots.

(r) Unless waived, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors or the court determines. Neither the Debtors nor any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor shall the Debtors or any other person or entity incur any liabilities for failure to provide such notification. Unless otherwise directed by the court, delivery of such Ballots shall not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) shall not be counted.

(s) The Debtors, subject to contrary order of the court, may waive any defect in any Ballot at any time, either before or after the Voting Deadline and without notice, and any such waivers shall be documented in the voting results filed with the court.

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

(t)     Except as provided below, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors may reject such Ballot as invalid, and therefore, decline to utilize it in connection with confirmation of the Plan by the court; *provided*, *however*, that such invalid Ballots shall be documented in the voting results filed with the court.

(u)     Subject to contrary order of the court, the Debtors reserve the absolute right to reject any and all Ballots not proper in form, the acceptance of which would, in the opinion of the Debtors, not be in accordance with the provisions of the Bankruptcy Code; *provided*, *however*, that such invalid Ballots shall be documented in the voting results filed with the court.

(v)     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.

(w)     The Ballot does not constitute, and shall not be deemed to be, a proof of Claim or an assertion or admission of a Claim or Equity Interest.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL MAKE YOU OR ANY OTHER PERSON AN AGENT OF THE DEBTORS OR THE VOTING AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT, GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY STATEMENTS ON BEHALF OF THE DEBTORS OR THE VOTING AGENT WITH RESPECT TO THE DISCLOSURE STATEMENT AND PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE DOCUMENTS ENCLOSED HEREWITH. THIS BALLOT SHALL NOT CONSTITUTE OR BE DEEMED TO CONSTITUTE (A) A PROOF OF CLAIM OR (B) AN ADMISSION BY THE DEBTORS OF THE NATURE, VALIDITY, PRIORITY, OR AMOUNT OF ANY CLAIM.**

**BALLOT FOR CLASS 4: GENERAL UNSECURED CLAIM**

9

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1142    Filed 07/19/24    Entered 07/19/24 18:30:40    Pg 74 of 97

**PLEASE SUBMIT YOUR BALLOT PROMPTLY. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.**

DATED this __th day of _____ 2024.

BLACK HELTERLINE LLP

By_____
OREN B. HAKER, WSBA No. 48725
BLACK HELTERLINE LLP

*Proposed Co-Counsel to Debtors and Debtors in Possession*

And

JULIAN I. GURULE (Admitted *Pro Hac Vice*)
O'MELVENY & MYERS LLP

*Co-Counsel to Debtors and Debtors in Possession*

**BALLOT FOR CLASS 4: GENERAL UNSECURED CLAIM**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

10

# EXHIBIT D
## NOTICE OF NON-VOTING STATUS

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

Julian I. Gurule (CA SBN: 252160)*
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone: (213) 430-6067
Email: jgurule@omm.com

*Co-Counsel to Debtors and Debtors in
Possession*

OREN B. HAKER (WSBA No. 48725)
BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: (503) 224-5560
Email: oren.haker@bhlaw.com

*Admitted Pro Hac Vice

*Proposed Co-Counsel to Debtors and
Debtors in Possession*

HONORABLE WHITMAN L. HOLT

HEARING DATE: [_____]
HEARING TIME: [_____]
RESPONSE DUE: [_____]
LOCATION:  Tower Bldg
2nd Floor Courtroom
402 East Yakima Avenue
Yakima, WA 98901

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

In re:

ICAP ENTERPRISES, INC., *et al*.,

Debtors. [1]

Chapter 11

Lead Case No. 23-01243-WLH11
Jointly Administered

## NOTICE OF NON-VOTING STATUS

**PLEASE TAKE NOTICE** that on July 16, 2024, iCap Enterprises, Inc. and its

affiliated debtors and debtors-in-possession (the "Debtors") in the above-captioned

[1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding 1, LLC (23-01256-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01253-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11); Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); and iCap Holding 6 LLC (23-01274-11).

NOTICE OF NON-VOTING STATUS

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

chapter 11 bankruptcy cases (the "Chapter 11 Cases") and the Official Committee of Unsecured Creditors (the "Committee" and together with the Debtors, the "Plan Proponents") filed the *Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1089] (as may be amended, modified, or supplemented from time to time, the "Plan")[2] and the related *Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1088] (including all exhibits thereto and as amended, modified, or supplemented from time to time, the "Disclosure Statement").

