The Honorable Whitman L. Holt
Chapter: 11
Hearing Date: August 21, 2024
Hearing Time: 10:30 a.m.
Hearing Location: Telephonic
Response Date: August 16, 2024

IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>iCAP ENTERPRISES, INC.,<br><br>Debtor. | CASE NO. 23-01243-WLH11<br><br>REDMOND FUNDING GROUP, LLC'S OBJECTION TO DEBTORS' DISCLOSURE STATEMENT |

**COMES NOW** Redmond Funding Group, LLC ("**Redmond Funding**"), a secured creditor, by and through its attorney, Darren R. Krattli of Eisenhower Carlson PLLC, and files this objection to Debtors' Motion for an Order Approving: (I) Proposed Disclosure Statement; (II) Solicitation and Voting procedures; (III) Notice and Objection Procedures for Confirmation of Joint Plan of Liquidation; and (IV) Granted Related Relief[1] (the "**Motion**"). Redmond Funding objects to (i) deliberate obfuscation of Debtors' claims against creditors, (ii) the treatment of secured claims as unimpaired, and (iii) the scheduling of the confirmation hearing.

## I. DISCUSSION

**A. Failure to Disclose Known iCap Trust Actions with the Disclosure Statement**

The ongoing pattern in this case is the Debtors' seemly deliberate attempts to obfuscate the targets of its intended avoidance actions. This issue was raised by several

---

[1] Dkt. no. 1142.

REDMOND FUNDING GROUP, LLC'S OBJECTION
TO DEBTORS' DISCLOSURE STATEMENT - 1



1179030.000

creditors during the prior hearings related to Debtors' March 2024 motion for post-petition financing.[2]  Five months after those arguments, the pattern continues with Debtors' proposed Disclosure Statement,[3] which still fails to identify those actions.  The Disclosure Statement provides that the Debtors will *supplement* their disclosures just *seven days* prior to the voting deadline, and that the Plan Supplement will only be made available in an online database (rather than affirmatively mailed to interested parties like the Disclosure Statement).[4]  The Plan Supplement will include the "iCap Trust Actions",[5] which are the Debtors' list of potential claims against claim holders.[6]  In other words, the Disclosure Statement is warning claim holders (buried on page 87) that some claims may not actually be allowed or paid, but which claims are potential targets will not be identified until *just seven days prior to the voting deadline* and only if the claim holders search out a website to find the list.

Betraying the Debtors' intentions, the seven-day disclosure deadline for the Plan Supplement appears entirely artificial.  The Disclosure Statement was filed on July 16, 2024, just prior to a scheduled hearing on July 17, 2024.  At that hearing, counsel for Debtors requested a confirmation hearing and effective date in mid-September.  To hold a confirmation hearing in mid-September, it would require the issuance of the court approved Disclosure Statement to interested parties in mid-August 2024.[7]  However, due to the Court's unavailability, the confirmation hearing may not be held until later in September or even

---

[2] *See* dkt. no. 624, pp. 6-7 ("By avoiding the disclosure of likely targets of future adversary actions, Debtors are discouraging full and vigorous defenses to their request for relief.").
[3] Dkt. no. 1088.
[4] *Id.*, p. 9, ll. 9-13.
[5] *Id.*, p. 87-88 ("…Plan Proponents note that all parties in interest should review the Plan Supplement, which will include a non-exclusive listing of the iCap Trust Actions that are being preserved under the Plan.").
[6] *Id.*
[7] *See* dkt. no. 1142, p. 9-10 (timeline for confirmation assuming disclosure statement is approved August 21, 2024).

REDMOND FUNDING GROUP, LLC'S OBJECTION
TO DEBTORS' DISCLOSURE STATEMENT - 2

1179030.000

October, and the hearing on the Disclosure Statement was scheduled for August 21, 2024. Following that scheduling discussion, Debtors filed their Motion, which includes a proposed confirmation schedule. That schedule provides a voting deadline of September 13, 2024,[8] which in turn makes the "Plan Supplement" due no later than September 6, 2024, just 16 days after the hearing on the Disclosure Statement.

If the iCap Trust Actions will finally be disclosed on September 6, 2024 (and assuming in good faith that the Debtors do not already have that list prepared and available to disclose immediately), why are the Debtors rushing the hearing on and issuance of the Disclosure Statement? Couldn't the Debtors delay the hearing just two and a half weeks to allow parties to review the Plan Supplement in conjunction with the Disclosure Statement?[9] The only reason not to is to discourage claim holders from seeing the list and/or filing objections based on its contents.

What makes this strategy even more problematic is that the Debtors are asking the Court to approve a Disclosure Statement that is missing such key information, with the promise that *something* will be provided later. Neither the Court nor interested parties have any idea of what *form* the Plan Supplement will take. In its most egregious form, would the Debtors just provide a generic list of all parties dealing with the Debtors in any fashion pre-petition, and then state that there *could* be claims against one or more of those parties? Would that be sufficient disclosure?

A debtor's disclosure statement must provide "adequate information" to enable creditors to make informed judgments about the plan.[10] To be "adequate" the disclosure

---

[8] *Id.*

[9] Especially as the Debtors have yet to produce their liquidation analysis. The hearing on the Disclosure Statement could have been delayed until both the iCap Trust Actions and the Liquidation Analysis were complete. Dkt. no. 1142, p. 14 ("The Plan Proponents intend to file this liquidation analysis prior to the hearing to consider this Motion").

[10] 11 U.S.C. § 1125(b).

