BORDE LAW PLLC
Manish Borde, WSBA #39503
1700 7th Ave., Suite 2100
Seattle, WA 98101
Telephone (206) 531-2722

RAINES FELDMAN LITTRELL LLP
Michael L. Simon, State Bar No. 300822
*msimon@raineslaw.com*
(*Admitted Pro Hac Vice*)
3200 Park Center Drive, Suite 250
Costa Mesa, CA 92626
Telephone: (310) 440-4100
Facsimile: (310) 499-4877

Attorneys for Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as Owner of MFA 2022-RTL1 Trust and Lima One Capital

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>ICAP ENTERPRISES, INC., *et al.*,<br><br>Debtors.[1] | Lead Case No.: 23-01243-WLH11<br>Jointly Administered<br><br>Chapter: 11<br><br>Adv No. _____ |

---

[1] The Debtors, along with their case numbers, are as follows: iCap Enterprises, Inc. (Case No. 23-01243-11); iCap Pacific NW Management, LLC (Case No. 23-01261-11); iCap Vault Management, LLC (Case No. 23-01258-11); iCap Vault, LLC (Case No. 23-01256- 11); iCap Vault 1, LLC (Case No. 23-01257-11); Vault Holding 1, LLC (Case No. 23-01265-11); iCap Investments, LLC (Case No. 23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (Case No. 23-01253-11); iCap Equity, LLC (Case No. 23-01247-11); iCap Pacific Income 4 Fund, LLC (Case No. 23-01251-11); iCap Pacific Income 5 Fund, LLC (Case No. 23- 01249-11); iCap Northwest Opportunity Fund, LLC (Case No. 23-01253-11); 725 Broadway, LLC (Case No. 23- 01245-11); Senza Kenmore, LLC (Case No. 23-01254- 11); iCap Campbell Way, LLC (Case No. 23-01250-11); UW 17th Ave, LLC (Case No. 23-01267-11); iCap Broadway, LLC (Case No. 23-01252- 11); VH 1121 14th LLC (Case No. 23-01264-11); VH Senior Care LLC (Case No. 23-01266-11); VH Willows Townhomes LLC (Case No. 23-01262-11); iCap @ UW, LLC (Case No. 23- 01244-11); VH 2nd Street Office, LLC (Case No. 23- 01259-11); VH Pioneer Village LLC (Case No. 23-01263- 11); iCap Funding LLC (Case No. 23-01246-11); iCap Management LLC (Case No. 23-01268-11); iCap Realty, LLC (Case No. 23-01260-11) Vault Holding, LLC (23- 01270-11); iCap Pacific Development LLC (23-01271- 11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); iCap Holding 6 LLC (23-01274-11); Colpitts Sunset, LLC (23-01432-11); CS2 Real Estate Development LLC (23-01434-11); and iCap International Investments, LLC (23-01464-11).

COMPLAINT FOR DECLARATORY RELIEF — 1

| | |
|---|---|
| Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as Owner of MFA 2022-RTL1 Trust; and Lima One Capital, LLC;<br><br>      Plaintiffs,<br><br>    v.<br><br>VH 1121 14th, LLC; and VH Willows Townhomes, LLC;<br><br>      Defendants. | **COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiffs Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as Owner of MFA 2022-RTL1 Trust ("Wilmington") and Lima One Capital, LLC ("Lima" and together with Wilmington, "Plaintiffs") hereby allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This adversary proceeding arises under the Bankruptcy Code and relates to the above-captioned chapter 11 cases now pending before this Court and is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K) and (O).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Plaintiffs consent to entry of a final judgment by the United States Bankruptcy Court for the Eastern District of Washington.

## Parties

5. Plaintiff Wilmington is the beneficiary under the VH 1121 Note and

Deed of Trust, and the VH Willows Note and Deed of Trust (each as defined below).

6. Plaintiff Lima is a Georgia corporation duly organized and existing under and by virtue of the laws of the State of Georgia, and qualified to do business in the State of Washington.

