Dated: August 29th, 2024

Whitman L. Holt
Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

In re:

ICAP ENTERPRISES, INC., *et al.*,

Debtors.[1]

Chapter 11

Lead Case No. 23-01243-WLH11
Jointly Administered

**ORDER APPROVING: (I) PROPOSED DISCLOSURE STATEMENT; (II) SOLICITATION AND VOTING PROCEDURES; (III) NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF JOINT PLAN OF LIQUIDATION; AND (IV) GRANTING RELATED RELIEF**

[1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding 1, LLC (23-01256-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01253-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11); Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); iCap Holding 6 LLC (23-01274-11); Colpitts Sunset, LLC (23-01432-11); CS2 Real Estate Development LLC (23-01434-11); and iCap International Investments, LLC (23-01464-11).

**ORDER APPROVING DISCLOSURE STATEMENT**
**AND SOLICITATION PROCEDURES**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

This matter came before the court on the *Motion for an Order Approving: (I) Proposed Disclosure Statement; (II) Solicitation and Voting Procedures; (III) Notice and Objection Procedures for Confirmation of Joint Plan of Liquidation; and (IV) Granting Related Relief* (the "Motion") filed by iCap Enterprises, Inc., and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 bankruptcy cases (the "Chapter 11 Cases") and the Official Committee of Unsecured Creditors (the "Committee" and together with the Debtors, the "Plan Proponents"). On July 16, 2024, the Plan Proponents filed the *Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1089] and related disclosure statement [ECF No. 1088]. On August 20, 2024, the Plan Proponents filed the *First Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1222] and related disclosure statement [ECF No. 1221]. On August 26, 2024, the Plan Proponents filed the *Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1237] (as may be further amended, modified, or supplemented, the "Plan") and related disclosure statement [ECF No. 1236] (as may be further amended, modified, or supplemented, the "Disclosure Statement").[2]

The court, having reviewed the Motion and the accompanying Memorandum of Points and Authorities, the Disclosure Statement, the Plan, the *Declaration of Lance Miller in Support of First Day Motions* [ECF No. 23], the record in these Chapter 11 Cases, and all other matters of which this court may take judicial notice pursuant to

---

[2] Capitalized terms not otherwise defined herein have the same definitions set forth in the Disclosure Statement or Plan, as applicable.

**ORDER APPROVING DISCLOSURE STATEMENT**
**AND SOLICITATION PROCEDURES**

2

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

Rule 201 of the Federal Rules of Evidence; the court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; all objections to the Motion having been withdrawn, continued, overruled, settled by stipulation approved by the court, or otherwise settled as reflected on the record at the hearings on the Motion; and after due deliberation and sufficient good cause appearing therefor:

**THE COURT HEREBY FINDS AND CONCLUDES THAT[3]:**

A. <u>Jurisdiction and Venue.</u> This court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (L), and (O). Venue of these cases is proper in this District and in this court, pursuant to 28 U.S.C. §§ 1408 and 1409.

B. <u>Notice.</u> As evidenced by the declarations of service previously filed with the court, the Debtors have provided proper, timely, adequate and sufficient notice with respect to the Motion and the relief sought therein, including, but not limited to, (i) approving the Disclosure Statement as containing "adequate information," as that term is defined in § 1125(a)(1); (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, including (a) approving the form and manner of the solicitation packages, (b) approving the form and manner of notice of the hearing to confirm the Plan, (c) establishing a voting record date and approving procedures for distributing the solicitation packages, (d) approving the forms of ballots, (e) establishing the deadline for the receipt of ballots, and (f) approving procedures for tabulating acceptances and rejections of the Plan; (iii) establishing procedures with

---

[3] The findings and conclusions set forth herein constitute the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

**ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**

3

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

respect to, and the deadline for filing objections to, confirmation of the Plan; and (iv) granting related relief.

C.     <u>Adequate Information.</u> The Disclosure Statement contains "adequate information" within the meaning of § 1125.

