HONORABLE WHITMAN L. HOLT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| iCap ENTERPRISES, INC., *et al.*, | Lead Case No. 23-01243-WLH11 Jointly Administered |
| Debtors.[1] | MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF iCap ENTERPRISES, INC. AND ITS AFFILIATED DEBTORS PROPOSED BY THE DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS |

---

[1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding 1, LLC (23-01265-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01248-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11); Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); iCap Holding 6 LLC (23-01274-11); Colpitts Sunset, LLC (23-01432-11); CS2 Real Estate Development LLC (23-01434-11); and iCap International Investments, LLC (23-01464-11).

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# INTRODUCTION[2]

iCap Enterprises, Inc. and its affiliated debtors propose this Plan, which resolves the outstanding Claims and Equity Interests that have been asserted against the Debtors. The court has approved the Disclosure Statement filed by the Debtors and it contains a detailed discussion of the Debtors' historical operations and assets; a summary of this Plan; and a discussion of risk factors and uncertainties associated with the Plan that may impact both consummation of the Plan as well as any Distributions projected to be made under the Plan.

YOU ARE URGED TO READ THE DISCLOSURE STATEMENT AND THE PLAN IN THEIR ENTIRETY TO DETERMINE HOW THEY MAY IMPACT YOUR CLAIM BEFORE VOTING TO ACCEPT OR REJECT THE PLAN.

## ARTICLE I.
## DEFINED TERMS AND RULES OF INTERPRETATION

**A.    Definitions**

A term used in this Plan that is not defined below and that is defined in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning ascribed in the Bankruptcy Code or the Bankruptcy Rules, as applicable. When used in this Plan, the following terms shall have the meanings specified below, unless the context otherwise requires:

1.    <u>Administrative Expense Claim</u>:  A Claim entitled to priority under Bankruptcy Code section 507(a)(2), including (a) claims incurred by the Debtors since the Petition Date and allowed by the Court of a type described in Bankruptcy Code section 503(b); (b) all Allowed Claims of Professional Persons pursuant to Bankruptcy Code sections 330 and 331 and Bankruptcy Rule 2016; and (c) all fees and charges assessed against the Estates under 28 U.S.C. § 1930.

2.    <u>Allowed Claim</u>:  Any Claim in the amount and of the priority classification set forth in the proof of such Claim that has been filed timely in the

---

[2] Capitalized terms in the Introduction have the meanings set forth in Article I below.

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Chapter 11 Cases, or in the absence of such proof, as set forth in the Schedules filed in the Chapter 11 Cases, unless:

(i) with respect to a Scheduled Claim that is not otherwise the subject of a proof of Claim, such Claim has been (a) listed in the Schedules as disputed, contingent, or unliquidated or (b) objected to or is objected to after Confirmation, in which case such Claim shall be allowed only in such amount and such classification as is either agreed to by the iCap Trust or as otherwise authorized by Final Order of the Bankruptcy Court;

(ii) with respect to a Filed Claim, such Claim has been objected to or is objected to after Confirmation, in which case such claim shall be allowed only in such amount and such classification as is either agreed to by the iCap Trust or as otherwise authorized by Final Order of the Bankruptcy Court; or

(iii) such Claim has been paid in full, withdrawn, or otherwise deemed satisfied in full.

3. <u>Available Cash</u>: All Cash held by the Debtors on the Effective Date or by the iCap Trust on or after the Effective Date, after accounting for the Senior Claims Reserve and the Secured Claims Reserves. Available Cash shall be determined after payment, allocation, or reserve in accordance with the Plan for unpaid or unutilized amounts for iCap Trust Funding.

4. <u>Avoidance Actions</u>:  Any and all causes of action, claims, remedies, or rights that may be brought by or on behalf of the Debtors or the Estates under Bankruptcy Code sections 542, 544, 547, 548, 549, 550, 551, or 553, or under related state or federal statutes, or pursuant to any theory or cause of action under common law, regardless whether such action has been commenced prior to the Effective Date.

5. <u>Ballot</u>:  The form for acceptance or rejection of the Plan distributed to those Creditors entitled to vote on the Plan. Any Ballot that is executed by the Holder of an Allowed Claim but that does not indicate an acceptance or rejection of the Plan shall be deemed to be an acceptance of the Plan.

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

6.     Bankruptcy Code or Code:  The Bankruptcy Code enacted November 6, 1978, as set forth in Title 11 of the United States Code, and as amended thereafter.

7.     Bankruptcy Court or Court:  The United States Bankruptcy Court for the Eastern District of Washington at Yakima, before which the Chapter 11 Cases are pending, or if that Court ceases to exercise jurisdiction over the Chapter 11 Cases, the Court that does exercise jurisdiction.

8.     Bankruptcy Rules:  The Federal Rules of Bankruptcy Procedure and any applicable Local Rules of the Bankruptcy Court, as amended from time to time.

9.     Broker Settlement:  Any settlement between the iCap Trust and any "broker," registered investment advisor, salesperson, consultant, affiliated entity, or professional who is not an Excluded Party and was involved in any way in the marketing or sale of any products offered by any of the Debtors.

10.    Business Day:  Any day except Saturday, Sunday, or a "legal holiday" as defined in Bankruptcy Rule 9006(a)(6).

11.    Case Closing Date:  The date on which all Chapter 11 Cases have been closed.

12.    Cash:  Legal tender of the United States of America or cash equivalents including, but not limited to, bank deposits, wire transfers, checks, and other similar items.

13.    Causes of Action:  Any and all claims, rights, actions, causes of action, liabilities, obligations, suits, debts, remedies, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, rights of setoff, third-party claims, subordination claims, subrogation claims, contribution claims, reimbursement claims, indemnity claims, counterclaims and cross claims, damages, or judgments whatsoever, whether known or unknown, reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, foreseen or unforeseen, asserted or unasserted, existing or hereafter arising, in law, at equity, by statute, whether for tort, fraud, contract, or otherwise, including any and all claims that

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St, Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

constitute property of the Estates pursuant to Bankruptcy Code section 541. For the avoidance of doubt, "Causes of Action" include: (a) the right to object to Claims or Equity Interests; (b) any claim pursuant to Bankruptcy Code section 362; (c) any counterclaim or defense, including fraud, mistake, duress, usury, or recoupment; and (d) any Avoidance Actions.

14. Chapter 11 Cases: The chapter 11 bankruptcy cases commenced by the Debtors, which are being jointly administered under the case caption In re iCap Enterprises, Inc., et al., Case No. 23-01243-WLH.

15. Claim: A claim as defined in Bankruptcy Code section 101(5).

16. Claim Objection Deadline: The first Business Day that is on or before (a) the 180th day following the later of (i) the Effective Date and (ii) the date that a proof of Claim is amended or a Claim is otherwise asserted or amended in writing by or on behalf of a Holder of such Claim, or (b) such later date as may be fixed in accordance with the terms of the Plan.

17. Claims Agent: BMC Group, Inc., the Debtors' court-appointed claims, noticing, and balloting agent.

18. Claims Bar Date: July 10, 2024, the deadline for filing proofs of Claim in the Chapter 11 Cases by non-Governmental Units, and March 27, 2024 for Governmental Units.

19. Class: A class of Claims or Equity Interests as defined in Article II of this Plan.

20. Class A iCap Trust Interests: The iCap Trust Interests to be distributed to the Holders of Allowed Investor Class A Claims and Allowed General Unsecured Class A Claims under the Plan.

21. Class B iCap Trust Interests: The iCap Trust Interests to be distributed to the Holders of Allowed Investor Class B Claims and Allowed General Unsecured Class B Claims under the Plan.

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

22.     Collateral: Any Estate asset that is subject to a Lien to secure the payment or performance of an Allowed Claim, which Lien is perfected and not subject to avoidance under the Bankruptcy Code or otherwise invalid or unenforceable under the Bankruptcy Code or applicable nonbankruptcy law.

23.     Collateral Source Recoveries: Any recoveries from other sources (other than those pursuant to the Plan) that an Investor receives or has ever received on account of losses represented by its Investor Claim, including, without limitation, proceeds of insurance, litigation, or settlements.

24.     Confirmation:  The entry of the Confirmation Order by the Bankruptcy Court.

25.     Confirmation Hearing: The hearing or hearings held by the Bankruptcy Court to consider confirmation of the Plan as required by Bankruptcy Code section 1128(a).

26.     Confirmation Order: The order of the Bankruptcy Court confirming the Plan pursuant to Bankruptcy Code section 1129.

27.     Contingent Claim: Any Claim that is Scheduled or Filed as contingent.

28.     Contributed Claims: All Causes of Action that a Creditor has against any Person that is not a Released Party and that are related in any way to the Debtors, their predecessors, their respective affiliates, or any Excluded Parties, excluding any Individual Investor-Specific Claims.

29.     Contributing Claimants: The Creditors that elect on their Ballots to contribute Contributed Claims to the iCap Trust.

30.     Contributing Claimants Enhancement Multiplier: The Claim of a Contributing Claimant shall be multiplied by 1.10.

31.     Creditor:  A "creditor" within the meaning of Bankruptcy Code section 101(10).

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

32.     CRO: Lance Miller solely in his capacity as the Chief Restructuring Officer of the Debtors.

33.     D&O Insurance: All primary and excess insurance polices that provide coverage for the Debtors' former and current directors and officers, including any "tail" or "runoff" coverage for such policies.

34.     Debtor or Debtors:  Individually and collectively, iCap Enterprises, Inc., and each of the entities listed in footnote 1 on page 1 of this Plan.

35.     DIP Parties: The banks and other financial institutions party to the Supplemental DIP Credit Agreement from time to time, in their capacities as lenders thereunder.

36.     Disclosure Statement: That certain disclosure statement relating to the Plan, including all referenced exhibits and schedules, as approved by the Bankruptcy Court pursuant to Bankruptcy Code section 1125, as it subsequently may be amended, modified, or supplemented by the Plan Proponents.

37.     Disputed Claim:  With respect to a Scheduled Claim, a Claim that (a) was listed in a Debtor's Schedules as "disputed," and that has not subsequently been Allowed or (b) is the subject of a timely Filed objection that has not been resolved. With respect to a Filed Claim, a Claim that is the subject of a timely Filed objection that has not been resolved.

38.     Distribution: Any payment or transfer of consideration made pursuant to the Plan or the iCap Trust Agreement.

39.     Distribution Agent: (i) The persons or entities serving as the iCap Trustees, but solely in their separate capacity as distribution agent under the Plan with respect to Distributions to Holders of Allowed Administrative Expense Claims, Priority Tax Claims, and Claims in Classes 1 and 2 on account of such Allowed Claims, or (ii) any party designated by the iCap Trustees to serve in such capacity.

40.     Distribution Date: The date on which the iCap Trustees determine, in their sole discretion, to make a Distribution.

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 7

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

41.    Distribution Record Date: The Effective Date.

42.    Distribution Reserve: One or more reserves related to Contingent Claims, Disputed Claims, or Unliquidated Claims established under the Plan for iCap Trust Interests distributable under the Plan with respect to such Claims and amounts payable under the Plan with respect to such Claims or on account of such reserved iCap Trust Interests.

43.    Document Destruction Notice Parties: As defined in Article X.M of the Plan.

44.    Effective Date:  The first Business Day upon which all provisions, terms, and conditions to the Effective Date set forth in Article IX have been satisfied or waived pursuant to the terms set forth therein.

45.    Equity Interest:  An equity interest in the Debtor.

46.    Estate Assets: Any and all right, title, and interest of the Debtors and the Estates in and to property of whatever type or nature, including, but not limited to, all Avoidance Actions and Causes of Action as of the Effective Date, and any assets contributed to or recovered by or for the iCap Trust on or after the Effective Date, unless such interest is later disclaimed by the iCap Trustees after consultation with the iCap Trust Supervisory Board.

47.    Estates: The Estates created for the Debtors pursuant to Bankruptcy Code section 541(a).

48.    Excluded Debtors: VH 1121 14th LLC and VH Willows Townhomes, LLC.

49.    Excluded Parties: Any prepetition insider of any of the Debtors, any non-debtor affiliates of the Debtors or insider of any such non-debtor affiliates, any prepetition employee of any of the Debtors involved in any way in the prepetition marketing or sale of any products offered by any of the Debtors, and any other Person (including any "broker," salesperson, consultant, affiliated entity, or professional) involved in any way in the prepetition marketing or sale of any products offered by any

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 8

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

of the Debtors. For the avoidance of doubt, Excluded Parties shall not include any consultant retained or engaged by the Debtors during the Chapter 11 Cases except for Christopher Christensen and Jim Christensen.

50. <u>Exculpated Parties</u>: The Debtors; the Unsecured Creditors Committee and its current and former members (in their capacities as such); the CRO; and the preceding's respective Related Parties, *provided*, *however*, that the Exculpated Parties shall not include any Excluded Party.

51. <u>Exit Financing</u>: Financing comprised of amounts loaned pursuant to (a) the First Lien Exit Loan Facility and (b) the Tritalent Exit Loan Facility to fund the iCap Trust Expenses, plus such amounts as necessary to make payments required to made in connection with the Plan . The material terms of the Exit Financing will be included in the Plan Supplement.

52. <u>Federal Judgment Rate</u>: The rate of interest in effect as of the Effective Date provided for under 28 U.S.C. § 1961 for postjudgment interest in federal court proceedings.

53. <u>File</u>, <u>Filed</u>, or <u>Filing</u>: Duly and properly filed with the Bankruptcy Court and reflected on the docket of the Chapter 11 Cases, except with respect to proofs of Claim that must be filed with the Claims Agent, in which case "File" or "Filed" means duly and properly filed with the Claims Agent and reflected on the official claims register maintained by the Claims Agent.

54. <u>Final Order</u>:  An order or judgment entered by the Bankruptcy Court or other court of competent jurisdiction: (a) that has not been reversed, stayed, modified, amended, or revoked, and as to which (i) any right to appeal or seek certiorari, review, reargument, stay, or rehearing has been waived or (ii) the time to appeal or seek certiorari, review, reargument, stay, or rehearing has expired and no appeal or petition for certiorari, review, reargument, stay, or rehearing is pending or (b) as to which an appeal has been taken or petition for certiorari, review, reargument, stay, or rehearing has been filed and (i) such appeal or petition for certiorari, review, reargument, stay, or rehearing has been resolved by the highest court to which the order or judgment was appealed or from which certiorari, review, reargument, stay, or rehearing was sought and (ii) the time to appeal further or seek certiorari, further review, reargument, stay, or

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 9

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

rehearing has expired and no such further appeal or petition for certiorari, further review, reargument, stay, or rehearing is pending; *provided, however*, that no order or judgment shall fail to be a "Final Order" solely because of the possibility that a motion pursuant to Bankruptcy Code sections 502(j) or 1144, rules 59 or 60 of the Federal Rules of Civil Procedure, or Bankruptcy Rules 9023 and 9024 may be filed with respect to such order or judgment.

55. <u>First Lien Exit Loan Facility</u>: That certain senior term loan in the aggregate principal amount of five million and 00/100 Dollars ($5,000,000.00) provided by iCap DIP Finance Group LLC. The material terms of the First Lien Exit Loan Facility will be included in the Plan Supplement.