**PLEASE TAKE FURTHER NOTICE** that on [_____], 2024, this Court entered an order [ECF No. _____] (the "Disclosure Statement Order") approving the Disclosure Statement as containing "adequate information" within the meaning of section 1125 of Bankruptcy Code and authorizing the Debtors to begin soliciting votes to accept or reject the Plan in accordance with the procedures set forth in the Disclosure Statement Order.

**PLEASE TAKE FURTHER NOTICE** that pursuant to section 1126(f) of the Bankruptcy Code, Holders of Claims in Class 1 (Priority Claims) and Class 2 (Secured Claims) under the Plan, which are unimpaired, are deemed to have accepted the Plan and are not entitled to vote on the Plan. Pursuant to section 1126(g) of the Bankruptcy Code, Holders of Equity Interests in Class 6 (Equity Interests) under the Plan, which are impaired and shall not receive nor retain any property under the Plan on account of such Equity Interests, are deemed to have rejected the Plan, and are not entitled to vote on the Plan. The Plan Proponents have decided not to solicit the votes of Holders of Claims in Class 5 and Holders of those Claims are therefore deemed to have rejected

---

[2] Capitalized terms used in this notice that are not otherwise defined have the meanings given to them in the Plan.

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

the Plan and are not entitled to vote on the Plan. Additionally, in accordance with the terms of the Plan and the Bankruptcy Code, Administrative Expense Claims, Priority Tax Claims, and Supplemental DIP Claims are unclassified and are not entitled to vote on the Plan. Accordingly, the Debtors are not required to transmit a Solicitation Package to Holders of unclassified claims and Holders of Claims and/or Equity Interests in Classes 1, 2, 5, and 6 of the Plan (each, a "Non-Voting Class") pursuant to the Disclosure Statement Order. Instead, you have been sent this notice because you have been identified as a holder of a Claim or Equity Interest in a Non-Voting Class. If you have any questions about the status of your Claim and/or Equity Interest, you should contact the Debtors' voting agent, BMC Group, Inc. (the "Voting Agent") at (888) 909-0100 or by sending email correspondence to iCap@bmcgroup.com.

　　　**PLEASE TAKE FURTHER NOTICE** that a hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held on [_____], 2024 at [_____] (prevailing Pacific Time), or as soon thereafter as counsel may be heard, will be held before the Honorable Whitman L. Holt in the United States Bankruptcy Court for the Eastern District of Washington, Tower Bldg, 2nd Floor Courtroom, 402 East Yakima Avenue, Yakima, WA.

　　　**PLEASE TAKE FURTHER NOTICE** that the Confirmation Hearing may be continued from time to time without further notice except for (i) an announcement made at the Confirmation Hearing or any adjourned confirmation hearing or (ii) a written notice filed with the Bankruptcy Court and served on all parties who have filed objections to confirmation of the Plan, the United States Trustee, and all parties who have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

　　　**PLEASE TAKE FURTHER NOTICE** that the Plan may be modified in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Plan, and applicable law, without further notice, prior to or as a result of the Confirmation

NOTICE OF NON-VOTING STATUS

3

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

Hearing. If the court enters an order confirming the Plan, section 1141 of the Bankruptcy Code shall become applicable with respect to the Plan and the Plan shall be binding on all parties to the fullest extent permitted by the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that if you wish to challenge the Debtors' classification of your claim, you are required to file a motion to temporarily allow such claim in a different classification for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion") by the Voting Objection Deadline. In the event that a Rule 3018 Motion is filed, the non-moving party shall be required to file a reply to such motion by seven days after the filing of the applicable motion (the "Voting Objection Reply Deadline"). A hearing will be scheduled (subject to the Bankruptcy Court's availability) on such motion within seven days of the Voting Objection Reply Deadline but in no event later than the Confirmation Hearing. Any ruling by the Bankruptcy Court on any Rule 3018 Motion shall be considered a ruling with respect to the allowance of the claim(s) under Bankruptcy Rule 3018 and such claim(s) be counted, for voting purposes only, in the amount determined by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has established [_____], 2024 at [_____] (prevailing Pacific Time), as the last date and time for filing and serving objections to the confirmation of the Plan (the "Plan Objection Deadline"). All objections must state with particularity the legal and factual grounds for such objection; (i) be in writing; (ii) state the name and address of the objecting party and the nature of the claim or interest of such party; (iii) state with particularity the basis and nature of any objection; (iv) be filed with the court and served so as to be received by the Plan Objection Deadline; and (v) served on the following parties:

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

(a) Counsel to the Debtors: (1) O'Melveny & Myers LLP, 400 South Hope Street, Suite 1900, Los Angeles, CA 90071, Attn: Julian I. Gurule (jgurule@omm.com); (2) O'Melveny & Myers LLP, 1301 Avenue of the Americas, Suite 1700, New York, NY 10019, Attn: Diana M. Perez (dperez@omm.com); and (3) Black Helterline LLP, 805 SW Broadway, Suite 1900, Portland, OR 97205, Attn: Oren B. Haker (oren.haker@bhlaw.com);

(b) The Office of the United States Trustee for the Eastern District of Washington, 920 W. Riverside Ave., Suite 593, Spokane, WA 99201, Attn: Gary W. Dyer (gary.w.dyer@usdoj.gov);

(c) Counsel to the Official Committee of Unsecured Creditors of iCap Enterprises, Inc., Bush Kornfeld LLP, 601 Union Street, Suite 5000, Seattle, WA 98101, Attn: Armand J. Kornfeld (jkornfeld@bskd.com), Aimee S. Willig (awillig@bskd.com), and Jason E. Wax (jwax@bskd.com);

(d) Special Counsel to the Official Committee of Unsecured Creditors of iCap Enterprises, Inc., Corr Cronin LLP, 1015 Second Avenue, 10th Floor, Seattle, WA 98104-1001, Attn: John T. Bender (jbender@corrcronin.com); and

(e) any party that has requested notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE that objections not timely filed and served by the Plan Objection Deadline in accordance with the provisions of this notice will not be heard and will be overruled.**

**PLEASE TAKE FURTHER NOTICE that Article X of the Plan contains the injunction, exculpation, and release provisions set forth on Annex 1 hereto.**

NOTICE OF NON-VOTING STATUS

5

**PLEASE TAKE FURTHER NOTICE** that copies of the Disclosure Statement and Plan are available (i) upon request by emailing or calling the Voting Agent at iCap@bmcgroup.com or at (888) 909-0100, (ii) for a fee, on the United States Bankruptcy Court PACER website http://www.waeb.uscourts.gov, or (iii) free of charge on the Debtors' case website at https://cases.creditorinfo.com/iCap.

DATED this __th day of _____ 2024.

BLACK HELTERLINE LLP

By_____
OREN B. HAKER, WSBA No. 48725
BLACK HELTERLINE LLP

*Proposed Co-Counsel to Debtors and Debtors in Possession*

And

JULIAN I. GURULE (Admitted *Pro Hac Vice*)
O'MELVENY & MYERS LLP

*Co-Counsel to Debtors and Debtors in Possession*

**NOTICE OF NON-VOTING STATUS**

6

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

# ANNEX 1

## (FROM ARTICLE X OF THE PLAN)

**NOTICE OF NON-VOTING STATUS**

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

## G. Releases and Related Matters

On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each of the Releasing Parties shall be deemed, to the fullest extent permitted under applicable law, to have forever released, waived, and discharged each of the Released Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, and liabilities whatsoever, whether known or unknown, whether foreseen or unforeseen, whether liquidated or unliquidated, whether fixed or contingent, whether matured or unmatured, existing or hereafter arising, at law, in equity, or otherwise, that are based in whole or in part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Estates, the conduct of the Debtors' businesses, the Chapter 11 Cases, or the Plan, except for acts or omissions that are determined by Final Order to have constituted actual fraud or willful misconduct; *provided, however*, that nothing in this Article X.G shall release or otherwise affect any Person's rights under the Plan or the Confirmation Order.

Entry of the Confirmation Order shall constitute (i) the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases set forth in this Article; and (ii) the Bankruptcy Court's findings that such releases are (1) in exchange for good and valuable consideration provided by the Released Parties (including performance of the terms of the Plan), and a good-faith settlement and compromise of the released claims, (2) in the best interests of the Debtors, the Estates, and any Holders of Claims that are Releasing Parties, (3) fair, equitable, and reasonable, (4) given and made after due notice and opportunity for hearing, and (5) a bar to any of the Releasing Parties asserting any released claim against any of the Released Parties.