REDMOND FUNDING GROUP, LLC'S OBJECTION
TO DEBTORS' DISCLOSURE STATEMENT - 3



1179030.000

must provide information of a kind, and in sufficient detail, as far as is reasonably practicable in the light of the nature and history of the debtor, to enable creditors to make an informed judgment on the plan.[11] The determination of whether a disclosure statement contains adequate information is to be made on a case-by-case basis, focusing on the unique facts and circumstances of each case.[12] The Debtors' plan intends to be funded almost entirely through the iCap Trust Actions. There is no more material issue that what those actions are, who the targets are, and how those claims will affect their interests. As such, Redmond Funding respectfully requests the Disclosure Statement be rejected until it is amended to include the full iCap Trust Actions list, to include details of the intended claims and the estimated amounts of those claims. The Debtors have hid behind the complexity of the financial records for nearly a year now. It is time for them to finally disclose their intentions for funding the plan and their valuation of those claims.

While the Court previously indicated it preferred objecting parties to include a proposed addendum to address the objection issues, the nature of the hidden iCap Trust Actions makes that insufficient. Redmond Funding does not possess the knowledge of the Debtors' finances to impart on the targets (known only to Debtors) the risks of the proposed plan.

**B. Secured Creditors Are Impaired**

The impact of the above issue is best evidenced by the Disclosure Statement's asserted treatment of secured creditors. Secured Creditors are "Class 2" under the Plan, and the Disclosure Statement superficially asserts they are "unimpaired and deemed to accept the plan". However, there are significant caveats to that asserted treatment, with the major one being that the claims must be "Allowed". Looking at the Plan, a claim is "Allowed" only if it

---

[11] 11 U.S.C. § 1125(a)(1).

[12] *See In re Diversified Inv'rs Fund XVII*, 91 B.R. 559, 561 (Bankr. C.D. Cal. 1988).



is not objected to, and the objection can take place post-confirmation.[13]  Secured Creditors like Redmond Funding are deemed to approve the Plan, even though the Debtors appear likely to include Redmond Funding (and possibly all secured creditors) in the iCap Trust Actions list.  By failing to identify known and planned claims against secured creditors, Debtors are avoiding objections to the "unimpaired" classification of secured claims.

A claim is only unimpaired if the plan "leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest."[14]  Where a plan contemplates actions challenging a class of creditors' claims (to the extent that its funding depends on those actions), the debtor should not be allowed to assert an "unimpaired" treatment to avoid negative votes from those affected creditors.  Redmond Funding respectfully requests that the Disclosure Statement be rejected as it improperly attempts to treat secured claims as unimpaired despite the fact that the Debtors intend to challenge those very claims.

C. **The Confirmation Hearing Should Not Proceed Until Debtors Have Fully Answered the Pending 2004 Orders.**

Redmond Funding has applied for and been granted two 2004 orders against the Debtors VH Senior Care LLC and Colpitts Sunset LLC.  As outlined in those motions, Redmond Funding was compelled to move for the 2004 orders following (i) the Debtors' unilateral decision not to produce the requested documents, despite previously representing to the court they would quickly and informally produce discovery in order to justify a quick hearing on the ponzi-scheme presumption issue (as to VH Senior Care LLC); and (ii) Debtors' late disclosure of Redmond Funding being a target of litigation related to its previously satisfied loan to Colpitts Sunset, LLC.  Given that Debtors are seeking to apply a

---

[13] Dkt. no. 1089, pp. 2-3.

[14] 11 U.S.C. § 1124(1).

REDMOND FUNDING GROUP, LLC'S OBJECTION
TO DEBTORS' DISCLOSURE STATEMENT - 5

1179030.000



EISENHOWER CARLSON PLLC
Attorneys at Law
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

ponzi-scheme presumption to and substantive consolidation of the entities, they should not be allowed to schedule a confirmation hearing until such time as all necessary discovery is produced on those issues.

## II. CONCLUSION

Redmond Funding objects to the Debtors' Motion, and respectfully requests that the Court reject the Disclosure Statement as (i) it omits disclosure of the known iCap Trust Actions, and (ii) it improperly classifies secured claims as unimpaired despite the fact that the Debtors are already planning avoidance actions against those very claims. Redmond Funding further requests that the confirmation hearing not proceed until all relevant discovery is produced by the Debtors. Debtors should not be allowed to seek findings detrimental to Redmond Funding without producing information needed by Redmond Funding to defend against those claims.

DATED this 13th day of August, 2024.

EISENHOWER CARLSON PLLC

By: /s/Darren R. Krattli
Darren R. Krattli, WSBA #39128
Attorneys for Creditor
Redmond Funding Group



IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| In Re: | CASE NO. 23-01243-WLH11 |
|---|---|
| iCAP ENTERPRISES, INC., | |
| Debtor. | PROOF OF SERVICE |

Darren R. Krattli certifies as follows:

I am a resident of the State of Washington. I am over the age of 18 years and not a party to the within entitled cause. I am a member of the law firm of Eisenhower Carlson PLLC, whose address is 909 A Street, Suite 600, Tacoma, Washington, 98402.

On August 13, 2024, *all parties requesting ECF notification as of August 13, 2024* were notified via ECF notification of the filing of the following:

- REDMOND FUNDING GROUP, LLC'S OBJECTION TO DEBTORS' DISCLOSURE STATEMENT; and
- this Proof of Service.

I declare under the penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated at Tacoma, Washington this 13th day of August, 2024.

/s/ Darren R. Krattli
Darren R. Krattli

REDMOND FUNDING GROUP, LLC'S OBJECTION
TO DEBTORS' DISCLOSURE STATEMENT - 7



EISENHOWER CARLSON PLLC
Attorneys at Law
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

1179030.000