7. Plaintiffs are informed and believe and based thereon allege that at all times mentioned herein, Defendant VH 1121 14th, LLC ("VH 1121"), is a Delaware Limited Liability Company having an address at 1675 South State Street, Dover, DE 19901, and may be served with process by any manner of service authorized by Rule 7004.

8. Plaintiffs are informed and believe and based thereon allege that at all times mentioned herein, Defendant VH Willows Townhomes, LLC ("VH Willows" and together with VH 1121, the "Defendants"), is a Delaware Limited Liability Company having an address at 2493 NE Laurel Court, Issaquah, WA 98029, and may be served with process by any manner of service authorized by Rule 7004.

## GENERAL ALLEGATIONS

### The Bankruptcy Cases

9. On September 28, 2023, Lance Miller was appointed as the Debtors' Chief Restructuring Officer and Manager.

10. On September 29, 2023 (the "Petition Date"), VH 1121 and VH Willows each filed voluntary Chapter 11 petitions.

11. On October 2, 2023, the Court entered orders of joint administration in each of the Debtors' bankruptcy cases, including the Defendants' bankruptcy cases.

12. As set forth below, Wilmington holds a valid, enforceable and senior perfected security interest in the VH 1121 Collateral Proceeds (as defined below) and a valid, enforceable and senior perfected security interest in the VH Willows Collateral Proceeds (as defined below).

**The VH 1121 Loan**

13. Lima made a loan to VH 1121 (the "VH 1121 Loan") in the principal sum of $3,000,000.

14. The VH 1121 Loan was a commercial loan and was negotiated at arm's length.

15. The VH 1121 Loan is evidenced by a *Commercial Promissory Note* in the principal sum of $3,000,000 executed on or about January 28, 2022, by Lima and VH 1121 (the "VH 1121 Note").

16. On or about January 28, 2022, VH 1121 executed and delivered to Lima an *Open-End Commercial Deed of Trust, Security, Agreement, and Fixture Filing* (the "VH 1121 Deed of Trust").

17. By the VH 1121 Deed of Trust, VH 1121 granted to Lima a first-priority security interest in certain collateral, as described therein (the "VH 1121 Collateral"), for the purpose of securing payment and performance of the indebtedness and obligations under the VH 1121 Note.

18. The VH 1121 Collateral includes the real properties commonly known as 1117 A 14th Ave., Seattle, WA; 1117 B 14th Ave., Seattle, WA; 1119 A 14th Ave., Seattle, WA; 1119 B 14th Ave., Seattle, WA; and 1121 14th Ave., Seattle, WA, and legally described in the VH 1121 Deed of Trust as follows:

> For APN/Parcel ID(s): 225450-1291-04, 225450-1292-03, 225450-1293-02, 225450-1290-05 and 225450-1294-01

UNIT LOTS A THROUGH E, UNIT LOT SUBDIVISION NO. 3031317-LU, RECORDED UNDER RECORDING NO. 20210721900038, RECORDS OF KING COUNTY, WASHINGTON.
SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.

(collectively, the "VH 1121 Real Property Collateral").

19. The VH 1121 Collateral includes all proceeds of the VH 1121 Real Property Collateral, including, without limitation, proceeds of any sales or other dispositions of the VH 1121 Real Property Collateral.

20. Under the VH 1121 Deed of Trust, Lima, its successors and assigns, is authorized to receive and collect the proceeds of any sales or other dispositions of the VH 1121 Real Property Collateral.

21. Under the VH 1121 Note and the VH 1121 Deed of Trust, VH 1121 represented and warranted that the proceeds from the VH 1121 Loan would be used solely for business and commercial purposes.

22. On or about January 31, 2022, the VH 1121 Deed of Trust was recorded with the King County Recorder's Office as instrument number 20220131001479.

23. The recording of the VH 1121 Deed of Trust perfected Lima's security interest in the VH 1121 Collateral on January 31, 2022.

24. On or about February 8, 2022, all of Lima's beneficial interest in the VH 1121 Loan, including the VH 1121 Deed of Trust, was assigned to Wilmington.