D.     <u>Objections.</u> All objections, responses to, and statements and comments in opposition to the Motion or approval of the Disclosure Statement, other than those withdrawn with prejudice or resolved in their entirety, shall be, and hereby are, overruled in their entirety and, notwithstanding the foregoing, no objection shall be considered an objection to confirmation of the Plan unless such objection is interposed in accordance with the procedures for objecting to confirmation of the Plan set forth herein.

E.     <u>Approval of Forms of Notice.</u> The notices substantially in the form attached to the Motion as **Exhibit E** (the "<u>Confirmation Hearing Notice</u>") and **Exhibit D** (the "<u>Notice of Non-Voting Status</u>"), and the procedures set forth below for providing such notice to all creditors and interest holders of the time, date, and place of the hearing to consider confirmation of the Plan (the "<u>Confirmation Hearing</u>") are adequate and sufficient.

F.     <u>Approval of Forms of Ballot.</u> The forms of Ballot attached to the Motion as **Exhibits B and C** are sufficiently consistent with Official Form No. B314 and adequately address the particular needs of these Chapter 11 Cases and are appropriate for each of the respective classes of claims that is entitled to vote to accept or reject the Plan.

G.     <u>The Solicitation Package and Distribution Procedures.</u> The content and proposed distribution of the Solicitation Packages complies with Bankruptcy Rule 3017(d). The contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017, and service of such materials as set forth herein constitutes sufficient notice

**ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**

4

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

to all interested parties. Ballots need not be provided to holders of Administrative Claims, Claims of Professional Persons, Priority Tax Claims, claims in Class 1 (Priority Claims), claims in Class 2 (Secured Claims), claims in Class 5 (Subordinated Claims), or interests in Class 6 (Equity Interests), because such holders are either unclassified pursuant to § 1123(a)(1), deemed to accept the Plan pursuant to § 1126(f), deemed to have rejected the Plan pursuant to § 1123(g), or the Debtors have decided not to solicit their votes.

H.    <u>The Solicitation Procedures.</u> The procedures for solicitation of acceptances of the Plan (the "<u>Solicitation Procedures</u>") and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion and below) provide for a fair and equitable voting process and are consistent with § 1126. The period, set forth below, during which the Debtors may solicit acceptances to the Plan is a reasonable and adequate period of time under the circumstances for creditors to make an informed decision to accept or reject the Plan.

**IT IS HEREBY ORDERED, AND NOTICE IS HEREBY GIVEN, THAT:**

1.    The Motion [ECF No. 1142] is GRANTED and all remaining objections to the Motion or approval of the Disclosure Statement, if any, are OVERRULED on their merits and DENIED.

2.    The Disclosure Statement is APPROVED.

3.    The following dates and times (subject to modification as necessary), as discussed in detail herein, are approved in connection with solicitation and confirmation of the Plan:

| CONFIRMATION TIMELINE AND SCHEDULE | |
|---|---|
| Voting Record Date | Monday, August 26, 2024 |
| Solicitation Commencement Deadline | Wednesday, September 4, 2024 |
| Deadline to file Plan Supplement | Wednesday, September 18, 2024 |

ORDER APPROVING DISCLOSURE STATEMENT
AND SOLICITATION PROCEDURES

5

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

| | |
|---|---|
| Voting Objection Deadline | Wednesday, September 25, 2024 |
| Voting Deadline | Wednesday, October 2, 2024 at 4:00 p.m. (PT) |
| Confirmation Objection Deadline | Wednesday, October 2, 2024 at 4:00 p.m. (PT) |
| Deadline to file Tabulation Report, Memorandum of Law in Support of Confirmation, Proposed Confirmation Order, and Response to Objections to the Confirmation | Wednesday, October 9, 2024 |
| Confirmation Hearing | Wednesday, October 16, 2024 at 9:30 a.m. (PT) – October 18, 2024 (as necessary) |