56. <u>General Unsecured Claim</u>: A Claim that is (a) based upon (i) a proof of Claim executed and filed in accordance with Bankruptcy Rule 3003(c) prior to the Claims Bar Date, or (ii) the listing of the Claim in the Debtors' Schedules as other than disputed, contingent, or unliquidated, and (b) not a Secured Claim, Administrative Expense Claim, Priority Tax Claim, Supplemental DIP Claim, Priority Claim, Subordinated Claim, or Investor Claim.

57. <u>General Unsecured Class A Claim</u>: A General Unsecured Claim equal to the Outstanding Principal Amount for each particular Holder of a General Unsecured Claim.

58. <u>General Unsecured Class B Claim</u>: A General Unsecured Claim comprised of any Claim for prepetition interest, which Claim shall be subordinated to Investor Class A Claims and General Unsecured Class A Claims under the Plan (but *pari passu* with Investor Class B Claims and senior in priority to Subordinated Claims). Such Claim shall equal the accrued prepetition interest at the applicable contract rate. The calculation and allowance of General Unsecured Class B Claims shall be determined in accordance with the procedures established in the reasonable judgment of the iCap Trustees.

59. <u>Governmental Unit</u>: A "governmental unit" as defined in Bankruptcy Code section 101(27).

60. <u>Holder</u>: A holder of a Claim or Equity Interest as the case may be.

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 10

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

61. <u>iCap Trust</u>: A trust established on the Effective Date for the benefit of the iCap Trust Beneficiaries in accordance with the terms of the Plan and the iCap Trust Agreement.

62. <u>iCap Trust Actions</u>: Collectively, all Avoidance Actions and Causes of Action held by the Debtors or the Estates and any Causes of Action that are contributed to the iCap Trust as Contributed Claims, in each case as against any Person that is not a Released Party.

63. <u>iCap Trust Agreement</u>: The agreement substantially in the form Filed in the Plan Supplement and reasonably acceptable to the Debtors and the Unsecured Creditors' Committee establishing and delineating the terms and conditions of the iCap Trust, including the rights and duties of the iCap Trustees and the iCap Trust Supervisory Board.

64. <u>iCap Trust Assets</u>: Collectively, (a) the iCap Trust Actions; (b) the iCap Trust Funding; (c) 100% of the ownership interests in the Debtors (and all assets, proceeds, and distributions from such entities); (d) Available Cash as of the Effective Date and Available Cash that is possessed by or turned over to the iCap Trust after the Effective Date; and (e) other assets that may be transferred or otherwise provided, directly or indirectly, to or for the benefit of the Debtors (after the Petition Date but before the Effective Date) or the iCap Trust (on or after the Effective Date) by any Person.

65. <u>iCap Trust Beneficiary</u>: Each Holder of an iCap Trust Interest.

66. <u>iCap Trust Expenses</u>: Any and all reasonable fees, costs, and expenses incurred by the iCap Trustees in managing and operating the iCap Trust not inconsistent with the Plan or the iCap Trust Agreement, including the maintenance or disposition of the iCap Trust Assets (including iCap Trustee fees, indemnity reserves, attorneys' fees, the fees of professionals, and other Persons retained by the iCap Trustees, personnel-related expenses, and any taxes imposed on the iCap Trust, in respect of the iCap Trust Assets), and any other expenses incurred or otherwise payable in accordance with the iCap Trust Agreement.

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 11

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

67. <u>iCap Trust Funding</u>: Any Cash or reserves existing as of the Effective Date, and all Cash required (a) to make payments in accordance with the Plan to Administrative Expense Claims, Priority Tax Claims, Priority Claims, and Secured Claims; or (b) to fund any other unfunded post-Confirmation reserve requirements of the iCap Trust in connection with the Plan, any agreements, or any Bankruptcy Court orders.

68. <u>iCap Trust Interests</u>: Collectively, the Class A iCap Trust Interests and the Class B iCap Trust Interests. All iCap Trust Interests will be evidenced by entry into the Distribution Agent's books and records, without a separate certificate of interest.

69. <u>iCap Trust Interests Waterfall</u>: On each Distribution Date, the iCap Trust shall distribute its Available Cash as follows:

    a.    The iCap Trust shall distribute Available Cash to each Holder of a Class A iCap Trust Interest on a Pro Rata basis (based on such Holder's number of Class A iCap Trust Interests), after accounting for any Disputed Claims, until all Allowed Investor Class A Claims and Allowed General Unsecured Class A Claims have been paid in full without post-petition or post-Confirmation interest;

    b.    Thereafter, the iCap Trust shall distribute Available Cash to each Holder of a Class B iCap Trust Interest on a Pro Rata basis (based on such Holder's number of Class B iCap Trust Interests), after accounting for any Disputed Claims, until all Allowed Investor Class B Claims and Allowed General Unsecured Class B Claims have been paid in full without post-petition or post-Confirmation interest.

70. <u>iCap Trust Supervisory Board</u>: A three-person supervisory board for the iCap Trust, whose initial members shall be Lilian Tan, Thomas Temple, and Jay Kornfeld of the firm Bush Kornfeld LLP. In the event of a vacancy or resignation of a board member, such board seat will remain vacant.

71. <u>iCap Trustees</u>: Lance Miller and Seth Freeman; and any successor appointed pursuant to the terms of the iCap Trust Agreement.

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

72.     Insider: Any "insider," as defined in Bankruptcy Code section 101(31), and with respect to a limited liability company, any director, officer, person in control, or relative of any of the foregoing.

73.     Intercompany Claim: A Claim of one Debtor against another Debtor.

74.     Intercompany Lien: Any lien securing or purporting to secure an Intercompany Claim.

75.     Investor: A Person or entity that purchased an investment product (including any debentures, promissory notes, or other debt securities issued by the Debtors) or made an investment offered by any Debtor pursuant to an offering memorandum or private placement memorandum that was issued by a Debtor.

76.     Investor Avoidance Settlement: Any settlement between the iCap Trust and one or more Investors related to a potential or actual Avoidance Action against the Investors.

77.     Investor Claims: Any and all Claims of an Investor against any Debtor, which shall be composed of (i) an Investor Class A Claim and (ii) an Investor Class B Claim.

78.     Investor Claims Special Provisions: As defined in Article III.C.1 of the Plan.

79.     Investor Class A Claim: An Investor Claim for restitution of an Investor to be treated *pari passu* with General Unsecured Class A Claims. Such Claim shall equal the total Outstanding Principal Amount for each particular Investor. For avoidance of doubt, an Allowed Investor Class A Claim shall be reduced dollar for dollar on account of any Collateral Source Recoveries the Investor receives on account of the losses represented by its Investor Claim, and if such Allowed Investor Class A Claim is reduced to zero, the Investor's Allowed Investor Class B Claim will be reduced dollar for dollar on account of any additional Collateral Source Recoveries that may be received by the Investor.

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 13

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

80.    Investor Class B Claim: An Investor Claim comprised of any Claim by the Investor for prepetition interest in connection with such Investor's principal investment in a Debtor, which Claim shall be subordinated to Investor Class A Claims and General Unsecured Class A Claims under the Plan (but *pari passu* with General Unsecured Class B Claims and senior in priority to Subordinated Claims). Such Claim shall equal the accrued interest from the time of the Investor's principal investment to the Petition Date at a rate of seven percent (7%), compounded annually. The calculation and allowance of Investor Class B Claims shall be determined in accordance with the procedures established in the reasonable judgment of the iCap Trustees.

81.    Lien: Has the meaning ascribed in Bankruptcy Code section 101(37), including any lien, security interest, pledge, title retention agreement, encumbrance, leasehold, charge, mortgage, deed of trust, assignment of rents, assignment or hypothecation to secure payment of a debt or performance of an obligation, other than, in the case of securities and any other equity ownership interests, any restrictions imposed by applicable United States or foreign securities laws.

82.    Net Prepetition Investor Recovery: With respect to a specific Investor, (a) the total Cash value remitted to the Investor from the Ponzi Start Date until the Petition Date (whether the payment was considered a return on the investment, interest, a referral fee, or a repayment of principal), minus (b) the total Cash value invested prepetition as principal by the Investor, (provided that the value of (a) is greater than the value of (b)), capped by the amount of total Cash value remitted to the Investor.

83.    Notes: Any and all investments, interests, or other rights with respect to any of the Debtors that were referred to, marketed, or sold as "notes," "loans," or "mortgages."

84.    Notice and Hearing:  Proceedings as contemplated under Bankruptcy Code section 102(1).

85.    Outstanding Principal Amount: An amount equal to the aggregate principal balance outstanding as of the Petition Date, excluding any purportedly accrued prepetition interest.

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 14

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

86.     Person: Any person or organization created or recognized by law, including any association, company, cooperative, corporation, entity, estate, fund, individual, joint stock company, joint venture, limited liability company, partnership, trust, trustee, unincorporated organization, government or any political subdivision thereof, or any other entity or organization of whatever nature.

87.     Petition Date:  September 29, 2023, the date upon which the lead Debtor commenced its Chapter 11 Cases.

88.     Plan:  This Joint Plan of Liquidation, all exhibits to the Plan, and the Plan Supplement, as such may be amended from time to time in the reasonable discretion of the Plan Proponents.

89.     Plan Proponents: The Debtors and the Unsecured Creditors' Committee.

90.     Plan Supplement: The supplementary documents regarding the implementation and effectuation of the Plan, to be filed on or before the date that is eleven (11) calendar days prior to the Voting Deadline, as such documents may be amended and supplemented from time to time prior to the Confirmation Hearing in the reasonable discretion of the Plan Proponents.

91.     Ponzi Finding: A finding by the Bankruptcy Court that the Debtors' prepetition operations constituted a Ponzi scheme, as set forth more fully in Article III.C of the Plan.

92.     Ponzi Start Date: No later than October 2018.

93.     Priority Claim: A Claim entitled to priority under Bankruptcy Code section 507(a), other than an Administrative Expense Claim or a Priority Tax Claim.

94.     Priority Tax Claims:  Allowed Claims of Governmental Units for the principal amount of a tax within the meaning of Bankruptcy Code section 507(a)(8), and statutory interest accruing thereon prior to the Petition Date.

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 15

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

95. _Professional Person_:  A person, including a trustee (if one is appointed), retained or to be compensated pursuant to Bankruptcy Code sections 326, 327, 328, 330, and/or 1103.

96. _Pro Rata_: Proportionately so that the ratio of (a) the amount of consideration distributed on account of a particular Allowed Claim or iCap Trust Interest to (b) the amount or number of that Allowed Claim or iCap Trust Interest, is the same as the ratio of (x) the amount of consideration available for Distribution on account of, as applicable, all Allowed Claims in the Class in which the particular Allowed Claim is included or all applicable iCap Trust Interests to (y) as applicable, the amount of all Allowed Claims in that Class or the number of applicable iCap Trust Interests.

97. _Related Parties_: Collectively, all of the respective accountants, agents, assigns, attorneys, bankers, consultants, directors, employees, executors, financial advisors, investment bankers, managers, members, officers, partners, predecessors, principals, Professional Persons, representatives, and successors of the referenced Person; _provided, however_, that the Debtors' Related Parties will be limited to the following Persons: the directors, officers, attorneys, accountants, consultants, professionals, and employees who (a) are employed by the Debtors on the Effective Date or (b) whose employment was approved by the Bankruptcy Court.

98. _Released Parties_: The Debtors; the Unsecured Creditors' Committee and its current and former members (in their capacities as such); the CRO; the DIP Parties; and the preceding's respective Related Parties, _provided_, _however_, that the Released Parties shall not include any Excluded Party.

99. _Releasing Parties_: The Debtors; the Estates; and any Person exercising or seeking to exercise any rights of the Estates (but solely in that capacity), including the Unsecured Creditors' Committee (but not its current or former individual members), the iCap Trustees, and any other successor to the Debtors or any other estate representative that is or could be appointed or selected pursuant to Bankruptcy Code section 1123(b)(3) or otherwise.

100. _Scheduled_: As set forth in the Schedules.

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 16

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

101.    Schedules:  The schedules of assets, liabilities, and executory contracts and the statement of financial affairs filed on behalf of each Debtor pursuant to Bankruptcy Code section 521, and in accordance with the Bankruptcy Rules, as each has been, or may be, amended and supplemented from time to time.

102.    SEC:  The United States Securities and Exchange Commission.

103.    Secured Claim:  A Claim that is a secured Claim against a Debtor determined in accordance with Bankruptcy Code section 506(a).

104.    Securities Act: The Securities Act of 1933, as amended.

105.    Secured Claims Reserves: Individual reserves of Cash in respect of each Holder of a Secured Claim (including such Secured Claims that are Contingent Claims, Disputed Claims, or Unliquidated Claims), comprised of the proceeds of the Collateral securing such Secured Claim, to be established by the iCap Trustees on or as soon as reasonably practicable after the Effective Date, out of which the Distribution Agent will make Distributions to the Holders of Secured Claims (if and to the extent Allowed) from the applicable reserve for such Holder in accordance with the Plan.

106.    Senior Claims Reserve: One or more reserves of Cash in respect of, as applicable, Administrative Expense Claims, Priority Tax Claims, and Priority Claims (including such Claims that are Contingent Claims, Disputed Claims, or Unliquidated Claims), in amounts to be established by the iCap Trustees on or as soon as reasonably practicable after the Effective Date, out of which (i) the Distribution Agent will make Distributions to the Holders of the foregoing Claims (if and to the extent Allowed) in accordance with the Plan, and (ii) the iCap Trustees and their agents, including the Distribution Agent (if not the iCap Trustees), will be reimbursed from such monies for reasonable costs and expenses incurred by said parties (including fees and costs to litigate and otherwise resolve Contingent Claims, Disputed Claims, or Unliquidated Claims, and administer and make Distributions out of the Senior Claims Reserve and the Secured Claims Reserves).

107.    Subordinated Claim: Any Claim that is subordinated to General Unsecured Claims pursuant to Bankruptcy Code section 510, a Final Order, or by consent of the Creditor holding such Claim, but not any Investor Class B Claims.

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 17

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

108.     Supplemental DIP Claim: Any Claim arising under or relating to the Supplemental DIP Credit Agreement.

109.     Supplemental DIP Credit Agreement: That certain *Debtor-In-Possession Loan and Security Agreement* dated as of July 18, 2024, by and among, the Debtors, Socotra REIT I, LLC; WE Alliance Secured Income Fund, LLC; Jason Yelowitz, in his capacity as trustee of the Jason Yelowitz 2006 Trust Dated March 31, 2006; and Keith Holdings, LLC; as the same may have been further amended, modified, ratified, extended, renewed, restated, or replaced, and any other agreements and documents related thereto.

110.     Tritalent:  Tritalent Funding Group and Halton Co.

111.     Tritalent Exit Loan Facility:  That certain junior term loan in the aggregate principal amount of five hundred thousand and 00/100 Dollars ($500,000.00) provided by Tritalent. The material terms of the Tritalent Exit Loan Facility will be included in the Plan Supplement.

112.     Unliquidated Claim: Any Claim that is Scheduled as unliquidated or Filed in an unliquidated amount.

113.     Unsecured Creditors' Committee: The official committee of unsecured creditors, as contemplated under Bankruptcy Code section 1102.

114.     Voting Deadline: The deadline by which all Ballots to accept or reject the Plan must be received in order to be counted.