## H. Exculpation

On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, to the maximum extent permitted by law, none of the Exculpated Parties shall have or incur any liability to any Person, including any Holder of a Claim or an Equity Interest, for any prepetition or postpetition act or omission in connection with, relating to, or arising out of the Debtors, the Chapter 11 Cases, the formulation, negotiation, preparation, dissemination, solicitation of acceptances, implementation, Confirmation, or consummation of the Plan, the Disclosure Statement, or any contract, instrument, release, or other agreement or document created, executed, or contemplated in connection with the Plan, or the

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

administration of the Plan or the property to be distributed under the Plan, or any other postpetition act taken or omission originating or occurring in connection with or in contemplation of the restructuring, sale, or liquidation of the Debtors; *provided*, *however*, that nothing in this Article X.H shall release or otherwise affect any Person's rights under the Plan or the Confirmation Order; and *provided*, *further*, that the exculpation provisions of this Article X.H shall not apply to acts or omissions constituting actual fraud, willful misconduct, or gross negligence by such Exculpated Party as determined by a Final Order. For purposes of the foregoing, it is expressly understood that any act or omission effected with the approval of the Bankruptcy Court conclusively will be deemed not to constitute actual fraud, willful misconduct, or gross negligence unless the approval of the Bankruptcy Court was obtained by fraud or misrepresentation, and in all respects, the Exculpated Parties shall be entitled to rely on the written advice of counsel with respect to their duties and responsibilities under, or in connection with, the Chapter 11 Cases, the Plan, and administration thereof. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting the Exculpated Parties from liability. The Confirmation Order shall serve as a permanent injunction against any Person seeking to enforce any Causes of Action against the Exculpated Parties that are encompassed by the exculpation provided by this Article X.H of the Plan.

## I. Injunction

Except as otherwise expressly provided in the Plan, and except in connection with the enforcement of the Plan or any documents provided for or contemplated in the Plan, all Persons who have held, hold, or may hold Claims against or Equity Interests in the Debtors or the Estates that (i) have been released pursuant to Article X.G of this Plan or (ii) are subject to exculpation pursuant to Article X.H of this Plan, are permanently enjoined from and after the Effective Date from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such Claim or Equity Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such Claim or Equity Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

Claim or Equity Interest; (d) asserting, directly or indirectly, any setoff, or recoupment of any kind against any obligation due to the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such Claim or Equity Interest, unless approved by the Bankruptcy Court; and (e) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Equity Interest. Without limiting the foregoing, the automatic stay provided under Bankruptcy Code section 362(a) shall remain in effect until the Chapter 11 Cases are closed. Nothing contained in this Article X.I shall prohibit the Holder of a Filed proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Holder of such Claim or Equity Interest of any of the obligations of the Debtors or the iCap Trustees under the Plan. The iCap Trust shall be entitled, as liquidated damages, to the payment of any fees and costs incurred by the iCap Trust to address any violation of the injunction contained in this Article X.I.

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

**EXHIBIT E**

**CONFIRMATION HEARING NOTICE**

Black Helterline LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

1  Julian I. Gurule (CA SBN: 252160)*
   O'MELVENY & MYERS LLP
2  400 South Hope Street, 18th Floor
   Los Angeles, California 90071
3  Telephone: (213) 430-6067
   Email: jgurule@omm.com
4
   *Co-Counsel to Debtors and Debtors in
5  Possession*

6  OREN B. HAKER (WSBA No. 48725)
   BLACK HELTERLINE LLP
7  805 SW Broadway
   Suite 1900
8  Portland, OR 97205
   Telephone: (503) 224-5560
9  Email: oren.haker@bhlaw.com

10 *Admitted Pro Hac Vice*

11 *Proposed Co-Counsel to Debtors and
   Debtors in Possession*

HONORABLE WHITMAN L. HOLT

HEARING DATE: [_____]
HEARING TIME: [_____]
RESPONSE DUE: [_____]
LOCATION:  Tower Bldg
           2nd Floor Courtroom
           402 East Yakima Avenue
           Yakima, WA 98901

12

13          **UNITED STATES BANKRUPTCY COURT**
14          **EASTERN DISTRICT OF WASHINGTON**

15 In re:                          Chapter 11

16 ICAP ENTERPRISES, INC., *et al.*,   Lead Case No. 23-01243-WLH11
                                    Jointly Administered
17                  Debtors. [1]

18

19

20

21

22 [1]The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding
23 1, LLC (23-01256-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01253-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-
24 11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-
25 11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11); Vault Holding, LLC (23-01270-11); iCap Pacific Development
26 LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); and iCap Holding 6 LLC (23-01274-11).