25. VH 1121 is indebted to Lima, its successors and assigns, by virtue of the VH 1121 Loan.

26. The indebtedness owed by VH 1121 to Lima is secured by the VH 1121 Collateral, including the VH 1121 Real Property Collateral and the

COMPLAINT FOR DECLARATORY RELIEF 5

BORDE LAW PLLC
1700 7th Ave., Ste. 2100
Seattle, WA 98101
Telephone: (206) 531-2722

23-01243-WLH11    Doc 1183    Filed 08/16/24    Entered 08/16/24 14:53:11    Pg 5 of 15

proceeds thereof.

27. As of the Petition Date, the total indebtedness owed to Wilmington on the VH 1121 Note was $3,211,693.75. (*See* POC 1-1, Case No. 23-01264-WLH11.)

28. No objection has been filed to Wilmington's Proof of Claim 1-1, Case No. 23-01264-WLH11.

29. Wilmington's Proof of Claim 1-1, Case No. 23-01264-WLH11, constitutes an allowed claim.

**The VH Willows Loan**

30. Lima made a loan to VH Willows (the "VH Willows Loan") in the principal sum of $2,985,000.

31. The VH Willows Loan was a commercial loan and was negotiated at arm's length.

32. The VH Willows Loan is evidenced by a *Commercial Promissory Note* in the principal sum of $2,985,000 executed on or about January 28, 2022, by Lima and VH Willows (the "VH Willows Note").

33. On or about January 28, 2022, VH Willows executed and delivered to Lima an *Open-End Commercial Deed of Trust, Security, Agreement, and Fixture Filing* (the "VH Willows Deed of Trust").

34. By the VH Willows Deed of Trust VH Willows granted to Lima a first-priority security interest in certain collateral, as described therein (the "VH Willows Collateral"), for the purpose of securing payment and performance of the indebtedness and obligations under the VH Willows Note.

35. The VH Willows Collateral includes the real properties commonly known as 4906A South Willow Street, Seattle, WA 98118; 4910B South Willow

Street, Seattle, WA 98118; 4912B South Willow Street, Seattle, WA 98118; 4918C South Willow Street, Seattle, WA 98118; 4922A South Willow Street, Seattle, WA 98118; and 4922B South Willow Street, Seattle, WA 98118 and legally described in the VH Willows Collateral Deed of Trust as follows:

> For APN/Parcel ID(s): 110500-0547-02, 110500-0548-01, 110500-0552-04, 110500-0561-03, 110500-0564-00 and 110500-0575-07
> UNIT LOTS B, C, G, P, S, and Z, City of Seattle Unit Lot Subdivision No. 3020260, Seattle Modern Living On Willow, recorded under recording number 201912179000010, in King County, Washington.
> Situate in the City of Seattle, County of King, State of Washington.

(collectively, the "VH Willows Real Property Collateral").

36. The VH Willows Collateral includes all proceeds of the VH Willows Real Property Collateral, including, without limitation, proceeds of any sales or other dispositions of the VH Willows Real Property Collateral.

37. Under the VH Willows Deed of Trust, Lima, its successors and assigns, is authorized to receive and collect the proceeds of any sales or other dispositions of the VH Willows Real Property Collateral.

38. Under the VH Willows Note and the VH Willows Deed of Trust, VH Willows represented and warranted that the proceeds from the VH Willows Loan would be used solely for business and commercial purposes.

39. On or about January 31, 2022, the VH Willows Deed of Trust was recorded with the King County Recorder's Office as instrument number 20220131001459.

40. The recording of the VH Willows Deed of Trust perfected Lima's security interest in the VH Willows Collateral on January 31, 2022.

41. On or about February 8, 2022, all of Lima's beneficial interest in the VH Willows Loan, including the VH Willows Deed of Trust, was assigned to Wilmington.

42. VH Willows is indebted to Lima, its successors and assigns, by virtue of the VH Willows Loan.

43. The indebtedness owed by VH Willows to Lima is secured by the VH Willows Collateral, including the VH Willows Real Property Collateral and the proceeds thereof.

44. As of the Petition Date, the total indebtedness owed to Wilmington on the VH Willows Note was $1,962,518.58. (*See* POC 1-1, Case No. 23-01262-WLH11.)