4.     The following dates and times (subject to modification as necessary) are approved in connection with confirmation-related discovery:

| CONFIRMATION DISCOVERY SCHEDULE | |
|---|---|
| Informal Rule 26 exchange, including any proposed ESI protocol and protective order | Tuesday, September 3, 2024 |
| Deadline for Plan Proponents to disclose experts, and deadline for parties to serve written discovery, and notice fact depositions | Friday, September 6, 2024 |
| Deadline for parties other than the Plan Proponents to disclose experts | Tuesday, September 10, 2024 |
| Deadline for responses to written discovery | Friday, September 13, 2024 |
| Deadline to complete document productions | Friday, September 20, 2024 |
| Hearing to address discovery issues, if any | Wednesday, September 25, 2024 at 10:30 a.m. (PT) |
| Deadline to complete fact depositions | Friday, September 27, 2024 |
| Deadline to file rebuttal expert reports to Kinrich report | Friday, September 27, 2024 |

**ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**

6

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

| | |
|---|---|
| Deadline to exchange hearing witness lists | Monday, October 7, 2024 |
| Deadline to complete expert depositions | Thursday, October 10, 2024 |
| Deadline to file declarations of direct witnesses | Thursday, October 10, 2024 |
| Deadline to file joint exhibits and lodge objections, if any | Monday, October 14, 2024 |

The Plan Proponents can agree to modify or extend these dates and deadlines as to any particular counterparty by written agreement with such counterparty without the need for a further order. The schedule set forth in this paragraph 4 does not preclude any party from filing a motion for extension or continuance upon cause shown.

5.     The record date for purposes of determining the claimholders that are entitled to vote (subject to the voting procedures set forth below) on the Plan or, in the case of non-voting classes, for purposes of determining the claimholders to receive certain Plan-related materials approved by this order shall be August 26, 2024 (the "Voting Record Date").

6.     BMC Group will serve as the Debtors' voting and solicitation agent (the "Voting Agent") and provide access to Solicitation Packages, among other things. Solicitation Packages (except for Ballots) shall be available (i) for download at https://cases.creditorinfo.com/iCap, (ii) by sending a written request via standard, overnight, or hand delivery to: BMC Group, Attention: iCap Ballot Processing, 3732 W. 120th St., Hawthorne, CA 90250, and (iii) by e-mail request to: iCap@bmcgroup.com. Additionally, copies of the Motion, Disclosure Statement, and Plan are on file with the Office of the Clerk of the Bankruptcy Court for review.

7.     The Confirmation Hearing Notice attached to the Motion as **Exhibit E** and Notice of Non-Voting Status attached to the Motion as **Exhibit D** are APPROVED.

**ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**

7

Black Helterline LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

23-01243-WLH11    Doc 1247    Filed 08/29/24    Entered 08/29/24 15:27:47    Pg 7 of 19

8. The Debtors are authorized and empowered to commence distribution of the Confirmation Hearing Notice and Solicitation Package to the Voting Classes within three (3) business days following the date of entry of this order (the "<u>Solicitation Commencement Date</u>") and shall serve the same via First Class Mail and email, as applicable.

9. To the extent the Debtors are required to distribute copies of the Plan and/or Disclosure Statement, the Debtors, through their Voting Agent, may distribute either paper copies, electronic copies in "pdf" format via email, or on CD-ROM or USB Flash Drive, at their sole discretion; *provided* that the Debtors shall make paper copies available in the manner specified in paragraph 6, above.

10. By the Solicitation Commencement Date, the Debtors shall commence or cause to be distributed by First Class Mail or email, this order, the Confirmation Hearing Notice, the Disclosure Statement (together with the Plan and other exhibits attached thereto), and such other materials as the court may direct (excluding a Ballot) to, among other parties (to the extent such parties did not otherwise receive the Solicitation Package):

a) the U.S. Trustee;

b) the Internal Revenue Service and any state and local taxing authorities in which the Debtors did business;

c) the Securities and Exchange Commission;

d) the Washington Attorney General; and

e) all persons and entities that have filed a request for service of filings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

**ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**

8

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

11.     The Ballots, substantially in the form attached to the Motion as **Exhibits B and C** are APPROVED.

12.     Solicitation Packages, which shall include individual Ballots, shall be distributed to the Voting Classes, which classes are designated under the Plan as entitled to vote to accept or reject the Plan.