**B.     Rules of Interpretation**

The rules of construction set forth in Bankruptcy Code section 102 shall apply to the Plan. For purposes of the Plan and unless otherwise specified herein: (i) each term, whether stated in the singular or the plural, shall include, in the appropriate context, both the singular and the plural; (ii) each pronoun stated in the masculine, feminine, or neuter gender shall include, in the appropriate context, the masculine, feminine, and the neuter gender; (iii) the words "herein," "hereof," and "hereto" refer to the Plan in its entirety rather than to a particular portion of the Plan; (iv) the words "include" and

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

"including," and variations thereof, shall not be deemed to be terms of limitation, and shall be deemed to be followed by the words "without limitation;" (v) all references to articles or Articles are references to the Articles hereof; (vi) all captions and headings are inserted for convenience of reference only and are not intended to be a part of, or to affect the interpretation of, the Plan; (vii) any reference to a Person as a Holder of a Claim or Equity Interest includes that Person's successors and assigns; (viii) any reference to an existing document, schedule, or exhibit, whether or not filed, having been filed, or to be filed, shall mean that document, schedule or exhibit, as it may thereafter be amended, restated, modified, or supplemented; (ix) any reference to an event occurring on a specified date, including on the Effective Date, shall mean that the event will occur on that date or as soon thereafter as reasonably practicable; (x) any reference to a contract, lease, instrument, release, indenture, or other agreement or document being in a particular form or on particular terms and conditions means that the referenced document shall be substantially in that form or substantially on those terms and conditions except as specifically provided herein; (xi) all references to statutes, regulations, orders, rules of courts, and the like shall mean as amended from time to time and as applicable to the Chapter 11 Cases; and (xii) subject to the provisions of any contract, certificate of incorporation, bylaw, instrument, release, or other agreement or document entered into in connection with the Plan, the rights and obligations arising pursuant to the Plan shall be governed by, and construed and enforced in accordance with, the applicable federal law, including the Bankruptcy Code and Bankruptcy Rules.

## ARTICLE II.
## CLASSIFICATION OF CLAIMS AND INTERESTS

All Claims against the Debtors are classified as set forth below. A Claim is in a particular Class only to the extent it qualifies within the definition of such Class and is in a different Class to the extent it qualifies within the definition of such different Class.

Class 1: Priority Claims
Class 2: Secured Claims
Class 3: Investor Claims
Class 4: General Unsecured Claims
Class 5: Subordinated Claims
Class 6: Equity Interests

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 19

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

## ARTICLE III.
## PROVISIONS FOR SATISFYING CLAIMS AND SPECIFYING TREATMENT OF EACH CLASS UNDER THE PLAN

The treatment of all Allowed Claims and Allowed Equity Interests shall be as follows:

**A.    Unclassified Claims**

1.    Administrative Expense Claims. Administrative Expense Claims incurred in the ordinary course of the Debtors' business following the Petition Date (including fees owed to the CRO and/or either of Paladin Management Group, LLC and Pivot Management Group, LLC) shall be paid in the ordinary course of business in accordance with the terms and conditions of the particular agreements governing such obligations (as such terms were modified by any orders approving such agreements), or on such other terms as the Holder of such Claim and the Debtors (prior to the Effective Date) or the iCap Trustees (from the Effective Date forward) shall agree to in writing. All other Administrative Expense Claims, including Claims of Professional Persons, shall be paid on the later of the Effective Date or the date each such Claim becomes an Allowed Claim or on such other terms as the Holder of such Claim and the Debtors (prior to the Effective Date) or the iCap Trustees (from the Effective Date forward) shall agree to in writing. Claims arising under 28 U.S.C. § 1930 shall be paid as required by that statute.

a.    Administrative Expense Claims Bar Date. Administrative expense requests asserting Administrative Expense Claims arising from the Petition Date through and including the Effective Date, excluding (a) Claims of Professional Persons in the Chapter 11 Cases and (b) claims arising in the ordinary course of business, must be filed no later than 30 days after the notice of the Effective Date is filed with the Bankruptcy Court or such later date as may be established by order of the Bankruptcy Court.

b.    Final Fee Applications. All final requests for compensation or reimbursement of Professional Persons retained in these Chapter 11 Cases for services performed and expenses incurred prior to the Effective Date shall be filed and served on: (a) the iCap Trustees, (i) Pivot Management Group, LLC, 1230 Rosecrans Ave.,

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 20

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Suite 530, Manhattan Beach, CA 90266 (Attn: Lance Miller (Lance.miller@pivotgrp.com)) and (ii) B. Riley Advisory Services, 19800 MacArthur Boulevard, Suite 820, Irvine, CA 92612 (Attn: Seth Freeman (SFreeman@brileyfin.com)); (b) counsel to the Debtors, O'Melveny & Myers LLP (i) 400 South Hope Street, Suite 1900, Los Angeles, CA 90071 (Attn: Julian Gurule (jgurule@omm.com)) and (ii) 1301 Avenue of the Americas, Suite 1700, New York, NY 10019 (Attn: Diana Perez (dperez@omm.com)); (c) counsel to the Unsecured Creditors' Committee, (i) Bush Kornfeld LLP, 601 Union Street, Suite 5000, Seattle, WA 98101 (Attn: Armand J. Kornfeld (jkornfeld@bskd.com) and Aimee S. Willig (awillig@bskd.com)) and (ii) Corr Cronin LLP, 1015 Second Ave., Floor 10, Seattle, WA 98104 (Attn: John T. Bender (jbender@corrcronin.com)); (d) the Office of the United States Trustee, United States Department of Justice, 920 West Riverside Avenue, Room 593, Spokane, WA 99201 (Attn: Gary W. Dyer (Gary.W.Dyer@usdoj.gov)); and (e) such other Persons who are designated by the Bankruptcy Rules, the Confirmation Order, or other order of the Bankruptcy Court, by no later than sixty (60) days after the Effective Date, unless otherwise agreed by the Debtors or the iCap Trustees, as applicable. Objections to any Claims of Professional Fees must be filed with the Bankruptcy Court and served on the iCap Trustees and the applicable Professional Person no later than fourteen (14) days after service of such applicable final fee application, unless otherwise ordered by the Bankruptcy Court. After Notice and Hearing in accordance with the procedures established by the Bankruptcy Code and any prior orders of the Bankruptcy Court in the Chapter 11 Cases, the Allowed amounts of such Claims shall be determined by the Bankruptcy Court and, once approved by the Bankruptcy Court, shall be promptly paid in Cash.

2. <u>Priority Tax Claims</u>. Allowed Priority Tax Claims shall be paid, at the iCap Trust's option, as follows: (a) Cash equal to the unpaid portion of such Allowed Priority Tax Claim on the later of the Effective Date and thirty (30) calendar days following the date on which such Priority Tax Claim becomes an Allowed Priority Tax Claim; (b) in regular installment payments in Cash over a period not exceeding five (5) years after the Petition Date, plus interest on the unpaid portion thereof at the rate determined under applicable nonbankruptcy law as of the calendar month in which the Effective Date occurs (*provided* that such election shall be without prejudice to the right to prepay any such Allowed Priority Tax Claim in full or in part without penalty);

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

or (c) such other treatment as to which the Holder of an Allowed Priority Tax Claim and the iCap Trust shall have agreed upon in writing.

3. <u>Supplemental DIP Claims</u>. On the Effective Date, (a) all obligations of the Debtors under the Supplemental DIP Credit Agreement shall be assumed by the iCap Trust; (b) all Liens and security interests granted to secure the Debtors' obligations under the Supplemental DIP Credit Agreement shall remain in place and shall be otherwise subject to the terms and conditions of the Supplemental DIP Credit Agreement and any related subordination terms; and (c) the legal, equitable, and contractual rights of the parties under the Supplemental DIP Credit Agreement shall be unaltered by the Plan.

**B.    Classified Claims and Interests**

**1.    Class 1: Priority Claims**

Class 1 consists of Priority Claims. Class 1 is unimpaired and deemed to accept the Plan.

On the later of (i) the Effective Date and (ii) thirty (30) calendar days following the date on which a Priority Claim becomes an Allowed Priority Claim, the Holder of such Allowed Priority Claim shall receive, in full satisfaction, settlement, and release of and in exchange for such Allowed Priority Claim, either (a) Cash from the iCap Trust equal to the unpaid portion of such Allowed Priority Claim or (b) such other less favorable treatment from the iCap Trust to which such Holder and the iCap Trust shall have agreed upon in writing.

**2.    Class 2: Secured Claims**

Class 2 consists of the following sub-classes of Secured Claims:

a. **Class 2A: UW 17th Ave, LLC Secured Claims**
    (i)   Class 2A.1 Studio 19 Architects Secured Claim
    (ii)  Class 2A.2 UW 17th Davido Consulting Group
    (iii) Class 2A.3 Dhillon Secured Claim

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 22

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

b. **Class 2B: VH 1121 14th LLC Secured Claims**
    (i) Class 2B.1 14th Wilmington Savings Fund Secured Claim

c. **Class 2C: VH Willows Townhomes, LLC Secured Claims**
    (i) Class 2C.1 Willows Wilmington Savings Secured Claim

d. **Class 2D: VH Senior Care, LLC Secured Claims**
    (i) Class 2D.1 Redmond Funding Group Secured Claim

e. **Class 2E: 725 Broadway, LLC Secured Claims**
    (i)   Class 2E.1 Christopher Jones Architects Secured Claim
    (ii)  Class 2E.2 Broadway Davido Consulting Secured Claim
    (iii) Class 2E.3 Malsam Tsang Engineering Secured Claim
    (iv)  Class 2E.4 Broadway Davido Consulting Secured Claim
    (v)   Class 2E.5 Broadway Oak Hills Construction LLC

f. **Class 2F: Senza Kenmore, LLC Secured Claims**
    (i) Class 2F.1 Van Hoof Construction Secured Claim
    (ii) Class 2F.2 T.S. Dance Construction Secured Claim

g. **Class 2G: iCap Campbell Way, LLC Secured Claims**
    (i) Class 2G.1 Campbell Davido Consulting Secured Claim
    (ii) Class 2G.2 Deed of Trust of Pacific NW Opportunity & Income Fund, LLC

h. **Class 2H: VH Pioneer Village, LLC Secured Claims**
    (i) Class 2H.1 Tritalent Funding Group Secured Claim

i. **Class 2I: CS2 Real Estate Development Secured Claims**
    (i)   Class 2I.1 BRMK Management Secured Claim
    (ii)  Class 2I.2 United Rentals Secured Claim
    (iii) Class 2I.3 Sunbelt Rentals Secured Claim
    (iv)  Class 2I.4 CS2 Oak Hills Construction Secured Claim
    (v)   Class 2I.5 Rexel USA, Inc. dba Platt Electric Supply Claim

j. **Class 2J: Secured Real Property Tax Claims**

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 23

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Class 2 is unimpaired and deemed to accept the Plan.

Except as explicitly provided for in the Plan, the legal, equitable, and contractual rights of Holders of Allowed Secured Claims are unaltered by the Plan, and, notwithstanding substantive consolidation of the Debtors and vesting of the iCap Trust Assets in the iCap Trust, the Liens of the Holders of Allowed Secured Claims will continue to attach to their respective Collateral, *provided* that all such Claims shall remain subject to any and all defenses, counterclaims, and setoff or recoupment rights with respect thereto. On the later of (i) the Effective Date and (ii) thirty (30) calendar days following the date on which a Secured Claim becomes an Allowed Secured Claim, the Holder of such Allowed Secured Claim shall receive, in full satisfaction, settlement, and release of and in exchange for such Allowed Secured Claim, at the option of the Debtors or the iCap Trust, either (a) the net proceeds from the sale of the Collateral securing such Allowed Secured Claim; *provided, however*, that if the sale of the Collateral securing an Allowed Secured Claim closes after the occurrence of the Effective Date, the payment of the net proceeds shall be delivered to the Holder of the Allowed Secured Claim within thirty (30) calendar days of the closing of such sale, (b) the surrender of the Collateral securing such Allowed Secured Claim, or (c) such other less favorable treatment from the iCap Trust to which such Holder and the iCap Trust shall have agreed upon in writing. Pending allowance of a Secured Claim, the Debtors or the iCap Trust, as applicable, will segregate the proceeds from the sale of the Collateral securing such Secured Claim in the individual Secured Claims Reserve for the Holder of such Claim.

**3.      Class 3: Investor Claims**

Class 3 consists of Investor Claims, as more particularly described below. Class 3 is impaired under the Plan and entitled to vote on the Plan.

In full satisfaction, settlement, and release of and in exchange for such Claims, the Holders of Allowed Investor Claims will receive (i) on the later of the Effective Date and thirty (30) calendar days following the date on which such Investor Claim becomes an Allowed Investor Claim, one (1) Class A iCap Trust Interest for each dollar of Allowed Investor Class A Claims and one (1) Class B iCap Trust Interest for each dollar of Allowed Investor Class B Claims held by the applicable Investor (any resulting fractional iCap Trust Interests will be rounded to the nearest hundredth of

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 24

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

such iCap Trust Interest), and (ii) the other consideration provided for in the Investor Claims Special Provisions set forth in Article III.C.1 of the Plan. All Distributions of Cash on account of the iCap Trust Interests will be made by the iCap Trust in accordance with the iCap Trust Interests Waterfall.

For clarity, the practical effect of the above is the following:

Class A iCap Trust Interests, which consist of Investors' principal balance owed on the Petition Date, will be paid through Distributions by the iCap Trust until fully satisfied. Once all of the Class A iCap Trust Interests are paid in full, then Distributions will be made to Class B iCap Trust Interests, which consist of Investors' accrued interest due as of the Petition Date.

As an example, if Investor X invested $100,000 one year before the Petition Date with the Debtors, under the Plan, Investor X will receive (i) a $100,000 Investor Class A Claim (*i.e.*, the original principal investment of $100,000); and (ii) a $7,000 Investor Class B Claim (representing 7% per annum interest on the $100,000 investment).

The treatment of any and all Investor Claims under the Plan is not intended to and will not reduce, impair, satisfy, limit, or otherwise affect any rights that any Investor may have against any Person that is not a Released Party (including those rights that may be included in the Contributed Claims and contributed to the iCap Trust by making the Ballot election described below).

Each Holder of an Investor Claim may agree by electing on its Ballot to contribute its Contributed Claims to the iCap Trust. By electing such option on its Ballot the Investor agrees that, subject to the occurrence of the Effective Date and the formation of the iCap Trust, it will be deemed, without further action, (i) to have contributed its Contributed Claims to the iCap Trust and (ii) to have agreed to execute any documents reasonably requested to memorialize its contribution. The relative share of iCap Trust recoveries for any electing Investor will be enhanced by having the amounts that otherwise would be its Allowed Investor Class A Claim and its Allowed Investor Class B Claim each increased by the Contributing Claimants' Enhancement Multiplier – *i.e.,* **10%**.

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 25

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**4.      Class 4: General Unsecured Claims**

Class 4 consists of General Unsecured Claims, as more particularly described below. Class 4 is impaired under the Plan and entitled to vote on the Plan.

In full satisfaction, settlement, and release of and in exchange for such Claims, the Holders of Allowed General Unsecured Claims will receive on the later of the Effective Date and thirty (30) calendar days following the date on which such General Unsecured Claim becomes an Allowed General Unsecured Claim, one (1) Class A iCap Trust Interest for each dollar of Allowed General Unsecured Class A Claims and one (1) Class B iCap Trust Interest for each dollar of Allowed General Unsecured Class B Claims held by the applicable Holder (any resulting fractional iCap Trust Interests will be rounded to the nearest hundredth of such iCap Trust Interest). All Distributions of Cash on account of the iCap Trust Interests will be made by the iCap Trust in accordance with the iCap Trust Interests Waterfall.