**CONFIRMATION HEARING NOTICE**

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT;
(II) ESTABLISHMENT OF VOTING RECORD DATE; (III) HEARING TO
CONSIDER CONFIRMATION OF PLAN AND PROCEDURES AND
DEADLINES FOR OBJECTING TO THE PLAN; AND (IV) PROCEDURES
AND DEADLINES FOR VOTING TO ACCEPT OR REJECT THE PLAN**

**PLEASE TAKE NOTICE** that on July 16, 2024, iCap Enterprises, Inc. and its affiliated debtors and debtors-in-possession (the "Debtors") in the above-captioned chapter 11 bankruptcy cases (the "Chapter 11 Cases") and the Official Committee of Unsecured Creditors (the "Committee" and, together with the Debtors, the "Plan Proponents") filed the *Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1089] (as may be amended, modified, or supplemented from time to time, the "Plan")[2] and the related *Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1088] (including all exhibits thereto and as amended, modified, or supplemented from time to time, the "Disclosure Statement").

**PLEASE TAKE FURTHER NOTICE** that on [_____], 2024, this Court entered an order [ECF No. _____] (the "Disclosure Statement Order") approving the Disclosure Statement as containing "adequate information" within the meaning of section 1125 of Bankruptcy Code and authorizing the Debtors to begin soliciting votes to accept or reject the Plan in accordance with the procedures set forth in the Disclosure Statement Order (collectively, the "Solicitation Materials").

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held on [_____], 2024 at [_____]

---

[2] Capitalized terms used in this notice that are not otherwise defined have the meanings given to them in the Plan.

**CONFIRMATION HEARING NOTICE**

2

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

(prevailing Pacific Time), or as soon thereafter as counsel may be heard, before the Honorable Whitman L. Holt in the United States Bankruptcy Court for the Eastern District of Washington, Tower Bldg, 2nd Floor Courtroom, 402 East Yakima Avenue, Yakima, WA.

**PLEASE TAKE FURTHER NOTICE** that the Confirmation Hearing may be continued from time to time without further notice except for (i) an announcement made at the Confirmation Hearing or any adjourned confirmation hearing or (ii) a written notice filed with the Bankruptcy Court and served on all parties who have filed objections to confirmation of the Plan, the United States Trustee, and all parties who have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that the Plan may be modified in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Plan, and applicable law, without further notice, prior to or as a result of the Confirmation Hearing. If the court enters an order confirming the Plan, section 1141 of the Bankruptcy Code shall become applicable with respect to the Plan and the Plan shall be binding on all parties to the fullest extent permitted by the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that the record date for determining which holders of claims or equity interests in the Debtors may vote on the Plan is [_____], 2024 at 4:00 p.m. (prevailing Pacific Time). If you have received with this notice a ballot form (a "Ballot"), you are eligible to vote to accept or reject the Plan.

**PLEASE TAKE FURTHER NOTICE** that for your Ballot to be counted, you must complete all required information on the Ballot, execute the Ballot, and submit the completed Ballot by [_____], 2024 (the "Voting Deadline") either by (i) submitting your Ballot via the Voting Agent's online e-balloting portal (the "E-Balloting Portal"), or (ii) returning your Ballot to the Voting Agent via First Class Mail, overnight courier, or hand delivery. Any failure to follow the voting instructions

**CONFIRMATION HEARING NOTICE**

3

Black Helterline LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

included with the Ballot or to return a properly completed Ballot so that it is received by the Voting Deadline may disqualify your Ballot and your vote. Ballots cast by fax, email, or other electronic transmission other than via the E-Balloting Platform will not be counted unless approved in by the Debtors with the consent of the Committee.