45. No objection has been filed to Wilmington's Proof of Claim 1-1, Case No. 23-01262-WLH11.

46. Wilmington's Proof of Claim 1-1, Case No. 23-01262-WLH11, constitutes an allowed claim.

**The Debtors Received the Loan Proceeds from the VH 1121 Loan and the VH Willows Loan**

47. The Plaintiffs are informed, and on that basis allege, that VH 1121 received all of the loan proceeds on account of the VH 1121 Loan.

48. The Plaintiffs are informed, and on that basis allege, that VH 1121 received all of the loan proceeds on account of the VH Willows Loan.

49. On April 22, 2024, the Debtors filed the *Declaration of Lance Miller In Support of Debtors' Omnibus Reply to Wilmington Savings Fund Society, FSB's Objections to Sale of Properties Under the Property Transaction Procedures* [Docket No. 777-1] (the "Miller Declaration").

50. As testified by Mr. Miller on behalf of the Debtors under penalty of

perjury, Lima loaned $2,976,277 to VH 1121. (*See* Miller Decl. at ¶ 9.)

52. As testified by Mr. Miller on behalf of the Debtors under penalty of perjury, VH 1121 received the $2,976,277 in loan proceeds from Lima. (*See* Miller Decl. at ¶ 9.)

52. As testified by Mr. Miller on behalf of the Debtors under penalty of perjury, Lima loaned approximately $2,960,922 to VH Willows. (*See* Miller Decl. at ¶ 9.)

53. As testified by Mr. Miller on behalf of the Debtors under penalty of perjury, VH Willows received the $2,960,922 in loan proceeds from Lima. (*See* Miller Decl. at ¶ 9.)

**The Debtors' Sales of the VH 1121 and VH Willows Real Property Collateral**

54. On February 6, 2024, the Debtors filed the *Debtors' Motion for Order Establishing Procedures for Sale of Property of the Estates* [ECF 370] (the "Sale Procedures Motion").

55. On March 14, 2024, the Court entered an order approving the Sale Procedures Motion [ECF 611] (the "Sale Procedures Order").

56. The Sale Procedures Order provides as follows in pertinent part:

> Upon the closing of the sale of any property secured by a lien in favor of Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as owner Trustee of MFA 2022-RTL1 Trust; Lima One Capital, LLC as servicer ("Wilmington"), the Debtors will segregate all net proceeds of such sale in a separate bank account until the total balance of such account equals $5,250,000 (the ("Wilmington Segregated Proceeds"), pending further order of this court with respect to the allowance of the proofs of claim of Wilmington filed in the Chapter 11 Cases. The Wilmington Segregated Proceeds will be kept in such separate bank account and

COMPLAINT FOR DECLARATORY RELIEF — 9

BORDE LAW PLLC
1700 7th Ave., Ste. 2100
Seattle, WA 98101
Telephone: (206) 531-2722

> *will not be used for any purposes without further court order*. The Debtors will continue to pay Wilmington adequate protection payments in accordance with this court's prior order approving debtor-in-possession financing [ECF No. 154], the terms of which will continue in full force and effect. For the avoidance of doubt, Wilmington will have an automatically perfected lien in the Wilmington Segregated Proceeds held in the segregated account with same validity, priority (other than with respect to the bank at which the Wilmington Segregated Proceeds are deposited), force, and effect as Wilmington's liens in any property sold pursuant to this order. Before the closing of a sale of any property secured by a lien in favor of Wilmington, Debtors must identify to Wilmington (i) the bank at which the Wilmington Segregated Proceeds will be deposited and (ii) the last four digits of the account number.

(*See* Sale Procedures Order at § 5 (emphasis added).)

57. Pursuant to the Sale Procedures Order, the Debtors sought Court authority to sell the VH Willows Real Property Collateral and the VH Willows Real Property Collateral.

58. On March 29, 2024, Wilmington filed objections to four different proposed sales by the Debtors and requests to credit bid pursuant to 11 U.S.C. § 363(k). (*See* ECF Nos. 665-668, collectively the "Objections")

59. On April 22, 2024, the Debtors filed a reply to the Objections. Through the reply, the Debtors argued that "Wilmington's liens on the Properties are subject to avoidance under the Bankruptcy Code and thus, sufficient cause exists to disallow Wilmington's credit bid on the Properties." (*See* Reply at 6:21-23.)