13.     Only a Notice of Non-Voting Status shall be distributed to the holders of unclassified claims and the holders of claims or equity interests in Class 1 (Priority Claims), Class 2 (Secured Claims), Class 5 (Subordinated Claims), and Class 6 (Equity Interests) (collectively, the "Non-Voting Classes"). The Debtors are not required to distribute copies of the Plan, Disclosure Statement, or this order to any Non-Voting Classes, unless such holder makes a specific request in writing for the same.

14.     The Debtors are excused from distributing Solicitation Packages to those addresses from which one or more prior notices served in these Chapter 11 Cases were returned as undeliverable or from which mailings made pursuant to this order are returned as undeliverable unless the Debtors are provided with updated addresses for such entities before the Solicitation Commencement Date. The Debtors are excused from any obligation to re-deliver Solicitation Packages to entities with addresses that are deemed undeliverable and are not provided with a forwarding or more updated address.

15.     All Ballots must be properly executed, completed, and delivered to the Voting Agent so as to be received by the Voting Agent **no later than 4:00 p.m. (Pacific Time) on October 2, 2024** (the "Voting Deadline") as set forth below. Except as provided below, Ballots must be submitted via the Voting Agent's customized online balloting portal (the "E-Balloting Portal") or to the Voting Agent at the following address in accordance with the voting procedures set forth below:

**ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**

9

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

**By Regular Mail:**
BMC Group
Attention: iCap Ballot Processing
P.O. Box 90100
Los Angeles, CA 90009

**By Overnight Courier or Hand Delivery:**
BMC Group
Attention: iCap Ballot Processing
3732 W. 120th St.
Hawthorne, CA 90250

16.     In addition, the Debtors are authorized to accept Ballots via electronic, online transmissions solely through the E-Balloting Portal at https://cases.creditorinfo.com/iCap by clicking the "Submit E-Ballot" button and following the instructions to submit your Ballot. Ballots are not required to be filed with the court. The Debtors are not required to file a List of Classifying Claims pursuant to Local Bankruptcy Rule 3018(c)(4).

17.     **BALLOTS TRANSMITTED TO THE DEBTORS BY FACSIMILE, EMAIL, OR OTHER MEANS NOT SPECIFICALLY APPROVED BY THIS ORDER MAY BE ACCEPTED BY THE DEBTORS, AFTER CONSULTATION WITH THE COMMITTEE, ON A CASE-BY-CASE BASIS.**

18.     For purposes of voting on the Plan, with respect to all creditors of the Debtors, the Plan Proponents propose that the amount and/or eligibility of a claim used to tabulate acceptance or rejection of the Plan should be, as applicable:

> a) The amount of the claim listed in the Debtors' schedules of assets and liabilities (the "Schedules") shall be the amount of the claim for voting purposes; *provided* that (i) such claim is not scheduled as contingent, unliquidated, undetermined, disputed, and/or in a zero dollar amount, and (ii) no proof of claim has been timely filed (or otherwise deemed timely filed by the court under applicable law) with respect to such claim.

ORDER APPROVING DISCLOSURE STATEMENT
AND SOLICITATION PROCEDURES

10

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

b) The noncontingent and liquidated amount specified in a proof of claim timely filed with the court (or otherwise deemed timely filed by the court under applicable law) shall be the amount of the claim for voting purposes to the extent the proof of claim is not the subject of an objection filed by **September 25, 2024** (the "<u>Voting Objection Deadline</u>") (or, if such claim has been resolved for allowance and/or voting purposes pursuant to a stipulation or order entered by the court, or otherwise resolved by the court, the amount set forth in such stipulation or order).