**5.      Class 5:  Subordinated Claims**

Class 5 consists of all Subordinated Claims. Class 5 is impaired under the Plan and deemed to reject the Plan.

The Holders of Allowed Subordinated Claims will retain a residual right to receive Available Cash that remains in the iCap Trust after the final administration of all iCap Trust Assets, and the complete satisfaction of all senior payment rights within the iCap Trust Interests Waterfall, including satisfaction of all Investor Class B Claims and General Unsecured Class B Claims. The Plan Proponents have decided not to solicit the votes of the Holders of any Subordinated Claims, and such Holders are therefore deemed to have rejected the Plan.

**6.      Class 6: Equity Interests**

Class 6 consists of all Equity Interests and purported Equity Interests in the Debtors. Class 6 is impaired under the Plan and deemed to reject the Plan.

 On and after the Effective Date, (a) Holders of Equity Interests shall not be entitled to, and shall not receive or retain, any property or interest in property under the

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 26

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Plan on account of such Equity Interests and (b) the Equity Interests shall be deemed to be held by the iCap Trust under applicable non-bankruptcy law and the iCap Trustees shall be authorized to exercise all of the rights and powers of a sole member as provided by the Plan.

Any purported Equity Interests or Liens on Equity Interests held by an Investor in any Debtor will be considered void, cancelled, and of no further force and effect. These Claims will be regarded as Class 3 Investor Claims in accordance with the Plan, irrespective of any labels used by the Debtors and/or Investors prior to the Petition Date.

## C.    Comprehensive Settlement of Claims and Controversies

Pursuant to Bankruptcy Code sections 1123(a)(5), 1123(b)(3), and 1123(b)(6), as well as Bankruptcy Rule 9019, and in consideration for the Distributions and other benefits provided under the Plan, the provisions of the Plan will constitute a good faith compromise and settlement of all claims and controversies relating to the rights that a Holder of a Claim or an Equity Interest may have against any Debtor with respect to any Claim, Equity Interest, or any Distribution on account thereof, as well as of all potential Intercompany Claims, Intercompany Liens, and Causes of Action against any Debtor. The entry of the Confirmation Order will constitute the Bankruptcy Court's approval, as of the Effective Date, of the compromise or settlement of all such claims or controversies and the Bankruptcy Court's finding that all such compromises or settlements are (i) in the best interest of the Debtors, the Estates, and their respective property and stakeholders; and (ii) fair, equitable, and reasonable.

The Plan Proponents will also seek findings in the Confirmation Order (the "**Ponzi Findings**") that (i) beginning no later than the Ponzi Start Date through the conclusion of the prepetition time period analyzed by the CRO and his advisors (which, for the avoidance of doubt, ended prior to the retention of new counsel and financial advisors by the Debtors in July 2023), the iCap enterprise operated as a Ponzi scheme raising approximately $230 million from over 1,800 investors in the United States and abroad; and (ii) the Ponzi scheme involved the payment of purported returns to existing investors from funds contributed by new investors. The Plan Proponents shall not seek Ponzi Findings that would be binding on any other court or governmental or regulatory authority.

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 27

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

This comprehensive compromise and settlement is a critical component of the Plan and is designed to provide a resolution of the innumerable disputed intercompany and intercreditor Claims, Liens, and Causes of Action that otherwise could take years to resolve, which would delay and undoubtedly reduce the Distributions that ultimately would be available for all Creditors.

1.      **Special Provisions Relating to Investor Claims.** The following provisions apply to Investor Claims (the "**Investor Claims Special Provisions**"):

a.      The Holders of Allowed Investor Claims will receive the treatment provided for such Holders under the Plan. For the avoidance of doubt, any and all purported Equity Interests of an Investor in any Debtor shall be deemed and treated as Investor Claims of the Investor pursuant to the Plan, regardless of the prepetition designations used by the Debtors and/or Investors.

b.      The iCap Trust will be created to pursue the iCap Trust Actions for the benefit of all the iCap Trust Beneficiaries; to establish and hold the Distribution Reserves; and to receive and distribute to the holders of iCap Trust Interests the net proceeds of the monetization or other disposition of the iCap Trust Assets in accordance with the Plan and the iCap Trust Agreement.

c.      The iCap Trustees shall have discretion, subject to the iCap Trust Agreement, to determine whether and how to make demand upon, or sue, Investors liable for a Net Prepetition Investor Recovery, including, but not limited to, the discretion not to bring suit or make a demand because of the Investor's financial hardship. That discretion shall be exercised in accordance with guidelines developed by the iCap Trustees in consultation with the iCap Trust Supervisory Board subject to the iCap Trust Agreement. No party should assume that they will be entitled to the exercise of such discretion.

d.      In the event that an Investor Claim has been transferred or assigned, all Collateral Source Recoveries that were received by a prior Holder of the Claim shall be included for purposes of determining the Allowed amount of an Investor Claim as if such transferee or assignee had received such distribution or recovery.

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 28

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

e.      Upon request, Investors must, within twenty-one (21) calendar days of receipt of such request, respond to requests for information by the iCap Trustees with respect to Investor Claims. Failure to respond to a request for information may subject the Investor's Claim to disallowance in the iCap Trustees' full discretion.

f.      At the end of each quarter, beginning with the first full quarter after the iCap Trust is established, the iCap Trustees will provide a report to the Investors summarizing the recovery actions the iCap Trust has engaged in during the quarter and detailing whether the iCap Trust is abandoning any specific Avoidance Actions or Causes of Action that it has determined it will not pursue, thus allowing Investors to pursue such actions, at their option.

**2.      Special Provisions Relating to Individual Investor-Specific Claims.** Investors retain the right to independently pursue any claims against third parties where they have independent legal standing, and where such claims are **not** owned by the iCap Trust under this Plan, specifically claims owned by the iCap Trust and defined in the Plan as Causes of Action and Avoidance Actions ("**Individual Investor-Specific Claims**"). Examples of such claims include, but are not limited to: loss of lien or lien priority; claims against the investor's own professional advisors; claims against retirement service providers; and other claims arising from an investor's specific situation. For the avoidance of doubt, Individual Investor-Specific Claims do not encompass claims shared by all Investors or claims to recover commissions or referral fees paid by the Debtors to third parties in relation to an Investor's investment with the Debtors. The Plan will not interfere with an Investor's right to pursue these Individual Investor-Specific Claims, except as required (as determined by the iCap Trustees) to preserve iCap Trust Assets.

a.      Any recovery by an Investor on an Individual Investor-Specific Claim shall reduce that Investor's entitlement to receive Distributions from the iCap Trust as follows:

(1)      Any recovery, net of reasonable fees and expenses actually incurred by or on behalf of the Investor, shall be first applied to reduce the applicable Investor Class A Claim, if any, and then after the Investor Class A Claim is reduced to $0, shall be applied to reduce the applicable Investor Class B Claim.

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 29

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

b.      Each Investor must promptly notify the Debtors or the iCap Trustees, as applicable, in writing, if such Investor receives any consideration on account of an Individual Investor-Specific Claim. This notification must be submitted within thirty (30) days of receiving said consideration and must detail the total amount recovered, along with any associated fees and expenses incurred. Failure to adhere to this reporting obligation may subject the Investor's Claim to disallowance in the iCap Trustees' full discretion, and the clawback of any Distributions previously received under the Plan.

## ARTICLE IV.
## ACCEPTANCE OR REJECTION OF THE PLAN

### A.      Impaired Claims Entitled to Vote

The Plan Proponents shall only solicit the votes of Holders of Allowed Claims in Class 3 (Investor Claims) and Class 4 (General Unsecured Claims).

### B.      Acceptance by an Impaired Class

Pursuant to Bankruptcy Code section 1126(c), except as provided in Bankruptcy Code section 1126(e), acceptance of the Plan by Holders of Claims in any Class eligible to vote on it occurs when the Plan receives approval from Holders representing at least two-thirds (⅔) in dollar amount and over one-half (½) in number of the Allowed Claims in that Class who have duly voted to accept or reject the Plan within the stipulated timeframe.

### C.      Presumed Acceptance by Unimpaired Classes

Class 1 (Priority Claims) and Class 2 (Secured Claims) are unimpaired under the Plan. Pursuant to Bankruptcy Code section 1126(f), Holders of unimpaired Claims are presumed to have accepted the Plan and the Plan Proponents therefore will not solicit their votes.

### D.      Certain Impaired Classes Deemed to Reject the Plan

The Plan Proponents have decided not to solicit the votes of Holders of any Claims in Class 5 (Subordinated Claims) and Holders of those Claims will therefore be

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 30

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

deemed to have rejected the Plan and will not be entitled to vote on the Plan. Holders of Class 6 Equity Interests are not entitled to receive or retain any property or interests in property under the Plan and are therefore deemed to have rejected the Plan pursuant to Bankruptcy Code section 1126(g). They are not entitled to vote on the Plan and their votes will not be solicited by the Plan Proponents.

**E.    Modification of Votes Already Cast**

After the Voting Deadline, Creditors eligible to vote on the Plan cannot modify their cast votes or any related elections without obtaining written consent from the Plan Proponents. Such consent is subject to the reasonable discretion of the Plan Proponents.

**F.    Vacant Classes Eliminated**

Any Class that does not contain a Holder of an Allowed Claim, or a Holder of a Claim that is temporarily allowed under Bankruptcy Rule 3018, measured as of the date on which the Confirmation Hearing begins, shall be deemed deleted from the Plan for the purpose of determining whether the Plan was accepted by that Class pursuant to Bankruptcy Code section 1129(a)(8).

**ARTICLE V.**
**IMPLEMENTATION OF THE PLAN**

**A.    Overview**

As detailed below, the Plan will be implemented through, among other things, the establishment of the iCap Trust and the appointment of the iCap Trustees and the iCap Trust Supervisory Board. The iCap Trust will make Distributions in accordance with the Plan.

**B.    Streamlining the Debtors' Structure and Governance**

**1.    Corporate Action.** On the Effective Date, all matters under the Plan involving or requiring action of the directors, members, managers, or officers of the Debtors, including, but not limited to, actions requiring a vote or other approval of the board of directors or any of the members or officers of the Debtors or the execution of any documentation incident to or in furtherance of the Plan, shall be deemed to have been authorized by the Confirmation Order and to have occurred and be in effect from

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 31

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

and after the Effective Date, without any further action by the Bankruptcy Court or the directors, members, managers, or officers of the Debtors.

**2. Debtors' Existing Directors and Officers.** On the Effective Date, each of the Debtors' existing directors and officers including, without limitation, the CRO, shall be terminated automatically without the need for any further action and without the need for any corporate or limited liability company filings, and they shall have no ongoing rights against or obligations to the Debtors or the Estates, including under any applicable prepetition agreements (all of which will be deemed terminated); *provided, however*, that the Debtors' indemnification and defense obligations under any such agreements shall survive the foregoing termination and remain unaltered by the Plan. On the Effective Date, the iCap Trustees shall succeed to all such powers as would have been applicable to the Debtors' officers and directors in respect of all iCap Trust Assets.

**3. Dissolution of the Debtors.** On and as of the earlier of the Case Closing Date and the date on which the iCap Trustees File with the Bankruptcy Court a notice of dissolution as to a Debtor, such Debtor will be dissolved automatically without the need for any further action, including the filing of any corporate or limited liability company filings; *provided, however*, that the iCap Trust may in its discretion file any certificates of cancellation as may be appropriate in connection with dissolution of any Debtor. All applicable regulatory or governmental agencies shall take all steps necessary to allow and effect the prompt dissolution of the Debtors as provided herein, without the payment of any fee, tax, or charge and without need for the filing of any certificates.

**4. Corporate Documents and Corporate Authority.** On the Effective Date, the certificates of incorporation, bylaws, operating agreements, and articles of organization, as applicable, of all the Debtors shall be deemed amended to the extent necessary to carry out the provisions of the Plan. The entry of the Confirmation Order shall constitute authorization for the Debtors and the iCap Trustees, as applicable, to take or cause to be taken all actions (including, if applicable, corporate actions) necessary or appropriate to implement all provisions of, and to consummate, the Plan prior to, on, and after the Effective Date and all such actions taken or caused to be taken shall be deemed to have been authorized and approved by the Bankruptcy Court

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 32

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

without further approval, act, or action under any applicable law, order, rule, or regulation.

**C.  Cancellation of Indebtedness**

On the Effective Date, except for the purpose of evidencing a right to distribution under this Plan, any Notes or other instruments or documents evidencing or creating any indebtedness or obligations of, or interest in, the Debtors, except assumed executory contracts and assumed unexpired leases, and/or such Notes or other instruments evidencing indebtedness or obligations of the Debtors that are unimpaired, reinstated, assumed, or amended and restated under this Plan, shall be cancelled and terminated and of no further force or effect.

**D.  iCap Trust**

**1.  Appointments.** On and after the Effective Date, the initial iCap Trustees shall become and serve as iCap Trustees. The iCap Trustees' shared compensation will be set at five percent (5%) of the iCap Trust's gross recoveries, the payment terms and timing of which will be set forth in the iCap Trust Agreement and the Plan Supplement.

On and after the Effective Date, the initial iCap Trust Supervisory Board shall begin to serve without further action consistent with the terms of the Plan and iCap Trust Agreement. The purpose of the iCap Trust Supervisory Board is to oversee the performance of the iCap Trustees' duties and to otherwise carry out and serve the functions described in the Plan and in the iCap Trust Agreement. Compensation for the iCap Trust Supervisory Board will be set forth in the iCap Trust Agreement and the Plan Supplement.

At the time of Confirmation of the Plan and formation of the iCap Trust, John Bender shall serve as litigation counsel to the iCap Trust and Bush Kornfeld LLP shall serve as restructuring counsel to the iCap Trust.

**2.  Creation and Governance of the iCap Trust.** On the Effective Date, the iCap Trustees shall execute the iCap Trust Agreement and shall take any other steps necessary to establish the iCap Trust in accordance with the Plan. For federal income tax purposes, the transfer of the assets to the iCap Trust will be treated as a sale or other

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 33

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

disposition of assets to the iCap Trust Beneficiaries in exchange for their Claims in the Chapter 11 Cases. Any income or loss from the transfer of assets to the iCap Trust shall flow through to the ultimate taxpaying member of each Debtor who will be responsible to pay the tax liability. For federal income tax purposes, the iCap Trust Beneficiaries shall be treated as the grantors of the iCap Trust and deemed to be the owners of the assets of the iCap Trust. The transfer of the iCap Trust Assets to the iCap Trust shall be deemed a transfer to the iCap Trust Beneficiaries by the Debtors, followed by a deemed transfer by such iCap Trust Beneficiaries to the iCap Trust. The Debtors, the iCap Trust Beneficiaries, and the iCap Trust will consistently report the valuation of the assets transferred to the iCap Trust. Such consistent valuations and revised reporting will be used for all federal income tax purposes. Income deductions, gain, or loss from the iCap Trust shall be reported to the beneficiaries of the iCap Trust in conjunction with the filing of the iCap Trust's income tax returns. Each iCap Trust Beneficiary shall report income, deductions, gain, or loss on such iCap Trust Beneficiary's income tax returns. The iCap Trust shall be governed by the iCap Trust Agreement and administered by the iCap Trustees and the iCap Trust Supervisory Board. The powers, rights, and responsibilities of the iCap Trustees shall be specified in the iCap Trust Agreement.