**PLEASE TAKE FURTHER NOTICE** that if you wish to have your claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), you are required to file a motion to estimate such claim pursuant to Bankruptcy Rule 3018(a) (a "Claims Estimation Motion") for such temporary allowance by the later of (i) the Voting Objection Deadline or (ii) if your claim is the subject of an objection or motion seeking a determination of such claim (a "Determination Motion"), seven days after the filing of the applicable objection or Determination Motion. In the event that a Determination Motion or Claims Estimation Motion is filed, the non-moving party shall be required to file a reply to such motion by the later of (i) the Voting Objection Deadline, or (ii) seven days after the filing of the applicable motion (the "Voting Objection Reply Deadline"). A hearing will be scheduled (subject to the Bankruptcy Court's availability) on such motion within seven days of the Voting Objection Reply Deadline but in no event later than the Confirmation Hearing. Any ruling by the Bankruptcy Court on any Determination Motion or Claims Estimation Motion shall be considered a ruling with respect to the allowance of the claim(s) under Bankruptcy Rule 3018 and such claim(s) be counted, for voting purposes only, in the amount determined by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has established [_____], 2024 at [_____] (prevailing Pacific Time), as the last date and time for filing and serving objections to the confirmation of the Plan (the "Plan Objection Deadline"). All objections must state with particularity the legal and factual grounds for such objection; (i) be in writing; (ii) state the name and address of the

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

objecting party and the nature of the claim or interest of such party; (iii) state with particularity the basis and nature of any objection; (iv) be filed with the court and served so as to be received by the Plan Objection Deadline; and (v) served on the following parties:

(a) Counsel to the Debtors: (1) O'Melveny & Myers LLP, 400 South Hope Street, Suite 1900, Los Angeles, CA 90071, Attn: Julian I. Gurule (jgurule@omm.com); (2) O'Melveny & Myers LLP, 1301 Avenue of the Americas, Suite 1700, New York, NY 10019, Attn: Diana M. Perez (dperez@omm.com); and (3) Black Helterline LLP, 805 SW Broadway, Suite 1900, Portland, OR 97205, Attn: Oren B. Haker (oren.haker@bhlaw.com);

(b) The Office of the United States Trustee for the Eastern District of Washington, 920 W. Riverside Ave., Suite 593, Spokane, WA 99201, Attn: Gary W. Dyer (gary.w.dyer@usdoj.gov);

(c) Counsel to the Official Committee of Unsecured Creditors of iCap Enterprises, Inc., Bush Kornfeld LLP, 601 Union Street, Suite 5000, Seattle, WA 98101, Attn: Armand J. Kornfeld (jkornfeld@bskd.com), Aimee S. Willig (awillig@bskd.com), and Jason E. Wax (jwax@bskd.com);

(d) Special Counsel to the Official Committee of Unsecured Creditors of iCap Enterprises, Inc., Corr Cronin LLP, 1015 Second Avenue, 10th Floor, Seattle, WA 98104-1001, Attn: John T. Bender (jbender@corrcronin.com); and

(e) any party that has requested notice pursuant to Bankruptcy Rule 2002.

**CONFIRMATION HEARING NOTICE**

5

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

**PLEASE TAKE FURTHER NOTICE** that objections not timely filed and served by the Plan Objection Deadline in accordance with the provisions of this notice will not be heard and will be overruled.

**PLEASE TAKE FURTHER NOTICE** that Article X of the Plan contains the injunction, exculpation, and release provisions set forth on Annex 1 hereto.

**PLEASE TAKE FURTHER NOTICE** that copies of the Disclosure Statement and Plan are available (i) upon request by emailing or calling the Voting Agent at iCap@bmcgroup.com or at (888) 909-0100, (ii) for a fee, on the United States Bankruptcy Court PACER website http://www.waeb.uscourts.gov, or (iii) free of charge on the Debtors' case website at https://cases.creditorinfo.com/iCap.

DATED this __th day of ____ 2024.

BLACK HELTERLINE LLP


By_____
OREN B. HAKER, WSBA No. 48725
BLACK HELTERLINE LLP

*Proposed Co-Counsel to Debtors and Debtors in Possession*

And

JULIAN I. GURULE (Admitted *Pro Hac Vice*)
O'MELVENY & MYERS LLP

*Co-Counsel to Debtors and Debtors in Possession*

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

## <u>ANNEX 1</u>

## (FROM ARTICLE X OF THE PLAN)

**CONFIRMATION HEARING NOTICE**

B<small>LACK</small> H<small>ELTERLINE</small> LLP
805 SW B<small>ROADWAY</small>
S<small>UITE</small> 1900
P<small>ORTLAND</small>, OR 97205
T<small>ELEPHONE</small>: 503 224-5560

23-01243-WLH11   Doc 1142   Filed 07/19/24   Entered 07/19/24 18:30:40   Pg 94 of 97