60. On April 24, 2024, a hearing was held on the Objections. The Court

COMPLAINT FOR DECLARATORY RELIEF 10

BORDE LAW PLLC
1700 7th Ave., Ste. 2100
Seattle, WA 98101
Telephone: (206) 531-2722

23-01243-WLH11    Doc 1183    Filed 08/16/24    Entered 08/16/24 14:53:11    Pg 10 of 15

continued the hearing to April 26, 2024, and authorized Wilmington to file a supplemental response by April 26, 2024, at 11:00 a.m.

61. On April 26, 2024, Wilmington withdrew the Objections.

62. During the Debtors' cases, the Defendants obtained Court authority to sell the VH 1121 Real Property Collateral and the VH Willows Real Property Collateral. (*See* ECF Nos. 717-719, 814-817 and 904.)

63. The Plaintiffs are informed by the Debtors' counsel, and on that basis allege, that the Debtors closed the sales of the VH 1121 Real Property Collateral and the VH Willows Real Property Collateral.

64. The Plaintiffs are informed, and on that basis allege, that, based on the sales of the VH 1121 Real Property Collateral, VH 1121 received sale proceeds of $2,974,905.65 (the "VH 1121 Collateral Proceeds").

65. The Plaintiffs are informed by the Debtors' counsel, and on that basis allege, that, based on the sales of the VH Willows Real Property Collateral, VH Willows received sale proceeds of $2,176,114.15 (the "VH Willows Collateral Proceeds").

66. Lima's liens in the VH 1121 Real Property Collateral attached to the VH 1121 Collateral Proceeds with the same validity, extent, and priority as the liens had attached to the VH 1121 Real Property Collateral immediately prior to the Debtors' sales of the VH 1121 Real Property Collateral.

67. Lima's liens in the VH Willows Real Property Collateral attached to the VH Willows Collateral Proceeds with the same validity, extent, and priority as the liens had attached to the VH Willows Real Property Collateral immediately prior to the Debtors' sales of the VH 1121 Willows Real Property Collateral.

68. The Plaintiffs are informed by the Debtors' counsel, and on that

COMPLAINT FOR DECLARATORY RELIEF 11

BORDE LAW PLLC
1700 7th Ave., Ste. 2100
Seattle, WA 98101
Telephone: (206) 531-2722

23-01243-WLH11    Doc 1183    Filed 08/16/24    Entered 08/16/24 14:53:11    Pg 11 of 15

basis allege, that the VH 1121 Collateral Proceeds are being held in VH 1121's Debtor-In-Possession Account at Axos Bank, account no. ending in 8649.

69. The Plaintiffs are informed by the Debtors' counsel, and on that basis allege, that the VH Willow Collateral Proceeds are being held in VH Willow's Debtor-In-Possession Account at Axos Bank, account no. ending in 7971.

70. Following VH Willows receipt of the VH Willows Collateral Proceeds, VH Willows made at least five transfers totaling at least $53,464.49 of the VH Willows Collateral Proceeds from the VH Willow's Debtor-In-Possession Account at Axos Bank, account no. ending in 7971.

71. These transfers include a transfer of $13,600 on April 17, 2024, to a tenant to move out.

72. Each of these transfers was without Wilmington's consent and was in violation of the Sale Procedures Order because it was not authorized by order of the Court.

## FIRST CLAIM FOR RELIEF
### [Declaratory Relief as to VH 1121 Collateral Proceeds]

73. The Plaintiffs incorporate by reference and reallege the allegations set forth in Paragraphs 1-72 of this Complaint.

74. An actual controversy has arisen between the Plaintiffs and the Defendants regarding the validity of the liens held by Wilmington in the VH 1121 Collateral Proceeds, including whether such liens are avoidable, and regarding whether Wilmington is entitled to the VH 1121 Collateral Proceeds.