c) If a proof of claim has been timely filed prior to the applicable bar date and such claim is asserted in the amount of $0.00, such claim shall not be entitled to vote.

d) Notwithstanding anything to the contrary in these tabulation rules, the holder of any claim that has been indefeasibly paid, in full or in part, shall only be permitted to vote the unpaid amount of such claim, if any, to accept or reject the Plan.

e) The amount temporarily allowed or estimated by the court for voting purposes, pursuant to Bankruptcy Rule 3018(a), subject to notice consistent with the procedures set forth herein, the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules shall be the amount of the claim for voting purposes.

f) If a claim for which a proof of claim has been timely filed for unknown or undetermined amounts (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Debtors) and such claim has not been allowed, such claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.

g) If a claim is listed on a timely filed proof of claim as either wholly or partially contingent or unliquidated, such claim is temporarily allowed in the amount that is the greater of (i) the liquidated and non-contingent amount and (ii) $1.00, for voting purposes only, and not for purposes of allowance or distribution.

h) If a claim is deemed allowed under the Plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan.

**ORDER APPROVING DISCLOSURE STATEMENT
AND SOLICITATION PROCEDURES**

11

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

i) If a claim is not listed in the Schedules or is listed in the Schedules as contingent, unliquidated, or disputed (or in a zero amount) and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the court or (ii) deemed timely filed by an order of the court prior to the Voting Deadline, such claim shall be disallowed for voting purposes.

j) If a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim. Except as otherwise ordered by the court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

19. The temporary allowance of claims for voting purposes does not constitute an allowance of claims for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors, the Committee, or any other party-in-interest in any other context, including, without limitation, to contest the amount, classification, or validity of any claim for purposes of allowance under the Plan.

20. Additionally, the Plan Proponents seek authorization from the court to object to any claim (as defined in § 101(5)) solely for Plan voting purposes by filing a determination motion (the "Determination Motion") no later than the Voting Objection Deadline. If an objection to a claim (made by way of a Determination Motion or otherwise) filed on or before the Voting Objection Deadline requests that such claim be reduced or reclassified, such claimant's Ballot shall be counted in such reduced amount or as falling into the reclassified category. Further, if a creditor casts a Ballot and has timely filed a proof of claim (or has otherwise had a proof of claim deemed timely filed by the court under applicable law), but the creditor's claim is the subject of an objection (made by way of a Determination Motion or otherwise) filed no later than the Voting

**ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**

12

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

Objection Deadline, the Plan Proponents request, in accordance with Bankruptcy Rule 3018, that the creditor's Ballot not be counted to the extent it is challenged by the objection, unless such claim is temporarily allowed by the court for voting purposes pursuant to Bankruptcy Rule 3018(a) after the creditor files a motion for such temporary allowance (a "Claims Estimation Motion").

21. If a creditor seeks to have its claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Rule 3018(a) (including in response to a Determination Motion filed by the Debtors or any other party granted standing), such creditor shall file a Claims Estimation Motion for such temporary allowance by the later of (i) the Voting Objection Deadline or (ii) if such claim is the subject of an objection or a Determination Motion, seven (7) days after the filing of the applicable objection or Determination Motion.

22. In the event that a Determination Motion or Claims Estimation Motion is filed, the non-moving party shall file a reply to such motion by the later of (i) the Voting Objection Deadline, or (ii) seven (7) days after the filing of the applicable motion (the "Voting Objection Reply Deadline"). Subject to the court's availability, a hearing will be scheduled on such motion within seven (7) days of the Voting Objection Reply Deadline but in no event later than the Confirmation Hearing (as defined below). The ruling by the Court on any Determination Motion or Claims Estimation Motion shall be considered a ruling with respect to the allowance of the claim(s) under Bankruptcy Rule 3018 and such claim(s) shall be counted, for voting purposes only, in the amount determined by the court.

23. In the event a claimant reaches an agreement with the Debtors, in consultation with the Committee, as to the treatment of its claim for voting purposes, the claim may be treated in such manner without further order of the court.

**ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

13

24.    The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

a) For purposes of the numerosity requirement of section 1126(c) and based on the reasonable efforts of the Debtors, separate claims held by a single creditor in a particular class will be aggregated as if such creditor held one claim against the Debtors in such class, and the votes related to such claims will be treated as a single vote to accept or reject the Plan.

b) Any creditor who holds duplicate claims within the same class (against one Debtor or across multiple Debtors) shall be provided with only one Solicitation Package and one Ballot for voting a single claim in such class, regardless of whether the Debtors have objected to such duplicate claims.

c) Creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, a Ballot (or multiple Ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will not be counted.

d) Ballots that fail to indicate an acceptance or rejection of the Plan but which are otherwise properly executed and received prior to the Voting Deadline, will be deemed as a vote to accept the Plan.

e) Ballots that indicate both acceptance and rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will not be counted.

f) Only Ballots that are timely received by the Voting Deadline with signatures will be counted. Unsigned Ballots will not be counted.

g) Ballots sent by mail or overnight delivery that are postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted.

h) Ballots that are illegible, or contain insufficient information to permit the identification of the creditor, will not be counted.

i) Ballots transmitted to the Debtors by facsimile, email, or other means not specifically approved by the court may be accepted by the Debtors with the consent of the Committee on a case-by-case basis.

**ORDER APPROVING DISCLOSURE STATEMENT**
**AND SOLICITATION PROCEDURES**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

j) Whenever a creditor casts more than one Ballot voting the same claim prior to the Voting Deadline, the last valid Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior received Ballots.

k) If a creditor simultaneously casts inconsistent duplicate Ballots with respect to the same claim, such Ballots shall not be counted.

l) Each creditor shall be deemed to have voted the full amount of its claim in a class. Unless otherwise ordered by the court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots shall be determined by the Debtors, which determination shall be final and binding.

m) Any Ballot containing a vote that the court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code shall not be counted.

n) Any Ballot cast by a person or entity that does not hold a claim in a Voting Class shall not be counted.

o) Any class that does not contain any claim eligible to vote to accept or reject the Plan (by reason of temporary allowance by the court or otherwise) as of the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such class pursuant to section 1129(a)(8).

p) If a class contains claims eligible to vote and no holders of claims eligible to vote in such class vote to accept or reject the Plan, the Plan shall be deemed accepted by the holders of such claims in such class.

q) Notwithstanding anything contained herein to the contrary, the Debtors may contact parties that submitted Ballots to cure any defects in the Ballots.

r) Unless waived, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors or the court determines. Neither the Debtors nor any other person or entity shall be under any duty to provide notification of defects or irregularities with

**ORDER APPROVING DISCLOSURE STATEMENT**
**AND SOLICITATION PROCEDURES**

15

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

respect to deliveries of Ballots, nor shall the Debtors or any other person or entity incur any liabilities for failure to provide such notification. Unless otherwise directed by the court, delivery of such Ballots shall not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) shall not be counted.

s)  The Debtors, subject to contrary order of the court, may waive any defect in any Ballot at any time, either before or after the Voting Deadline and without notice, and any such waivers shall be documented in the voting results filed with the court.

t)  Except as provided below, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors may reject such Ballot as invalid, and therefore, decline to utilize it in connection with confirmation of the Plan by the court; *provided*, *however*, that such invalid Ballots shall be documented in the voting results filed with the court.

u)  Subject to contrary order of the court, the Debtors reserve the absolute right to reject any and all Ballots not proper in form, the acceptance of which would, in the opinion of the Debtors, not be in accordance with the provisions of the Bankruptcy Code; *provided*, *however*, that such invalid Ballots shall be documented in the voting results filed with the court.

25.    The court shall hold a hearing on confirmation of the Plan (the "Confirmation Hearing") beginning on **October 16, 2024 at 9:30 a.m. (Pacific Time)**. The Debtors shall serve the Confirmation Hearing Notice as set forth herein.