        **3.**     **Vesting of iCap Trust Assets.**   On the Effective Date, the iCap Trust will be automatically vested with all the Debtors' and the Estates' respective rights, title, and interest in and to all iCap Trust Assets. Except as specifically provided in the Plan or the Confirmation Order, the iCap Trust Assets shall automatically vest in the iCap Trust free and clear of all Claims, Liens, or interests subject only to the iCap Trust Interests and the iCap Trust Expenses, as provided for in the iCap Trust Agreement, and such vesting shall be exempt from any stamp, real estate transfer, other transfer, mortgage reporting, sales, use, or other similar tax. The iCap Trustees shall be the exclusive trustee of the iCap Trust Assets for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representative of the Estates appointed pursuant to Bankruptcy Code section 1123(b)(3) regarding all iCap Trust Assets. The iCap Trust shall hold and distribute the iCap Trust Assets in accordance with the provisions of the Plan and the iCap Trust Agreement.

        Notwithstanding the foregoing or any other provision in the Plan, in the event that the iCap Trust receives any monies from the United States or any other Governmental Unit, obtained as forfeited assets (or otherwise) by the Governmental

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 34

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Unit for the benefit of the Investor victims of the Debtors' prepetition Ponzi scheme, all such monies shall not constitute Estate Assets or iCap Trust Assets, and the iCap Trustees are authorized to and shall distribute all such monies only to Investors who are Holders of Class A iCap Trust Interests or Class B iCap Trust Interests on account thereof, subject to the Plan and the iCap Trust Agreement; *provided* that the iCap Trustees and their agents will be reimbursed from such monies for reasonable costs and expenses incurred by said parties related to the iCap Trust's collection, administration, and distribution of such monies to the applicable Investors.

    **4. Sales of Estate Assets.** In accordance with Bankruptcy Code section 1146(a), no stamp tax, conveyance fee, real estate, excise, or other transfer tax, mortgage tax, mortgage recording tax, Uniform Commercial Code filing or recording filing fee, or similar tax shall apply to (1) the sale or transfer of iCap Trust Assets to the iCap Trust; (2) the issuance, Distribution, transfer, or exchange of Notes or equity securities under the Plan; or (3) the establishment of any mortgage, deed of trust, Lien, pledge, or other security interest, or the execution or delivery of any lease, sublease, deed, or other transfer instrument related to or in support of the Plan. Upon entry of the Confirmation Order, the appropriate state or local governmental officials or agents and any third party shall forgo the collection of any such tax, recordation fee, or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax, recordation fee, or assessment.

    As part of implementation of the Plan, following Confirmation, the iCap Trustees will sell iCap Trust Assets. No further order of the court will be necessary to sell iCap Trust Assets. All sales of real property contemplated by the Plan shall be free and clear of all Liens, claims, encumbrances, and/or interests of any kind pursuant to Bankruptcy Code Sections 1123(a)(5)(D) and 1141(c), with the proceeds of such sales being paid pursuant to the terms of the Plan. Pursuant to Washington Administrative Code 458-61A-207, the iCap Trust will be exempt from the imposition of real estate excise taxes that would otherwise be payable under Revised Code of Washington 82.45.060 and/or other applicable law as to any sale of the iCap Trust Assets at any time following Confirmation. Pursuant to Bankruptcy Code section 1146, the iCap Trust's making or delivery of an instrument of transfer as to any iCap Trust Assets following Confirmation may not be taxed under any law imposing a stamp tax or similar tax.

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 35

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**5.     Purpose of the iCap Trust.** The iCap Trust shall be established for the purpose of pursuing or liquidating the iCap Trust Assets and making Distributions to the iCap Trust Beneficiaries in accordance with Treasury Regulation section 301.7701-4(d) and the terms of the Plan.

**6.     Authority.** Subject to the supervision of the iCap Trust Supervisory Board as set forth in the iCap Trust Agreement, the iCap Trustees shall have the authority without the need for Bankruptcy Court approval (in each case, unless otherwise provided in the Plan) to carry out and implement all applicable provisions of the Plan, including to:

a.     review, reconcile, compromise, settle, or object to Claims and resolve such objections as set forth in the Plan;

b.     assert and enforce all legal or equitable remedies and defenses belonging to the Debtors or their Estates, including setoff, recoupment, and any rights under Bankruptcy Code section 502(d);

c.     calculate and make Distributions and calculate and establish reserves under and in accordance with the Plan;

d.     retain, compensate, and employ professionals and other Persons to represent the iCap Trustees with respect to and in connection with their rights and responsibilities;

e.     establish, maintain, and administer documents and accounts of the Debtors as appropriate, which shall be segregated to the extent appropriate in accordance with the Plan;

f.     maintain, conserve, collect, settle, and protect the iCap Trust Assets, including, but not limited to, pursuing, engaging in, and consummating any Investor Avoidance Settlements and/or Broker Settlements;

g.     pursue, prosecute, settle, or abandon any iCap Trust Actions, including, but not limited to, Investor Avoidance Settlements and/or Broker Settlements;

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 36

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

h.      act on behalf of the Debtors in all adversary proceedings and contested matters then pending or that can be commenced in the Bankruptcy Court and in all actions and proceedings pending or commenced elsewhere;

i.      proceed with and employ all discovery devices permitted under applicable law, including Bankruptcy Rule 2004, in order to investigate any Claims, iCap Trust Actions, or iCap Trust Assets;

j.      sell, liquidate, transfer, assign, distribute, abandon, or otherwise dispose of the iCap Trust Assets or any part thereof or interest therein upon such terms as the iCap Trustees determine to be necessary, appropriate, or desirable;

k.      negotiate, incur, and pay the iCap Trust Expenses;

l.      prepare and file any and all informational returns, reports, statements, returns, and other documents or disclosures relating to the Debtors that are required under the Plan, by any Governmental Unit, or by applicable law;

m.      compile and maintain the official claims register, including for purposes of making initial and subsequent Distributions under the Plan;

n.      take such actions as are necessary or appropriate to wind-down and dissolve the Debtors;

o.      effect all actions and execute all agreements, instruments, and other documents, and take all actions, necessary to consummate the Plan;

p.      comply with the Plan, exercise the iCap Trustees' rights, and perform the iCap Trustees' obligations; and

q.      exercise such other powers as deemed by the iCap Trustees to be necessary and proper to implement the Plan.

To the extent necessary to give full effect to their administrative rights and duties under the Plan, the iCap Trustees shall be deemed to be vested with all rights, powers, privileges, and authorities of (i) an appropriate corporate or limited liability company

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 37

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

officer or manager of each of the Debtors under any applicable nonbankruptcy law and (ii) a "trustee" of each of the Debtors under Bankruptcy Code sections 704 and 1106. The iCap Trust Supervisory Board will have all rights and powers of a corporate board appointed under Washington law.

7. **Limitation of Liability.** The iCap Trustees and the iCap Trust Supervisory Board shall enjoy all the rights, powers, immunities, and privileges applicable to a Bankruptcy Code chapter 7 trustee with respect to limitations of liability. The iCap Trustees may, in connection with the performance of their functions, in their sole and absolute discretion, consult with their attorneys, accountants, advisors, and agents, and shall not be liable for any act taken, or omitted to be taken, or suggested to be done in accordance with advice or opinions rendered by such Persons, regardless of whether such advice or opinions were in writing. Notwithstanding such authority, the iCap Trustees shall be under no obligation to consult with any such attorneys, accountants, advisors, or agents, and their determination not to do so shall not result in the imposition of liability on the iCap Trustees unless such determination is based on willful misconduct, gross negligence, or fraud. Persons dealing with the iCap Trustees shall look only to the iCap Trust Assets to satisfy any liability incurred by the iCap Trustees to such Person in carrying out the terms of the Plan or the iCap Trust Agreement. No recourse will ever be had, directly or indirectly, against the iCap Trustees or their members, officers, directors, employees, professionals, representatives, agents, successors, or assigns, by legal or equitable proceedings or by virtue of any statute or otherwise, or any deed of trust, mortgage, pledge, or note, nor upon any promise, contract, instrument, undertaking, obligation, covenant, or agreement whatsoever executed by the iCap Trustees under the Plan or by reason of the creation of any indebtedness by the iCap Trustees under the Plan.

8. **Indemnification.** The iCap Trust Agreement will include customary indemnification provisions.

9. **Insurance.** The iCap Trustees shall be authorized, but not required, to obtain any insurance coverages deemed to be reasonably necessary, at the iCap Trust's sole expense, for themselves, the iCap Trustees, and their respective agents, including coverage with respect to the liabilities, duties, and obligations of the iCap Trustees, which insurance coverage may, at the sole discretion of the iCap Trustees, be extended for a reasonable period after the termination of the iCap Trust.

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 38

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**10. Tax Reporting.** The iCap Trust shall timely file tax returns for the iCap Trust treating the iCap Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a).

The iCap Trust shall be responsible for timely payment of all taxes (if any) imposed on and payable by the iCap Trust, the Debtors, or any iCap Trust Assets.

The iCap Trust shall distribute such tax-related notices, beneficiary statements, and informational returns, as applicable, to the applicable Holders of Allowed Claims as are required by applicable law or that the iCap Trustees determine are otherwise necessary or desirable.

The iCap Trust is authorized to file a request for expedited determination under Bankruptcy Code section 505(b) for any tax returns filed with respect to the Debtors.

**11. Distributions to iCap Trust Beneficiaries.** After payment of or reserve for all senior claims (including without limitation, Administrative Expense Claims, Priority Claims, Priority Tax Claims, and Secured Claims) in accordance with the Plan and the iCap Trust Agreement, the iCap Trust shall make Distributions to iCap Trust Beneficiaries pursuant to the iCap Trust Interests Waterfall.

The iCap Trust, in the iCap Trustees' sole discretion, may make periodic Distributions to the iCap Trust Beneficiaries at any time following the Effective Date; *provided* that such Distributions are otherwise permitted under, and not inconsistent with, the iCap Trust Interests Waterfall, the other terms of the Plan, the iCap Trust Agreement, and applicable law.

**12. Cash Investments.** The iCap Trustees may invest Cash of the iCap Trust, including any earnings or proceeds from such investment, and such investments will not be required to comply with Bankruptcy Code section 345(b); *provided, however,* that such investments must be investments that are permitted to be made by a "liquidating trust" within the meaning of Treasury Regulation section 301.7701-4(d), as reflected therein, or under applicable guidelines, rulings, or other controlling authorities.

**13. Securities Act Exemption.** To the extent the iCap Trust Interests are deemed to be "securities," the issuance of those interests under the Plan is exempt

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 39

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

from registration under the Securities Act and any applicable state and local securities laws pursuant to Bankruptcy Code section 1145.

**14.    Contribution of Contributed Claims.** On the Effective Date, all Contributed Claims are irrevocably contributed to the iCap Trust and shall thereafter be iCap Trust Actions for all purposes. No Person may rely on the absence of a specific reference in the Plan, the Confirmation Order, the iCap Trust Agreement, or the Disclosure Statement to any Contributed Claims against such Person as any indication that the iCap Trust will not pursue any and all available Contributed Claims against such Person. The objection to the Allowance of any Claims will not in any way limit the ability or the right of the iCap Trust to assert, commence, or prosecute any Contributed Claims. Nothing contained in the Plan, the Confirmation Order, the iCap Trust Agreement, or the Disclosure Statement will be deemed to be a waiver, release, or relinquishment of any Contributed Claims that the Contributing Claimants had immediately prior to the Effective Date. The iCap Trust shall have, retain, reserve, and be entitled to assert all Contributed Claims fully as if the Contributed Claims had not been contributed to the iCap Trust in accordance with the Plan and the iCap Trust Agreement.

**15.    Authority to Pursue and Resolve iCap Trust Actions.** The iCap Trust, as a successor in interest to the Debtors, the Estates, and the Contributing Claimants will have the exclusive right, power, and interest on behalf of itself, the Debtors, the Estates, and the Contributing Claimants to institute, commence, file, pursue, prosecute, enforce, abandon, settle, compromise, release, waive, dismiss, or withdraw any and all iCap Trust Actions without any further order of the Bankruptcy Court, except as otherwise provided in the iCap Trust Agreement. From and after the Effective Date, the iCap Trust, in accordance with Bankruptcy Code section 1123(b)(3), shall serve as a representative of the Estates with respect to any and all iCap Trust Actions that were Estate Assets and shall retain and possess the right to institute, commence, file, pursue, prosecute, enforce, abandon, settle, compromise, release, waive, dismiss, or withdraw, as appropriate, any and all iCap Trust Actions in any court or other tribunal.

**16.    Termination.** The iCap Trustees and the iCap Trust shall be discharged or terminated, as the case may be, at such time as: (a) the iCap Trustees determine that the pursuit of additional iCap Trust Actions is not likely to yield sufficient additional

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

proceeds to justify further pursuit of such iCap Trust Actions and (b) all Distributions required to be made by the iCap Trust to Holders of Allowed Claims and to the iCap Trust Beneficiaries under the Plan and the iCap Trust Agreement have been made, but in no event shall the iCap Trust be terminated later than five (5) years from the Effective Date unless the Bankruptcy Court, upon motion made within the six-month period before such fifth anniversary (and, in the event of further extension, by order of the Bankruptcy Court, upon motion made at least six (6) months before the end of the preceding extension), determines that a fixed period extension (not to exceed three (3) years, together with any prior extensions, unless a favorable letter ruling from the Internal Revenue Service that any further extension would not adversely affect the status of the iCap Trust as a liquidating trust for federal income tax purposes) is necessary to facilitate or complete the recovery on, and liquidation of, the iCap Trust Assets. Upon termination of the iCap Trust, any remaining iCap Trust Assets that exceed the amounts required to be paid under the Plan may be transferred by the iCap Trustees to a non-profit organization of their choice.

**17.    Interpretation.** To the extent there is any inconsistency between the Plan and the iCap Trust Agreement, the Plan shall control.

**E.    Substantive Consolidation**

On the Effective Date, the Debtors, other than the Excluded Debtors with respect to Claims in Classes 2B and 2C, shall be substantively consolidated pursuant to Bankruptcy Code sections 105(a), 541, 1123, and 1129; *provided, however*, that the Debtors or iCap Trustees, as applicable, reserve the right to effectuate, without further motion practice, substantive consolidation of the Excluded Debtors after the Claims in Classes 2B and 2C are consensually resolved with the Holders of such Claims upon filing notice with the Bankruptcy Court. As a result of the substantive consolidation, on the Effective Date, all property, rights, and claims of the Debtors and all Claims against the Debtors (other than Claims in Classes 2B and 2C) shall be deemed to be pooled for purposes of Distributions under the Plan and, in the iCap Trustees' discretion, other purposes. Further, as a result of this substantive consolidation, all claims between and among the Debtors shall be cancelled. Holders of Allowed Claims shall be entitled to only one satisfaction on account of such Claims, and any contingent or otherwise duplicative Claims against one or more of the Debtors based upon claims for which one or more of the Debtors are also liable shall be disallowed. Holders of Claims in Classes

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2B and 2C shall be entitled to recover up to the full amount of their Allowed Secured Claim from the sale proceeds for their Collateral.