## G.  Releases and Related Matters

On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each of the Releasing Parties shall be deemed, to the fullest extent permitted under applicable law, to have forever released, waived, and discharged each of the Released Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, and liabilities whatsoever, whether known or unknown, whether foreseen or unforeseen, whether liquidated or unliquidated, whether fixed or contingent, whether matured or unmatured, existing or hereafter arising, at law, in equity, or otherwise, that are based in whole or in part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Estates, the conduct of the Debtors' businesses, the Chapter 11 Cases, or the Plan, except for acts or omissions that are determined by Final Order to have constituted actual fraud or willful misconduct; *provided, however*, that nothing in this Article X.G shall release or otherwise affect any Person's rights under the Plan or the Confirmation Order.

Entry of the Confirmation Order shall constitute (i) the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases set forth in this Article; and (ii) the Bankruptcy Court's findings that such releases are (1) in exchange for good and valuable consideration provided by the Released Parties (including performance of the terms of the Plan), and a good-faith settlement and compromise of the released claims, (2) in the best interests of the Debtors, the Estates, and any Holders of Claims that are Releasing Parties, (3) fair, equitable, and reasonable, (4) given and made after due notice and opportunity for hearing, and (5) a bar to any of the Releasing Parties asserting any released claim against any of the Released Parties.

## H.  Exculpation

On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, to the maximum extent permitted by law, none of the Exculpated Parties shall have or incur any liability to any Person, including any Holder of a Claim or an Equity Interest, for any prepetition or postpetition act or omission in connection with, relating to, or arising out of the Debtors, the Chapter 11 Cases, the formulation, negotiation, preparation, dissemination, solicitation of acceptances, implementation, Confirmation, or consummation of the Plan, the Disclosure Statement, or any contract, instrument, release, or other agreement or document created, executed, or contemplated in connection with the Plan, or the

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

administration of the Plan or the property to be distributed under the Plan, or any other postpetition act taken or omission originating or occurring in connection with or in contemplation of the restructuring, sale, or liquidation of the Debtors; *provided*, *however*, that nothing in this Article X.H shall release or otherwise affect any Person's rights under the Plan or the Confirmation Order; and *provided*, *further*, that the exculpation provisions of this Article X.H shall not apply to acts or omissions constituting actual fraud, willful misconduct, or gross negligence by such Exculpated Party as determined by a Final Order. For purposes of the foregoing, it is expressly understood that any act or omission effected with the approval of the Bankruptcy Court conclusively will be deemed not to constitute actual fraud, willful misconduct, or gross negligence unless the approval of the Bankruptcy Court was obtained by fraud or misrepresentation, and in all respects, the Exculpated Parties shall be entitled to rely on the written advice of counsel with respect to their duties and responsibilities under, or in connection with, the Chapter 11 Cases, the Plan, and administration thereof. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting the Exculpated Parties from liability. The Confirmation Order shall serve as a permanent injunction against any Person seeking to enforce any Causes of Action against the Exculpated Parties that are encompassed by the exculpation provided by this Article X.H of the Plan.

**I.    Injunction**

Except as otherwise expressly provided in the Plan, and except in connection with the enforcement of the Plan or any documents provided for or contemplated in the Plan, all Persons who have held, hold, or may hold Claims against or Equity Interests in the Debtors or the Estates that (i) have been released pursuant to Article X.G of this Plan or (ii) are subject to exculpation pursuant to Article X.H of this Plan, are permanently enjoined from and after the Effective Date from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such Claim or Equity Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such Claim or Equity Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

BN 78623460v5

Claim or Equity Interest; (d) asserting, directly or indirectly, any setoff, or recoupment of any kind against any obligation due to the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such Claim or Equity Interest, unless approved by the Bankruptcy Court; and (e) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Equity Interest. Without limiting the foregoing, the automatic stay provided under Bankruptcy Code section 362(a) shall remain in effect until the Chapter 11 Cases are closed. Nothing contained in this Article X.I shall prohibit the Holder of a Filed proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Holder of such Claim or Equity Interest of any of the obligations of the Debtors or the iCap Trustees under the Plan. The iCap Trust shall be entitled, as liquidated damages, to the payment of any fees and costs incurred by the iCap Trust to address any violation of the injunction contained in this Article X.I.

**CONFIRMATION HEARING NOTICE**
A- 4

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

BN 78623460v5