75. Pursuant to 11 U.S.C. § 105 and 28 U.S.C. § 2201, Wilmington is entitled to a declaratory judgment (a) determining that Wilmington holds a valid, enforceable, and unavoidable first-priority security interest in the VH 1121

COMPLAINT FOR DECLARATORY RELIEF — 12 — BORDE LAW PLLC
1700 7th Ave., Ste. 2100
Seattle, WA 98101
Telephone: (206) 531-2722

23-01243-WLH11    Doc 1183    Filed 08/16/24    Entered 08/16/24 14:53:11    Pg 12 of 15

Collateral Proceeds, (b) determining that Wilmington has an allowed claim in the amount of $3,211,693.75, and (c) ordering the VH 1121 Collateral Proceeds to be paid to Wilmington.

## SECOND CLAIM FOR RELIEF
### [Declaratory Relief as to VH Willows Collateral Proceeds]

76. The Plaintiffs incorporate by reference and reallege the allegations set forth in Paragraphs 1-72 of this Complaint.

77. An actual controversy has arisen between the Plaintiffs and the Defendants regarding the validity of the liens held by Wilmington in the VH Willows Collateral Proceeds, including whether such liens are avoidable, and regarding whether Wilmington is entitled to the VH Willows Collateral Proceeds.

78. Pursuant to 11 U.S.C. § 105 and 28 U.S.C. § 2201, Wilmington is entitled to a declaratory judgment (a) determining that Wilmington holds a valid, enforceable, and unavoidable first-priority security interest in the VH Willows Collateral Proceeds, (b) determining that Wilmington has an allowed claim in the amount of $1,962,518.58, and (c) ordering the VH Willows Collateral Proceeds to be paid to Wilmington.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request and pray for judgment against the Defendants as follows:

1. On the First Claim for Relief, for a declaratory judgment that (a) Wilmington holds a valid, enforceable, and unavoidable first-priority security interest in the VH 1121 Collateral Proceeds, (b) an

1. allowed claim in an amount not less than $3,211,693.75 plus additional attorneys' fees, costs, and interest, and (c) VH 1121 is ordered to pay the VH 1121 Collateral Proceeds to Wilmington.
2. On the Second Claim for Relief, for a declaratory judgment that (a) Wilmington holds a valid, enforceable, and unavoidable first-priority security interest in the VH Willows Collateral Proceeds, (b) an allowed claim in an amount not less than $1,962,518.58 plus additional attorneys' fees, costs, and interest, and (c) VH Willows is ordered to pay the VH Willows Collateral Proceeds to Wilmington, including any VH Willows Collateral Proceeds improperly transferred by the Debtors;
3. That the Plaintiffs are awarded the costs and expenses of the suit herein;
4. That the Plaintiff is awarded attorney's fees pursuant to the loan documents and applicable law; and
5. For such other relief as the Court deems just and proper.

COMPLAINT FOR DECLARATORY RELIEF — 14

BORDE LAW PLLC
1700 7th Ave., Ste. 2100
Seattle, WA 98101
Telephone: (206) 531-2722

23-01243-WLH11    Doc 1183    Filed 08/16/24    Entered 08/16/24 14:53:11    Pg 14 of 15

DATED: August 16, 2024  BORDE LAW PLLC

By:    */s/ Manish Borde*
     Manish Borde, WSBA #39503
     Counsel for Lima One Capital, LLC and
     Wilmington Savings Fund Society, FSB,
     not in its individual capacity, but solely
     as Owner of MFA 2022-RTL1 Trust


RAINES FELDMAN LITTRELL LLP

By:    */s/ Michael L. Simon*
     Michael L. Simon, CA SBN 300822
     *Admitted Pro Hac Vice*
     Counsel for Lima One Capital, LLC and
     Wilmington Savings Fund Society, FSB,
     not in its individual capacity, but solely
     as Owner of MFA 2022-RTL1 Trust

COMPLAINT FOR DECLARATORY RELIEF     15

BORDE LAW PLLC
1700 7th Ave., Ste. 2100
Seattle, WA 98101
Telephone: (206) 531-2722

23-01243-WLH11    Doc 1183    Filed 08/16/24    Entered 08/16/24 14:53:11    Pg 15 of 15