26.    Pursuant to Rule 3020(b)(1), objections to the confirmation of the Plan or proposed modifications to the Plan (a "Confirmation Objection"), if any, must:

a)  be in writing;

b)  comply with the Bankruptcy Rules and the Local Rules;

c)  set forth the name of the objector and the nature and amount of any claim asserted by the objector against or in the Debtors;

**ORDER APPROVING DISCLOSURE STATEMENT
AND SOLICITATION PROCEDURES**

16

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

d) state with particularity the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan that would resolve such objection; and

e) be filed with the court, together with proof of service, and served so that they are actually received by the Notice Parties (as defined below) no later than **October 2, 2024 at 4:00 p.m. (Pacific Time)** which deadline may be extended by the Debtors (the "Confirmation Objection Deadline").

27.     Any Confirmation Objection must be served on the following parties (collectively, the "Notice Parties"):

a) Counsel to the Debtors: (i) O'Melveny & Myers LLP, 400 South Hope Street, Suite 1900, Los Angeles, CA 90071, Attn: Julian I. Gurule (jgurule@omm.com); (ii) O'Melveny & Myers LLP, 1301 Avenue of the Americas, Suite 1700, New York, NY 10019, Attn: Diana M. Perez (dperez@omm.com); and (iii) Black Helterline LLP, 805 SW Broadway, Suite 1900, Portland, OR 97205, Attn: Oren B. Haker (oren.haker@bhlaw.com);

b) The Office of the United States Trustee for the Eastern District of Washington, 920 W. Riverside Ave., Suite 593, Spokane, WA 99201, Attn: Gary W. Dyer (gary.w.dyer@usdoj.gov);

c) Counsel to the Official Committee of Unsecured Creditors of iCap Enterprises, Inc., Bush Kornfeld LLP, 601 Union Street, Suite 5000, Seattle, WA 98101, Attn: Armand J. Kornfeld (jkornfeld@bskd.com), Aimee S. Willig (awillig@bskd.com), and Jason E. Wax (jwax@bskd.com);

d) Special Counsel to the Official Committee of Unsecured Creditors of iCap Enterprises, Inc., Corr Cronin LLP, 1015 Second Avenue, 10th Floor, Seattle, WA 98104-1001, Attn: John T. Bender (jbender@corrcronin.com); and

e) any party that has requested notice pursuant to Bankruptcy Rule 2002.

**ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**

17

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

28.     Confirmation Objections that are not timely filed and served in the manner set forth above shall not be considered by the court and shall be overruled.

29.     No later than seven (7) days prior to the Confirmation Hearing, the Debtors shall file with the court (a) a tabulation report for Plan voting, (b) a memorandum of law in support of confirmation of the Plan addressing the requirements of § 1129, and any evidence in support thereof, (c) any responses to objections to confirmation of the Plan, and (d) a proposed form of confirmation order.

30.     The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this order without seeking further order of the court, including, but not limited to, the making of any payments reasonably necessary to perform the actions and distributions contemplated herein.

31.     The Debtors, after consultation with the Committee, are authorized to make non-substantive changes or modifications to the Disclosure Statement, Plan, Ballots, Confirmation Hearing Notice, Notice of Non-Voting Status, and related documents without further order of the court, including, but not limited to, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package prior to their distribution.

32.     The court retains jurisdiction with respect to all matters related to this order.

///End of Order///

**ORDER APPROVING DISCLOSURE STATEMENT
AND SOLICITATION PROCEDURES**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

18

1  PRESENTED BY:

2

3  By:    /s/ Oren B. Haker
   OREN B. HAKER (WSBA No. 48725)
4  BLACK HELTERLINE LLP

5  *Co-Counsel to Debtors and Debtors in Possession*

6

7  By:    /s/ Julian I. Gurule
   JULIAN I. GURULE (Admitted *Pro Hac Vice*)
   O'MELVENY & MYERS, LLP
8
   *Co-Counsel to Debtors and Debtors in Possession*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**

19

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560