Entry of the Confirmation Order shall constitute the approval, pursuant to Bankruptcy Code sections 105(a), 541, 1123, and 1129, of the substantive consolidation of the Debtors in the manner set forth in this Article; *provided, however*, that while the Debtors shall be substantively consolidated for purposes of Distributions to Creditors, such that all Investors shall have claims against a single pool of the Debtors' consolidated assets, the actual substantive consolidation of entities, particularly for tax purposes, shall be at the option of the Debtors or the iCap Trust, as applicable. Notwithstanding such substantive consolidation, however, fees payable pursuant to 28 U.S.C. § 1930 shall be due and payable by each individual Debtor through the Effective Date.

Substantive consolidation under the Plan shall not affect, without limitation, any defenses or rights the Debtors or the iCap Trust may have to any Claim, Cause of Action, or Avoidance Action, including the ability to assert a counterclaim.

Any Intercompany Claims that could be asserted by one Debtor against another Debtor will be extinguished immediately before the Effective Date with no separate recovery on account of any such Claims and any Intercompany Liens that could be asserted by one Debtor regarding any Estate Assets owned by another Debtor will be deemed released and discharged on the Effective Date; *provided, however*, that solely with respect to any Secured Claim of a non-debtor as to which the associated Lien would be junior to any Intercompany Lien, the otherwise released Intercompany Claim and associated Intercompany Lien will be preserved for the benefit of, and may be asserted by the iCap Trust as to any Collateral so as to retain the relative priority and seniority of such Intercompany Claim and associated Intercompany Lien.

The Disclosure Statement and the Plan together form a request for the Bankruptcy Court's approval of the substantive consolidation outlined in the Plan. Unless a Creditor, purportedly impacted by this consolidation, submits a written objection before the Plan's confirmation objection deadline, the consolidation described in the Plan may receive approval during the Confirmation Hearing. Should objections be filed within the specified timeframe, the Bankruptcy Court will address such objections at the Confirmation Hearing.

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 42

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

If the Bankruptcy Court determines that substantive consolidation of any given Debtor is not appropriate, then the Debtors may request that the Bankruptcy Court otherwise confirm the Plan and approve the treatment of and Distributions to the different Classes under the Plan on an adjusted, Debtor-by-Debtor basis. Furthermore, the Debtors reserve their rights (i) to seek confirmation of the Plan without implementing substantive consolidation of any given Debtor, and, in the Debtors' reasonable discretion after consultation with the Unsecured Creditors' Committee, to request that the Bankruptcy Court approve the treatment of and Distributions to any given Class under the Plan on an adjusted, Debtor-by-Debtor basis; and (ii) after consultation with the Unsecured Creditors' Committee, to seek to substantively consolidate all Debtors into iCap Enterprises, Inc. if all impaired Classes entitled to vote on the Plan vote to accept the Plan.

## F.     Preservation of Rights of Action

1.     **Avoidance Actions and Causes of Action.** Except as otherwise provided in the Plan or the Confirmation Order (including in the Investor Claims Special Provisions), in accordance with Bankruptcy Code section 1123(b), from and after the Effective Date, the iCap Trust will retain all rights to institute, commence, file, pursue, prosecute, enforce, abandon, settle, compromise, release, waive, dismiss, or withdraw, as appropriate, any and all of the Debtors' or Estates' Causes of Action and Causes of Action that are Contributed Claims (whether existing as of the Petition Date or thereafter arising), and all Avoidance Actions, all as iCap Trust Actions, in each case in any court or other tribunal, including in an adversary proceeding Filed in the Chapter 11 Cases, subject to the requirements set forth in the Plan and the iCap Trust Agreement. The iCap Trust shall have the exclusive right, power, and interest on behalf of itself, the Debtors, the Estates, and the Contributing Claimants to, enforce, sue on, settle, compromise, transfer, or assign (or decline to do any of the foregoing) any or all of the iCap Trust Actions without notice to or approval from the Bankruptcy Court, subject to the iCap Trust Agreement. In accordance with the Plan, without any further notice to or action, order, or approval of the Bankruptcy Court, from and after the Effective Date, the iCap Trust may compromise and settle iCap Trust Actions, subject to the iCap Trust Agreement. It is anticipated that the iCap Trust will pursue iCap Trust Actions primarily under alternate fee arrangements and not a typical hourly fee structure, employing the services of professionals selected by (i) the Debtors, in

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 43

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

consultation with the Unsecured Creditors' Committee, prior to the Effective Date or (ii) the iCap Trustees, as provided in the iCap Trust Agreement, on and after the Effective Date. For the avoidance of doubt, nothing in the Disclosure Statement or this Plan shall require the iCap Trust to commence or pursue litigation concerning any iCap Trust Action.

    **2.**     **Preservation of All iCap Trust Actions Not Expressly Settled or Released.** The failure to specifically identify in the Disclosure Statement (including its exhibits and schedules) or the Plan any potential or existing Avoidance Actions or Causes of Action as an iCap Trust Action is not intended to and shall not limit the rights of the iCap Trust to pursue any such Avoidance Actions or Causes of Action. Unless a iCap Trust Action is expressly waived, relinquished, released, compromised, or settled in the Plan or any Final Order (including the Confirmation Order), the Debtors expressly reserve such iCap Trust Action for later resolution by the iCap Trust (including any Avoidance Actions or Causes of Action not specifically identified or of which the Debtors may presently be unaware or that may arise or exist by reason of additional facts or circumstances unknown to the Debtors at this time or facts or circumstances that may change or be different from those the Debtors now believe to exist). In addition, the right to pursue or adopt any claims alleged in any lawsuit in which any Debtor or the iCap Trust is a plaintiff, defendant, or an interested party is fully reserved as against any Person that is not a Released Party, including the plaintiffs or co-defendants in such lawsuits. No preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches, shall apply to any iCap Trust Actions upon, after, or as a consequence of the confirmation of the Plan.

    **3.**     **Categories of Preserved Claims.** The Plan specifically preserves the right for the iCap Trust and iCap Trustees to pursue any and all claims that the Debtors and/or their Estates have the right to pursue, including **all** Causes of Action and Avoidance Actions. Without in any way limiting the iCap Trust's and the iCap Trustees' rights to pursue claims against third parties, the following are illustrative categories of claims that the iCap Trust will have the right to pursue:

        (a) Insider and non-Insider preference actions arising under bankruptcy and/or state law;

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 44

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

(b) Fraudulent transfer actions arising under bankruptcy and/or state law;

(c) Turnover actions under bankruptcy law;

(d) Any and all other rights and/or claims arising under the bankruptcy laws;

(e) Claims against third parties that aided and abetted the Debtors' conduct;

(f) Intentional and unintentional tort claims against third parties, including professional firms and former iCap principals and employees;

(g) Claims against third parties that may arise out of or relate to the conduct of an alleged Ponzi scheme;

(h) Breach of contract claims;

(i) Employment claims against former iCap employees, including breach of duties and breach of non-compete agreements and/or other agreements;

(j) Claims against third parties for return of commissions paid;

(k) Claims against former principals, directors, and officers for breach of fiduciary duties, breach of duty of loyalty, and similar claims; and

(l) All other claims not included in these categories that are Causes of Action and Avoidance Actions.

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 45

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

### G.     Exit Financing

On the Effective Date, without the need for further action, the iCap Trust shall enter into the Exit Financing, including the First Lien Exit Loan Facility and the Tritalent Exit Loan Facility.

### H.     Abandonment of Certain Estate Assets

Unless previously sold or disposed of, on the Effective Date, and without the need for further action, the following Estate Assets shall be deemed abandoned by the Debtors and their Estates pursuant to Bankruptcy Code section 554 and shall not be considered iCap Trust Assets:

- the real property commonly known as 715-775 Broadway, Tacoma, WA; and
- the Debtors' interests in Airlink Holding, LLC and Airlink Markets, LLC (which entities shall be dissolved by the Debtors under the Confirmation Order) including, without limitation, Airlink Holding, LLC's membership interests in Airlink Markets, LLC.

## ARTICLE VI.
## PROVISIONS GOVERNING DISTRIBUTIONS

### A.     Distributions to Senior Claims and Establishment of Senior Claims Reserve

On or as soon as reasonably practicable after the Effective Date, the iCap Trustees will establish the Senior Claims Reserve out of Available Cash, and the Distribution Agent shall make Distributions out of the Senior Claims Reserve to Holders of, as applicable, Allowed Administrative Expense Claims, Priority Tax Claims, and Priority Claims in accordance with the Plan. After the payment of all such Claims in accordance with the Plan and the payment of all related reasonable costs and expenses of the iCap Trustees and the Distribution Agent (including fees and costs to litigate and otherwise resolve Contingent Claims, Disputed Claims, or Unliquidated Claims, and administer and make Distributions), any remaining Cash in the Senior Claims Reserve will be promptly remitted to the iCap Trust to be used for any purposes subject to the Plan and the iCap Trust Agreement. The iCap Trustees or their designee

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 46

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

shall not be required to give any bond or surety or other security for the performance of any duties as the Distribution Agent.

**B.     Distributions to Secured Claims and Establishment of the Secured Claims Reserves**

On or as soon as reasonably practicable after the Effective Date, the iCap Trustees will establish the Secured Claims Reserves. Upon the sale or refinancing of any Collateral subject to a Lien of a Holder of an Allowed Secured Claim, such Claim shall be paid from the applicable Secured Claims Reserve or treated as otherwise provided in Article III.B.2. After the payment of all such Claims in accordance with the Plan, any remaining Cash in the Secured Claims Reserves will be promptly remitted to the iCap Trust to be used for any purposes subject to the Plan and the iCap Trust Agreement.

**C.     Calculating Distributions**

The iCap Trust shall undertake in its reasonable discretion to make in accordance with the Plan all calculations of Available Cash, Investor Claims, and of other amounts for or relating to Distributions for Holders of Allowed Claims to be made from the iCap Trust or for reserves for Holders of Contingent Claims, Disputed Claims, and Unliquidated Claims to be established by the iCap Trust, and may establish and hold back from Distributions reasonable reserves for other contingencies. When calculating Distributions (and amounts to hold in Distribution Reserves) with respect to Investor Claims, the Outstanding Principal Amounts to be utilized by the iCap Trust shall be determined in accordance with the procedures established by the iCap Trustees.

**D.     Interest and Other Charges**

Except to the extent provided (i) in Bankruptcy Code section 506(b) and Allowed by a Final Order or otherwise agreed, (ii) in the Plan, or (iii) in the Confirmation Order, postpetition interest shall not accrue or be paid on any Claims, and no Holder of an Allowed Claim shall be entitled to interest, penalties, fees, or late charges accruing or chargeable on any Claim from and after the Petition Date.

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 47

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

## E. Means and Methods of Payment

All Distributions under the Plan shall be made in U.S. Dollars. Where a Claim has been denominated in foreign currency on a proof of Claim, the Allowed amount of such Claim shall be calculated in U.S. Dollars based upon the currency conversion rate in place as of the Petition Date and in accordance with Bankruptcy Code section 502(b).

Cash payments under the Plan shall be made, at the option and in the sole discretion of the iCap Trustees, by (i) checks drawn on or (ii) wire transfer, electronic funds transfer, or ACH from a domestic bank. Cash payments to foreign Creditors may be made, at the option and in the sole discretion of the iCap Trustees, by such means as are necessary or customary in a particular foreign jurisdiction. Cash payments made pursuant to the Plan in the form of checks shall be null and void if not cashed within 180 calendar days of the date of the issuance. Requests for reissuance of any check within 180 calendar days of the date of the issuance shall be made directly to the iCap Trustees.

## F. Fractional Distributions

Notwithstanding anything in the Plan to the contrary, no payment of fractional cents shall be made pursuant to the Plan. Whenever any payment of a fraction of a cent under the Plan would otherwise be required, the actual Distribution made shall reflect a rounding of such fraction to the nearest whole penny (up or down), with half cents or more being rounded up and fractions less than half of a cent being rounded down.

## G. No Distributions with Respect to Certain Claims

Notwithstanding anything in the Plan to the contrary, no Distributions or other consideration of any kind shall be made on account of a Claim that is not an Allowed Claim. Nonetheless, in undertaking the calculations concerning Allowed Claims under the Plan, including the determination of Distributions due to Holders of Allowed Claims, each Contingent Claim, Disputed Claim, or Unliquidated Claim shall be treated as if it were an Allowed Claim, including rights conferred by Bankruptcy Code section 506(b), which shall continue to apply until Distribution to the Holders of Secured Claims (which, for Unliquidated Claims, shall mean they shall be treated as if Allowed in such amounts as determined in the reasonable discretion of the iCap Trustees),

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 48

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

except that if the Holder of such Claim and the iCap Trustees otherwise determine the amount or number that would constitute a sufficient reserve for such a Claim, such amount or number shall be used with respect to such Claim. For purposes of calculating and making Distributions pursuant to the Plan, the iCap Trustees shall be entitled to estimate, in good faith and with due regard to litigation risks associated with Disputed Claims, the maximum dollar amount of Allowed Claims and Disputed Claims, inclusive of Contingent Claims or Unliquidated Claims in a particular Class. The iCap Trustees also shall be entitled to seek one or more estimation orders from the Bankruptcy Court for such purposes, which requests may be joined with objections to the Claims that are subject to any such request. Appropriate Disputed Claims reserves shall be established for each category of Claims as to which estimates are utilized or sought.

The iCap Trust may establish a Distribution Reserve on account of Disputed Claims, Contingent Claims, or Unliquidated Claims. The iCap Trust may, for U.S. federal income tax purposes (and, to the extent permitted by law, for state and local income tax purposes), (i) make an election pursuant to Treasury Regulation section 1.468B-9 to treat the Distribution Reserve as a "disputed ownership fund" within the meaning of that section, (ii) allocate taxable income or loss to the Distribution Reserve, with respect to any given taxable year (but only for the portion of the taxable year with respect to which such Claims are Disputed Claims), and (iii) distribute assets from the Distribution Reserve as, when, and to the extent, such Disputed Claims cease to be Disputed Claims, Contingent Claims, or Unliquidated Claims, whether by virtue of becoming Allowed or otherwise resolved. The iCap Trust Beneficiaries shall be bound by such election, if made by the iCap Trustees, and as such shall, for U.S. federal income tax purposes (and, to the extent permitted by law, for state and local income tax purposes), report consistently therewith.

## H.    Delivery of Distributions

Distributions in respect of iCap Trust Interests shall be made to Holders of iCap Trust Interests as of the Distribution Record Date. The iCap Trustees shall have no obligation to recognize any transfer of Claims occurring after the close of business on the Distribution Record Date. Distributions to Holders of iCap Trust Interests or Allowed Claims that have not been converted to iCap Trust Interests shall be made (a) at the addresses set forth in the proofs of Claim Filed by such Holders; (b) at the

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 49

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

addresses reflected in the Schedules if no proof of Claim has been Filed; or (c) at the addresses set forth in any written notices of address changes delivered to the Claims Agent or the iCap Trustees. If any Holder's Distribution is returned as undeliverable, no further Distributions to such Holder shall be made unless and until the iCap Trustees are notified of such Holder's then-current address. The responsibility to provide the Claims Agent or the iCap Trustees with a current address of a Holder of iCap Trust Interests or Claims shall always be the responsibility of such Holder. Amounts in respect of undeliverable Distributions made by the iCap Trustees shall be held in trust on behalf of the Holder of the iCap Trust Interest or Claim to which they are payable by the iCap Trustees until the earlier of the date that such undeliverable Distributions are claimed by such Holder and 180 calendar days after the date the undeliverable Distributions were made.

## I.      Withholding, Payment, and Reporting Requirements for Distributions

All Distributions under the Plan shall, to the extent applicable, comply with all tax withholding, payment, and reporting requirements imposed by any federal, state, provincial, local, or foreign taxing authority, and all Distributions shall be subject to any such withholding, payment, and reporting requirements. The iCap Trust shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding, payment, and reporting requirements, including, to the extent such information is not already available to the iCap Trust, requiring each Holder of an iCap Trust Interest or Claim to provide a duly completed and properly executed current Form W-9, Form W-8 (if the payee is a foreign entity), or similar tax form as a prerequisite to receiving a Distribution. If a Holder of an iCap Trust Interest or Claim does not provide an appropriate Form W-9, Form W-8 (if the payee is a foreign entity), or similar tax form or documents reasonably requested by the iCap Trust within 90 days of written request, the iCap Trust will be required to back up withholding amounts due to such Holder and/or take such other action as it deems reasonably appropriate.

Notwithstanding any other provision of the Plan, (a) each Holder of a iCap Trust Interest or an Allowed Claim that is to receive a Distribution pursuant to the Plan shall have sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any Governmental Unit, including income, withholding, and other tax obligations, on account of such Distribution, and including, in the case of any Holder of a Disputed Claim that has become an Allowed Claim, any tax obligation that

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 50

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

would be imposed on the iCap Trust in connection with such Distribution; and (b) no Distribution shall be made to or on behalf of such Holder pursuant to the Plan unless and until such Holder has made arrangements reasonably satisfactory to the iCap Trust for the payment and satisfaction of such withholding tax obligations or such tax obligation that would be imposed in connection with such Distribution.

## J. Defense and Setoff Rights

On and after the Effective Date, the iCap Trust shall have all of the Debtors' and the Estates' rights under Bankruptcy Code section 558. Nothing in the Plan shall affect the rights and defenses of the Debtors, the Estates, or the iCap Trust in respect of any Claim, including all rights in respect of legal and equitable objections, defenses, setoffs, or recoupment against such Claims. Accordingly, the iCap Trust may, but shall not be required to, set off against any Claim or any Allowed Claim, and the payments or other Distributions to be made pursuant to the Plan in respect of such Claim, claims of any nature whatsoever that the Debtors, the Estates, or the iCap Trust, as applicable, may have against the Holder of such Claim; *provided, however*, that neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release of any such claim or rights that may exist against such Holder.

## K. Allocation of Distributions

Distributions received under the Plan by Holders of iCap Trust Interests and Claims shall be allocated first to the principal amount of such Claim, and then to accrued interest, if any, with respect to such Claim.

## L. Joint Distributions

The iCap Trustees may, in their sole discretion, make Distributions jointly to any Holder of a Claim and any other Person that the iCap Trustees have determined to have an interest in such Claim.

## M. Forfeiture of Distributions

If the Holder of a Claim fails to cash a check payable to it within the time period set forth in Article VI.E, fails to claim an undeliverable Distribution within the time limit set forth in Article VI.H, or fails to complete and return to the iCap Trustees the appropriate Form W-8 or Form W-9 within 180 calendar days after a request for the completion and return of the appropriate form pursuant to Article VI.I (or such later time as approved by a Bankruptcy Court order), then such Holder shall be deemed to

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

have forfeited its right to any reserved and future Distributions under the Plan. Any such forfeited Distributions shall be deemed Available Cash for all purposes, notwithstanding any federal or state escheat laws to the contrary.

## N.    Claims Paid by Third Parties

Except as otherwise set forth herein, to the extent a Holder of a Claim receives a Distribution on account of such Claim under the Plan and receives payment from a party that is not a Debtor or the iCap Trustees on account of such Claim, such Holder shall, within ten (10) days of receipt thereof, repay or return the Distribution to the applicable Debtor or the iCap Trustees, to the extent the Holder's total recovery on account of such Claim from the third party and under the Plan exceeds the amount of such Claim as of the date of any such Distribution under the Plan. The failure of such Holder to timely repay or return such Distribution shall result in the Holder owing the iCap Trust annualized interest at the Federal Judgment Rate, as in effect as of the Petition Date, on such amount owed for each Business Day after the ten-day grace period specified above until the amount is repaid.

## ARTICLE VII.
## CLAIMS OBJECTIONS AND TREATMENT OF DISPUTED, CONTINGENT, AND UNLIQUIDATED CLAIMS

## A.    Disputed Claims Resolution

From and after the Effective Date, the iCap Trust shall have the exclusive authority to compromise, resolve, and Allow any Disputed Claim without the need to obtain approval from the Bankruptcy Court, except as otherwise provided in the iCap Trust Agreement, and any agreement entered into by the iCap Trust with respect to the Allowance of any Claim shall be conclusive evidence and a final determination of the Allowance of such Claim; *provided, however*, that, under the Plan, all Claims asserted by any of the Excluded Parties are Disputed Claims in their entirety and will have no right to receive any Distributions under the Plan unless and until such Claims are affirmatively Allowed by a Final Order. Notwithstanding anything else to the contrary herein, and as provided in Bankruptcy Code section 502(d), the iCap Trustees are not required to make any Distributions to Holders of Allowed Claims, and no such Claims shall be deemed Allowed, unless and until such Holder has paid the Net Prepetition Investor Recovery, or such portion thereof as agreed to as a compromise and

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 52

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

settlement, to the iCap Trust or until any iCap Trust Action seeking recovery of the Net Prepetition Investor Recovery is disallowed in its entirety by a Final Order.

**B.      Claim Objections**

All objections to Claims shall be Filed by the iCap Trust on or before the Claim Objection Deadline, which date may be extended (a) by sixty (60) days in the discretion of the iCap Trustees without further order of the Bankruptcy Court after notice to parties who have Filed requests for notice and (b) beyond the first sixty-day extension by order of the Bankruptcy Court upon motion Filed prior to the expiration of such period and notice to parties who have Filed requests for notice. If a timely objection has not been Filed to a proof of Claim or the Schedules have not been amended with respect to a Claim that was Scheduled by the Debtors but was not Scheduled as contingent, unliquidated, or disputed, then the Claim to which the proof of Claim or Scheduled Claim relates will be treated as an Allowed Claim.

**C.      No Distribution on Disputed Claims**

Notwithstanding any provision of the Plan specifying the time for payment of Distributions to Holders of Claims, no payment or Distribution shall be made to the Holder of a Disputed Claim until the time such Claim has been determined to be an Allowed Claim. Notwithstanding the existence of a Disputed Claim in a Class to which a Distribution under this Plan is due, such Distribution to other Holders in such Class shall not be affected by any delay in the resolution of the Disputed Claim. Upon the allowance of any Disputed Claim, the Holder shall be paid the amount that such Holder would have received had its Claim been an Allowed Claim on the Effective Date.

**D.      Disposition of Reserves After Disallowance**

After an objection to a Disputed Claim is sustained or a Contingent Claim or Unliquidated Claim has been determined in whole or in part by a Final Order or by agreement, such that the Contingent Claim, Disputed Claim, or Unliquidated Claim is a disallowed Claim in whole or in part, any Cash held in an applicable Distribution Reserve in respect of the particular Claim in excess of the Distributions due on account of any resulting Allowed Claim shall be used or distributed in a manner consistent with the Plan and any reserved iCap Trust Interests shall be cancelled.

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 53

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# ARTICLE VIII.
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Debtors have no executory contracts or unexpired leases within the meaning of Bankruptcy Code section 365.

# ARTICLE IX.
## CONDITIONS PRECEDENT TO THE EFFECTIVE DATE

**A.    Occurrence of Effective Date**

The Effective Date shall not occur and the Plan shall not be considered consummated until each of the following conditions has either been satisfied or waived as set forth below in Article IX.B:

1.     Entry of the Confirmation Order by the Bankruptcy Court in a form reasonably acceptable to both the Debtors and the Unsecured Creditors' Committee, and no request for revocation of the Confirmation Order under Bankruptcy Code section 1144 shall have been made, or, if made, shall remain pending;

2.     The Confirmation Order shall have become a Final Order in full force and effect and shall not be subject to any stay of effectiveness;

3.     The iCap Trustees shall be duly appointed, qualified, and acting in that capacity;

4.     The iCap Trust shall have access to funding under the Exit Financing;

5.     There shall not be in effect any (a) order, opinion, ruling, or other decision entered by any court or other Governmental Unit or (b) U.S. or other applicable law staying, restraining, enjoining, prohibiting, or otherwise making illegal the implementation of any of the transactions contemplated by the Plan; and

6.     All necessary actions, agreements, instruments, or other documents to implement the terms and provisions of the Plan have been completed or executed or delivered, as required.

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 54

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**B. Waiver of Conditions**

The conditions set forth in Article IX.A of the Plan may be waived, in whole or in part, in writing by agreement of the Debtors, at any time, without notice or further order of the Bankruptcy Court.

**C. Non-Occurrence of Effective Date Conditions**

If the conditions necessary for the Effective Date are not met or duly waived as outlined in Articles IX.A and B of the Plan, upon notification filed by the Debtors with the Bankruptcy Court, the following shall occur: (i) the Confirmation Order will be vacated; (ii) no Distributions will be made; (iii) the Debtors, the Estates, the Unsecured Creditors' Committee, and all Creditors will revert to the status quo as of the day immediately preceding the Confirmation Hearing as if the Confirmation Order had not been entered; and (iv) all obligations of the Debtors and the Estates regarding Claims will remain unchanged. Nothing in the Plan will constitute a waiver or release of any Claims by or against the Debtors, the Estates, or any other Person, nor will it prejudice the rights, claims, or defenses of the Debtors, the Estates, or any other Person.

**D. Effective Date Notice**

Following the Effective Date, the iCap Trust or its representatives will promptly send notices to all Creditors and the United States Trustee. These notices will include information regarding: (i) the Confirmation Order and the Plan's Confirmation; (ii) the Effective Date; (iii) the assumption, assignment, and rejection of executory contracts and unexpired leases pursuant to the Plan, if any, along with the deadline for filing any Claims resulting from such rejection; (iv) the deadline set forth in the Plan for filing Administrative Expense Claims; (v) the deadline by which Professional Persons must file and serve any requests for payment of professional fees; and (vi) any other pertinent matters deemed appropriate by the iCap Trustees.

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 55

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# ARTICLE X.
## MISCELLANEOUS PROVISIONS

**A.     Mailing List**

The official listing of Creditor identities and mailing addresses is maintained by the Claims Agent (the "Official Mailing List"). It shall be the obligation of each Creditor and/or party in interest to assure that the Official Mailing List is current and accurate as to each such person or entity.

**B.     Employment of Professional Persons**

The Debtors shall be authorized to employ and compensate Professional Persons following Confirmation upon such terms as the Debtors deem reasonable and appropriate without further notice or order of the Court.

**C.     Payments Shall Be Timely**

The Debtors shall timely make all payments required under this Plan. Without limiting the generality of the foregoing, the iCap Trust shall be responsible for the timely payment of quarterly fees incurred pursuant to 28 U.S.C. § 1930(a)(6) following Confirmation until the Case Closing Date. After Confirmation, the iCap Trust shall serve on the United States Trustee quarterly a financial report for each quarter (or portion thereof) the Chapter 11 Cases remain open. The financial report shall include a statement of all disbursements made during the course of the relevant quarter, whether or not pursuant to the Plan.

**D.     Treatment of Negotiable Instruments**

Any negotiable instrument held by the Holder of a Claim shall be deemed exchanged, canceled, or satisfied, as the case may be, on the Effective Date.

**E.     Stay of Confirmation Order Shall Not Apply**

The stay of enforceability of the Confirmation Order pursuant to Bankruptcy Rule 3020(e) shall not apply, and the Confirmation Order shall be enforceable according to its terms absent further order of the Bankruptcy Court.

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 56

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

## F. Preservation of Privileges and Defenses

The actions taken by the Debtors, the iCap Trust, or any of their respective Related Parties in connection with the Plan shall not be a waiver of any privilege or defense of the Debtors or the iCap Trust. Notwithstanding any Debtors providing any privileged information related to any iCap Trust Actions to the iCap Trustees, the iCap Trust, or any Person associated with any of the foregoing, such privileged information shall be without waiver in recognition of the joint, common, or successor interest in prosecuting the iCap Trust Actions and shall remain privileged. The iCap Trust shall retain the right to waive its own privileges. Only the iCap Trustees shall have the right to waive the attorney-client privilege, work-product doctrine, or other protections as to the Debtors and the iCap Trust.

## G. Releases and Related Matters

On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each of the Releasing Parties shall be deemed, to the fullest extent permitted under applicable law, to have forever released, waived, and discharged each of the Released Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, and liabilities whatsoever, whether known or unknown, whether foreseen or unforeseen, whether liquidated or unliquidated, whether fixed or contingent, whether matured or unmatured, existing or hereafter arising, at law, in equity, or otherwise, that are based in whole or in part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Estates, the conduct of the Debtors' businesses, the Chapter 11 Cases, or the Plan, except for acts or omissions that are determined by Final Order to have constituted actual fraud or willful misconduct; *provided, however*, that nothing in this Article X.G shall release or otherwise affect any Person's rights under the Plan or the Confirmation Order.

Entry of the Confirmation Order shall constitute (i) the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases set forth in this Article; and (ii) the Bankruptcy Court's findings that such releases are (1) in exchange for good and valuable consideration provided by the Released Parties (including performance of the terms of the Plan), and a good-faith settlement and compromise of the released claims, (2) in the best interests of the Debtors, the Estates, and any Holders of Claims

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 57

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

that are Releasing Parties, (3) fair, equitable, and reasonable, (4) given and made after due notice and opportunity for hearing, and (5) a bar to any of the Releasing Parties asserting any released claim against any of the Released Parties.

## H.    Exculpation

On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, to the maximum extent permitted by law, none of the Exculpated Parties shall have or incur any liability to any Person, including to any Holder of a Claim or an Equity Interest, for any prepetition or postpetition act or omission in connection with, relating to, or arising out of the Debtors, the Chapter 11 Cases, the formulation, negotiation, preparation, dissemination, solicitation of acceptances, implementation, Confirmation, or consummation of the Plan, the Disclosure Statement, or any contract, instrument, release, or other agreement or document created, executed, or contemplated in connection with the Plan, or the administration of the Plan or the property to be distributed under the Plan, or any other postpetition act taken or omission originating or occurring in connection with or in contemplation of the restructuring, sale, or liquidation of the Debtors; *provided, however*, that nothing in this Article X.H shall release or otherwise affect any Person's rights under the Plan or the Confirmation Order; and *provided, further*, that the exculpation provisions of this Article X.H shall not apply to acts or omissions constituting actual fraud, willful misconduct, or gross negligence by such Exculpated Party as determined by a Final Order. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting the Exculpated Parties from liability. The Confirmation Order shall serve as a permanent injunction against any Person seeking to enforce any Causes of Action against the Exculpated Parties that are encompassed by the exculpation provided by this Article X.H of the Plan.

## I.    Injunction

Except as otherwise expressly provided in the Plan, and except in connection with the enforcement of the Plan or any documents provided for or contemplated in the Plan, all Persons who have held, hold, or may hold Claims against or Equity Interests in the Debtors or the Estates that (i) have been released pursuant to Article X.G of this Plan or (ii) are subject to exculpation pursuant to Article X.H of this Plan, are

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 58

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

permanently enjoined from and after the Effective Date from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such Claim or Equity Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such Claim or Equity Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such Claim or Equity Interest; (d) asserting, directly or indirectly, any setoff, or recoupment of any kind against any obligation due to the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such Claim or Equity Interest, unless approved by the Bankruptcy Court; and (e) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Equity Interest. Without limiting the foregoing, the automatic stay provided under Bankruptcy Code section 362(a) shall remain in effect until the Chapter 11 Cases are closed. Nothing contained in this Article X.I shall prohibit the Holder of a Filed proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Holder of such Claim or Equity Interest of any of the obligations of the Debtors or the iCap Trustees under the Plan. The iCap Trust shall be entitled, as liquidated damages, to the payment of any fees and costs incurred by the iCap Trust to address any violation of the injunction contained in this Article X.I.

## J.     Injunction Against Interference with the Plan

Upon entry of the Confirmation Order, all Holders of Claims and Equity Interests and their respective current and former employees, agents, officers, directors, principals, and direct and indirect affiliates shall be enjoined from taking any actions of any kind against the iCap Trustees, the iCap Trust, or any of the iCap Trust Assets that interfere with the implementation or consummation of the Plan. The iCap Trust shall be entitled, as liquidated damages, to the payment of any fees and costs incurred by the iCap Trust to address any violation of the injunction contained in this Article X.J.

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 59

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**K.    SEC Rights**

Notwithstanding any language to the contrary in the Disclosure Statement, this Plan, and/or the Confirmation Order, no provision shall (i) preclude the  SEC from enforcing its police or regulatory powers; or, (ii) enjoin, limit, impair, or delay the SEC from commencing or continuing any claims, Causes of Action, proceeding, or investigations against any non-Debtor Person or non-Debtor entity in any forum.

**L.    Insurance Policies**

Nothing in the Plan or the Confirmation Order shall in any way operate to, or have the effect of, impairing, altering, supplementing, changing, expanding, decreasing, or modifying the rights and obligations of the Debtors (and their Estates), third party beneficiaries or named insureds, and the Debtors' insurers (and third-party claims administrators) under any of the Debtors' insurance policies (including any D&O Insurance) or modify the coverage or benefits provided thereunder or the terms and conditions thereof or diminishes or impairs the enforceability of the insurance policies. For all issues relating to insurance coverage, the provisions, terms, conditions, and limitations of the Debtors' insurance policies shall control. For the avoidance of doubt, nothing herein (a) constitutes a rejection of any insurance policy (including the D&O Insurance) or (b) relieves any party from any injunction or stay created or preserved under the Plan.

**M.    Books and Records**

On the Effective Date, the Debtors' books and records shall be transferred to the iCap Trustees. The iCap Trustees shall be free, in their discretion to abandon, destroy, or otherwise dispose of the books and records in compliance with applicable non-bankruptcy law, or any other order of the Bankruptcy Court, at any time on and after the Effective Date, without the need for any other or further order; *provided, however,* that neither the Debtors nor the iCap Trustees shall destroy or otherwise abandon any books, records, electronically stored information, or other documents without providing advance notice to the SEC (c/o William M. Uptegrove, U.S. Securities and Exchange Commission, 950 East Paces Ferry Road, NE, Suite 900, Atlanta, GA 30326, UptegroveW@SEC.GOV), which shall have seven (7) days to object to any proposed destruction or abandonment, and with authorization from the Bankruptcy Court;

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 60

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

*provided further* that, nothing in the Plan or the Confirmation Order shall affect the obligations of the Debtors, the iCap Trust, and/or any transferee or custodian to maintain any books and records that are subject to any governmental subpoena, document preservation letter, or other investigative request from a governmental agency.

In the event that the iCap Trust becomes the subject of a directive or requirement to retain any books and records, the iCap Trust may provide notice to the parties who requested or obtained such directive or requirement (the "**Document Destruction Notice Parties**") of an intent to destroy such documents. In the event a Document Destruction Notice Party objects to the destruction, it shall provide the iCap Trust with a written agreement and assurance, each of which is reasonably acceptable to the iCap Trust, providing for the reimbursement and payment of all costs and expenses associated with the continued maintenance of such documents and records by the iCap Trust. Such costs and expenses shall include, but may not be limited to, third party fees and expenses, storage device costs, copying fees, the fees and expenses of counsel or other professionals to address any subpoenas or document production demands, and, if such extended maintenance precludes entry of the final decree, any fees (including U.S. Trustee fees) associated with such delay.

## N. Severability

In the event the Bankruptcy Court determines, before Confirmation, that any provision in the Plan is invalid, void, or unenforceable, the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of the Plan will remain in full force and effect and will in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is: (a) valid and enforceable pursuant to its terms; (b) integral to the Plan and may not be deleted or modified without consent of the Debtors; and (c) nonseverable and mutually dependent. '

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 61

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**O.** **Revocation or Withdrawal of the Plan**

The Debtors reserve the right to revoke or withdraw the Plan before Confirmation and to file a subsequent plan. If the Debtors revoke or withdraw the Plan before Confirmation, then the Plan shall be deemed null and void. In such event, nothing contained herein shall constitute or be deemed a waiver or release of any claims by or against the Debtors or to prejudice in any manner the rights of the Debtors in any further proceedings involving the Debtors.

**P.** **Notices**

All notices, requests, and demands to or upon the iCap Trustees or the Debtors, as applicable, to be effective shall be in writing and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made when actually delivered and addressed as follows:

If to the Debtors, to:

> iCap Enterprises, Inc. *et al.*
> c/o Pivot Management Group, LLC
> 1230 Rosecrans Ave., Suite 530
> Manhattan Beach, CA 90266
> Attn: Lance Miller (Lance.miller@pivotgrp.com)

With copies to:

> O'Melveny & Myers LLP
> 400 South Hope Street, Suite 1900
> Los Angeles, CA 90071
> Attn: Julian Gurule (jgurule@omm.com)
>
> and
>
> O'Melveny & Myers LLP
> 1301 Avenue of the Americas, Suite 1700
> New York, NY 10019

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 62

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Attn:  Diana Perez (dperez@omm.com)

If to the Unsecured Creditors' Committee, to:

Bush Kornfeld LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Attn:  Armand J. Kornfeld (jkornfeld@bskd.com)
       Aimee S. Willig (awillig@bskd.com)
       Jason Wax (jwax@bskd.com)

and

Corr Cronin LLP
1015 Second Ave., Floor 10
Seattle, WA 98104
Attn:  John T. Bender (jbender@corrcronin.com)

If to the iCap Trustees, to:

Pivot Management Group, LLC
1230 Rosecrans Ave., Suite 530
Manhattan Beach, CA 90266
Attn:  Lance Miller (Lance.miller@pivotgrp.com)

and

B. Riley Advisory Services
19800 MacArthur Boulevard, Suite 820
Irvine, CA 92612
Attn:  Seth Freeman (sfreeman@brileyfin.com)

**Q.     Exhibits/Schedules**

All exhibits and schedules to the Plan, including the Plan Supplement, are incorporated into and are a part of this Plan as if set forth in full herein. After the

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 63

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

exhibits and documents are filed, copies of such exhibits and documents shall be available free of charge on the Debtors' case website at: https://cases.creditorinfo.com/icap/documents/docket. To the extent any exhibit or document is inconsistent with the terms of the Plan, unless otherwise ordered by the Bankruptcy Court, the Plan shall control.

**R.     Successors and Assigns**

The rights, benefits, and obligations of any Person named or referred to in this Plan shall be binding on, and shall inure to the benefit of any heir, executor, administrator, successor or assign, affiliate, officer, director, agent, representative, attorney, beneficiaries, or guardian, if any, of each such Person.

**S.     Reservation of Rights**

Except as expressly set forth herein, the Plan shall have no force or effect unless the Bankruptcy Court shall enter the Confirmation Order. None of the filing of this Plan, any statement or provision contained herein, or the taking of any action by any Debtor with respect to this Plan shall be or shall be deemed to be an admission or waiver of any rights of any Debtor with respect to the Holders of Claims or Equity Interest before the Effective Date.

**T.     Dissolution of the Unsecured Creditors' Committee**

Upon the occurrence of the Effective Date, the Unsecured Creditors' Committee shall dissolve automatically, whereupon its members, professionals, and agents shall be released from any duties and responsibilities in the Chapter 11 Cases and under the Bankruptcy Code (except with respect to (a) obligations arising under confidentiality agreements, which shall remain in full force and effect, (b) applications for allowance and payment of the fees of Professional Persons, and (c) any pending motions or other actions seeking enforcement or implementation of the provisions of the Plan).

**U.     Votes Solicited in Good Faith**

Upon entry of the Confirmation Order, the Debtors will be deemed to have solicited votes on the Plan in good faith and in compliance with the Bankruptcy Code,

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 64

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

and pursuant to Bankruptcy Code section 1125(e), the CRO, the Debtors, the Unsecured Creditors' Committee, and their respective affiliates, agents, representatives, members, principals, shareholders, officers, directors, employees, advisors, and attorneys shall have no liability for the violation of any applicable law, rule, or regulation governing the solicitation of votes the Plan.

## ARTICLE XI.
## SATISFACTION OF INDEBTEDNESS; PLAN IS BINDING

Except as specifically provided in this Plan or in the Confirmation Order the Distributions made to the various Classes of Creditors as provided for in this Plan shall be in full and complete satisfaction of their Allowed Claims and Allowed Equity Interests. The terms of this Plan and the Confirmation Order shall be binding on all parties regardless of whether or not (a) the party's Claim was Scheduled, (b) a proof of Claim was filed, (c) the Claim is an Allowed Claim, or (d) the Holder thereof voted to accept the Plan.

## ARTICLE XII.
## MODIFICATIONS OF THE PLAN

Pursuant to the provisions of Bankruptcy Code section 1127 and Bankruptcy Rule 3019, the Plan Proponents reserve the right to modify or alter the provisions of the Plan at any time prior to or subsequent to Confirmation. Entry of the Confirmation Order shall mean that all modifications or amendments to the Plan since the solicitation thereof are approved pursuant to Bankruptcy Code section 1127(a) and do not require additional disclosure or resolicitation under Bankruptcy Rule 3019.

## ARTICLE XIII.
## RETENTION OF JURISDICTION BY THE BANKRUPTCY COURT

**A.     Scope**

Pursuant to Bankruptcy Code sections 105(a) and 1142, and notwithstanding entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court retains jurisdiction and power over all matters arising in, arising under, or related to the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including the jurisdiction and the power to do the following:

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 65

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1.     Except as otherwise Allowed pursuant to the Plan or in the Confirmation Order, Allow, classify, determine, disallow, establish the priority or secured or unsecured status of, estimate, limit, liquidate, or subordinate any Claim, in whole or in part, including the resolution of any request for payment of any Administrative Expense Claim and the resolution of any objections to the allowance or priority of Claims;

2.     Hear and determine all applications for compensation and reimbursement of expenses of Professional Persons under the Plan or under Bankruptcy Code sections 327, 328, 330, 331, 503(b), 1103, and 1129(a)(4);

3.     Hear and determine all matters with respect to the assumption or rejection of any executory contract or unexpired lease to which a Debtor is a party or with respect to which a Debtor may be liable, including, if necessary, the nature or amount of any required cure or the liquidation or allowance of any Claims arising therefrom;

4.     Effectuate performance of and payments under the provisions of the Plan and enforce remedies on any default under the Plan;

5.     Hear and determine any and all adversary proceedings, motions, applications, and contested or litigated matters arising out of, under, or related to, the Chapter 11 Cases, including the iCap Trust Actions, and with respect to the Plan; *provided* that, for the avoidance of doubt, the iCap Trust shall be entitled to file and prosecute any litigation in any other court of competent jurisdiction;

6.     Enter such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of the Plan and all contracts, instruments, releases, and other agreements or documents created, executed, or contemplated in connection with the Plan, the Disclosure Statement, or the Confirmation Order;

7.     Hear and determine disputes arising in connection with the interpretation, implementation, consummation, or enforcement of the Plan, including disputes arising under agreements (including, without limitation, the iCap Trust Agreement), documents, or instruments executed in connection with the Plan, or to maintain the integrity of the Plan following consummation;

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 66

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

8.    Consider any modifications of the Plan, cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order;

9.    Issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Person with the implementation, consummation, or enforcement of the Plan or the Confirmation Order;

10.    Enter and implement such orders as may be necessary or appropriate if the Confirmation Order is for any reason reversed, stayed, revoked, modified, or vacated;

11.    Hear and determine any matters arising in connection with or relating to the Plan, the Plan Supplement, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, or other agreement or document created, executed, or contemplated in connection with any of the foregoing documents and orders;

12.    Enforce, interpret, and determine any disputes arising in connection with any stipulations, orders, judgments, injunctions, releases, exculpations, indemnifications, and rulings associated with the Plan or otherwise entered in connection with the Chapter 11 Cases (whether or not any or all of the Chapter 11 Cases have been closed);

13.    Except as otherwise limited herein, recover all Estate Assets, wherever located;

14.    Hear and determine matters concerning state, local, and federal taxes in accordance with Bankruptcy Code sections 346, 505, and 1146;

15.    Hear and determine such other matters as may be provided in the Confirmation Order or as may be authorized under, or not inconsistent with, the Bankruptcy Code and title 28 of the United States Code;

16.    Enter and enforce any order and related agreements for the sale or transfer of property and obligations thereunder pursuant to, *inter alia*, Bankruptcy Code sections 363, 1123, or 1146(a);

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 67

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

17.     Enforce all orders previously entered by the Bankruptcy Court;

18.     Resolve any cases, controversies, suits, or disputes related to the iCap Trust, the iCap Trust Supervisory Board, or the iCap Trustees;

19.     Hear and determine all matters in connection with the iCap Trust Assets, including, without limitation, any disputes with respect to the sale of any iCap Trust Assets; and

20.     Enter a final decree closing the Chapter 11 Cases of the Debtors.

**B.      Right to Seek Bankruptcy Court Approval**

Notwithstanding any provision in the Plan permitting actions without the approval of the Bankruptcy Court, the iCap Trustees retain the authority to present to the Bankruptcy Court any questions for explicit approval regarding specific actions proposed by the iCap Trust, including the management, distribution, or potential sale of iCap Trust Assets. The Bankruptcy Court retains jurisdiction and authority for such matters and shall approve or reject any proposed action upon motion filed by the iCap Trust.

**C.      Non-Exercise of Bankruptcy Court Jurisdiction**

If the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising in, arising under, or related to the Chapter 11 Cases, including the matters set forth in this Article XIII of the Plan, the provisions of this Article shall have no effect on, and shall not control, limit, or prohibit the exercise of jurisdiction by any other court having competent jurisdiction with respect to, such matter.

The Bankruptcy Court shall not retain exclusive jurisdiction over disputes concerning documents contained in the Plan Supplement that have a jurisdictional, forum selection, or dispute resolution clause that refers disputes to a different court and any disputes concerning documents contained in the Plan Supplement that contain such clauses shall be governed in accordance with the provisions of such documents.

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 68

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

RESPECTFULLY SUBMITTED this 30th day of August, 2024.

ICAP ENTERPRISES, INC., ET AL.

By /s/ *Lance Miller*
Name: Lance Miller
Title: Chief Restructuring Officer
        Pivot Management Group, LLC


OFFICIAL UNSECURED CREDITORS' COMMITTEE

By /s/ *Lilian Tan*
Name: Lilian Tan
Title: Co-Chair of the Committee

By /s/ *Thomas Temple*
Name: Thomas Temple
Title: Co-Chair of the Committee

MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 69

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104