1  Julian I. Gurule (CA SBN: 252160)*　　HONORABLE WHITMAN L. HOLT
   O'MELVENY & MYERS LLP
2  400 South Hope Street, Suite 1900
   Los Angeles, California 90071
3  Telephone: (213) 430-6067
   Email: jgurule@omm.com
4
   *Admitted *Pro Hac Vice*
5
   *Co-Counsel to Debtors and Debtors in*
6  *Possession*

7  Oren B. Haker (WSBA No. 48725)
   Britta E. Warren (WSBA No. 43329)
8  BLACK HELTERLINE LLP
   805 SW Broadway, Suite 1900
9  Portland, OR 97205
   Telephone: (503) 224-5560
10 Email: oren.haker@bhlaw.com
           britta.warren@bhlaw.com
11
   *Co-Counsel to Debtors and Debtors in*
12 *Possession*

13              **UNITED STATES BANKRUPTCY COURT**
                **EASTERN DISTRICT OF WASHINGTON**
14
15 In re:                              Chapter 11

16 ICAP ENTERPRISES, INC., et al.,     Lead Case No. 23-01243-WLH11
                                       Jointly Administered
           Debtors.[1]
17                                     **NOTICE OF FILING REVISED
18                                     PROPOSED FINDINGS OF FACT,
                                       CONCLUSIONS OF LAW, AND
19                                     ORDER CONFIRMING THE
                                       SECOND MODIFIED SECOND
20                                     AMENDED JOINT CHAPTER 11
                                       PLAN OF LIQUIDATION OF ICAP**
21

22 [1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding 1, LLC (23-01265-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01248-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11); Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); iCap Holding 6 LLC (23-01274-11); Colpitts Sunset, LLC (23-01432-11); CS2 Real Estate Development LLC (23-01434-11); and iCap International Investments, LLC (23-01464-11).

28 **NOTICE OF FILING OF REVISED PROPOSED FINDINGS OF**                BLACK HELTERLINE LLP
   **FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING**                       805 SW BROADWAY
   **SECOND MODIFIED SECOND AMENDED PLAN OF**                                   SUITE 1900
   **LIQUIDATION AND REDLINE**                                          PORTLAND, OR 97205
                                                                     TELEPHONE: 503 224-5560

**ENTERPRISES, INC. AND ITS AFFILIATED DEBTORS PROPOSED BY THE DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND REDLINE OF THE PROPOSED CONFIRMATION ORDER**

**PLEASE TAKE NOTICE** that on October 9, 2024, iCap Enterprises, Inc. and its affiliated debtors and debtors in possession (the "Debtors") and the Official Committee of Unsecured Creditors filed the *Second Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1360] (as may be further amended, modified, or supplemented, the "Plan").

**PLEASE TAKE NOTICE** that on October 9, 2024, the Debtors filed the *Notice of Filing Proposed Findings of Fact, Conclusions of Law, and Order Confirming the Second Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1364] (the "Proposed Confirmation Order").

**PLEASE TAKE FURTHER NOTICE** that in advance of the hearing to consider confirmation of the Plan, the Debtors hereby file a revised version of the proposed *Findings of Fact, Conclusions of Law, and Order Confirming the Second Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* (the "Revised Proposed Confirmation Order"), attached hereto as **Exhibit 1**. A redline showing the changes from the Proposed Confirmation Order to the Revised Proposed Confirmation Order is attached as **Exhibit 2**.

**NOTICE OF FILING OF REVISED PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION AND REDLINE**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

2

DATED this 16th day of October 2024.

BLACK HELTERLINE LLP


By_____/s/ Oren B. Haker_____
 OREN B. HAKER, WSBA No. 48725
BRITTA E. WARREN, WSBA No. 43329
BLACK HELTERLINE LLP

*Co-Counsel to Debtors and Debtors in Possession*

And

JULIAN I. GURULE (Admitted *Pro Hac Vice*)
O'MELVENY & MYERS LLP

*Co-Counsel to Debtors and Debtors in Possession*

**NOTICE OF FILING OF REVISED PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION AND REDLINE**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

3

**<u>Exhibit 1</u>**

**Revised Proposed Confirmation Order**

**NOTICE OF FILING OF REVISED PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION AND REDLINE**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

1
2
3
4
5
6
7
8
9

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

10

11 | In re:

12 | ICAP ENTERPRISES, INC., *et al.*,

13 | Debtors.[1]

Chapter 11

Lead Case No. 23-01243-WLH11
Jointly Administered

**FINDINGS OF FACT,
CONCLUSIONS OF LAW, AND
ORDER CONFIRMING THE
SECOND MODIFIED SECOND
AMENDED JOINT CHAPTER 11
PLAN OF LIQUIDATION OF ICAP
ENTERPRISES, INC. AND ITS
AFFILIATED DEBTORS
PROPOSED BY THE DEBTORS
AND OFFICIAL COMMITTEE OF
UNSECURED CREDITORS**

14
15
16
17
18
19
20

21 [1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding 1, LLC (23-01256-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01253-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11); Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); iCap Holding 6 LLC (23-01274-11); Colpitts Sunset, LLC (23-01432-11); CS2 Real Estate Development LLC (23-01434-11); and iCap International Investments, LLC (23-01464-11).

22
23
24
25
26

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

iCap Enterprises, Inc., and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 bankruptcy cases (the "Chapter 11 Cases"), having

    a. commenced, on September 29, 2023 (the "Petition Date"),[2] the Chapter 11 Cases by filing voluntary petitions in the United States Bankruptcy Court for the Eastern District of Washington (the "Bankruptcy Court") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 *et seq.* (the "Bankruptcy Code");

    b. filed, on July 16, 2024, the (i) *Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1088] and (ii) *Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1089];

    c. filed, on July 19, 2024, the *Motion For an Order Approving (I) Proposed Disclosure Statement; (II) Solicitation and Voting Procedures; (III) Notice and Objection Procedures for Confirmation of Joint Plan of Liquidation; and (IV) Granting Related Relief* [ECF No. 1142];

    d. filed, on August 20, 2024, the (i) *First Amended Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1221] and (ii) *First Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated*

---

[2] Certain of the Debtors filed their own chapter 11 cases on September 30, November 8, and November 14, 2023. For purposes of this Confirmation Order, "Petition Date" as used herein will refer to the earliest of the Debtors' respective filing dates and "Chapter 11 Cases" includes all of the Debtors' cases, irrespective of when they were filed.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

2

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

*Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1222];

e. filed, on August 26, 2024, the (i) *Second Amended Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1236] and (ii) *Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1237];

f. obtained, on August 29, 2024, the *Order Approving: (I) Proposed Disclosure Statement; (II) Solicitation and Voting Procedures; (III) Notice and Objection Procedures for Confirmation of Joint Plan of Liquidation; and (IV) Granting Related Relief* [ECF No. 1247] (the "Solicitation Order"), which, among other things (i) approved the Disclosure Statement (as defined below) as having adequate information, as required under section 1125(a) of the Bankruptcy Code, (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Plan (as defined below), and (iii) approved the Debtors' related notices, forms, and ballots to be submitted to parties in interest in connection with voting on the Plan and the Debtors' voting procedures (the "Voting Procedures");

g. filed, on August 30, 2024, the *Modified Second Amended Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1248] (the "Disclosure Statement");

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

3

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

h. filed, on August 30, 2024, the *Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1249];

i. caused, on August 29, 2024 and September 4, 2024, the Solicitation Order to be distributed consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Solicitation Order, as evidenced, by among other things, the *Certificate of Service* [ECF No. 1261] (the "Solicitation Affidavit") filed by BMC Group, Inc. ("BMC"), the Debtors' Court-approved noticing, claims, and balloting agent, on September 6, 2024;

j. caused, on September 4, 2024, the solicitation materials and notice of the deadline for voting on the Plan and objecting to confirmation of the Plan to be distributed consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order, as evidenced, by among other things, the Solicitation Affidavit filed by BMC on September 6, 2024;

k. caused notice of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") to be distributed consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order, as evidenced, by among other things, the Solicitation Affidavit filed by BMC, on September 6, 2024, and the *Certificate of Service* [ECF No. 1394] filed by BMC, on October 15, 2024;

l. filed, on September 6, 2024, the *Amended Supplemental Declaration of Jeffrey H. Kinrich in Support of the Ponzi Findings and Confirmation of the Plan* [ECF No. 1262] (the "Kinrich Declaration");

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
4

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11   Doc 1403   Filed 10/16/24   Entered 10/16/24 12:04:58   Pg 8 of 141

m. filed, on September 18, 2024, the *Notice of Filing of Plan Supplement Pursuant to Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1270] (the "Plan Supplement");

n. filed, on October 9, 2024, the *Second Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1360] (attached hereto as **Exhibit A**, and including all exhibits thereto and as the same may be amended, modified, or supplemented from time to time pursuant to the terms thereof, the "Plan");[3]

o. filed, on October 9, 2024, the *Declaration of Brad Daniel of BMC Group Regarding Voting and Tabulation of Ballots for Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1356] (the "Voting Declaration");

p. filed, on October 9, 2024, the *Memorandum of Law (A) In Support of Confirmation of the Second Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors; and (B) In Response to Pending Objections Thereto* [ECF No. 1362] (the "Confirmation Brief");

---

[3] Unless otherwise noted herein, capitalized terms not defined in these findings of fact, conclusions of law, and order (collectively, this "Confirmation Order" or this "Order") shall have the meanings ascribed to such terms in the Plan. The rules of interpretation set forth in Article I.B of the Plan apply to this Confirmation Order.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

5

q. filed, on October 9, 2024, the *Declaration of Lance Miller in Support of the Second Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1363] (the "<u>Miller Declaration</u>");

r. filed, on October 9, 2024, the *Notice of Filing Proposed Findings of Fact, Conclusions of Law, and Order Confirming the Second Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1364];

s. filed, on October 10, 2024, the *Supplemental Declaration of Lance Miller in Support of Ponzi Findings and Plan Confirmation* [ECF No. 1370] (the "<u>Miller Ponzi Declaration</u>");

t. filed, on October 10, 2024, the *Declaration of Stanley Ho in Support of the Ponzi Findings and Confirmation of the Plan* [ECF No. 1369] (the "<u>Ho Declaration</u>");

u. filed, on October 10, 2024, the *Declaration of Nickisha Haine in Support of Ponzi Findings and Plan Confirmation* [ECF No. 1368] (the "<u>Haine Declaration</u>");

v. filed, on October 10, 2024, the *Supplemental Brief Regarding Ponzi Findings in Support of Confirmation of Modified Second Amended Joint Chapter 11 Plan of Liquidation* [ECF No. 1371] (the "<u>Ponzi Brief</u>");

w. filed, on October 10, 2024, the *Debtors' Motion for Adverse Inferences* [ECF No. 1366] (the "<u>Adverse Inference Motion</u>"); and

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

6

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

x. filed, on October 10, 2024, the *Declaration of John T. Bender in Support of Debtors' Motion for Adverse Inference* [ECF No. 1367] (the "<u>Bender Declaration</u>").

The Bankruptcy Court having:

a. set October 16, 2024, at 1:00 p.m. (prevailing Pacific Time) as the date and time for the commencement of the Confirmation Hearing, pursuant to Bankruptcy Rules 3017 and 3018 and sections 1126, 1128, and 1129 of the Bankruptcy Code;

b. reviewed the Disclosure Statement, the Plan, the Plan Supplement, the Confirmation Brief, the Ponzi Brief, the Voting Declaration, the Miller Declaration, the Kinrich Declaration, the Miller Ponzi Declaration, the Ho Declaration, the Haine Declaration, the Adverse Inference Motion, the Bender Declaration, and all pleadings, exhibits, statements, responses, and comments filed in the Chapter 11 Cases regarding confirmation of the Plan ("<u>Confirmation</u>") and making of the Ponzi Findings (as defined below), including any objections, statements, and reservations of rights filed by parties in interest on the docket of the Chapter 11 Cases;

c. held the Confirmation Hearing, including hearing the live testimony of Jeffrey H. Kinrich, Stanley Ho, and Nickisha Haine in support of Confirmation and the making of the Ponzi Findings;

d. heard the statements and arguments made by counsel with respect to approval of the Plan and Ponzi Findings and Confirmation and the objections, if any, thereto;

e. considered all oral representations, affidavits, testimony, documents, filings, and other evidence regarding the Plan, the Ponzi Findings, and Confirmation and the objections, if any, thereto;

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION

7

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 11 of 141

f. overruled any and all objections (to the extent not withdrawn) to the Plan, Confirmation, the Plan Supplement, the Ponzi Findings, and this Confirmation Order and all statements and reservations of rights not consensually resolved or withdrawn, unless otherwise indicated; and

g. taken judicial notice of all pleadings and other documents filed, all orders entered, all evidence proffered or adduced, and all arguments presented, in the Chapter 11 Cases.

**NOW THEREFORE**, the Bankruptcy Court having found that notice of the Confirmation Hearing and the opportunity for any party in interest to object to the Plan, Confirmation, and the Ponzi Findings having been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions and settlements contemplated thereby; and the record of the Chapter 11 Cases and the legal and factual bases set forth in the documents filed in support of Confirmation and presented at the Confirmation Hearing including, but not limited to, the Confirmation Brief, the Voting Declaration, the Miller Declaration, the Kinrich Declaration, the Miller Ponzi Declaration, the Ho Declaration, the Haine Declaration, the Ponzi Brief, the Adverse Inference Motion, and the Bender Declaration establish just cause for the relief granted in this Confirmation Order; and after due deliberation thereon and good cause appearing therefor, the Bankruptcy Court hereby makes and issues the following findings of fact, conclusions of law, and order:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:**

**A.** **Findings of Fact and Conclusions of Law.**

1. The findings of fact and conclusions of law set forth in this Confirmation Order and on the record at the Confirmation Hearing constitute the Bankruptcy Court's

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

8

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, as made applicable herein by Bankruptcy Rules 7052 and 9014. All findings of fact and conclusions of law announced by the Bankruptcy Court at the Confirmation Hearing in relation to Confirmation and the Ponzi Findings are hereby incorporated into this Confirmation Order to the extent not inconsistent herewith. To the extent any of the following conclusions of law constitute findings of fact, or vice versa, they are adopted as such.

**B.  Jurisdiction, Venue, and Core Proceeding.**

2.      The Bankruptcy Court has subject matter jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334. The Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed. Venue in the Bankruptcy Court was proper as of the Petition Date and remains proper under 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and the Bankruptcy Court may enter a final order consistent with Article III of the Constitution.

**C.  Eligibility for Relief.**

3.      The Debtors were and continue to be entities eligible for relief under section 109 of the Bankruptcy Code.

4.      The Debtors and the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases (as amended on November 9, 2023 [ECF No. 147], the "Committee" and, together with the Debtors, the "Plan Proponents") are proper plan proponents under section 1121 of the Bankruptcy Code.

**D.  Commencement and Joint Administration of the Chapter 11 Cases.**

5.      On the Petition Date, the Debtors filed voluntary petitions with this Bankruptcy Court for relief under chapter 11 of the Bankruptcy Code. On October 2, 2023, the Bankruptcy Court entered an order [ECF No. 9] authorizing the joint

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

9

administration and procedural consolidation of the Chapter 11 Cases under the lead case *In re iCap Enterprises, Inc.*, Case No. 23-01243-WLH11, in accordance with Bankruptcy Rule 1015(b). On November 16, 2023, the Bankruptcy Court granted the motion for the subsequently filed Debtors, Colpitts Sunset, LLC, CS2 Real Estate Development LLC, and iCap International Investments, LLC to be jointly administered under the lead case: *In re iCap Enterprises, Inc.*, Case No. 23-01243-WLH11. *See* ECF No. 164. Since the Petition Date, the Debtors have operated their business and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

**E.    Appointment of the Committee.**

6.    On October 20, 2023, the Office of the United States Trustee for the Eastern District of Washington (the "U.S. Trustee") appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [ECF No. 102] and amended such appointment on October 30, 2023 [ECF No. 112].

**F.    Judicial Notice.**

7.    The Bankruptcy Court takes judicial notice of (and deems admitted into evidence for purposes of Confirmation) the docket of the Chapter 11 Cases, including all pleadings and other documents on file, all orders entered, all hearing transcripts, and all evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Cases, including the hearing to consider the adequacy of the Disclosure Statement and the Confirmation Hearing.

**G.    Plan Supplement.**

8.    On September 18, 2024, the Debtors filed the Plan Supplement. The Plan Supplement complies and is consistent with the Bankruptcy Code and the terms of the Plan, and the filing and notice of the Plan Supplement was good and proper and in

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

10

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the Eastern District of Washington (the "Local Rules"), the Solicitation Order, and the facts and circumstances of the Chapter 11 Cases. No other or further notice is or will be required with respect to the Plan Supplement. All documents included in the Plan Supplement are integral to, part of, and incorporated by reference into the Plan. All Holders of Claims who voted to accept the Plan and who are conclusively presumed to have accepted the Plan are deemed to have accepted the Plan as modified and supplemented by the Plan Supplement and this Confirmation Order. Subject to the terms of the Plan, the Debtors reserve the right to alter, amend, update, or modify the Plan Supplement before the Effective Date subject to compliance with the Bankruptcy Code and the Bankruptcy Rules, *provided*, that no such alteration, amendment, update, or modification shall be inconsistent with the terms of this Confirmation Order or the terms of the Plan.

**H.    Transmittal and Mailing of Solicitation Materials; Notice.**

9.    As evidenced by the Solicitation Affidavit and the Voting Declaration, the Disclosure Statement, the Plan, the Solicitation Order, the ballots for voting on the Plan (the "Ballots"), the notice of the Confirmation Hearing, and the other materials distributed by the Debtors in connection with Confirmation of the Plan (collectively, the "Confirmation Materials") were transmitted and served in compliance with the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, the Local Rules, and the procedures set forth in the Solicitation Order.

10.    Notice of the Confirmation Hearing was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases. The transmittal and service of the Confirmation Materials complied with the procedures set forth in the Solicitation Order, were appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, were conducted in good faith, and were in compliance with the provisions of the

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

11

Bankruptcy Court's orders, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable rules, laws, and regulations. All parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to Confirmation of the Plan) were given due, proper, timely, and adequate notice in accordance with the procedures set forth in the Solicitation Order. Because such transmittal and service were adequate and sufficient, no other or further notice is necessary or shall be required.

## I. <u>Voting</u>.

11. Prior to the Confirmation Hearing, the Debtors filed the Voting Declaration. As set forth in the Voting Declaration, the procedures used to solicit votes on the Plan and to tabulate the Ballots were fair and conducted in accordance with the Solicitation Order, the Bankruptcy Code, the Bankruptcy Rules, and all other applicable rules, laws, and regulations.

12. As set forth in the Plan, Holders of Claims in Classes 3 and 4 (collectively, the "<u>Voting Classes</u>") were eligible to vote on the Plan pursuant to the Voting Procedures. In addition, Holders of Claims in Classes 1 and 2 are unimpaired and conclusively presumed to have accepted the Plan and, therefore, are not entitled to vote to accept or reject the Plan. Holders of Claims in Class 5 and Holders of Equity Interests in Class 6 (collectively, the "<u>Deemed Rejecting Classes</u>") are impaired under the Plan and have been deemed to reject the Plan. As evidenced by the Voting Declaration, the statements made on the record at the Confirmation Hearing, and this Confirmation Order, Class 3 and Class 4 have voted to accept the Plan in accordance with section 1126(c) of the Bankruptcy Code.

## J. <u>Good-Faith Solicitation (11 U.S.C. § 1125(e))</u>.

13. Based on the record before the Bankruptcy Court in the Chapter 11 Cases, the Plan Proponents and each of their respective accountants, agents, assigns, attorneys,

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

Black Helterline LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

12

bankers, consultants, directors, employees, executors, financial advisors, investment bankers, managers, members, officers, partners, predecessors, principals, Professional Persons, representatives, and successors of the referenced Person have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Solicitation Order, the Voting Procedures, and any other applicable rules, laws, and regulations in connection with all of their respective activities relating to the solicitation of votes on the Plan, their participation in the Chapter 11 Cases, and the activities described in section 1125 of the Bankruptcy Code, and therefore, are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

**K.    Burden of Proof.**

14.    The Plan Proponents as proponents of the Plan, have met their burden of proving the applicable elements of section 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard for Confirmation. Further, the Plan Proponents have proven the elements of section 1129(a) and (b) of the Bankruptcy Code by clear and convincing evidence.

**L.    Bankruptcy Rule 3016.**

15.    The Plan is dated and identifies the Plan Proponents as the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a). The Plan Proponents appropriately filed the Disclosure Statement and the Plan with the Bankruptcy Court, thereby satisfying Bankruptcy Rule 3016(b). The Plan and Disclosure Statement describe in specific and conspicuous language all acts and actions to be enjoined and identify the Persons that would be subject to injunctions, thereby satisfying Bankruptcy Rule 3016(c).

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

13

**M.    Objections.**

16.    To the extent that any objections (including any reservations of rights) to Confirmation of the Plan or the Ponzi Findings have not been withdrawn, waived, or settled prior to entry of this Confirmation Order, or are not otherwise resolved under this Confirmation Order or as stated by the Debtors and/or the Committee on the record of the Confirmation Hearing, all such objections are overruled on the merits. Any resolutions of objections to entry of this Confirmation Order explained on the record at the Confirmation Hearing are hereby incorporated by reference.

**N.    Conduct of a Ponzi Scheme.**

17.    The evidence detailed above demonstrates, and the Bankruptcy Court hereby finds (the "Ponzi Findings"), that (i) beginning no later than October 2018 (the "Ponzi Start Date") through the conclusion of the prepetition time period analyzed by the CRO and his advisors (which, for the avoidance of doubt, ended prior to the retention of new counsel and financial advisors by the Debtors in July 2023), the principals operated the iCap enterprise as a Ponzi scheme raising approximately $230 million from over 1,800 investors in the United States and abroad; (ii) the Ponzi scheme involved the use of funds provided by new investors to the iCap enterprise to make payments to already-existing investors and other creditors; and (iii) the iCap enterprise did not operate as a legitimate profit-making business. *See In re EPD Inv. Co.,* 114 F.4th 1148, 1162–63 (9th Cir. 2024).

**O.    Modifications or Alterations to the Plan.**

18.    To the extent the Plan has been modified, supplemented, or altered between solicitation and the date of entry of this Confirmation Order (collectively, the "Modifications"), such Modifications made to the Plan constitute clarifications or technical changes, and do not materially and adversely affect or change the treatment of any Claims against, or Equity Interests in, the Debtors and comply in all respects

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

14

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

with section 1127 of the Bankruptcy Code. All such Modifications are incorporated by reference herein and approved. Accordingly, pursuant to Bankruptcy Rule 3019, such Modifications, if any, do not require (a) additional or further disclosure with respect to the Modifications under section 1125 of the Bankruptcy Code and/or (b) either resolicitation of votes on the Plan or affording Holders of Claims in the Voting Classes the opportunity to change a previously cast Ballot under section 1126 of the Bankruptcy Code.

**P.** **Compliance with the Requirements of Section 1129 of the Bankruptcy Code.**

19. As detailed below, the Plan complies with all applicable provisions of section 1129 of the Bankruptcy Code.

**1.** **Compliance With Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(1)).**

20. The Plan complies with all applicable provisions of the Bankruptcy Code, including sections 1122 and 1123, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

**(i)** **Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1)).**

21. The classification of Claims and Equity Interests under the Plan is proper under the Bankruptcy Code. Except with respect to Administrative Expense Claims, Priority Tax Claims, and Supplemental DIP Claims, which need not be classified, Article III of the Plan classifies all Claims against, and Equity Interests in, the Debtors into six (6) separate Classes based on the characteristics of those Claims and Equity Interests. Valid business, factual, and legal reasons exist for the separate classification of the various Classes created under the Plan, the classifications were not promulgated for any improper purpose, and the creation of such Classes does not unfairly discriminate between or among Holders of Claims or Equity Interests. Each Class of

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

15

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

Claims or Equity Interests contains only Claims or Equity Interests that are substantially similar to the other Claims or Equity Interests within that Class. Accordingly, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

**(ii)     Unimpaired Classes (11 U.S.C. § 1123(a)(2)).**

22.     Article III of the Plan specifies that Claims in Class 1 (Priority Claims) and Class 2 (Secured Claims) are unimpaired under the Plan. Additionally, Administrative Expense Claims, Priority Tax Claims, and Supplemental DIP Claims are not classified under, and are unimpaired by, the Plan. Accordingly, the Plan satisfies the requirements of section 1123(a)(2) of the Bankruptcy Code.

**(iii)     Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).**

23.     Article III of the Plan specifies that Claims in Class 3 (Investor Claims) and Class 4 (General Unsecured Claims) are impaired and entitled to vote on the Plan, while Claims and Equity Interests in Class 5 (Subordinated Claims) and Class 6 (Equity Interests) are impaired and deemed to reject the Plan. In addition, Article III describes the treatment of the Claims and Equity Interests in such Classes. Accordingly, the Plan satisfies the requirements of section 1123(a)(3) of the Bankruptcy Code.

**(iv)     No Discrimination (11 U.S.C. § 1123(a)(4)).**

24.     Article III of the Plan provides for the same treatment of each Claim and Equity Interest in a particular Class, unless the Holder of a particular Claim or Equity Interest agrees to less favorable treatment of such Claim or Equity Interest. Accordingly, the Plan satisfies the requirements of section 1123(a)(4) of the Bankruptcy Code.

**(v)     Implementation of the Plan (11 U.S.C. § 1123(a)(5)).**

25.     Article V and various other provisions of the Plan provide in detail adequate and proper means for the Plan's implementation, including, but not limited to, (as more fully described in Article V of the Plan): (a) the authorization to undertake all

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

16

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

corporate actions necessary to effectuate the Plan under Article V.B of the Plan; (b) the dissolution of the Debtors under Article V.B.3 of the Plan; (c) the cancellation of indebtedness under Article V.C of the Plan; (d) the appointment of the iCap Trustees under Article V.D.1 of the Plan; (e) the creation of the iCap Trust under Article V.D.2 of the Plan; (f) the vesting of all iCap Trust Assets in the iCap Trust under Article V.D.3 of the Plan; (g) the sources of cash for Distributions under the Plan under Article V.D.11; (h) the substantive consolidation of the Debtors as provided in Article V.E of the Plan; (i) the preservation of all Causes of Action and Avoidance Actions under Article V.F of the Plan; (j) the effectuating of exit financing documents and an exemption from registration under the Securities Act under Articles V.D.13, and V.G of the Plan, and (k) the abandonment of certain Estate Assets under Article V.H of the Plan. Accordingly, the Plan satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code.

### (vi)   **Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)).**

26. The Debtors are not issuing any non-voting equity securities of any corporation, and each of the Debtors will eventually be dissolved under the Plan. Accordingly, section 1123(a)(6) of the Bankruptcy Code is not applicable to the Plan.

### (vii)   **Designation of Directors and Officers (11 U.S.C. § 1123(a)(7)).**

27. The Plan provides for the dissolution and winding down of the Debtors' business and appointment of the iCap Trustees as the managers, officers, and representatives of the iCap Trust. Article V.D of the Plan provides for the creation of the iCap Trust and for the appointment of the initial iCap Trustees and the initial iCap Trust Supervisory Board to serve in accordance with the terms of the Plan and the iCap Trust Agreement. The iCap Trustees' shared compensation terms are set forth in Article V.D.1 of the Plan. These designations under the Plan are consistent with the interests of

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

17

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

Creditors and Holders of Equity Interests and with public policy. Accordingly, the Plan satisfies the requirements of section 1123(a)(7) of the Bankruptcy Code.

**(viii) <u>Discretionary Contents of the Plan (11 U.S.C. § 1123(b))</u>.**

28. The Plan's discretionary provisions comply with section 1123(b) of the Bankruptcy Code and are not inconsistent with the applicable provisions of the Bankruptcy Code.

**(a) <u>Impairment/Unimpairment of Classes (11 U.S.C. § 1123(b)(1))</u>.**

29. As contemplated by section 1123(b)(1) of the Bankruptcy Code, Article III of the Plan: (i) impairs Investor Claims (Class 3), General Unsecured Claims (Class 4), Subordinated Claims (Class 5), and Equity Interests (Class 6), and (ii) leaves unimpaired Priority Claims (Class 1) and Secured Claims (Class 2).

**(b) <u>Rejection of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2))</u>.**

30. Any and all executory contracts and unexpired leases of the Debtors shall be deemed rejected by the Debtors pursuant to the provisions of section 365 of the Bankruptcy Code. The Debtors, in rejecting the contracts and leases under the Plan, utilized their sound business judgment and complied with the Bankruptcy Code, as contemplated by section 1123(b)(2) of the Bankruptcy Code.

**(c) <u>Settlement, Releases, Exculpation, Injunction, and Preservation of Claims and Equity Interests (11 U.S.C. § 1123(b)(3))</u>.**

31. <u>Compromise and Settlement</u>. Pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the classification, Distributions, and other benefits provided under the Plan, on the Effective Date, the provisions of the Plan shall constitute a good faith compromise and settlement of all

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
18

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

claims or controversies resolved pursuant to the Plan and in these Chapter 11 Cases. Such compromise and settlement is fair, equitable, and reasonable and in the best interests of the Debtors, their Estates, creditors, and parties in interest.

32.     Subordinated Claims. The allowance, classification, and treatment of all Allowed Claims and the respective Distributions and treatments under the Plan take into account and conform to the relative priority and rights of the Claims in each Class in connection with any contractual, legal, and equitable subordination rights relating thereto, whether arising under general principles of equitable subordination, section 510(b) of the Bankruptcy Code, or otherwise.

33.     Release. The releases (the "Release") of the Debtors; the Committee and its current and former members (in their capacities as such); the CRO; the DIP Parties; and the preceding's respective accountants, agents, assigns, attorneys, bankers, consultants, directors, employees, executors, financial advisors, investment bankers, managers, members, officers, partners, predecessors, principals, Professional Persons, representatives, and successors of the referenced Person; *provided, however*, that the Debtors' Related Parties will be limited to the following Persons: the directors, officers, attorneys, accountants, consultants, professionals, and employees who (i) are employed by the Debtors on the Effective Date or (ii) whose employment was approved by the Bankruptcy Court (collectively, the "Released Parties"), are essential and critical provisions of the Plan. The Release, which includes by reference each of the related provisions and definitions contained in the Plan, is (a) within the jurisdiction of the Bankruptcy Court pursuant to 28 U.S.C. § 1334; (b) fully consensual; (c) in exchange for the good and valuable consideration provided by the Released Parties; (d) a good faith settlement and compromise of such claims; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

19

and opportunity for a hearing; and (h) a bar to any of the Releasing Parties asserting any released claim against any of the Released Parties.

34.　　The Release was a necessary inducement to the participation of the Debtors' stakeholders in the negotiations and compromises that led to the Plan. Specifically, the Released Parties, individually and collectively, made significant contributions to the Chapter 11 Cases, including funding the Chapter 11 Cases, and otherwise actively supporting the negotiation and prosecution of the Plan. The Release therefore appropriately offers protection to parties who actively and constructively participated in and contributed to the Debtors' Chapter 11 Cases and without whom Confirmation could not have been achieved.

35.　　The scope of the Release is appropriately tailored under the facts and circumstances of the Chapter 11 Cases, and parties received due and adequate notice of the Release. In light of, among other things, the value provided by the Released Parties to the Debtors' Estates and the critical nature of the Release to the Plan, the Release is approved.

36.　　Exculpation. The exculpation provision set forth in Article X.H of the Plan (the "Exculpation") is approved. The Exculpation is appropriate under applicable law because it was proposed in good faith, was formulated following extensive good faith, arm's length negotiations with key constituents, is a key element of the Plan, and is appropriately limited in scope, as it will have no effect of the liability of any Person or Entity that results from any such act or omission that is determined by a Final Order to have constituted fraud, willful misconduct, gross negligence, or malpractice. The Exculpated Parties have participated in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation of, and distributions under, the Plan, and therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

20

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

of acceptances or rejections of the Plan or distributions made pursuant to the Plan. Accordingly, the Exculpation is approved.

37. <u>Injunctions</u>. The injunctive provisions set forth in Articles X.I and X.J of the Plan (collectively, the "<u>Injunctions</u>") are essential to the Plan and are necessary to implement the Plan and to preserve and enforce the Release and the Exculpation in Article X of the Plan. Such Injunctions are appropriately tailored to achieve those purposes. Accordingly, the Injunctions are approved.

38. <u>Preservation of Estate Causes of Action</u>. The provisions regarding the preservation of all of the Debtors' and Estates' Causes of Action in the Plan, Causes of Action that are Contributed Claims (whether existing as of the Petition Date or thereafter arising), and all Avoidance Actions, including Article V.F of the Plan, are appropriate and are in the best interests of the Debtors, their respective Estates, and their Creditors. Without in any way limiting the iCap Trust's and the iCap Trustees' rights to pursue claims against third parties, Article V.F.3 provides illustrative categories of claims that are preserved under the Plan and will be transferred and conveyed to the iCap Trust as provided for in the Plan and as authorized by this Confirmation Order.

**(d)    Additional Plan Provisions (11 U.S.C. § 1123(b)(6)).**

39. The Plan contains other appropriate provisions that are not inconsistent with the applicable provisions of the Bankruptcy Code, as contemplated by section 1123(b)(6) of the Bankruptcy Code.

**2.    The Plan Proponents' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).**

40. As detailed below, the Plan Proponents have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

21

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 25 of 141

(i)     The Debtors and the Committee, as proponents of the Plan, have complied with all applicable provisions of the Bankruptcy Code, as required by section 1129(a)(2) of the Bankruptcy Code, including sections 1122, 1123, 1124, 1125, 1126, 1127, 1128, and 1129 of the Bankruptcy Code, the Bankruptcy Rules, including Bankruptcy Rules 3016, 3017, 3018, and 3019, the Local Rules, the Solicitation Order, and any applicable nonbankruptcy laws, rules, and regulations in transmitting the Disclosure Statement, the Plan, the Plan Supplement, and any related documents and notices.

(ii)    The votes to accept or reject the Plan were solicited by the Plan Proponents and their agents after the Bankruptcy Court approved the Disclosure Statement pursuant to section 1125 of the Bankruptcy Code and entered the Solicitation Order.

(iii)   The Plan Proponents and their agents (a) have solicited and tabulated votes on the Plan and have participated in the activities described in section 1125 of the Bankruptcy Code fairly and in good faith within the meaning of section 1125(e) of the Bankruptcy Code, and in a manner consistent with the applicable provisions of the Solicitation Order, the Disclosure Statement, the Plan, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable rules, laws, and regulations, and (b) are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the Exculpation provision set forth in Article X.H of the Plan.

(iv)    The Plan Proponents and their agents and professionals have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the offering, issuance, and distribution of recoveries under the Plan and, therefore, are not, and on account of such distributions will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or distributions made thereunder, so long as such distributions are made consistent with and pursuant to the Plan.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

22

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 26 of 141

### 3. Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).

41. The Plan (including all documents and agreements necessary to effectuate the Plan) and the transactions and settlements contemplated in the Plan have been proposed in good faith and not by any means forbidden by law, with the legitimate and honest purpose of maximizing recoveries to parties in interest. In determining that the Plan has been proposed in good faith, the Bankruptcy Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Cases, the Plan itself, and the process leading to its formulation. The Plan Proponents' good faith is evident from the facts and record of the Chapter 11 Cases, the Disclosure Statement, the Plan, the record of the Confirmation Hearing, the Miller Declaration, and all other proceedings held in the Chapter 11 Cases. The Plan is the product of arm's length negotiations between the Debtors, the Committee, and other parties in interest. The Plan itself and the process leading to its formulation provide independent evidence of the Debtors' good faith, serve the public interest, and assure fair treatment of Holders of Claims and Equity Interests. Consistent with the overriding purpose of chapter 11, the Debtors commenced the Chapter 11 Cases, and proposed the Plan, with the legitimate purpose of maximizing the value of the ultimate recoveries to all creditor groups on a fair and equitable basis. The Plan's classification, indemnification, exculpation, release, and injunction provisions were negotiated in good faith and at arm's length, are consistent with sections 105, 1122, 1123, 1129, and 1142 of the Bankruptcy Code, and are each necessary for implementation of the Plan.

42. The Plan Proponents and each of the constituents who negotiated the Plan, including, but not limited to, each of their respective accountants, agents, assigns, attorneys, bankers, consultants, directors, employees, executors, financial advisors, investment bankers, managers, members, officers, partners, predecessors, principals, Professional Persons, representatives, and successors of the referenced Person (a) acted

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23

in good faith in negotiating, formulating, and proposing the Plan and the agreements, compromises, settlements, transactions, transfers, and documentation contemplated by the Plan and (b) will be acting in good faith in proceeding to (i) consummate the Plan and the agreements, compromises, settlements, transactions, transfers, and documentation contemplated by the Plan and this Confirmation Order and (ii) take any actions authorized and directed or contemplated by this Confirmation Order. Accordingly, the Plan satisfies section 1129(a)(3) of the Bankruptcy Code.

**4.  Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).**

43.    The procedures set forth in the Plan for the Bankruptcy Court's review and ultimate determination of the fees, costs, and expenses to be paid by the Debtors, or the iCap Trustees, as applicable, in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, satisfy the objectives of, and are in compliance with, section 1129(a)(4) of the Bankruptcy Code.

**5.  Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).**

44.    Article V.B.2 of the Plan satisfies the requirements of section 1129(a)(5) of the Bankruptcy Code because the Debtors have disclosed that, on the Effective Date, each of the Debtors' existing directors and officers including, without limitation, the CRO, shall be terminated automatically without the need for any further action and without the need for any corporate or limited liability company filings, and they shall have no ongoing rights against or obligations to the Debtors or the Estates, including under any applicable prepetition agreements (all of which will be deemed terminated); *provided, however*, that the Debtors' indemnification and defense obligations under any such agreements shall survive the foregoing termination and remain unaltered by the Plan. On the Effective Date, the iCap Trustees shall succeed to all such powers as would have been applicable to the Debtors' officers and directors in respect of all iCap Trust Assets. The Debtors have also disclosed that the CRO, Lance Miller, and Seth Freeman

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

24

will serve as the initial iCap Trustees and the nature of their compensation for their role as the iCap Trustees. The appointment of the iCap Trustees was, is, and will be consistent with the interests of Holders of Claims and Equity Interests and public policy. Accordingly, the Plan satisfies the requirements of section 1129(a)(5) of the Bankruptcy Code.

### 6. No Rate Changes (11 U.S.C. § 1129(a)(6)).

45. The Plan proposes no rate change subject to the jurisdiction of any governmental regulatory commission. Thus, section 1129(a)(6) of the Bankruptcy Code is not applicable.

### 7. Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).

46. The Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code. The evidence in support of the Plan that was proffered or adduced at the Confirmation Hearing, including the Miller Declaration, the liquidation analysis attached to the Disclosure Statement as Exhibit B, the recovery analysis attached to the Disclosure Statement as Exhibit C, and the facts and circumstances of the Chapter 11 Cases: (a) is reasonable, persuasive, credible, and accurate as of the dates such evidence was prepared, presented, or proffered; (b) utilizes reasonable and appropriate methodologies and assumptions; (c) has not been controverted by other evidence; (d) provides a reasonable estimate of the liquidation values of the Debtors upon hypothetical conversion to cases under chapter 7 of the Bankruptcy Code; and (e) establishes that Holders of Allowed Claims or Equity Interests will recover at least as much under the Plan on account of such Claim or Equity Interest, as of the Effective Date, as such Holder would receive if the Debtors were liquidated, on the Effective Date, under chapter 7 of the Bankruptcy Code.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

25

**8.** **Acceptance of the Plan by Certain Classes (11 U.S.C. § 1129(a)(8)).**

47.     Classes 1 and 2 are each Classes of unimpaired Claims that are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. As set forth in the Voting Declaration, Classes 3 and 4 have voted to accept the Plan in accordance with section 1126(c) of the Bankruptcy Code. The Deemed Rejecting Classes are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. Although section 1129(a)(8) of the Bankruptcy Code is not satisfied with respect to the Deemed Rejecting Classes, the Plan may nevertheless be confirmed because the Plan satisfies section 1129(b) of the Bankruptcy Code with respect to such Classes.

**9.** **Treatment of Claims Entitled to Priority Under Section 507(a) of the Bankruptcy Code (11 U.S.C. § 1129(a)(9)).**

48.     The treatment of Administrative Expense Claims and Priority Tax Claims under Article III.A the Plan, and of Priority Claims under Article III.B.1 of the Plan, satisfies the requirements of, and complies in all respects with, section 1129(a)(9) of the Bankruptcy Code. Notwithstanding anything to the contrary set forth in the Plan, the Debtors agree that any reference to consent to treatment that differs from the treatment permitted by section 1129(a)(9) of the Bankruptcy Code shall require actual consent and failure to object to Confirmation of the Plan shall not be deemed to be consent to receive treatment by a Holder of a Claim other than as provided for under section 1129(a)(9) of the Bankruptcy Code.

**10.** **Acceptance of the Plan by at Least One Impaired Class (11. U.S.C.§ 1129(a)(10)).**

49.     All Voting Classes are impaired and, as indicated in the Voting Declaration and this Confirmation Order, Classes 3 and 4 have voted to accept the Plan by the requisite number and amount of Claims, determined without including any acceptance

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

26

of the Plan by any insider (as that term is defined in section 101(31) of the Bankruptcy Code). Accordingly, the Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

**11.     Feasibility (11 U.S.C. § 1129(a)(11)).**

50.     The Plan proposes a liquidation of all Estate Assets and the distribution of Cash and/or iCap Trust Interests to Holders of Allowed Claims in accordance with the priority scheme of the Bankruptcy Code and the terms of the Plan, thereby satisfying section 1129(a)(11) of the Bankruptcy Code.

**12.     Payment of Bankruptcy Fees (11 U.S.C. § 1129(a)(12)).**

51.     The Plan requires that all fees payable by the Debtors pursuant to section 1930 of title 28 of the United States Code have been paid or will be paid, thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

**13.     Non-Applicability of Certain Bankruptcy Code Sections (11 U.S.C. §§ 1129(a)(13), (14), (15), and (16)).**

52.     The Debtors (a) do not provide or pay any "retiree benefits," as such term is defined in section 1114 of the Bankruptcy Code, (b) are not obligated to pay any domestic support obligations, (c) are not individuals, are (d) are not a corporation or trust that is not a moneyed, business, or commercial corporation or trust. Sections 1129(a)(13), 1129(a)(14), 1129(a)(15), and 1129(a)(16) of the Bankruptcy Code are, therefore, inapplicable to the Chapter 11 Cases.

**14.     Confirmation of the Plan Over Non-Acceptance of Impaired Classes. (11 U.S.C. § 1129(b)).**

53.     The Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code. Notwithstanding the fact that the Deemed Rejecting Classes have not accepted the Plan, the Plan may be confirmed because the evidence proffered or adduced at the Confirmation Hearing (a) is reasonable, persuasive, credible, and accurate as of the

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

27

dates such evidence was prepared, presented, or proffered, (b) utilizes reasonable and appropriate methodologies and assumptions, (c) has not been controverted by other evidence, and (d) establishes that the Plan does not discriminate unfairly, and is fair and equitable, with respect to Classes 5 and 6, as required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code, because (i) no Class of Claims or Equity Interests that is junior to the Claims and Equity Interests in Classes 5 and 6 will receive distributions or retain any property under the Plan on account of such junior Claim or Equity Interest and (ii) the Claims and Equity Interests in Classes 5 and 6 are "dissimilar" from the Claims and Equity Interests in all other Classes and the Plan does not provide any distributions to similarly situated Holders of Claims or Equity Interests.

**15.** **Only One Plan (11 U.S.C. § 1129(c)).**

54.     The Plan satisfies the requirements of section 1129(c) of the Bankruptcy Code. The Plan (including previous versions thereof) is the only chapter 11 plan filed in the Chapter 11 Cases.

**16.** **Principal Purpose of the Plan (11 U.S.C. § 1129(d)).**

55.     The Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, and there has been no filing by any governmental agency asserting such avoidance.

**17.** **Small Business Case (11 U.S.C. § 1129(e)).**

56.     The Chapter 11 Cases are not a "small business case," as that term is defined in the Bankruptcy Code, and, accordingly, section 1129(e) of the Bankruptcy Code is not applicable.

**Q.** **Satisfaction of Confirmation Requirements.**

57.     Based upon the foregoing, the Plan Proponents have met their burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

28

23-01243-WLH11     Doc 1403     Filed 10/16/24     Entered 10/16/24 12:04:58     Pg 32 of 141

preponderance of the evidence, the Plan satisfies all the requirements for Confirmation set forth in section 1129 of the Bankruptcy Code, and the Plan should be confirmed.

**R.** **Substantive Consolidation.**

58. All of the Debtors, other than the Excluded Debtors with respect to Claims in Classes 2B and 2C, shall be substantively consolidated pursuant to sections 105(a), 541, 1123, and 1129 of the Bankruptcy Code, as set forth in the Plan, and such substantive consolidation is fair, equitable, reasonable and in the best interests of the Debtors, their Estates and the Holders of Claims and Equity Interests. Although Creditors generally may not have treated all of the Debtors as one legal entity, there is substantial commingling of assets and liabilities among the Debtors. *See In re Bonham*, 229 F.3d 750, 764-65 (9th Cir. 2000). It is impossible to trace the flow of funds with respect to the Debtors' prepetition transactions since the majority of the proceeds received were commingled and distributed without regard to corporate formalities, which entanglement warrants substantive consolidation of all the Debtors. Moreover, the Chapter 11 Cases are unique—the perpetration of a fraudulent scheme by a common corporate enterprise, one that in the process did not keep accurate records of the multitude of intercompany transactions that have occurred, making an unscrambling of the enterprise's accounts impossible—but that has justified substantive consolidation in other cases. *See, e.g.*, *In re Bonham*, 229 F.3d at 764-65 (consolidating entities in Ponzi scheme case); *In re DBSI, Inc.*, Case No. 08-12687, ECF No. 5924 (Bankr. D. Del. Jan. 19, 2010) (same); *In re Bernard L. Madoff Investment Securities LLC*, No. 08-01789, ECF No. 252 (Bankr. S.D.N.Y. June 10, 2009) (same). Substantive consolidation results in equitable treatment to all creditors and was not used to disadvantage a particular creditor group. Accordingly, the requirements of substantive consolidation are satisfied and the substantive consolidation of the Debtors, other than the Excluded Debtors with respect to Claims in Classes 2B and 2C, in accordance with the Plan is hereby approved.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

29

*See In re Bonham*, 229 F.3d at 764-65; *In re Owens Corning*, 419 F.3d 195 (3d Cir. 2005).

**S.** **Disclosure of Facts**.

59.    The Debtors have disclosed all material facts, to the extent applicable, regarding the Plan and the adoption, execution, and implementation of the other matters provided for under the Plan, including, without limitation, (a) the establishment of the iCap Trust and the execution and entry into the iCap Trust Agreement; (b) the identity of the iCap Trustees and their proposed compensation; (c) the adoption and making of the Ponzi Findings; (d) the method and manner of Distributions under the Plan; (e) the winding down of the Debtors' business and dissolution of the Debtors; (f) the exemption under section 1146(a) of the Bankruptcy Code; (g) the Releases, Exculpation, Injunctions, and preservation of Debtors' or Estates' Causes of Action and Avoidance Actions; and (h) the adoption, execution, and delivery of all contracts, leases, instruments, releases, and other agreements related to any of the foregoing.

**T.** **iCap Trust Agreement**.

60.    The iCap Trust Agreement, and the iCap Trust to which it relates, are, individually and collectively, essential elements of the Plan, and entry into the iCap Trust Agreement is in the best interests of the Debtors, their Estates, and the Holders of Claims and Equity Interests and is necessary and appropriate for consummation of the Plan. The Debtors have exercised sound business judgment in determining to enter into the iCap Trust Agreement and have provided adequate notice thereof. The terms of the iCap Trust Agreement set forth in the Plan Supplement have been negotiated in good faith and at arm's length among the Debtors and the Committee and are deemed to have been made in good faith and for legitimate business purposes. The terms and conditions of the iCap Trust Agreement set forth in the Plan Supplement are fair and reasonable and are approved.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

30

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

**U. Exit Financing.**

61.     The terms and conditions of the Exit Financing (which term, for the avoidance of doubt, shall include the (1) Exit Loan and Security Agreement with Keith Holdings LLC and iCap DIP Finance Group LLC, which contemplates a commitment fee of $150,000.00 to be paid by the iCap Trust upon approval of the Exit Financing; (2) Exit Loan and Security Agreement with Redmond Funding Group, LLC; and (3) Exit Loan and Security Agreement with Tritalent Funding Group, LLC (collectively, the "Exit Financing Documents")) and all of the transaction documents governing the Exit Financing and the fees to be paid thereunder (a) are fair and reasonable, (b) reflect the Debtors' exercise of prudent judgment, (c) are supported by reasonably equivalent value and fair consideration, (c) are proposed in good faith, (d) are critical to the success and feasibility of the Plan, (e) are in the best interests of the Debtors, their Estates, and their Creditors, and (f) were negotiated in good faith, without fraud or collusion and at arm's length among the parties, without the intent to hinder, delay, or defraud any Creditor of the Debtors.

**V. Likelihood of Satisfaction of Conditions Precedent to the Effective Date.**

62.     Without limiting or modifying the rights of the Debtors, each of the conditions precedent to the Effective Date, as set forth in Article IX.A of the Plan, has been or is reasonably likely to be satisfied or waived in accordance with Article IX.B of the Plan.

**W. Implementation.**

63.     All documents necessary to implement the Plan, including those contained in the Plan Supplement, and all other relevant and necessary documents (including, without limitation, the iCap Trust Agreement and any documents and agreements with respect to the Exit Financing) have been negotiated in good faith and at arm's length, are in the best interests of the Debtors, and shall, upon completion of documentation

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

Black Helterline llp
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

31


23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 35 of 141

and execution, and in accordance with the terms and conditions thereof, be valid, binding, and enforceable documents and agreements not in conflict with any federal, state, or local law. The Debtors have exercised reasonable business judgment in determining which agreements to enter into and have provided sufficient and adequate notice of such documents and agreements. The terms and conditions of such documents and agreements have been and are continuing to be negotiated in good faith, at arm's length, are fair and reasonable, and are approved. The Debtors are authorized, without any further notice to or action, order, or approval of the Bankruptcy Court to finalize and execute and deliver all agreements, documents, instruments, and certificates relating thereto and perform their obligations thereunder in accordance with the Plan.

**X.     Retention of Jurisdiction.**

64.     Pursuant to sections 105(c) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Plan, this Confirmation Order, and the Chapter 11 Cases, to the fullest extent permitted by law, as set forth in Article XIII of the Plan.

**Y.     Waiver of Stay.**

65.     Given the facts and circumstances of the Chapter 11 Cases, it is appropriate that the 14-day stay imposed by Bankruptcy Rules 3020(e) and 7062(a) be waived.

**ORDER**

**BASED ON THE FOREGOING FINDINGS OF FACTS AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, THAT:**

**A.     Approval of the Plan.**

66.     The Plan, attached hereto as **Exhibit A**, is approved in its entirety and confirmed under section 1129 of the Bankruptcy Code. The terms of the Plan, including

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

32

the Plan Supplement, are incorporated by reference into and are an integral part of this Confirmation Order (whether or not such terms are expressly referenced or described herein). The documents contained in the Plan Supplement, and any amendments, modifications, and supplements thereto, and all documents and agreements related thereto (including all exhibits and attachments thereto), and the execution, delivery, and performance thereof, are authorized and approved as finalized, executed, and delivered. The failure to include or refer to any particular article, section, or provision of the Plan, the Plan Supplement, or any related document or exhibit does not impair the effectiveness of that article, section, or provision; it being the intent of the Bankruptcy Court that the Plan, the Plan Supplement, and any related document or exhibit are approved and confirmed in their entirety. The terms of the Plan, the Plan Supplement, all exhibits thereto, and all other relevant and necessary documents shall be effective and binding as of the Effective Date.

**B.    Objections.**

67.    To the extent that any objections (including any reservation of rights) to Confirmation have not been withdrawn, waived, or settled prior to entry of this Confirmation Order, or otherwise resolved as stated by the Debtors on the record of the Confirmation Hearing, all such objections are denied and overruled on the merits and in their entirety.

**C.    Approval of Plan Modifications.**

68.    The Modifications are approved in all respects pursuant to sections 1125 and 1127 of the Bankruptcy Code and Bankruptcy Rule 3019(a). The Plan (as modified by this Confirmation Order) is deemed accepted by all Holders of Claims that voted to accept or were deemed to have accepted any prior iteration of the Plan, and no other or further disclosure or solicitation of votes is required. For the avoidance of doubt, all references to the Plan herein shall mean the Plan as modified by the Modifications.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

33

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 37 of 141

**D.** **Amendment of the Plan.**

69. Subject to the requirements of section 1127 of the Bankruptcy Code, Bankruptcy Rule 3019, and, to the extent applicable, sections 1122, 1123, and 1125 of the Bankruptcy Code, the Debtors may alter, amend, or modify the Plan at any time prior to the Effective Date. Holders of Claims that have accepted the Plan shall be deemed to have accepted the Plan, as altered, amended, or modified, if the proposed alteration, amendment, or modification complies with the requirements of this paragraph 69 and Article XII of the Plan, and does not materially and adversely change the treatment of the Claim of such Holder; *provided*, *however*, that any Holders of Claims that were deemed to have accepted the Plan because such Claims were unimpaired shall continue to be deemed to have accepted the Plan only if, after giving effect to such amendment or modification, such Claims continue to be unimpaired.

**E.** **Plan Classification.**

70. The Plan's classification scheme is approved. The terms of the Plan shall solely govern the classification of Claims and Equity Interests for purposes of the distributions to be made thereunder. The classifications set forth on the Ballots tendered to or returned by the Holders of Claims in connection with voting on the Plan: (a) were set forth thereon solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of Claims under the Plan for distribution purposes; (c) may not be relied upon by any Holder of a Claim as representing the actual classification of such Claim under the Plan for distribution purposes; and (d) shall not be binding on the Debtors or the iCap Trust except for voting purposes.

**F.** **Information Requests to Investors.**

71. Upon request, Investors must, within twenty-one (21) calendar days of receipt of such request, respond to requests for information by the iCap Trustees with

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

34

respect to Investor Claims. Failure to respond to a request for information may subject the Investor's Claim to disallowance in the iCap Trustees' full discretion, subject to the following:

a.   Any request to an Investor for information pursuant to this paragraph shall include a clear statement that failure to provide the information may subject the Investor's Claim to disallowance in the iCap Trustees' full discretion;

b.   The iCap Trustees may provide additional time to respond, if reasonably necessary and requested within the twenty-one (21) day period;

c.   An Investor shall have the right to seek Bankruptcy Court determination on the reasonableness of the information requested; *provided, however*, that in the event the court determines that the request is reasonable, the Investor's Claim shall be subject to reduction in an amount sufficient (as determined by the iCap Trustees) to recover attorneys fees and costs incurred by the iCap Trust in addressing the request for determination;

d.   If a timely determination is requested, the Investor shall not be subject to forfeiture of the Investor's Claim until a resolution by the Bankruptcy Court and a reasonable amount of time to comply with the determination of the Bankruptcy Court; and

e.   Any Personally Identifiable Information, as that term is defined in section 101(41A) of the Bankruptcy Code, provided by an Investor to the iCap Trust shall be safeguarded and held confidential in accordance with reasonable commercial standards.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

35

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 39 of 141

**G.** **Claims Paid by Third Parties.**

72.     Except as otherwise set forth herein or in the Plan, and specifically Article III.C.2.a of the Plan, governing payments received by an Investor on account of Individual Investor-Specific Claims, to the extent a Holder of a Claim receives a Distribution on account of such Claim under the Plan and receives payment from a party that is not a Debtor or the iCap Trustees on account of such Claim, such Holder shall, within thirty (30) days of receipt thereof, repay or return the Distribution to the applicable Debtor or the iCap Trustees, to the extent the Holder's total recovery on account of such Claim from the third party and under the Plan exceeds the amount of such Claim as of the date of any such Distribution under the Plan. The failure of such Holder to timely repay or return such excess Distribution shall result in the Holder owing the iCap Trust annualized interest at the Federal Judgment Rate, as in effect as of the Petition Date, on such amount owed for each Business Day after the thirty-day grace period specified above until the amount is repaid. For the avoidance of doubt, only prior distributions are required to be returned or paid to the iCap Trust, and no forfeiture of an Investor's Claim shall result unless the Investor fails to comply with Article III.C.2.a of the Plan.

**H.** **Comprehensive Settlement of Claims and Controversies.**

73.     Pursuant to sections 1123(a)(5), 1123(b)(3), and 1123(b)(6) of the Bankruptcy Code, as well as Bankruptcy Rule 9019, and in consideration for the Distributions and other benefits provided under the Plan, the provisions of the Plan will constitute a good faith compromise and settlement of all claims and controversies relating to the rights that a Holder of a Claim or an Equity Interest may have against any Debtor with respect to any Claim, Equity Interest, or any Distribution on account thereof, as well as of all potential Intercompany Claims, Intercompany Liens, and Causes of Action against any Debtor. The entry of this Confirmation Order will

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

36

constitute the Bankruptcy Court's approval, as of the Effective Date, of the compromise or settlement of all such claims or controversies and the Bankruptcy Court's finding that all such compromises or settlements are (i) in the best interest of the Debtors, the Estates, and their respective property and stakeholders; and (ii) fair, equitable, and reasonable.

74. The entry of this Confirmation Order constitutes Ponzi Findings that (i) beginning no later than the Ponzi Start Date through the conclusion of the prepetition time period analyzed by the CRO and his advisors (which, for the avoidance of doubt, ended prior to the retention of new counsel and financial advisors by the Debtors in July 2023), the iCap enterprise operated as a Ponzi scheme raising approximately $230 million from over 1,800 investors in the United States and abroad; and (ii) the Ponzi scheme involved the payment of purported returns to existing investors from funds contributed by new investors. The Ponzi Findings are not binding on any other court or governmental or regulatory authority. The Ponzi Findings contained in this Confirmation Order constitute and satisfy the Ponzi finding condition set forth in the Exit Financing.

75. Any Ponzi Finding by the Bankruptcy Court, including any finding of a Ponzi scheme or a Ponzi Start Date, shall not be preclusive nor binding on Umpqua Bank in any other court or governmental or regulatory authority, and neither the Debtors, the Committee, the iCap Trust, nor the iCap Trustees will seek to enforce the same against Umpqua Bank in this Bankruptcy Court. In addition, to the extent the Debtors are substantively consolidated as of the Effective Date, such substantive consolidation shall not affect or diminish any defenses or rights of Umpqua Bank with respect to any claims associated with the Debtors or any individual Debtor, including any deposit accounts held by a Debtor at Umpqua Bank. The Plan Proponents acknowledge and agree that: Umpqua Bank is not a Creditor or party to this proceeding,

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

that Umpqua Bank has not had a full or fair opportunity to litigate any Ponzi Findings to a final order or judgment, and that no claims have been specifically asserted against Umpqua Bank, or otherwise adjudicated in any manner in relation to the Plan or through Confirmation of the Plan.

76. In accordance with the terms of the *Stipulation Resolving Christopher Christensen's Objection to Confirmation of the Plan* [ECF No. 1266] (the "Christensen Stipulation"), any finding of fact or conclusion of law by the Bankruptcy Court or any appellate court in connection with the confirmation of the Plan relating to any finding of a Ponzi scheme, a Ponzi start date, or any fraud or misconduct by or on behalf of the Debtors or Christensen shall have no preclusive effect on Christensen and shall not be binding on Christensen in any future litigation or proceeding against Christensen in any tribunal. Neither the Debtors, the Committee, the iCap Trust, nor the iCap Trustees will pursue any action in the Bankruptcy Court against Christensen, nor seek to enforce any such findings against Christensen or contend that Christensen is bound by any such findings; *provided* that, in the event Christensen files a motion or complaint in the Bankruptcy Court asserting a monetary claim or seeking affirmative recovery of funds from the Debtors' Estates or the iCap Trust based on any activity that occurred before the date of the Christensen Stipulation, the Debtors, the Committee, the iCap Trust, or the iCap Trustees (as applicable) will be permitted to respond to such action and seek to enforce the findings.

77. In accordance with the *Stipulation Resolving Wilmington's Objection to Confirmation of the Plan* [ECF No. 1338], any finding of fact or conclusion of law by the Bankruptcy Court or any appellate court in connection with the confirmation of the Plan relating to any finding of a Ponzi scheme (inclusive of the Ponzi Finding), a Ponzi start date, any fraud or misconduct by or on behalf of the Debtors, or any element of any claim or cause of action asserted against Wilmington, shall have no preclusive

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

38

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 42 of 141

effect on Wilmington and shall not be binding on Wilmington in any future litigation or proceeding against Wilmington in any tribunal (including the pending Wilmington Adversary Proceeding). Neither the Debtors, the Committee, the iCap Trust, nor the iCap Trustees will seek to enforce any such findings against Wilmington or contend that Wilmington is bound by any such findings. Any and all rights and defenses of Wilmington to defend the claims and causes of action against it are preserved.

78.    This comprehensive compromise and settlement, including the Ponzi Findings, is a critical component of the Plan and is designed to provide a resolution of the innumerable disputed intercompany and intercreditor Claims, Liens, and Causes of Action that otherwise could take years to resolve, which would delay and undoubtedly reduce the Distributions that ultimately would be available for all Creditors.

## I.    <u>Substantive Consolidation of Debtors</u>.

79.    On the Effective Date, the Debtors, other than the Excluded Debtors with respect to Claims in Classes 2B and 2C, shall be substantively consolidated pursuant to sections 105(a), 541, 1123, and 1129 of the Bankruptcy Code; *provided, however*, that the Debtors or iCap Trustees, as applicable, reserve the right to effectuate, without further motion practice, substantive consolidation of the Excluded Debtors after the Claims in Classes 2B and 2C are consensually resolved with the Holders of such Claims upon filing notice with the Bankruptcy Court. As a result of the substantive consolidation, on the Effective Date, all property, rights, and claims of the Debtors and all Claims against the Debtors (other than Claims in Classes 2B and 2C) shall be deemed to be pooled for purposes of Distributions under the Plan and, in the iCap Trustees' discretion, other purposes. Further, as a result of this substantive consolidation, all claims between and among the Debtors shall be cancelled. Holders of Allowed Claims shall be entitled to only one satisfaction on account of such Claims, and any contingent or otherwise duplicative Claims against one or more of the Debtors based upon claims

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

39

for which one or more of the Debtors are also liable shall be disallowed. Holders of Claims in Classes 2B and 2C shall be entitled to recover up to the full amount of their Allowed Secured Claim from the sale proceeds for their Collateral.

80.    Entry of this Confirmation Order shall constitute the approval, pursuant to sections 105(a), 541, 1123, and 1129 of the Bankruptcy Code, of the substantive consolidation of the Debtors in the manner set forth herein; *provided, however*, that while the Debtors shall be substantively consolidated for purposes of Distributions to Creditors, such that all Investors shall have claims against a single pool of the Debtors' consolidated assets, the actual substantive consolidation of entities, particularly for tax purposes, shall be at the option of the Debtors or the iCap Trust, as applicable. Notwithstanding such substantive consolidation, however, fees payable pursuant to 28 U.S.C. § 1930 shall be due and payable by each individual Debtor through the Effective Date.

81.    Substantive consolidation under the Plan shall not affect, without limitation, any defenses or rights the Debtors or the iCap Trust may have to any Claim, Cause of Action, or Avoidance Action, including the ability to assert a counterclaim.

82.    Any Intercompany Claims that could be asserted by one Debtor against another Debtor will be extinguished immediately before the Effective Date with no separate recovery on account of any such Claims and any Intercompany Liens that could be asserted by one Debtor regarding any Estate Assets owned by another Debtor will be deemed released and discharged on the Effective Date; *provided, however*, that solely with respect to any Secured Claim of a non-debtor as to which the associated Lien would be junior to any Intercompany Lien, the otherwise released Intercompany Claim and associated Intercompany Lien will be preserved for the benefit of, and may be asserted by the iCap Trust as to any Collateral so as to retain the relative priority and seniority of such Intercompany Claim and associated Intercompany Lien.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

40

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 44 of 141

**J.    Sources of Cash for Plan Distributions.**

83.    The Debtors shall fund Distributions under the Plan with: (a) Available Cash on hand; (b) the Exit Financing; and (c) all other proceeds, if any, generated from the liquidation of the iCap Trust Actions.

**K.    Vesting of iCap Trust Assets.**

84.    On the Effective Date, the iCap Trust will be automatically vested with all the Debtors' and the Estates' respective rights, title, and interest in and to all iCap Trust Assets. Except as specifically provided in the Plan or this Confirmation Order, the iCap Trust Assets shall automatically vest in the iCap Trust free and clear of all Claims, Liens, or interests subject only to the iCap Trust Interests and the iCap Trust Expenses, as provided for in the iCap Trust Agreement, and such vesting shall be exempt from any stamp, real estate transfer, other transfer, mortgage reporting, sales, use, or other similar tax. The iCap Trustees shall be the exclusive trustee of the iCap Trust Assets for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representative of the Estates appointed pursuant to section 1123(b)(3) of the Bankruptcy Code regarding all iCap Trust Assets. The iCap Trust shall hold and distribute the iCap Trust Assets in accordance with the provisions of the Plan and the iCap Trust Agreement.

85.    Notwithstanding the foregoing or any other provision in the Plan, in the event that the iCap Trust receives any monies from the United States or any other Governmental Unit, obtained as forfeited assets (or otherwise) by the Governmental Unit for the benefit of the Investor victims of the Debtors' prepetition Ponzi scheme, all such monies shall not constitute Estate Assets or iCap Trust Assets, and the iCap Trustees are authorized to and shall distribute all such monies only to Investors who are Holders of Class A iCap Trust Interests or Class B iCap Trust Interests on account thereof, subject to the Plan and the iCap Trust Agreement; *provided* that the iCap

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

41

Trustees and their agents will be reimbursed from such monies for reasonable costs and expenses incurred by said parties related to the iCap Trust's collection, administration, and distribution of such monies to the applicable Investors.

86. Except as otherwise provided in the Plan or this Confirmation Order, the iCap Trust, as a successor in interest to the Debtors, the Estates, and the Contributing Claimants will have the exclusive right, power, and interest on behalf of itself, the Debtors, the Estates, and the Contributing Claimants to institute, commence, file, pursue, prosecute, enforce, abandon, settle, compromise, release, waive, dismiss, or withdraw any and all iCap Trust Actions without any further order of the Bankruptcy Court, except as otherwise provided in the iCap Trust Agreement. From and after the Effective Date, the iCap Trust, in accordance with section 1123(b)(3) of the Bankruptcy Code, shall serve as a representative of the Estates with respect to any and all iCap Trust Actions that were Estate Assets and shall retain and possess the right to institute, commence, file, pursue, prosecute, enforce, abandon, settle, compromise, release, waive, dismiss, or withdraw, as appropriate, any and all iCap Trust Actions in any court or other tribunal.

87. No person may rely on the absence of a specific reference in the Plan or the Disclosure Statement to any Avoidance Action, Causes of Action, or Contributed Claims against them as any indication that the iCap Trust will not pursue any and all available Avoidance Actions, Causes of Action, or Contributed Claims against such Person. The Debtors and the iCap Trust expressly reserve all rights to prosecute any and all Avoidance Actions, Causes of Action, or Contributed Claims against any Person other than the Released Parties, in accordance with the Plan.

88. Notwithstanding anything to the contrary in the Plan, the transfer of the iCap Trust Assets in Article V of the Plan shall not be free and clear of the Supplemental DIP Claims, the Obligations (as defined in the Supplemental DIP Credit Agreement),

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

42

or the liens, claims, and interests granted to the DIP Parties by the Debtors pursuant to the Supplemental DIP Credit Agreement. The iCap Trust assumes and remains bound by the Supplemental DIP Credit Agreement and all Obligations (as defined in the Supplemental DIP Credit Agreement) thereunder and the Bankruptcy Court's order approving the Supplemental DIP Credit Agreement. The iCap Trust Assets shall be encumbered by the liens, claims, obligations, and security interests granted to the DIP Parties under the Supplemental DIP Credit Agreement and the Bankruptcy Court's order approving the Supplemental DIP Credit Agreement, and the Trust shall not distribute collateral (or proceeds thereof) of the DIP Parties until the Obligations (as defined in the Supplemental DIP Credit Agreement) under the Supplemental DIP Credit Agreement are satisfied in full.

**L.    Abandonment of Certain Estate Assets.**

89.    On the Effective Date, and without the need for further action, the following Estate Assets shall be abandoned by the Debtors and their Estates pursuant to Bankruptcy Code section 554 and shall not be considered iCap Trust Assets: (i) the real property commonly known as 715–775 Broadway, Tacoma, WA; and (ii) the Debtors' interests in Airlink Holdings, LLC's ("Holdings") and Airlink Markets, LLC ("Markets" and, together with Holdings, "Airlink") (which entities shall be dissolved by the Debtors in accordance with this Confirmation Order) including, without limitation, Holdings' membership interests in Markets (the "Airlink Membership Interests").

90.    Upon the Effective Date, any of the Debtors' remaining interests in Airlink including, without limitation, the Airlink Membership Interests, shall be abandoned. In addition, the Debtors and/or the iCap Trustees, as applicable, are authorized to shut down Airlink, notify all regulators, and file any applications or documents to effectuate such abandonment and shutdown.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

43

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 47 of 141

**M.    Termination of Directors and Officers.**

91.    On the Effective Date, each of the Debtors' existing directors and officers including, without limitation, the CRO, shall be terminated automatically without the need for any further action and without the need for any corporate or limited liability company filings, and they shall have no ongoing rights against or obligations to the Debtors or the Estates, including under any applicable prepetition agreements (all of which will be deemed terminated); *provided, however*, that the Debtors' indemnification and defense obligations under any such agreements shall survive the foregoing termination and remain unaltered by the Plan. On the Effective Date, the iCap Trustees shall succeed to all such powers as would have been applicable to the Debtors' officers and directors in respect of all iCap Trust Assets.

**N.    Appointment of iCap Trustees.**

92.    The appointment of Lance Miller and Seth Freeman as the iCap Trustees to perform the functions of the iCap Trustees as set forth in Article V.D of the Plan and the iCap Trust Agreement is hereby approved. The iCap Trustees shall have the rights, powers, and obligations set forth in, and shall be entitled to reimbursement of their costs and expenses incurred in connection with exercising their functions under, the Plan in accordance with Article V.D of the Plan and the iCap Trust Agreement.

**O.    Corporate Action.**

93.    On the Effective Date, all matters under the Plan involving or requiring action of the directors, members, managers, or officers of the Debtors, including, but not limited to, actions requiring a vote or other approval of the board of directors or any of the members or officers of the Debtors or the execution of any documentation incident to or in furtherance of the Plan, shall be deemed to have been authorized by this Confirmation Order and to have occurred and be in effect from and after the

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

44

Effective Date, without any further action by the Bankruptcy Court or the directors, members, managers, or officers of the Debtors.

94.     Without limiting the generality of the foregoing, on the Effective Date and automatically and without further action, (a) any existing director, manager, or officer of the Debtors will be deemed to have resigned on the Effective Date without any further corporate action, (b) the iCap Trustees shall be deemed the manager, officer, and representative of the iCap Trust to exercise the rights, power, and authority of the iCap Trust under applicable provisions of the Plan and bankruptcy and non-bankruptcy law, and (c) all matters provided under the Plan shall be deemed to be authorized and approved without further approval from the Bankruptcy Court. This Confirmation Order modifies the Debtors' constituent documents such that the provisions of the Plan can be effectuated. The Plan shall be administered by the iCap Trustees, and all actions taken thereunder in the name of the iCap Trust shall be taken through the iCap Trustees. All corporate governance activities of the iCap Trust shall be exercised by the iCap Trustees in their discretion, subject to the terms of the Plan.

**P.     Closing of the Chapter 11 Cases.**

95.     As soon as practicable after the iCap Trustees exhaust substantially all of the iCap Trust Assets by making the final Distributions under the Plan, the iCap Trustees shall, at the expense of the iCap Trust, (a) abandon, destroy, or otherwise dispose of any books and records of the Debtors that the iCap Trustees deem not necessary for the continued administration of the Plan or required to be retained under applicable law (as determined by the iCap Trustees in good faith), without the need for any order of the Bankruptcy Court, *provided, however*, that such right shall be limited in accordance with paragraph 97 of this Confirmation Order, (b) file a motion for entry of a final decree closing the Chapter 11 Cases that have not been already closed in accordance with the Bankruptcy Code and the Bankruptcy Rules and stating that the

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

45

assets of the iCap Trust have been exhausted and final Distributions have been made under the Plan, (c) file the necessary paperwork in the respective jurisdictions to effectuate the dissolution of the Debtors in accordance with the laws of such jurisdiction, and (d) resign as the officer, director, and manager, as applicable, of the Debtors. Upon the Bankruptcy Court's entry of a Final Order granting the motion described in clause (b) of the preceding sentence, the Debtors shall be deemed dissolved for all purposes without the necessity for any other or further actions to be taken by or on behalf of the Debtors or payments to be made in connection therewith, and the remaining Chapter 11 Cases shall be closed on the date that the Bankruptcy Court has entered such Final Order.

96. Notwithstanding the immediately preceding paragraph, if the iCap Trustees deem it appropriate, the iCap Trustees may seek authority from the Bankruptcy Court to close any of the Chapter 11 Cases and dissolve or merge any of the Debtors prior to all final Distributions having been made under the Plan.

**Q.** **Books and Records.**

97. On the Effective Date, the Debtors' books and records shall be transferred to the iCap Trustees. The iCap Trustees shall be free, in their discretion to abandon, destroy, or otherwise dispose of the books and records in compliance with applicable non-bankruptcy law, or any other order of the Bankruptcy Court, at any time on and after the Effective Date, without the need for any other or further order; *provided, however*, that neither the Debtors nor the iCap Trustees shall destroy or otherwise abandon any books, records, electronically stored information, or other documents without providing advance notice to the SEC (c/o William M. Uptegrove, U.S. Securities and Exchange Commission, 950 East Paces Ferry Road, NE, Suite 900, Atlanta, GA 30326, UptegroveW@SEC.GOV), which shall have seven (7) days to object to any proposed destruction or abandonment, and with authorization from the

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

46

Bankruptcy Court; *provided further* that, nothing in the Plan or this Confirmation Order shall affect the obligations of the Debtors, the iCap Trust, and/or any transferee or custodian to maintain any books and records that are subject to any governmental subpoena, document preservation letter, or other investigative request from a governmental agency.

**R.      Dissolution of the Debtors.**

98.     Upon the Distribution of all iCap Trust Assets, the Debtors shall be dissolved for all purposes by the iCap Trustees without the necessity for any other or further actions to be taken by or on behalf of any Debtors or payments to be made in connection therewith; *provided*, *however*, that, without the need of any further approval, the iCap Trustees in their discretion may execute and file documents and take all other actions as they deem appropriate relating to the dissolution of the Debtors under applicable law, and in such event, all applicable regulatory or governmental agencies shall take all steps necessary to allow and effect the prompt dissolution of the Debtors as provided herein, without the payment of any fee, tax, or charge and without need for the filing of any certificates.

**S.      Cancellation of Indebtedness.**

99.     Except as otherwise provided in the Plan, on the Effective Date, except for the purpose of evidencing a right to distribution under the Plan, any Notes or other instruments or documents evidencing or creating any indebtedness or obligations of, or interest in, the Debtors, except assumed executory contracts and assumed unexpired leases, and/or such Notes or other instruments evidencing indebtedness or obligations of the Debtors that are unimpaired, reinstated, assumed, or amended and restated under the Plan, shall be cancelled and terminated and of no further force or effect.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

47

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 51 of 141

**T.** **Exit Financing.**

100. The Debtors or the iCap Trust, as applicable, are hereby authorized to enter into, execute, deliver, file, record, and issue the Exit Financing Documents and to incur the obligations under the Exit Financing, including the granting of liens thereunder, the payment of all fees, expenses, indemnities, and other amounts provided for in each Exit Financing and the other instruments, agreements, and documents entered into in connection therewith, all of which are hereby approved. The Debtors or the iCap Trust, as applicable, are authorized and empowered to incur and to perform their obligations in accordance with, and subject to, the Exit Financing Documents and to perform all acts, and make, execute, and deliver all instruments and documents that may be required for the performance by the Debtors or the iCap Trust, as applicable, under the Exit Financing Documents and the creation and perfection of the liens described in and provided for by the Exit Financing Documents.

101. Upon the Effective Date, the Exit Financing Documents shall constitute legal, valid, binding, and authorized debt obligations of each of the Debtors or the iCap Trust, as applicable, and the terms and provisions set forth in the Exit Financing Documents shall be enforceable in accordance with their terms. The financial accommodations to be extended pursuant to the Exit Financing Documents shall be deemed to have been extended in good faith, for legitimate business purposes, are reasonable, and are for reasonably equivalent value as an inducement to the lenders thereunder to extend credit thereunder.

102. On the Effective Date, all of the liens and security interests to be granted in accordance with the Exit Financing Documents (a) shall be deemed to be granted, (b) shall be legal, binding, and enforceable liens on, and security interests in, the applicable collateral granted thereunder in accordance with the terms of the Exit Financing Documents, (c) shall be deemed automatically perfected and non-avoidable on the

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

48

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 52 of 141

Effective Date, subject only to such liens and security interests as may be permitted under the Exit Financing Documents, (d) shall not be subject to avoidance, recharacterization, or equitable subordination for any purposes whatsoever, and (e) shall not constitute preferential transfers, fraudulent transfers, or fraudulent conveyances under the Bankruptcy Code or any applicable non-bankruptcy law.

**U.**     **Effectuating Documents; Further Transactions.**

103.   On and after the Effective Date, the iCap Trustees are authorized to, and may issue, execute, deliver, file, or record, such contracts, instruments, releases, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement, and further evidence the terms and conditions of the Plan, without the need for any approvals, authorization, or consents, except for those expressly required pursuant to the Plan.

104.   Issuance of the iCap Trust Interests in accordance with the Plan is approved. The iCap Trust is authorized and empowered, without further approval of this Bankruptcy Court or any other Person, to take such actions and to perform such acts as may be necessary, desirable, or appropriate to implement the issuance of the iCap Trust Interests in accordance with the Plan and to execute and deliver all agreements, documents, securities, instruments, and certificate relating thereto.

105.   The approvals and authorizations specifically set forth in this Confirmation Order are not intended to limit the authority of the Debtors or the iCap Trustees, as applicable, to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all document or transactions contemplated by the Plan or this Confirmation Order.

**V.**     **Section 1146 Exemption.**

106.   In accordance with section 1146 of the Bankruptcy Code and Washington Administrative Code 458-61A-207, no stamp tax, conveyance fee, real estate, excise,

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

49

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11     Doc 1403     Filed 10/16/24     Entered 10/16/24 12:04:58     Pg 53 of 141

or other transfer tax, mortgage tax, mortgage recording tax, Uniform Commercial Code filing or recording filing fee, or similar tax shall apply to (a) the sale or transfer of iCap Trust Assets to the iCap Trust; (b) the issuance, Distribution, transfer, or exchange of Notes or equity securities under the Plan; (c) the establishment of any mortgage, deed of trust, Lien, pledge, or other security interest, or the execution or delivery of any lease, sublease, deed, or other transfer instrument related to or in support of the Plan; or (d) the sale of any real estate by the iCap Trust. Upon entry of this Confirmation Order, the appropriate state or local governmental officials or agents and any third party shall forgo the collection of any such tax, recordation fee, or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax, recordation fee, or assessment.

**W.** **Preservation of Rights of Action.**

107.    Except as otherwise provided in the Plan or this Confirmation Order (including in the Investor Claims Special Provisions), in accordance with section 1123(b) of the Bankruptcy Code, from and after the Effective Date, the iCap Trust will retain all rights to institute, commence, file, pursue, prosecute, enforce, abandon, settle, compromise, release, waive, dismiss, or withdraw, as appropriate, any and all of the Debtors' or Estates' Causes of Action and Causes of Action that are Contributed Claims (whether existing as of the Petition Date or thereafter arising), and all Avoidance Actions, all as iCap Trust Actions, in each case in any court or other tribunal, including in an adversary proceeding Filed in the Chapter 11 Cases, subject to the requirements set forth in the Plan and the iCap Trust Agreement. The iCap Trust shall have the exclusive right, power, and interest on behalf of itself, the Debtors, the Estates, and the Contributing Claimants to, enforce, sue on, settle, compromise, transfer, or assign (or decline to do any of the foregoing) any or all of the iCap Trust Actions without notice to or approval from the Bankruptcy Court, subject to the iCap Trust Agreement. In

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

50

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 54 of 141

accordance with the Plan, without any further notice to or action, order, or approval of the Bankruptcy Court, from and after the Effective Date, the iCap Trust may compromise and settle iCap Trust Actions, subject to the iCap Trust Agreement. For the avoidance of doubt, nothing in the Disclosure Statement or the Plan shall require the iCap Trust to commence or pursue litigation concerning any iCap Trust Action.

108.   The failure to specifically identify in the Disclosure Statement (including its exhibits and schedules) or the Plan any potential or existing Avoidance Actions or Causes of Action as an iCap Trust Action is not intended to and shall not limit the rights of the iCap Trust to pursue any such Avoidance Actions or Causes of Action. Unless a iCap Trust Action is expressly waived, relinquished, released, compromised, or settled in the Plan or any Final Order (including this Confirmation Order), the Debtors expressly reserve such iCap Trust Action for later resolution by the iCap Trust (including any Avoidance Actions or Causes of Action not specifically identified or of which the Debtors may presently be unaware or that may arise or exist by reason of additional facts or circumstances unknown to the Debtors at this time or facts or circumstances that may change or be different from those the Debtors now believe to exist). In addition, the right to pursue or adopt any claims alleged in any lawsuit in which any Debtor or the iCap Trust is a plaintiff, defendant, or an interested party is fully reserved as against any Person that is not a Released Party, including the plaintiffs or co-defendants in such lawsuits. No preclusion doctrine, including the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches, shall apply to any iCap Trust Actions upon, after, or as a consequence of the confirmation of the Plan.

## X.   Releases, Exculpation, and Injunctions.

109.   The following release, exculpation, and injunction provisions set forth in Article X of the Plan are hereby approved and authorized in their entirety.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

51

110. **Releases and Related Matters**. On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each of the Releasing Parties shall be deemed, to the fullest extent permitted under applicable law, to have forever released, waived, and discharged each of the Released Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, and liabilities whatsoever, whether known or unknown, whether foreseen or unforeseen, whether liquidated or unliquidated, whether fixed or contingent, whether matured or unmatured, existing or hereafter arising, at law, in equity, or otherwise, that are based in whole or in part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Estates, the conduct of the Debtors' businesses, the Chapter 11 Cases, or the Plan, except for acts or omissions that are determined by Final Order to have constituted actual fraud or willful misconduct; *provided, however*, that nothing in Article X.G of the Plan shall release or otherwise affect any Person's rights under the Plan or the Confirmation Order.

111. Entry of the Confirmation Order shall constitute (i) the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases set forth in Article X.G of the Plan; and (ii) the Bankruptcy Court's findings that such releases are (1) in exchange for good and valuable consideration provided by the Released Parties (including performance of the terms of the Plan), and a good-faith settlement and compromise of the released claims, (2) in the best interests of the Debtors, the Estates, and any Holders of Claims that are Releasing Parties, (3) fair, equitable, and reasonable, (4) given and made after due notice and opportunity for hearing, and (5) a bar to any of the Releasing Parties asserting any released claim against any of the Released Parties.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

52

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 56 of 141

112.    For the avoidance of doubt, the Release does not apply to Christopher Christensen and/or Jim Christensen. The Released Parties shall not include any prepetition insider of any of the Debtors, any non-debtor affiliates of the Debtors or insider of any such non-debtor affiliates, any prepetition employee of any of the Debtors involved in any way in the prepetition marketing or sale of any products offered by any of the Debtors, and any other Person (including any "broker," salesperson, consultant, affiliated entity, or professional) involved in any way in the prepetition marketing or sale of any products offered by any of the Debtors (the "Excluded Parties"). Excluded Parties shall not include any consultant retained or engaged by the Debtors during the Chapter 11 Cases except for Christopher Christensen and Jim Christensen.

113.    **Exculpation. On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, to the maximum extent permitted by law, none of the Exculpated Parties shall have or incur any liability to any Person, including to any Holder of a Claim or an Equity Interest, for any postpetition act or omission occurring from the Petition Date to the Effective Date in connection with, relating to, or arising out of the Chapter 11 Cases, the formulation, negotiation, preparation, dissemination, solicitation of acceptances, implementation, Confirmation, or consummation of the Plan, the Disclosure Statement, or any contract, instrument, release, or other agreement or document created, executed, or contemplated in connection with the Plan, or the administration of the Plan or the property to be distributed under the Plan, or any other act taken or omission originating or occurring after the Petition Date but before the Effective Date in connection with or in contemplation of the restructuring, sale, or liquidation of the Debtors; *provided, however*, that nothing in Article X.H of the Plan shall release or otherwise affect any Person's rights under the Plan or the Confirmation Order, including with respect to the**

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

53

Supplemental DIP Credit Agreement; and *provided, further*, that the exculpation provisions of Article X.H of the Plan shall not apply to acts or omissions constituting actual fraud, willful misconduct, gross negligence, or malpractice by such Exculpated Party as determined by a Final Order. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting the Exculpated Parties from liability. This Confirmation Order shall serve as a permanent injunction against any Person seeking to enforce any Causes of Action against the Exculpated Parties that are encompassed by the exculpation provided by Article X.H of the Plan.

114. **Injunction**. Except as otherwise expressly provided in the Plan, and except in connection with the enforcement of the Plan or any documents provided for or contemplated in the Plan, all Persons who have held, hold, or may hold Claims against or Equity Interests in the Debtors or the Estates that (i) have been released pursuant to Article X.G of the Plan or (ii) are subject to exculpation pursuant to Article X.H of the Plan, are permanently enjoined from and after the Effective Date from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such Claim or Equity Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such Claim or Equity Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such Claim or Equity Interest; (d) asserting, directly or indirectly, any

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

54

setoff, or recoupment of any kind against any obligation due to the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such Claim or Equity Interest, unless approved by the Bankruptcy Court; and (e) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Equity Interest. Without limiting the foregoing, the automatic stay provided under section 362(a) of the Bankruptcy Code shall remain in effect until the Chapter 11 Cases are closed. Nothing contained in Article X.I of the Plan shall prohibit the Holder of a Filed proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Holder of such Claim or Equity Interest of any of the obligations of the Debtors or the iCap Trustees under the Plan. The iCap Trust shall be entitled, as liquidated damages, to the payment of any fees and costs incurred by the iCap Trust to address any violation of the injunction contained in Article X.I of the Plan.

115. <u>Injunction Against Interference with the Plan</u>. Upon entry of this Confirmation Order, all Holders of Claims and Equity Interests and their respective current and former employees, agents, officers, directors, principals, and direct and indirect affiliates shall be enjoined from taking any actions of any kind against the iCap Trustees, the iCap Trust, or any of the iCap Trust Assets that interfere with the implementation or consummation of the Plan. The iCap Trust shall be entitled, as liquidated damages, to the payment of any fees and costs incurred by the iCap Trust to address any violation of the injunction contained in Article X.J of the Plan.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

55

**Y.  Provisions Governing Distributions.**

116.  The distribution provisions of Article VI of the Plan shall be, and hereby are, approved in their entirety. The iCap Trustees shall make all Distributions under the Plan to the appropriate Holders of Allowed Claims in accordance with the terms of the Plan and the iCap Trust Agreement, as applicable.

**Z.  Administration of the iCap Trust.**

117.  The iCap Trust Agreement, substantially in the form filed with the Plan Supplement, as such Plan Supplement may be amended in accordance with the Plan and this Confirmation Order is approved.

**AA.  Post-Confirmation Notices, Professional Compensation, and Bar Dates.**

**1.  Notice of Entry of the Confirmation Order and Occurrence of the Effective Date.**

118.  In accordance with Bankruptcy Rules 2002 and 3020(c), promptly after the occurrence of the Effective Date, the Debtors shall promptly cause notice of confirmation of the Plan and the occurrence of the Effective Date (the "Notice of Effective Date"), to be served by e-mail or United States first class mail to all parties served with the notice of the Confirmation Hearing; *provided*, that the Debtors are excused from distributing the Notice of Effective Date to those addresses from which one or more prior notices served in these Chapter 11 Cases were returned as undeliverable unless the Debtors are provided with updated addresses for such entities before the Effective Date. Mailing of the Notice of Effective Date in the time and manner set forth in this paragraph will be good, adequate, and sufficient notice under the particular circumstances and in accordance with the requirements of Bankruptcy Rules 2002 and 3020(c). No further notice is necessary.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

56

119. The Notice of Effective Date will constitute sufficient notice of the entry of this Confirmation Order to filing and recording officers, and will be a recordable instrument notwithstanding any contrary provision of applicable non-bankruptcy law.

## 2. Final Administrative Claims Bar Date.

120. The provisions governing the treatment of Allowed Administrative Expense Claims set forth in Article III.A.1 of the Plan are approved in their entirety. Administrative expense requests asserting Administrative Expense Claims arising from the Petition Date through and including the Effective Date, excluding (a) Claims of Professional Persons in the Chapter 11 Cases and (b) claims arising in the ordinary course of business, must be filed no later than thirty (30) days after the notice of the Effective Date is filed with the Bankruptcy Court or such later date as may be established by order of the Bankruptcy Court (the "Administrative Expense Claims Bar Date"). Holders of Administrative Expense Claims who are required to file a request asserting Administrative Expense Claims and who do not file such request by the Administrative Expense Claims Bar Date, may not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such Administrative Expense Claim in the Chapter 11 Cases. Notwithstanding the foregoing, pursuant to section 503(b)(1)(D) of the Bankruptcy Code, no Governmental Unit shall be required to file a request for payment of any Administrative Expense Claim of a type described in sections 503(b)(1)(B) or 503(b)(1)(C) of the Bankruptcy Code as a condition to such Claim being Allowed.

## 3. Professional Fees.

121. The provisions governing compensation or reimbursement of Professional Persons set forth in Article III.A.1.b of the Plan are approved in their entirety. All final requests for compensation or reimbursement of Professional Persons retained in these Chapter 11 Cases for services performed and expenses incurred prior to the Effective

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

57

Date shall be filed and served on: (a) the iCap Trustees, (i) Pivot Management Group, LLC, 1230 Rosecrans Ave., Suite 530, Manhattan Beach, CA 90266 (Attn: Lance Miller (Lance.miller@pivotgrp.com)) and (ii) B. Riley Advisory Services, 19800 MacArthur Boulevard, Suite 820, Irvine, CA 92612 (Attn: Seth Freeman (SFreeman@brileyfin.com)); (b) counsel to the Debtors, O'Melveny & Myers LLP (i) 400 South Hope Street, Suite 1900, Los Angeles, CA 90071 (Attn: Julian Gurule (jgurule@omm.com)) and (ii) 1301 Avenue of the Americas, Suite 1700, New York, NY 10019 (Attn: Diana Perez (dperez@omm.com)); (c) counsel to the Unsecured Creditors' Committee, (i) Bush Kornfeld LLP, 601 Union Street, Suite 5000, Seattle, WA 98101 (Attn: Armand J. Kornfeld (jkornfeld@bskd.com) and Aimee S. Willig (awillig@bskd.com)) and (ii) K&L Gates, 925 Fourth Avenue, Suite 2900, Seattle, WA 98104 (Attn: John T. Bender (John.Bender@klgates.com)); (d) the Office of the United States Trustee, United States Department of Justice, 920 West Riverside Avenue, Room 593, Spokane, WA 99201 (Attn: Gary W. Dyer (Gary.W.Dyer@usdoj.gov)); and (e) such other Persons who are designated by the Bankruptcy Rules, the Confirmation Order, or other order of the Bankruptcy Court, by no later than sixty (60) days after the Effective Date, unless otherwise agreed by the Debtors or the iCap Trustees, as applicable. Objections to any Claims of Professional Fees must be filed with the Bankruptcy Court and served on the iCap Trustees and the applicable Professional Person no later than fourteen (14) days after service of such applicable final fee application, unless otherwise ordered by the Bankruptcy Court. After Notice and Hearing in accordance with the procedures established by the Bankruptcy Code and any prior orders of the Bankruptcy Court in the Chapter 11 Cases, the Allowed amounts of such Claims shall be determined by the Bankruptcy Court and, once approved by the Bankruptcy Court, shall be promptly paid in Cash.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

58

**4. Bar Date for Rejection Damages Claims.**

122. Proofs of Claim asserted in connection with any executory contracts or unexpired leases rejected under the Plan must be filed so that they are actually received by BMC no later than thirty (30) days after service of the notice of Effective Date. Any proofs of Claim not filed and served within such time period shall not receive or be entitled to receive any payment or Distribution from the Debtors or the iCap Trust with respect to such Claim in the Chapter 11 Cases.

**5. Notice of Subsequent Pleadings.**

123. Except as otherwise may be provided in the Plan or herein, notice of all subsequent pleadings in the Chapter 11 Cases after the Effective Date shall be limited to the following parties: (a) the iCap Trustees (as set forth in the iCap Trust Agreement); (b) the U.S. Trustee; and (c) any Person that files a renewed request for notice under Bankruptcy Rule 2002 after the Effective Date.

**BB. Payment of Statutory Fees.**

124. The Debtors shall timely make all payments required under the Plan. Without limiting the generality of the foregoing, the iCap Trust shall be responsible for the timely payment of quarterly fees incurred pursuant to 28 U.S.C. § 1930(a)(6) following Confirmation until the Case Closing Date. After Confirmation, the iCap Trust shall serve on the United States Trustee quarterly a financial report for each quarter (or portion thereof) the Chapter 11 Cases remain open. The financial report shall include a statement of all disbursements made during the course of the relevant quarter, whether or not pursuant to the Plan.

**CC. Effectiveness of All Actions.**

125. All actions authorized to be taken pursuant to the Plan, including, without limitation, entry into the iCap Trust Agreement and the Exit Financing, shall be effective on, prior to, or after the Effective Date pursuant to this Confirmation Order,

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

59

without further application to, or order of the Bankruptcy Court, or further action by the respective officers, directors, managers, members, or stockholders of the Debtors or the iCap Trustees and with the effect that such actions had been taken by unanimous action of such officers, directors, managers, members, or stockholders.

126. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of all states and any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts and transactions referred to in or contemplated by the Plan, the Plan Supplement, the Disclosure Statement, the iCap Trust Agreement, and any other documents, instruments, securities, or agreements, and any amendments or modifications thereto, including with respect to the Exit Financing.

**DD. Conflicts.**

127. Except as set forth in the Plan, to the extent that any provision of the Plan, the Plan Supplement, or any other document (but excluding, for the avoidance of doubt, this Confirmation Order) referenced in the Plan (or any exhibits, schedules, appendices, supplements, or amendments to any of the foregoing), conflict with or are in any way inconsistent with any provision of the Plan (without reference to the Plan Supplement), the Plan (without reference to the Plan Supplement) shall govern and control; *provided*, *however*, that notwithstanding anything herein or the Plan to the contrary, in the event of a conflict between this Confirmation Order, on the one hand, and any of the Plan or the Plan Supplement on the other hand, this Confirmation Order shall govern and control in all respects.

**EE. SEC Rights.**

128. Notwithstanding any language to the contrary in the Disclosure Statement, the Plan, and/or this Confirmation Order, no provision shall (i) preclude the SEC from

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

60

enforcing its police or regulatory powers or (ii) enjoin, limit, impair, or delay the SEC from commencing or continuing any claims, Causes of Action, proceedings, or investigations against any non-Debtor Person or non-Debtor entity in any forum.

**FF.** **Reservation of Rights.**

129. Except as expressly set forth in the Plan, the Plan shall have no force or effect unless the Bankruptcy Court shall enter this Confirmation Order. None of the filing of the Plan, any statement or provision contained herein, or the taking of any action by any Debtor with respect to the Plan shall be or shall be deemed to be an admission or waiver of any rights of any Debtor with respect to the Holders of Claims or Equity Interest before the Effective Date.

**GG.** **Severability.**

130. In the event the Bankruptcy Court determines, before Confirmation, that any provision in the Plan is invalid, void, or unenforceable, the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of the Plan will remain in full force and effect and will in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation. This Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is: (a) valid and enforceable pursuant to its terms; (b) integral to the Plan and may not be deleted or modified without consent of the Debtors; and (c) nonseverable and mutually dependent.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

61

## HH. Revocation or Withdrawal of the Plan; Non-Occurrence of Effective Date Conditions.

131. The Debtors reserve the right to revoke or withdraw the Plan before Confirmation and to file a subsequent plan. If the Debtors revoke or withdraw the Plan before Confirmation, then the Plan shall be deemed null and void. In such event, nothing contained herein shall constitute or be deemed a waiver or release of any claims by or against the Debtors or to prejudice in any manner the rights of the Debtors in any further proceedings involving the Debtors.

132. If the conditions necessary for the Effective Date are not met or duly waived as outlined in Articles IX.A and B of the Plan, upon notification filed by the Debtors with the Bankruptcy Court, the following shall occur: (i) this Confirmation Order will be vacated; (ii) no Distributions will be made; (iii) the Debtors, the Estates, the Committee, and all Creditors will revert to the status quo as of the day immediately preceding the Confirmation Hearing as if the Confirmation Order had not been entered; and (iv) all obligations of the Debtors and the Estates regarding Claims will remain unchanged. Nothing in the Plan will constitute a waiver or release of any Claims by or against the Debtors, the Estates, or any other Person, nor will it prejudice the rights, claims, or defenses of the Debtors, the Estates, or any other Person.

## II. Retention of Jurisdiction.

133. Pursuant to sections 105(c) and 1142 of the Bankruptcy Code, and notwithstanding entry of this Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court retains jurisdiction and power over all matters arising in, arising under, or related to the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including the jurisdiction and power related to those matters set forth in Article XIII of the Plan.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

62

**JJ.** **Dissolution of Committee.**

134.   Upon the occurrence of the Effective Date, the Committee shall dissolve automatically, whereupon its members, professionals, and agents shall be released from any duties and responsibilities in the Chapter 11 Cases and under the Bankruptcy Code (except with respect to (a) obligations arising under confidentiality agreements, which shall remain in full force and effect, (b) applications for allowance and payment of the fees of Professional Persons, and (c) any pending motions or other actions seeking enforcement or implementation of the provisions of the Plan).

**KK.** **Final Order.**

135.   This Confirmation Order is a Final Order and the period in which an appeal must be filed shall commence upon entry hereof.

**LL.** **Enforceability of Plan.**

136.   Pursuant to sections 1123(a), 1141(a), and 1142 of the Bankruptcy Code, the Plan and all Plan-related documents shall be, and hereby are, valid, binding, and enforceable. Upon the occurrence of the Effective Date, the Plan and the Plan Supplement shall be immediately effective and enforceable and deemed binding on the Debtors, all Creditors and Holders of Equity Interests, and all other Persons in accordance with their respective terms.

**MM.** **Substantial Consummation.**

137.   "Substantial Consummation" of the Plan, as defined in section 1101(2) of the Bankruptcy Code, shall be deemed to occur on the Effective Date.

**NN.** **Immediate Binding Effect.**

138.   Notwithstanding Bankruptcy Rules 3020(e), 6004(h), or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan shall be immediately effective and enforceable and deemed binding upon the Debtors, and any and all Holders of Claims or Equity Interests (irrespective of whether such Claims or

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

63

Equity Interests are deemed to have accepted the Plan), all Persons and Entities that are party, or subject, to the settlements, compromises, releases, and injunctions described in the Plan, each Person and Entity acquiring property under the Plan, and the respective heirs, executors, administrators, successors or assigns, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians, if any, with respect to the foregoing.

///End of Order///


PRESENTED BY:


By: _/s/_
OREN B. HAKER (WSBA No. 48725)
BRITTA E. WARREN, WSBA No. 43329
BLACK HELTERLINE LLP

*Co-Counsel to Debtors and Debtors in Possession*

By: _/s/_
JULIAN I. GURULE (Admitted *Pro Hac Vice*)
O'MELVENY & MYERS, LLP

*Co-Counsel to Debtors and Debtors in Possession*

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

64

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11   Doc 1403   Filed 10/16/24   Entered 10/16/24 12:04:58   Pg 68 of 141

By:     /s/
ARMAND J. KORNFELD, WSBA No. 17214
AIMEE S. WILLIG, WSBA No. 22859
JASON WAX, WSBA No. 41944
BUSH KORNFELD LLP

*Counsel for the Official Committee of
Unsecured Creditors*

And

JOHN T. BENDER, WSBA No. 49658
K&L GATES LLP

*Special Litigation Counsel for the Official
Committee of Unsecured Creditors*

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION**

65

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

**Exhibit 2**

**Redline of Revised Proposed Confirmation Order**

**NOTICE OF FILING OF REVISED PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION AND REDLINE**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

1
2
3
4
5
6
7
8
9 **UNITED STATES BANKRUPTCY COURT**
10 **EASTERN DISTRICT OF WASHINGTON**

11 In re: | Chapter 11

12 ICAP ENTERPRISES, INC., *et al.*, | Lead Case No. 23-01243-WLH11
Jointly Administered

13 Debtors.[1]

14 **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING THE SECOND MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF ICAP ENTERPRISES, INC. AND ITS AFFILIATED DEBTORS PROPOSED BY THE DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

15
16
17
18
19
20

---

21 [1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding 1, LLC (23-01256-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01253-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11); Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); iCap Holding 6 LLC (23-01274-11); Colpitts Sunset, LLC (23-01432-11); CS2 Real Estate Development LLC (23-01434-11); and iCap International Investments, LLC (23-01464-11).

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

iCap Enterprises, Inc., and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 bankruptcy cases (the "Chapter 11 Cases"), having

a. commenced, on September 29, 2023 (the "Petition Date"),[2] the Chapter 11 Cases by filing voluntary petitions in the United States Bankruptcy Court for the Eastern District of Washington (the "Bankruptcy Court") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 *et seq.* (the "Bankruptcy Code");

b. filed, on July 16, 2024, the (i) *Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1088] and (ii) *Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1089];

c. filed, on July 19, 2024, the *Motion For an Order Approving (I) Proposed Disclosure Statement; (II) Solicitation and Voting Procedures; (III) Notice and Objection Procedures for Confirmation of Joint Plan of Liquidation; and (IV) Granting Related Relief* [ECF No. 1142];

d. filed, on August 20, 2024, the (i) *First Amended Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official*

---

[2] Certain of the Debtors filed their own chapter 11 cases on September 30, November 8, and November 14, 2023. For purposes of this Confirmation Order, "Petition Date" as used herein will refer to the earliest of the Debtors' respective filing dates and "Chapter 11 Cases" includes all of the Debtors' cases, irrespective of when they were filed.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION
2

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

*Committee of Unsecured Creditors* [ECF No. 1221] and (ii) *First Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1222];

e.  filed, on August 26, 2024, the (i) *Second Amended Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1236] and (ii) *Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1237];

f.  obtained, on August 29, 2024, the *Order Approving: (I) Proposed Disclosure Statement; (II) Solicitation and Voting Procedures; (III) Notice and Objection Procedures for Confirmation of Joint Plan of Liquidation; and (IV) Granting Related Relief* [ECF No. 1247] (the "Solicitation Order"), which, among other things (i) approved the Disclosure Statement (as defined below) as having adequate information, as required under section 1125(a) of the Bankruptcy Code, (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Plan (as defined below), and (iii) approved the Debtors' related notices, forms, and ballots to be submitted to parties in interest in connection with voting on the Plan and the Debtors' voting procedures (the "Voting Procedures");

g.  filed, on August 30, 2024, the *Modified Second Amended Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of iCap*

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
3

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

*Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1248] (the "Disclosure Statement");

h.  filed, on August 30, 2024, the *Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1249];

i.  caused, on August 29, 2024 and September 4, 2024, the Solicitation Order to be distributed consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Solicitation Order, as evidenced, by among other things, the *Certificate of Service* [ECF No. 1261] (the "Solicitation Affidavit") filed by BMC Group, Inc. ("BMC"), the Debtors' Court-approved noticing, claims, and balloting agent, on September 6, 2024;

j.  caused, on September 4, 2024, the solicitation materials and notice of the deadline for voting on the Plan and objecting to confirmation of the Plan to be distributed consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order, as evidenced, by among other things, the Solicitation Affidavit filed by BMC on September 6, 2024;

k.  caused notice of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") to be distributed consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order, as evidenced, by among other things, the Solicitation Affidavit filed by

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**
4

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 74 of 141

BMC, on September 6, 2024, *and the Certificate of Service [ECF No. 1394] filed by BMC, on October 15, 2024*;

l.  filed, on September 6, 2024, the *Amended Supplemental Declaration of Jeffrey H. Kinrich in Support of the Ponzi Findings and Confirmation of the Plan* [ECF No. 1262] (the "Kinrich Declaration");

m.  filed, on September 18, 2024, the *Notice of Filing of Plan Supplement Pursuant to Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1270] (the "Plan Supplement");

n.  filed, on October 9, 2024, the *Second Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1360] (attached hereto as **Exhibit A**, and including all exhibits thereto and as the same may be amended, modified, or supplemented from time to time pursuant to the terms thereof, the "Plan");[3]

o.  filed, on October 9, 2024, the *Declaration of Brad Daniel of BMC Group Regarding Voting and Tabulation of Ballots for Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1356] (the "Voting Declaration");

---

[3] Unless otherwise noted herein, capitalized terms not defined in these findings of fact, conclusions of law, and order (collectively, this "Confirmation Order" or this "Order") shall have the meanings ascribed to such terms in the Plan. The rules of interpretation set forth in Article I.B of the Plan apply to this Confirmation Order.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
5

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

p. filed, on October 9, 2024, the *Memorandum of Law (A) In Support of Confirmation of the Second Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors; and (B) In Response to Pending Objections Thereto* [ECF No. 1362] (the "<u>Confirmation Brief</u>");

q. filed, on October 9, 2024, the *Declaration of Lance Miller in Support of the Second Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1363] (the "<u>Miller Declaration</u>");

r. filed, on October 9, 2024, the *Notice of Filing Proposed Findings of Fact, Conclusions of Law, and Order Confirming the Second Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. ~~——~~<u>1364</u>];

s. filed, on October 10, 2024, the *<u>Supplemental</u> Declaration of Lance Miller in Support of ~~the~~ Ponzi Findings and <u>Plan</u> Confirmation ~~of the Plan~~* [ECF No. ~~——~~<u>1370</u>] (the "<u>Miller Ponzi Declaration</u>");

t. filed, on October 10, 2024, the *Declaration of Stanley Ho in Support of <u>the</u> Ponzi Findings and Confirmation of the Plan* [ECF No. ~~——~~<u>1369</u>] (the "<u>Ho Declaration</u>");

u. filed, on October 10, 2024, the *Declaration of Nickisha Haine in Support of ~~the~~ Ponzi Findings and <u>Plan</u> Confirmation ~~of the Plan~~* [ECF No. ~~——~~<u>1368</u>] (the "<u>Haine Declaration</u>"); ~~and~~

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**
6

Black Helterline llp
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 76 of 141

v. filed, on October 10, 2024, the *Supplemental Brief Regarding Ponzi Findings in Support of Confirmation of ~~Second~~ Modified Second Amended Joint Chapter 11 Plan of Liquidation* [ECF No. ——1371] (the "Ponzi Brief")~~.~~;

w. filed, on October 10, 2024, the *Debtors' Motion for Adverse Inferences* [ECF No. 1366] (the "Adverse Inference Motion"); and

x. filed, on October 10, 2024, the *Declaration of John T. Bender in Support of Debtors' Motion for Adverse Inference* [ECF No. 1367] (the "Bender Declaration").

The Bankruptcy Court having:

a. set October 16, 2024, at 1:00 p.m. (prevailing Pacific Time) as the date and time for the commencement of the Confirmation Hearing, pursuant to Bankruptcy Rules 3017 and 3018 and sections 1126, 1128, and 1129 of the Bankruptcy Code;

b. reviewed the Disclosure Statement, the Plan, the Plan Supplement, the Confirmation Brief, the Ponzi Brief, the Voting Declaration, the Miller Declaration, the Kinrich Declaration, the Miller Ponzi Declaration, the Ho Declaration, the Haine Declaration, the Adverse Inference Motion, the Bender Declaration, and all pleadings, exhibits, statements, responses, and comments filed in the Chapter 11 Cases regarding confirmation of the Plan ("Confirmation") and making of the Ponzi Findings (as defined below), including any objections, statements, and reservations of rights filed by parties in interest on the docket of the Chapter 11 Cases;

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
7

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 77 of 141

c. held the Confirmation Hearing, including hearing the live testimony of Jeffrey H. Kinrich, Stanley Ho, and Nickisha Haine in support of Confirmation and the making of the Ponzi Findings;

d. heard the statements and arguments made by counsel with respect to approval of the Plan and Ponzi Findings and Confirmation and the objections, if any, thereto;

e. considered all oral representations, affidavits, testimony, documents, filings, and other evidence regarding the Plan, the Ponzi Findings, and Confirmation and the objections, if any, thereto;

f. overruled any and all objections (to the extent not withdrawn) to the Plan, Confirmation, the Plan Supplement, the Ponzi Findings, and this Confirmation Order and all statements and reservations of rights not consensually resolved or withdrawn, unless otherwise indicated; and

g. taken judicial notice of all pleadings and other documents filed, all orders entered, all evidence proffered or adduced, and all arguments presented, in the Chapter 11 Cases.

**NOW THEREFORE**, the Bankruptcy Court having found that notice of the Confirmation Hearing and the opportunity for any party in interest to object to the Plan, Confirmation, and the Ponzi Findings having been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions and settlements contemplated thereby; and the record of the Chapter 11 Cases and the legal and factual bases set forth in the documents filed in support of Confirmation and presented at the Confirmation Hearing including, but not limited to, the Confirmation Brief, the Voting Declaration, the Miller Declaration, the Kinrich Declaration, the Miller Ponzi Declaration, the Ho Declaration, the Haine Declaration,

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
8

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503-224-5560

and the Ponzi Brief, the Adverse Inference Motion, and the Bender Declaration establish just cause for the relief granted in this Confirmation Order; and after due deliberation thereon and good cause appearing therefor, the Bankruptcy Court hereby makes and issues the following findings of fact, conclusions of law, and order:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:**

**A.    Findings of Fact and Conclusions of Law.**

1.      The findings of fact and conclusions of law set forth in this Confirmation Order and on the record at the Confirmation Hearing constitute the Bankruptcy Court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, as made applicable herein by Bankruptcy Rules 7052 and 9014. All findings of fact and conclusions of law announced by the Bankruptcy Court at the Confirmation Hearing in relation to Confirmation and the Ponzi Findings are hereby incorporated into this Confirmation Order to the extent not inconsistent herewith. To the extent any of the following conclusions of law constitute findings of fact, or vice versa, they are adopted as such.

**B.    Jurisdiction, Venue, and Core Proceeding.**

2.      The Bankruptcy Court has subject matter jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334. The Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed. Venue in the Bankruptcy Court was proper as of the Petition Date and remains proper under 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
9

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503-224-5560

U.S.C. § 157(b)(2), and the Bankruptcy Court may enter a final order consistent with Article III of the Constitution.

**C.     Eligibility for Relief.**

3.     The Debtors were and continue to be entities eligible for relief under section 109 of the Bankruptcy Code.

4.     The Debtors and the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases (as amended on November 9, 2023 [ECF No. 147], the "Committee" and, together with the Debtors, the "Plan Proponents") are proper plan proponents under section 1121 of the Bankruptcy Code.

**D.     Commencement and Joint Administration of the Chapter 11 Cases.**

5.     On the Petition Date, the Debtors filed voluntary petitions with this Bankruptcy Court for relief under chapter 11 of the Bankruptcy Code. On October 2, 2023, the Bankruptcy Court entered an order [ECF No. 9] authorizing the joint administration and procedural consolidation of the Chapter 11 Cases under the lead case *In re iCap Enterprises, Inc.*, Case No. 23-01243-WLH11, in accordance with Bankruptcy Rule 1015(b). On November 16, 2023, the Bankruptcy Court granted the motion for the subsequently filed Debtors, Colpitts Sunset, LLC, CS2 Real Estate Development LLC, and iCap International Investments, LLC to be jointly administered under the lead case: *In re iCap Enterprises, Inc.*, Case No. 23-01243-WLH11. *See* ECF No. 164. Since the Petition Date, the Debtors have operated their business and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
10

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503-224-5560

23-01243-WLH11     Doc 1403     Filed 10/16/24     Entered 10/16/24 12:04:58     Pg 80 of 141

**E.     Appointment of the Committee.**

6.     On October 20, 2023, the Office of the United States Trustee for the Eastern District of Washington (the "U.S. Trustee") appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [ECF No. 102] and amended such appointment on October 30, 2023 [ECF No. 112].

**F.     Judicial Notice.**

7.     The Bankruptcy Court takes judicial notice of (and deems admitted into evidence for purposes of Confirmation) the docket of the Chapter 11 Cases, including all pleadings and other documents on file, all orders entered, all hearing transcripts, and all evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Cases, including the hearing to consider the adequacy of the Disclosure Statement and the Confirmation Hearing.

**G.     Plan Supplement.**

8.     On September 18, 2024, the Debtors filed the Plan Supplement. The Plan Supplement complies and is consistent with the Bankruptcy Code and the terms of the Plan, and the filing and notice of the Plan Supplement was good and proper and in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the Eastern District of Washington (the "Local Rules"), the Solicitation Order, and the facts and circumstances of the Chapter 11 Cases. No other or further notice is or will be required with respect to the Plan Supplement. All documents included in the Plan Supplement are integral to, part of, and incorporated by reference into the Plan. All Holders of Claims who voted to accept the Plan and who are conclusively presumed to have accepted the Plan are deemed to have accepted the Plan as modified and supplemented by the Plan

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION
11

Black Helterline llp
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

Supplement and this Confirmation Order. Subject to the terms of the Plan, the Debtors reserve the right to alter, amend, update, or modify the Plan Supplement before the Effective Date subject to compliance with the Bankruptcy Code and the Bankruptcy Rules, *provided*, that no such alteration, amendment, update, or modification shall be inconsistent with the terms of this Confirmation Order or the terms of the Plan.

**H.    Transmittal and Mailing of Solicitation Materials; Notice.**

9.    As evidenced by the Solicitation Affidavit and the Voting Declaration, the Disclosure Statement, the Plan, the Solicitation Order, the ballots for voting on the Plan (the "Ballots"), the notice of the Confirmation Hearing, and the other materials distributed by the Debtors in connection with Confirmation of the Plan (collectively, the "Confirmation Materials") were transmitted and served in compliance with the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, the Local Rules, and the procedures set forth in the Solicitation Order.

10.    Notice of the Confirmation Hearing was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases. The transmittal and service of the Confirmation Materials complied with the procedures set forth in the Solicitation Order, were appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, were conducted in good faith, and were in compliance with the provisions of the Bankruptcy Court's orders, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable rules, laws, and regulations. All parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to Confirmation of the Plan) were given due, proper, timely, and adequate notice in accordance with the procedures set forth in the

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**
12

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

Solicitation Order. Because such transmittal and service were adequate and sufficient, no other or further notice is necessary or shall be required.

**I.     Voting.**

11.     Prior to the Confirmation Hearing, the Debtors filed the Voting Declaration. As set forth in the Voting Declaration, the procedures used to solicit votes on the Plan and to tabulate the Ballots were fair and conducted in accordance with the Solicitation Order, the Bankruptcy Code, the Bankruptcy Rules, and all other applicable rules, laws, and regulations.

12.     As set forth in the Plan, Holders of Claims in Classes 3 and 4 (collectively, the "Voting Classes") were eligible to vote on the Plan pursuant to the Voting Procedures. In addition, Holders of Claims in Classes 1 and 2 are unimpaired and conclusively presumed to have accepted the Plan and, therefore, are not entitled to vote to accept or reject the Plan. Holders of Claims in Class 5 and Holders of Equity Interests in Class 6 (collectively, the "Deemed Rejecting Classes") are impaired under the Plan~~, are entitled to no recovery under the Plan, and are therefore conclusively~~ and have been deemed to ~~have rejected~~reject the Plan. As evidenced by the Voting Declaration, the statements made on the record at the Confirmation Hearing, and this Confirmation Order, Class 3 and Class 4 have voted to accept the Plan in accordance with section 1126(c) of the Bankruptcy Code.

**J.     Good-Faith Solicitation (11 U.S.C. § 1125(e)).**

13.     Based on the record before the Bankruptcy Court in the Chapter 11 Cases, the Plan Proponents and each of their respective accountants, agents, assigns, attorneys, bankers, consultants, directors, employees, executors, financial advisors, investment bankers, managers, members, officers, partners, predecessors, principals, Professional Persons, representatives, and successors of the referenced Person have

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
13

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 83 of 141

acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Solicitation Order, the Voting Procedures, and any other applicable rules, laws, and regulations in connection with all of their respective activities relating to the solicitation of votes on the Plan, their participation in the Chapter 11 Cases, and the activities described in section 1125 of the Bankruptcy Code, and therefore, are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

**K.** **Burden of Proof.**

14. The Plan Proponents as proponents of the Plan, have met their burden of proving the applicable elements of section 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard for Confirmation. Further, the Plan Proponents have proven the elements of section 1129(a) and (b) of the Bankruptcy Code by clear and convincing evidence.

**L.** **Bankruptcy Rule 3016.**

15. The Plan is dated and identifies the Plan Proponents as the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a). The Plan Proponents appropriately filed the Disclosure Statement and the Plan with the Bankruptcy Court, thereby satisfying Bankruptcy Rule 3016(b). The Plan and Disclosure Statement describe in specific and conspicuous language all acts and actions to be enjoined and identify the Persons that would be subject to injunctions, thereby satisfying Bankruptcy Rule 3016(c).

**M.** **Objections.**

16. To the extent that any objections (including any reservations of rights) to Confirmation of the Plan or the Ponzi Findings have not been withdrawn, waived, or

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
14

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

settled prior to entry of this Confirmation Order, or are not otherwise resolved under this Confirmation Order or as stated by the Debtors and/or the Committee on the record of the Confirmation Hearing, all such objections are overruled on the merits. Any resolutions of objections to entry of this Confirmation Order explained on the record at the Confirmation Hearing are hereby incorporated by reference.

**N.** **Conduct of a Ponzi Scheme.**

17. The evidence detailed above demonstrates, and the Bankruptcy Court hereby finds (the "Ponzi Findings"), that (i) beginning no later than October 2018 (the "Ponzi Start Date") through the conclusion of the prepetition time period analyzed by the CRO and his advisors (which, for the avoidance of doubt, ended prior to the retention of new counsel and financial advisors by the Debtors in July 2023), ~~Christopher Christensen~~ the principals operated the iCap enterprise as a Ponzi scheme raising approximately $230 million from over 1,800 investors in the United States and abroad; (ii) the Ponzi scheme involved the use of funds provided by new investors to the iCap enterprise to make payments to already-existing investors and other creditors; and (iii) the iCap enterprise did not operate as a legitimate profit-making business. *See In re EPD Inv. Co.,* 114 F.4th 1148, 1162–63 (9th Cir. 2024).

**O.** **Modifications or Alterations to the Plan.**

18. To the extent the Plan has been modified, supplemented, or altered between solicitation and the date of entry of this Confirmation Order (collectively, the "Modifications"), such Modifications made to the Plan constitute clarifications or technical changes, and do not materially and adversely affect or change the treatment of any Claims against, or Equity Interests in, the Debtors and comply in all respects with section 1127 of the Bankruptcy Code. All such Modifications are incorporated

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
15

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

by reference herein and approved. Accordingly, pursuant to Bankruptcy Rule 3019, such Modifications, if any, do not require (a) additional or further disclosure with respect to the Modifications under section 1125 of the Bankruptcy Code and/or (b) either resolicitation of votes on the Plan or affording Holders of Claims in the Voting Classes the opportunity to change a previously cast Ballot under section 1126 of the Bankruptcy Code.

**P.** **Compliance with the Requirements of Section 1129 of the Bankruptcy Code.**

19.    As detailed below, the Plan complies with all applicable provisions of section 1129 of the Bankruptcy Code.

**1.** **Compliance With Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(1)).**

20.    The Plan complies with all applicable provisions of the Bankruptcy Code, including sections 1122 and 1123, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

**(i)** **Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1)).**

21.    The classification of Claims and Equity Interests under the Plan is proper under the Bankruptcy Code. Except with respect to Administrative Expense Claims, Priority Tax Claims, and Supplemental DIP Claims, which need not be classified, Article III of the Plan classifies all Claims against, and Equity Interests in, the Debtors into six (6) separate Classes based on the characteristics of those Claims and Equity Interests. Valid business, factual, and legal reasons exist for the separate classification of the various Classes created under the Plan, the classifications were not promulgated for any improper purpose, and the creation of such Classes does not unfairly discriminate between or among Holders of Claims or Equity Interests. Each

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

Class of Claims or Equity Interests contains only Claims or Equity Interests that are substantially similar to the other Claims or Equity Interests within that Class. Accordingly, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

**(ii)**     **Unimpaired Classes (11 U.S.C. § 1123(a)(2)).**

22.     Article III of the Plan specifies that Claims in Class 1 (Priority Claims) and Class 2 (Secured Claims) are unimpaired under the Plan. Additionally, Administrative Expense Claims, Priority Tax Claims, and Supplemental DIP Claims are not classified under, and are unimpaired by, the Plan. Accordingly, the Plan satisfies the requirements of section 1123(a)(2) of the Bankruptcy Code.

**(iii)**     **Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).**

23.     Article III of the Plan specifies that Claims in Class 3 (Investor Claims) and Class 4 (General Unsecured Claims) are impaired and entitled to vote on the Plan, while Claims and Equity Interests in Class 5 (Subordinated Claims) and Class 6 (Equity Interests) are impaired and deemed to reject the Plan. In addition, Article III describes the treatment of the Claims and Equity Interests in such Classes. Accordingly, the Plan satisfies the requirements of section 1123(a)(3) of the Bankruptcy Code.

**(iv)**     **No Discrimination (11 U.S.C. § 1123(a)(4)).**

24.     Article III of the Plan provides for the same treatment of each Claim and Equity Interest in a particular Class, unless the Holder of a particular Claim or Equity Interest agrees to less favorable treatment of such Claim or Equity Interest. Accordingly, the Plan satisfies the requirements of section 1123(a)(4) of the Bankruptcy Code.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
17

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11   Doc 1403   Filed 10/16/24   Entered 10/16/24 12:04:58   Pg 87 of 141

### (v) Implementation of the Plan (11 U.S.C. § 1123(a)(5)).

25.    Article V and various other provisions of the Plan provide in detail adequate and proper means for the Plan's implementation, including, but not limited to, (as more fully described in Article V of the Plan): (a) the authorization to undertake all corporate actions necessary to effectuate the Plan under Article V.B of the Plan; (b) the dissolution of the Debtors under Article V.B.3 of the Plan; (c) the cancellation of indebtedness under Article V.C of the Plan; (d) the appointment of the iCap Trustees under Article V.D.1 of the Plan; (e) the creation of the iCap Trust under Article V.D.2 of the Plan; (f) the vesting of all iCap Trust Assets in the iCap Trust under Article V.D.3 of the Plan; (g) the sources of cash for Distributions under the Plan under Article V.D.11; (h) the substantive consolidation of the Debtors as provided in Article V.E of the Plan; (i) the preservation of all Causes of Action and Avoidance Actions under Article V.F of the Plan; (j) the effectuating of exit financing documents and an exemption from registration under the Securities Act under Articles V.D.13, and V.G of the Plan, and (k) the abandonment of certain Estate Assets under Article V.H of the Plan. Accordingly, the Plan satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code.

### (vi) Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)).

26.    The Debtors are not issuing any non-voting equity securities of any corporation, and each of the Debtors will eventually be dissolved under the Plan. Accordingly, section 1123(a)(6) of the Bankruptcy Code is not applicable to the Plan.

### (vii) Designation of Directors and Officers (11 U.S.C. § 1123(a)(7)).

27.    The Plan provides for the dissolution and winding down of the Debtors' business and appointment of the iCap Trustees as the managers, officers, and representatives of the iCap Trust. Article V.D of the Plan provides for the creation of

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**
18

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

the iCap Trust and for the appointment of the initial iCap Trustees and the initial iCap Trust Supervisory Board to serve in accordance with the terms of the Plan and the iCap Trust Agreement. The iCap Trustees' shared compensation terms are set forth in Article V.D.1 of the Plan. These designations under the Plan are consistent with the interests of ~~the~~ Creditors and Holders of Equity Interests and with public policy. Accordingly, the Plan satisfies the requirements of section 1123(a)(7) of the Bankruptcy Code.

### (viii)  Discretionary Contents of the Plan (11 U.S.C. § 1123(b)).

28.     The Plan's discretionary provisions comply with section 1123(b) of the Bankruptcy Code and are not inconsistent with the applicable provisions of the Bankruptcy Code.

### (a)    Impairment/Unimpairment of Classes (11 U.S.C. § 1123(b)(1)).

29.     As contemplated by section 1123(b)(1) of the Bankruptcy Code, Article III of the Plan: (i) impairs Investor Claims (Class 3), General Unsecured Claims (Class 4), Subordinated Claims (Class 5), and Equity Interests (Class 6), and (ii) leaves unimpaired Priority Claims (Class 1) and Secured Claims (Class 2).

### (b)    Rejection of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)).

30.     Any and all executory contracts and unexpired leases of the Debtors shall be deemed rejected by the Debtors pursuant to the provisions of section 365 of the Bankruptcy Code. The Debtors, in rejecting the contracts and leases under the Plan, utilized their sound business judgment and complied with the Bankruptcy Code, as contemplated by section 1123(b)(2) of the Bankruptcy Code.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
19

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 89 of 141

**(c)** **Settlement, Releases, Exculpation, Injunction, and Preservation of Claims and Equity Interests (11 U.S.C. § 1123(b)(3)).**

31.     Compromise and Settlement. Pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the classification, Distributions, and other benefits provided under the Plan, on the Effective Date, the provisions of the Plan shall constitute a good faith compromise and settlement of all ~~Claims~~claims or controversies resolved pursuant to the Plan and in these Chapter 11 Cases. Such compromise and settlement is fair, equitable, and reasonable and in the best interests of the Debtors, their Estates, creditors, and parties in interest.

32.     Subordinated Claims. The allowance, classification, and treatment of all Allowed Claims and the respective Distributions and treatments under the Plan take into account and conform to the relative priority and rights of the Claims in each Class in connection with any contractual, legal, and equitable subordination rights relating thereto, whether arising under general principles of equitable subordination, section 510(b) of the Bankruptcy Code, or otherwise.

33.     Release. The releases (the "Release") of the Debtors; the Committee and its current and former members (in their capacities as such); the CRO; the DIP Parties; and the preceding's respective accountants, agents, assigns, attorneys, bankers, consultants, directors, employees, executors, financial advisors, investment bankers, managers, members, officers, partners, predecessors, principals, Professional Persons, representatives, and successors of the referenced Person; *provided, however*, that the Debtors' Related Parties will be limited to the following Persons: the directors, officers, attorneys, accountants, consultants, professionals, and employees who (i) are employed by the Debtors on the Effective Date or (ii) whose employment was approved by the Bankruptcy Court (collectively, the "Released

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
20

Black Helterline llp
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 90 of 141

Parties"), are essential and critical provisions of the Plan. The Release, which includes by reference each of the related provisions and definitions contained in the Plan, is (a) within the jurisdiction of the Bankruptcy Court pursuant to 28 U.S.C. § 1334; (b) fully consensual; (c) in exchange for the good and valuable consideration provided by the Released Parties; (d) a good faith settlement and compromise of such claims; (e) in the best interests of the Debtors, and the their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for a hearing; and (h) a bar to any of the Releasing Parties asserting any released claim against any of the Released Parties.

34.    The Release was a necessary inducement to the participation of the Debtors' stakeholders in the negotiations and compromises that led to the Plan. Specifically, the Released Parties, individually and collectively, made significant contributions to the Chapter 11 Cases, including funding the Chapter 11 Cases, and otherwise actively supporting the negotiation and prosecution of the Plan. The Release therefore appropriately offers protection to parties who actively and constructively participated in and contributed to the Debtors' Chapter 11 Cases and without whom Confirmation could not have been achieved.

35.    The scope of the Release is appropriately tailored under the facts and circumstances of the Chapter 11 Cases, and parties received due and adequate notice of the Release. In light of, among other things, the value provided by the Released Parties to the Debtors' Estates and the critical nature of the Release to the Plan, the Release is approved.

36.    Exculpation. The exculpation provision set forth in Article X.H of the Plan (the "Exculpation") is approved. The Exculpation is appropriate under applicable law because it was proposed in good faith, was formulated following

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
21

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

extensive good faith, arm's length negotiations with key constituents, is a key element of the Plan, and is appropriately limited in scope, as it will have no effect of the liability of any Person or Entity that results from any such act or omission that is determined by a Final Order to have constituted fraud, willful misconduct, gross negligence, or malpractice. The Exculpated Parties have participated in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation of, and distributions under, the Plan, and therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or distributions made pursuant to the Plan. Accordingly, the Exculpation is approved.

37. <u>Injunctions</u>. The injunctive provisions set forth in Articles X.I and X.J of the Plan (collectively, the "<u>Injunctions</u>") are essential to the Plan and are necessary to implement the Plan and to preserve and enforce the Release and the Exculpation in Article X of the Plan. Such Injunctions are appropriately tailored to achieve those purposes. Accordingly, the Injunctions are approved.

38. <u>Preservation of Estate Causes of Action</u>. The provisions regarding the preservation of all of the Debtors' and Estates' Causes of Action in the Plan, Causes of Action that are Contributed Claims (whether existing as of the Petition Date or thereafter arising), and all Avoidance Actions, including Article V.F of the Plan, are appropriate and are in the best interests of the Debtors, their respective Estates, and their ~~creditors~~<u>Creditors</u>. Without in any way limiting the iCap Trust's and the iCap Trustees' rights to pursue claims against third parties, Article V.F.3 provides illustrative categories of claims that are preserved under the Plan and will be transferred and conveyed to the iCap Trust as provided for in the Plan and as authorized by this Confirmation Order.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**
22

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 92 of 141

### (d)    Additional Plan Provisions (11 U.S.C. § 1123(b)(6)).

39.    The Plan contains other appropriate provisions that are not inconsistent with the applicable provisions of the Bankruptcy Code, as contemplated by section 1123(b)(6) of the Bankruptcy Code.

### 2.    The Plan Proponents' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).

40.    As detailed below, the Plan Proponents have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

 (i) The Debtors and the Committee, as proponents of the Plan, have complied with all applicable provisions of the Bankruptcy Code, as required by section 1129(a)(2) of the Bankruptcy Code, including sections 1122, 1123, 1124, 1125, 1126, 1127, 1128, and 1129 of the Bankruptcy Code, the Bankruptcy Rules, including Bankruptcy Rules 3016, 3017, 3018, and 3019, the Local Rules, the Solicitation Order, and any applicable nonbankruptcy laws, rules, and regulations in transmitting the Disclosure Statement, the Plan, the Plan Supplement, and any related documents and notices.

 (ii) The votes to accept or reject the Plan were solicited by the Plan Proponents and their agents after the Bankruptcy Court approved the Disclosure Statement pursuant to section 1125 of the Bankruptcy Code and entered the Solicitation Order.

 (iii) The Plan Proponents and their agents (a) have solicited and tabulated votes on the Plan and have participated in the activities described in section 1125 of the Bankruptcy Code fairly and in good faith within the meaning of section 1125(e) of the Bankruptcy Code, and in a manner consistent with the applicable provisions of the Solicitation Order, the Disclosure Statement, the Plan, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable rules, laws, and regulations, and (b) are entitled to the protections afforded

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
23

Black Helterline llp
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503-224-5560

by section 1125(e) of the Bankruptcy Code and the Exculpation provision set forth in Article X.H of the Plan.

(iv)    The Plan Proponents and their agents and professionals have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the offering, issuance, and distribution of recoveries under the Plan and, therefore, are not, and on account of such distributions will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or distributions made thereunder, so long as such distributions are made consistent with and pursuant to the Plan.

### 3.    Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).

41.    The Plan (including all documents and agreements necessary to effectuate the Plan) and the transactions and settlements contemplated in the Plan have been proposed in good faith and not by any means forbidden by law, with the legitimate and honest purpose of maximizing recoveries to parties in interest. In determining that the Plan has been proposed in good faith, the Bankruptcy Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Cases, the Plan itself, and the process leading to its formulation. The Plan Proponents' good faith is evident from the facts and record of the Chapter 11 Cases, the Disclosure Statement, the Plan, the record of the Confirmation Hearing, the Miller Declaration, and all other proceedings held in the Chapter 11 Cases. The Plan is the product of arm's length negotiations between the Debtors, the Committee, and other parties in interest. The Plan itself and the process leading to its formulation provide independent evidence of the Debtors' good faith, serve the public interest, and assure fair treatment of Holders of Claims and Equity Interests. Consistent with the overriding purpose of chapter 11, the Debtors commenced the Chapter 11 Cases, and proposed the Plan, with the legitimate purpose of maximizing the value of the

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**
24

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503-224-5560

ultimate recoveries to all creditor groups on a fair and equitable basis. The Plan's classification, indemnification, exculpation, release, and injunction provisions were negotiated in good faith and at arm's length, are consistent with sections 105, 1122, 1123, 1129, and 1142 of the Bankruptcy Code, and are each necessary for implementation of the Plan.

42. The Plan Proponents and each of the constituents who negotiated the Plan, including, but not limited to, each of their respective accountants, agents, assigns, attorneys, bankers, consultants, directors, employees, executors, financial advisors, investment bankers, managers, members, officers, partners, predecessors, principals, Professional Persons, representatives, and successors of the referenced Person (a) acted in good faith in negotiating, formulating, and proposing the Plan and the agreements, compromises, settlements, transactions, transfers, and documentation contemplated by the Plan and (b) will be acting in good faith in proceeding to (i) consummate the Plan and the agreements, compromises, settlements, transactions, transfers, and documentation contemplated by the Plan and this Confirmation Order and (ii) take any actions authorized and directed or contemplated by this Confirmation Order. Accordingly, the Plan satisfies section 1129(a)(3) of the Bankruptcy Code.

4. **Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).**

43. The procedures set forth in the Plan for the Bankruptcy Court's review and ultimate determination of the fees, costs, and expenses to be paid by the Debtors, or the iCap Trustees, as applicable, in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, satisfy the objectives of, and are in compliance with, section 1129(a)(4) of the Bankruptcy Code.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION
25

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

**5.** **Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).**

44.     Article V.B.2 of the Plan satisfies the requirements of section 1129(a)(5) of the Bankruptcy Code because the Debtors have disclosed that, on the Effective Date, each of the Debtors' existing directors and officers including, without limitation, the CRO, shall be terminated automatically without the need for any further action and without the need for any corporate or limited liability company filings, and they shall have no ongoing rights against or obligations to the Debtors or the Estates, including under any applicable prepetition agreements (all of which will be deemed terminated); *provided, however*, that the Debtors' indemnification and defense obligations under any such agreements shall survive the foregoing termination and remain unaltered by the Plan. On the Effective Date, the iCap Trustees shall succeed to all such powers as would have been applicable to the Debtors' officers and directors in respect of all iCap Trust Assets. The Debtors have also disclosed that the CRO, Lance Miller, and Seth Freeman will serve as the initial iCap Trustees and the nature of their compensation for their role as the iCap Trustees. The appointment of the iCap Trustees was, is, and will be consistent with the interests of Holders of Claims and Equity Interests and public policy. Accordingly, the Plan satisfies the requirements of section 1129(a)(5) of the Bankruptcy Code.

**6.** **No Rate Changes (11 U.S.C. § 1129(a)(6)).**

45.     The Plan proposes no rate change subject to the jurisdiction of any governmental regulatory commission. Thus, section 1129(a)(6) of the Bankruptcy Code is not applicable.

**7.** **Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).**

46.     The Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code. The evidence in support of the Plan that was proffered or adduced

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
26

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 96 of 141

at the Confirmation Hearing, including the Miller Declaration, the liquidation analysis attached to the Disclosure Statement as <u>Exhibit B</u>, the recovery analysis attached to the Disclosure Statement as <u>Exhibit C</u>, and the facts and circumstances of the Chapter 11 Cases: (a) is reasonable, persuasive, credible, and accurate as of the dates such evidence was prepared, presented, or proffered; (b) utilizes reasonable and appropriate methodologies and assumptions; (c) has not been controverted by other evidence; (d) provides a reasonable estimate of the liquidation values of the Debtors upon hypothetical conversion to cases under ~~Chapter~~chapter 7 of the Bankruptcy Code; and (e) establishes that Holders of Allowed Claims or Equity Interests will recover at least as much under the Plan on account of such Claim or Equity Interest, as of the Effective Date, as such Holder would receive if the Debtors were liquidated, on the Effective Date, under chapter 7 of the Bankruptcy Code.

**8.** **<u>Acceptance of the Plan by Certain Classes (11 U.S.C. § 1129(a)(8)).</u>**

47. Classes 1 and 2 are each Classes of unimpaired Claims that are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. As set forth in the Voting Declaration, Classes 3 and 4 have voted to accept the Plan in accordance with section 1126(c) of the Bankruptcy Code. The Deemed Rejecting Classes are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. Although section 1129(a)(8) of the Bankruptcy Code is not satisfied with respect to the Deemed Rejecting Classes, the Plan may nevertheless be confirmed because the Plan satisfies section 1129(b) of the Bankruptcy Code with respect to such Classes.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**
27

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 97 of 141

**9. <u>Treatment of Claims Entitled to Priority Under Section 507(a) of the Bankruptcy Code (11 U.S.C. § 1129(a)(9)).</u>**

48.    The treatment of Administrative Expense Claims and Priority Tax Claims under Article III.A the Plan, and of Priority Claims under Article III.B.1 of the Plan, satisfies the requirements of, and complies in all respects with, section 1129(a)(9) of the Bankruptcy Code. Notwithstanding anything to the contrary set forth in the Plan, the Debtors agree that any reference to consent to treatment that differs from the treatment permitted by section 1129(a)(9) of the Bankruptcy Code shall require actual consent and failure to object to Confirmation of the Plan shall not be deemed to be consent to receive treatment by a Holder of a Claim other than as provided for under section 1129(a)(9) of the Bankruptcy Code.

**10. <u>Acceptance of the Plan by at Least One Impaired Class (11. U.S.C.§ 1129(a)(10)).</u>**

49.    All Voting Classes are impaired and, as indicated in the Voting Declaration and this Confirmation Order, Classes 3 and 4 have voted to accept the Plan by the requisite number and amount of Claims, determined without including any acceptance of the Plan by any insider (as that term is defined in section 101(31) of the Bankruptcy Code). Accordingly, the Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

**11. <u>Feasibility (11 U.S.C. § 1129(a)(11)).</u>**

50.    The Plan proposes a liquidation of all Estate Assets and the distribution of Cash and/or iCap Trust Interests to Holders of Allowed Claims in accordance with the priority scheme of the Bankruptcy Code and the terms of the Plan, thereby satisfying section 1129(a)(11) of the Bankruptcy Code.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
28

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

**12.    Payment of Bankruptcy Fees (11 U.S.C. § 1129(a)(12)).**

51.    The Plan requires that all fees payable by the Debtors pursuant to section 1930 of title 28 of the United States Code have been paid or will be paid, thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

**13.    Non-Applicability of Certain Bankruptcy Code Sections (11 U.S.C. §§ 1129(a)(13), (14), (15), and (16)).**

52.    The Debtors (a) do not provide or pay any "retiree benefits," as such term is defined in section 1114 of the Bankruptcy Code, (b) are not obligated to pay any domestic support obligations, (c) are not individuals, are (d) are not a corporation or trust that is not a moneyed, business, or commercial corporation or trust. Sections 1129(a)(13), 1129(a)(14), 1129(a)(15), and 1129(a)(16) of the Bankruptcy Code are, therefore, inapplicable to the Chapter 11 Cases.

**14.    Confirmation of the Plan Over Non-Acceptance of Impaired Classes. (11 U.S.C. § 1129(b)).**

53.    The Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code. Notwithstanding the fact that the Deemed Rejecting Classes have not accepted the Plan, the Plan may be confirmed because the evidence proffered or adduced at the Confirmation Hearing (a) is reasonable, persuasive, credible, and accurate as of the dates such evidence was prepared, presented, or proffered, (b) utilizes reasonable and appropriate methodologies and assumptions, (c) has not been controverted by other evidence, and (d) establishes that the Plan does not discriminate unfairly, and is fair and equitable, with respect to Classes 5 and 6, as required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code, because (i) no Class of Claims or Equity Interests that is junior to the Claims and Equity Interests in Classes 5 and 6 will receive distributions or retain any property under the Plan on account of such junior Claim or

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**
29

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

Equity Interest and (ii) the Claims and Equity Interests in Classes 5 and 6 are "dissimilar" from the Claims and Equity Interests in all other Classes and the Plan does not provide any distributions to similarly situated Holders of Claims or Equity Interests.

### 15. Only One Plan (11 U.S.C. § 1129(c)).

54. The Plan satisfies the requirements of section 1129(c) of the Bankruptcy Code. The Plan (including previous versions thereof) is the only chapter 11 plan filed in the Chapter 11 Cases.

### 16. Principal Purpose of the Plan (11 U.S.C. § 1129(d)).

55. The Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, and there has been no filing by any governmental agency asserting such avoidance.

### 17. Small Business Case (11 U.S.C. § 1129(e)).

56. The Chapter 11 Cases are not a "small business case," as that term is defined in the Bankruptcy Code, and, accordingly, section 1129(e) of the Bankruptcy Code is not applicable.

### Q. Satisfaction of Confirmation Requirements.

57. Based upon the foregoing, the Plan Proponents have met their burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence, the Plan satisfies all the requirements for Confirmation set forth in section 1129 of the Bankruptcy Code, and the Plan should be confirmed.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
30

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 100 of 141

## R.    Substantive Consolidation.

58.    All of the Debtors, other than the Excluded Debtors with respect to Claims in Classes 2B and 2C, shall be substantively consolidated pursuant to sections 105(a), 541, 1123, and 1129 of the Bankruptcy Code, as set forth in the Plan, and such substantive consolidation is fair, equitable, reasonable and in the best interests of the Debtors, their Estates and the Holders of Claims and Equity Interests. Although Creditors generally may not have treated all of the Debtors as one legal entity, there is substantial commingling of assets and liabilities among the Debtors. *See In re Bonham*, 229 F.3d 750, 764-65 (9th Cir. 2000). It is impossible to trace the flow of funds with respect to the Debtors' prepetition transactions since the majority of the proceeds received were commingled and distributed without regard to corporate formalities, which entanglement warrants substantive consolidation of all the Debtors. Moreover, the Chapter 11 Cases are unique—the perpetration of a fraudulent scheme by a common corporate enterprise, one that in the process did not keep accurate records of the multitude of intercompany transactions that have occurred, making an unscrambling of the enterprise's accounts impossible—but that has justified substantive consolidation in other cases. *See, e.g.*, *In re Bonham*, 229 F.3d at 764-65 (consolidating entities in Ponzi scheme case); *In re DBSI, Inc.*, Case No. 08-12687, ECF No. 5924 (Bankr. D. Del. Jan. 19, 2010) (same); *In re Bernard L. Madoff Investment Securities LLC*, No. 08-01789, ECF No. 252 (Bankr. S.D.N.Y. June 10, 2009) (same). Substantive consolidation results in equitable treatment to all creditors and was not used to disadvantage a particular creditor group. Accordingly, the requirements of substantive consolidation are satisfied and the substantive consolidation of the Debtors, other than the Excluded Debtors with respect to Claims

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
31

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503-224-5560

in Classes 2B and 2C, in accordance with the Plan is hereby approved. *See In re Bonham*, 229 F.3d at 764-65; *In re Owens Corning*, 419 F.3d 195 (3d Cir. 2005).

S. Good Faith.

59. The Plan Proponents have proposed the Plan in good faith, with the legitimate and honest purpose of maximizing the value of the Debtors' Estates for the benefit of their stakeholders through, among other things, the establishment of the iCap Trust. The Plan Proponents and the Released Parties have been, are, and will continue to act in good faith if they proceed to (a) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby and (b) take the actions authorized and directed or contemplated by this Confirmation Order. Therefore, the Plan has been proposed in good faith to achieve a result consistent with the objectives and purposes of the Bankruptcy Code.

S. T. **Disclosure of Facts.**

59. 60. The Debtors have disclosed all material facts, to the extent applicable, regarding the Plan and the adoption, execution, and implementation of the other matters provided for under the Plan, including, without limitation, (a) the establishment of the iCap Trust and the execution and entry into the iCap Trust Agreement; (b) the identity of the iCap Trustees and their proposed compensation; (c) the adoption and making of the Ponzi Findings; (d) the method and manner of Distributions under the Plan; (e) the winding down of the Debtors' business and dissolution of the Debtors; (f) the exemption under section 1146(a) of the Bankruptcy Code; (g) the Releases, Exculpation, Injunctions, and preservation of Debtors' or Estates' Causes of Action and Avoidance Actions; and (h) the adoption, execution, and delivery of all contracts, leases, instruments, releases, and other agreements related to any of the foregoing.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
32

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 102 of 141

**T.** ~~U.~~ **iCap Trust Agreement.**

60. ~~61.~~ The iCap Trust Agreement, and the iCap Trust to which it relates, are, individually and collectively, essential elements of the Plan, and entry into the iCap Trust Agreement is in the best interests of the Debtors, their Estates, and the Holders of Claims and Equity Interests and is necessary and appropriate for consummation of the Plan. The Debtors have exercised sound business judgment in determining to enter into the iCap Trust Agreement and have provided adequate notice thereof. The terms of the iCap Trust Agreement set forth in the Plan Supplement have been negotiated in good faith and at arm's length among the Debtors and the Committee and are deemed to have been made in good faith and for legitimate business purposes. The terms and conditions of the iCap Trust Agreement set forth in the Plan Supplement are fair and reasonable and are approved.

**U.** ~~V.~~ **Exit Financing.**

61. ~~62.~~ The terms and conditions of the Exit Financing (which term, for the avoidance of doubt, shall include the (1) Exit Loan and Security Agreement with Keith Holdings LLC and iCap DIP Finance Group LLC, which contemplates a commitment fee of $150,000.00 to be paid by the iCap Trust upon approval of the Exit Financing; (2) Exit Loan and Security Agreement with Redmond Funding Group, LLC; and (3) Exit Loan and Security Agreement with Tritalent Funding Group, LLC (collectively, the "Exit Financing Documents")) and all of the transaction documents governing the Exit Financing and the fees to be paid thereunder (a) are fair and reasonable, (b) reflect the Debtors' exercise of prudent judgment, (c) are supported by reasonably equivalent value and fair consideration, (c) are proposed in good faith, (d) are critical to the success and feasibility of the Plan, (e) are in the best interests of the Debtors, their Estates, and their ~~creditors~~Creditors,

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION
33

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 103 of 141

and (f) were negotiated in good faith, without fraud or collusion and at arm's length among the parties, without the intent to hinder, delay, or defraud any ~~creditor~~Creditor of the Debtors.

**V.** ~~W.~~ **Likelihood of Satisfaction of Conditions Precedent to the Effective Date.**

62. ~~63.~~ Without limiting or modifying the rights of the Debtors, each of the conditions precedent to the Effective Date, as set forth in Article IX.A of the Plan, has been or is reasonably likely to be satisfied or waived in accordance with Article IX.B of the Plan.

**W.** ~~X.~~ **Implementation.**

63. ~~64.~~ All documents necessary to implement the Plan, including those contained in the Plan Supplement, and all other relevant and necessary documents (including, without limitation, the iCap Trust Agreement and any documents and ~~agreement~~agreements with respect to the Exit Financing) have been negotiated in good faith and at arm's length, are in the best interests of the Debtors, and shall, upon completion of documentation and execution, and in accordance with the terms and conditions thereof, be valid, binding, and enforceable documents and agreements not in conflict with any federal, state, or local law. The Debtors have exercised reasonable business judgment in determining which agreements to enter into and have provided sufficient and adequate notice of such documents and agreements. The terms and conditions of such documents and agreements have been and are continuing to be negotiated in good faith, at arm's length, are fair and reasonable, and are approved. The Debtors are authorized, without any further notice to or action, order, or approval of the Bankruptcy Court to finalize and execute and deliver all

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
34

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 104 of 141

agreements, documents, instruments, and certificates relating thereto and perform their obligations thereunder in accordance with the Plan.

**X.** ~~Y.~~ **Retention of Jurisdiction.**

64. ~~65.~~ Pursuant to sections 105(c) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Plan, this Confirmation Order, and the Chapter 11 Cases, to the fullest extent permitted by law, as set forth in Article XIII of the Plan.

**Y.** ~~Z.~~ **Waiver of Stay.**

65. ~~66.~~ Given the facts and circumstances of the Chapter 11 Cases, it is appropriate that the 14-day stay imposed by Bankruptcy Rules 3020(e) and 7062(a) be waived.

## ORDER

BASED ON THE FOREGOING FINDINGS OF FACTS AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, THAT:

**A.** **Approval of the Plan.**

66. ~~67.~~ The Plan, attached hereto as **Exhibit A**, is approved in its entirety and confirmed under section 1129 of the Bankruptcy Code. The terms of the Plan, including the Plan Supplement, are incorporated by reference into and are an integral part of this Confirmation Order (whether or not such terms are expressly referenced or described herein). The documents contained in the Plan Supplement, and any amendments, modifications, and supplements thereto, and all documents and agreements related thereto (including all exhibits and attachments thereto), and the

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
35

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503-224-5560

execution, delivery, and performance thereof, are authorized and approved as finalized, executed, and delivered. The failure to include or refer to any particular article, section, or provision of the Plan, the Plan Supplement, or any related document or exhibit does not impair the effectiveness of that article, section, or provision; it being the intent of the Bankruptcy Court that the Plan, the Plan Supplement, and any related document or exhibit are approved and confirmed in their entirety. The terms of the Plan, the Plan Supplement, all exhibits thereto, and all other relevant and necessary documents shall be effective and binding as of the Effective Date.

**B.** **Objections.**

67. 68. To the extent that any objections (including any reservation of rights) to Confirmation have not been withdrawn, waived, or settled prior to entry of this Confirmation Order, or otherwise resolved as stated by the Debtors on the record of the Confirmation Hearing, all such objections are denied and overruled on the merits and in their entirety.

**C.** **Approval of Plan Modifications.**

68. 69. The Modifications are approved in all respects pursuant to sections 1125 and 1127 of the Bankruptcy Code and Bankruptcy Rule 3019(a). The Plan (as modified by this Confirmation Order) is deemed accepted by all Holders of Claims that voted to accept or were deemed to have accepted any prior iteration of the Plan, and no other or further disclosure or solicitation of votes is required. For the avoidance of doubt, all references to the Plan herein shall mean the Plan as modified by the Modifications.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION
36

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

## D.   Amendment of the Plan.

69.   ~~70.~~ Subject to the requirements of section 1127 of the Bankruptcy Code, Bankruptcy Rule 3019, and, to the extent applicable, sections 1122, 1123, and 1125 of the Bankruptcy Code, the Debtors may alter, amend, or modify the Plan at any time prior to the Effective Date. Holders of Claims that have accepted the Plan shall be deemed to have accepted the Plan, as altered, amended, or modified, if the proposed alteration, amendment, or modification complies with the requirements of this paragraph ~~70~~69 and Article XII of the Plan, and does not materially and adversely change the treatment of the Claim of such Holder; *provided*, *however*, that any Holders of Claims that were deemed to have accepted the Plan because such Claims were unimpaired shall continue to be deemed to have accepted the Plan only if, after giving effect to such amendment or modification, such Claims continue to be unimpaired.

## E.   Plan Classification.

70.   ~~71.~~ The Plan's classification scheme is approved. The terms of the Plan shall solely govern the classification of Claims and Equity Interests for purposes of the distributions to be made thereunder. The classifications set forth on the Ballots tendered to or returned by the Holders of Claims in connection with voting on the Plan: (a) were set forth thereon solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of Claims under the Plan for distribution purposes; (c) may not be relied upon by any Holder of a Claim as representing the actual classification of such Claim under the Plan for distribution purposes; and (d) shall not be binding on the Debtors or the iCap Trust except for voting purposes.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**
37

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11   Doc 1403   Filed 10/16/24   Entered 10/16/24 12:04:58   Pg 107 of 141

**F.     Information Requests to Investors.**

71.   ~~72.~~ Upon request, Investors must, within twenty-one (21) calendar days of receipt of such request, respond to requests for information by the iCap Trustees with respect to Investor Claims. Failure to respond to a request for information may subject the Investor's Claim to disallowance in the iCap Trustees' full discretion, subject to the following:

> a.     Any request to an Investor for information pursuant to this paragraph shall include a clear statement that failure to provide the information may subject the Investor's Claim to disallowance in the iCap Trustees' full discretion;
>
> b.     The iCap Trustees may provide additional time to respond, if reasonably necessary and requested within the twenty-one (21) day period;
>
> c.     An Investor shall have the right to seek Bankruptcy Court determination on the reasonableness of the information requested; *provided, however*, that in the event the court determines that the request is reasonable, the Investor's Claim shall be subject to reduction in an amount sufficient (as determined by the iCap Trustees) to recover attorneys fees and costs incurred by the iCap Trust in addressing the request for determination~~.~~;
>
> d.     If a timely determination is requested, the Investor shall not be subject to forfeiture ~~if~~of the Investor's Claim until a resolution by the Bankruptcy Court and a reasonable amount of time to comply with the determination of the Bankruptcy Court~~.~~; and

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**
38

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

e.     Any Personally Identifiable Information, as that term is defined in section 101(41A) of the Bankruptcy Code, provided by an Investor to the iCap Trust shall be safeguarded and held confidential in accordance with reasonable commercial standards.

**G.     Claims Paid by Third Parties.**

72.     ~~73.~~ Except as otherwise set forth herein or in the Plan, and specifically Article III.C.2.a of the Plan, governing payments received by an Investor on account of Individual Investor-Specific Claims, to the extent a Holder of a Claim receives a Distribution on account of such Claim under the Plan and receives payment from a party that is not a Debtor or the iCap Trustees on account of such Claim, such Holder shall, within thirty (30) days of receipt thereof, repay or return the Distribution to the applicable Debtor or the iCap Trustees, to the extent the Holder's total recovery on account of such Claim from the third party and under the Plan exceeds the amount of such Claim as of the date of any such Distribution under the Plan. The failure of such Holder to timely repay or return such excess Distribution shall result in the Holder owing the iCap Trust annualized interest at the Federal Judgment Rate, as in effect as of the Petition Date, on such amount owed for each Business Day after the thirty-day grace period specified above until the amount is repaid. For the avoidance of doubt, only prior distributions are required to be returned or paid to the iCap Trust, and no forfeiture of an Investor's Claim shall result unless the Investor fails to comply with Article III.C.2.a of the Plan.

**H.     Comprehensive Settlement of Claims and Controversies.**

73.     ~~74.~~ Pursuant to sections 1123(a)(5), 1123(b)(3), and 1123(b)(6) of the Bankruptcy Code, as well as Bankruptcy Rule 9019, and in consideration for the Distributions and other benefits provided under the Plan, the provisions of the Plan

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION
39

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503-224-5560

23-01243-WLH11   Doc 1403   Filed 10/16/24   Entered 10/16/24 12:04:58   Pg 109 of 141

will constitute a good faith compromise and settlement of all claims and controversies relating to the rights that a Holder of a Claim or an Equity Interest may have against any Debtor with respect to any Claim, Equity Interest, or any Distribution on account thereof, as well as of all potential Intercompany Claims, Intercompany Liens, and Causes of Action against any Debtor. The entry of this Confirmation Order will constitute the Bankruptcy Court's approval, as of the Effective Date, of the compromise or settlement of all such claims or controversies and the Bankruptcy Court's finding that all such compromises or settlements are (i) in the best interest of the Debtors, the Estates, and their respective property and stakeholders; and (ii) fair, equitable, and reasonable.

74. ~~75.~~ The entry of this Confirmation Order constitutes Ponzi Findings that (i) beginning no later than the Ponzi Start Date through the conclusion of the prepetition time period analyzed by the CRO and his advisors (which, for the avoidance of doubt, ended prior to the retention of new counsel and financial advisors by the Debtors in July 2023), the iCap enterprise operated as a Ponzi scheme raising approximately $230 million from over 1,800 investors in the United States and abroad; and (ii) the Ponzi scheme involved the payment of purported returns to existing investors from funds contributed by new investors. The Ponzi Findings are not binding on any other court or governmental or regulatory authority. The Ponzi Findings contained in this Confirmation Order constitute and satisfy the Ponzi finding condition set forth in the Exit Financing.

75. ~~76.~~ Any Ponzi Finding by the Bankruptcy Court, including any finding of a Ponzi scheme or a Ponzi Start Date, shall not be preclusive nor binding on Umpqua Bank in any other court or governmental or regulatory authority, and neither the Debtors, the Committee, the iCap Trust, nor the iCap Trustees will seek to

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**
40

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503-224-5560

enforce the same against Umpqua Bank in this Bankruptcy Court. In addition, to the extent the Debtors are substantively consolidated as of the Effective Date, such substantive consolidation shall not affect or diminish any defenses or rights of Umpqua Bank with respect to any claims associated with the Debtors or any individual Debtor, including any deposit accounts held by a Debtor at Umpqua Bank. The Plan Proponents acknowledge and agree that: Umpqua Bank is not a Creditor or party to this proceeding, that Umpqua Bank has not had a full or fair opportunity to litigate any Ponzi Findings to a final order or judgment, and that no claims have been specifically asserted against Umpqua Bank, or otherwise adjudicated in any manner in relation to the Plan or through Confirmation of the Plan.

76. ~~77.~~ In accordance with the terms of the *Stipulation Resolving Christopher Christensen's Objection to Confirmation of the Plan* [ECF No. 1266] (the "Christensen Stipulation"), any finding of fact or conclusion of law by the Bankruptcy Court or any appellate court in connection with the confirmation of the Plan relating to any finding of a Ponzi scheme, a Ponzi start date, or any fraud or misconduct by or on behalf of the Debtors or Christensen shall have no preclusive effect on Christensen and shall not be binding on Christensen in any future litigation or proceeding against Christensen in any tribunal. Neither the Debtors, the Committee, the iCap Trust, nor the iCap Trustees will pursue any action in the Bankruptcy Court against Christensen, nor seek to enforce any such findings against Christensen or contend that Christensen is bound by any such findings; *provided* that, in the event Christensen files a motion or complaint in the Bankruptcy Court asserting a monetary claim or seeking affirmative recovery of funds from the Debtors' Estates or the iCap Trust based on any activity that occurred before the date of the Christensen Stipulation, the Debtors, the Committee, the iCap Trust, or the

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION
41

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503-224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 111 of 141

iCap Trustees (as applicable) will be permitted to respond to such action and seek to enforce the findings.

77. ~~78.~~ In accordance with the *Stipulation Resolving Wilmington's Objection to Confirmation of the Plan* [ECF No. 1338], any finding of fact or conclusion of law by the Bankruptcy Court or any appellate court in connection with the confirmation of the Plan relating to any finding of a Ponzi scheme (inclusive of the Ponzi Finding), a Ponzi start date, any fraud or misconduct by or on behalf of the Debtors, or any element of any claim or cause of action asserted against Wilmington, shall have no preclusive effect on Wilmington and shall not be binding on Wilmington in any future litigation or proceeding against Wilmington in any tribunal (including the pending Wilmington Adversary Proceeding). Neither the Debtors, the Committee, the iCap Trust, nor the iCap Trustees will seek to enforce any such findings against Wilmington or contend that Wilmington is bound by any such findings. Any and all rights and defenses of Wilmington to defend the claims and causes of action against it are preserved.

78. ~~79.~~ This comprehensive compromise and settlement, including the Ponzi Findings, is a critical component of the Plan and is designed to provide a resolution of the innumerable disputed intercompany and intercreditor Claims, Liens, and Causes of Action that otherwise could take years to resolve, which would delay and undoubtedly reduce the Distributions that ultimately would be available for all Creditors.

**I.      Substantive Consolidation of Debtors.**

79. ~~80.~~ On the Effective Date, the Debtors, other than the Excluded Debtors with respect to Claims in Classes 2B and 2C, shall be substantively consolidated pursuant to sections 105(a), 541, 1123, and 1129 of the Bankruptcy Code; *provided,*

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**
42

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503-224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 112 of 141

*however*, that the Debtors or iCap Trustees, as applicable, reserve the right to effectuate, without further motion practice, substantive consolidation of the Excluded Debtors after the Claims in Classes 2B and 2C are consensually resolved with the Holders of such Claims upon filing notice with the Bankruptcy Court. As a result of the substantive consolidation, on the Effective Date, all property, rights, and claims of the Debtors and all Claims against the Debtors (other than Claims in Classes 2B and 2C) shall be deemed to be pooled for purposes of Distributions under the Plan and, in the iCap Trustees' discretion, other purposes. Further, as a result of this substantive consolidation, all claims between and among the Debtors shall be cancelled. Holders of Allowed Claims shall be entitled to only one satisfaction on account of such Claims, and any contingent or otherwise duplicative Claims against one or more of the Debtors based upon claims for which one or more of the Debtors are also liable shall be disallowed. Holders of Claims in Classes 2B and 2C shall be entitled to recover up to the full amount of their Allowed Secured Claim from the sale proceeds for their Collateral.

80. ~~81.~~ Entry of this Confirmation Order shall constitute the approval, pursuant to sections 105(a), 541, 1123, and 1129 of the Bankruptcy Code, of the substantive consolidation of the Debtors in the manner set forth herein; *provided, however*, that while the Debtors shall be substantively consolidated for purposes of Distributions to Creditors, such that all Investors shall have claims against a single pool of the Debtors' consolidated assets, the actual substantive consolidation of entities, particularly for tax purposes, shall be at the option of the Debtors or the iCap Trust, as applicable. Notwithstanding such substantive consolidation, however, fees payable pursuant to 28 U.S.C. § 1930 shall be due and payable by each individual Debtor through the Effective Date.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**
43

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 113 of 141

81. ~~82.~~ Substantive consolidation under the Plan shall not affect, without limitation, any defenses or rights the Debtors or the iCap Trust may have to any Claim, Cause of Action, or Avoidance Action, including the ability to assert a counterclaim.

82. ~~83.~~ Any Intercompany Claims that could be asserted by one Debtor against another Debtor will be extinguished immediately before the Effective Date with no separate recovery on account of any such Claims and any Intercompany Liens that could be asserted by one Debtor regarding any Estate Assets owned by another Debtor will be deemed released and discharged on the Effective Date; *provided, however*, that solely with respect to any Secured Claim of a non-debtor as to which the associated Lien would be junior to any Intercompany Lien, the otherwise released Intercompany Claim and associated Intercompany Lien will be preserved for the benefit of, and may be asserted by the iCap Trust as to any Collateral so as to retain the relative priority and seniority of such Intercompany Claim and associated Intercompany Lien.

**J.** **Sources of Cash for Plan Distributions.**

83. ~~84.~~ The Debtors shall fund Distributions under the Plan with: (a) Available Cash on hand; (b) the Exit Financing; and (c) all other proceeds, if any, generated from the liquidation of the iCap Trust Actions.

**K.** **Vesting of iCap Trust Assets.**

84. ~~85.~~ On the Effective Date, the iCap Trust will be automatically vested with all the Debtors' and the Estates' respective rights, title, and interest in and to all iCap Trust Assets. Except as specifically provided in the Plan or this Confirmation Order, the iCap Trust Assets shall automatically vest in the iCap Trust free and clear of all Claims, Liens, or interests subject only to the iCap Trust Interests and the iCap

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION
44

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503-224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 114 of 141

Trust Expenses, as provided for in the iCap Trust Agreement, and such vesting shall be exempt from any stamp, real estate transfer, other transfer, mortgage reporting, sales, use, or other similar tax. The iCap Trustees shall be the exclusive trustee of the iCap Trust Assets for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representative of the Estates appointed pursuant to section 1123(b)(3) of the Bankruptcy Code regarding all iCap Trust Assets. The iCap Trust shall hold and distribute the iCap Trust Assets in accordance with the provisions of the Plan and the iCap Trust Agreement.

85. 86. Notwithstanding the foregoing or any other provision in the Plan, in the event that the iCap Trust receives any monies from the United States or any other Governmental Unit, obtained as forfeited assets (or otherwise) by the Governmental Unit for the benefit of the Investor victims of the Debtors' prepetition Ponzi scheme, all such monies shall not constitute Estate Assets or iCap Trust Assets, and the iCap Trustees are authorized to and shall distribute all such monies only to Investors who are Holders of Class A iCap Trust Interests or Class B iCap Trust Interests on account thereof, subject to the Plan and the iCap Trust Agreement; *provided* that the iCap Trustees and their agents will be reimbursed from such monies for reasonable costs and expenses incurred by said parties related to the iCap Trust's collection, administration, and distribution of such monies to the applicable Investors.

86. 87. Except as otherwise provided in the Plan or this Confirmation Order, the iCap Trust, as a successor in interest to the Debtors, the Estates, and the Contributing Claimants will have the exclusive right, power, and interest on behalf of itself, the Debtors, the Estates, and the Contributing Claimants to institute, commence, file, pursue, prosecute, enforce, abandon, settle, compromise, release, waive, dismiss, or withdraw any and all iCap Trust Actions without any further order

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
45

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 115 of 141

of the Bankruptcy Court, except as otherwise provided in the iCap Trust Agreement. From and after the Effective Date, the iCap Trust, in accordance with section 1123(b)(3) of the Bankruptcy Code, shall serve as a representative of the Estates with respect to any and all iCap Trust Actions that were Estate Assets and shall retain and possess the right to institute, commence, file, pursue, prosecute, enforce, abandon, settle, compromise, release, waive, dismiss, or withdraw, as appropriate, any and all iCap Trust Actions in any court or other tribunal.

87. ~~88.~~ No person may rely on the absence of a specific reference in the Plan or the Disclosure Statement to any Avoidance Action, Causes of Action, or Contributed Claims against them as any indication that the iCap Trust will not pursue any and all available Avoidance Actions, Causes of Action, or Contributed Claims against such Person. The Debtors and the iCap Trust expressly reserve all rights to prosecute any and all Avoidance Actions, Causes of Action, or Contributed Claims against any Person other than the Released Parties, in accordance with the Plan.

88. ~~89.~~ Notwithstanding anything to the contrary in the Plan, the transfer of the iCap Trust Assets in Article V of the Plan shall not be free and clear of the Supplemental DIP Claims, the Obligations (as defined in the Supplemental DIP Credit Agreement), or the liens, claims, and interests granted to the DIP Parties by the Debtors pursuant to the Supplemental DIP Credit Agreement. The iCap Trust assumes and remains bound by the Supplemental DIP Credit Agreement and all Obligations (as defined in the Supplemental DIP Credit Agreement) thereunder and the Bankruptcy Court's order approving the Supplemental DIP Credit Agreement. The iCap Trust Assets shall be encumbered by the liens, claims, obligations, and security interests granted to the DIP Parties under the Supplemental DIP Credit Agreement and the Bankruptcy Court's order approving the Supplemental DIP Credit

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION
46

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 116 of 141

Agreement, and the Trust shall not distribute collateral (or proceeds thereof) of the DIP Parties until the Obligations (as defined in the Supplemental DIP Credit Agreement) under the Supplemental DIP Credit Agreement are satisfied in full.

**L.  Abandonment of Certain Estate Assets.**

89. ~~90.~~ On the Effective Date, and without the need for further action, the following Estate Assets shall be abandoned by the Debtors and their Estates pursuant to Bankruptcy Code section 554 and shall not be considered iCap Trust Assets: (i) the real property commonly known as 715–775 Broadway, Tacoma, WA; and (ii) the Debtors' interests in Airlink Holdings, LLC's ("Holdings") and Airlink Markets, LLC ("Markets" and, together with Holdings, "Airlink") (which entities shall be dissolved by the Debtors in accordance with this Confirmation Order) including, without limitation, Holdings' membership interests in Markets (the "Airlink Membership Interests").

90. ~~91.~~ Upon the Effective Date, any of the Debtors' remaining interests in Airlink including, without limitation, the Airlink Membership Interests, shall be abandoned. In addition, the Debtors and/or the iCap Trustees, as applicable, are authorized to shut down Airlink, notify all regulators, and file any applications or documents to effectuate such abandonment and shutdown.

**M.  Termination of Directors and Officers.**

91. ~~92.~~ On the Effective Date, each of the Debtors' existing directors and officers including, without limitation, the CRO, shall be terminated automatically without the need for any further action and without the need for any corporate or limited liability company filings, and they shall have no ongoing rights against or obligations to the Debtors or the Estates, including under any applicable prepetition agreements (all of which will be deemed terminated); *provided, however*, that the

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION
47

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11   Doc 1403   Filed 10/16/24   Entered 10/16/24 12:04:58   Pg 117 of 141

Debtors' indemnification and defense obligations under any such agreements shall survive the foregoing termination and remain unaltered by the Plan. On the Effective Date, the iCap Trustees shall succeed to all such powers as would have been applicable to the Debtors' officers and directors in respect of all iCap Trust Assets.

**N.      Appointment of iCap Trustees.**

92. ~~93.~~ The appointment of Lance Miller and Seth Freeman as the iCap Trustees to perform the functions of the iCap Trustees as set forth in Article V.D of the Plan and the iCap Trust Agreement is hereby approved. The iCap Trustees shall have the rights, powers, and obligations set forth in, and shall be entitled to reimbursement of their costs and expenses incurred in connection with exercising their functions under, the Plan in accordance with Article V.D of the Plan and the iCap Trust Agreement.

**O.      Corporate Action.**

93. ~~94.~~ On the Effective Date, all matters under the Plan involving or requiring action of the directors, members, managers, or officers of the Debtors, including, but not limited to, actions requiring a vote or other approval of the board of directors or any of the members or officers of the Debtors or the execution of any documentation incident to or in furtherance of the Plan, shall be deemed to have been authorized by this Confirmation Order and to have occurred and be in effect from and after the Effective Date, without any further action by the Bankruptcy Court or the directors, members, managers, or officers of the Debtors.

94. ~~95.~~ Without limiting the generality of the foregoing, on the Effective Date and automatically and without further action, (a) any existing director, manager, or officer of the Debtors will be deemed to have resigned on the Effective Date without any further corporate action, (b) the iCap Trustees shall be deemed the

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**
48

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 118 of 141

manager, officer, and representative of the iCap Trust to exercise the rights, power, and authority of the iCap Trust under applicable provisions of the Plan and bankruptcy and non-bankruptcy law, and (c) all matters provided under the Plan shall be deemed to be authorized and approved without further approval from the Bankruptcy Court. This Confirmation Order modifies the Debtors' constituent documents such that the provisions of the Plan can be effectuated. The Plan shall be administered by the iCap Trustees, and all actions taken thereunder in the name of the iCap Trust shall be taken through the iCap Trustees. All corporate governance activities of the iCap Trust shall be exercised by the iCap Trustees in their discretion, subject to the terms of the Plan.

**P.** **Closing of the Chapter 11 Cases.**

95. 96. As soon as practicable after the iCap Trustees exhaust substantially all of the iCap Trust Assets by making the final Distributions under the Plan, the iCap Trustees shall, at the expense of the iCap Trust, (a) abandon, destroy, or otherwise dispose of any books and records of the Debtors that the iCap Trustees deem not necessary for the continued administration of the Plan or required to be retained under applicable law (as determined by the iCap Trustees in good faith), without the need for any order of the Bankruptcy Court, *provided, however*, that such right shall be limited in accordance with paragraph 128 97 of this Confirmation Order, (b) file a motion for entry of a final decree closing the Chapter 11 Cases that have not been already closed in accordance with the Bankruptcy Code and the Bankruptcy Rules and stating that the assets of the iCap Trust have been exhausted and final Distributions have been made under the Plan, (c) file the necessary paperwork in the respective jurisdictions to effectuate the dissolution of the Debtors in accordance with the laws of such jurisdiction, and (d) resign as the officer,

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION
49

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

director, and manager, as applicable, of the Debtors. Upon the Bankruptcy Court's entry of a Final Order granting the motion described in clause (b) of the preceding sentence, the Debtors shall be deemed dissolved for all purposes without the necessity for any other or further actions to be taken by or on behalf of the Debtors or payments to be made in connection therewith, and the remaining Chapter 11 Cases shall be closed on the date that the Bankruptcy Court has entered such Final Order.

96. ~~97.~~ Notwithstanding the immediately preceding paragraph, if the iCap Trustees deem it appropriate, the iCap Trustees may seek authority from the Bankruptcy Court to close any of the Chapter 11 Cases and dissolve or merge any of the Debtors prior to all final Distributions having been made under the Plan.

**Q.    Books and Records.**

97.    On the Effective Date, the Debtors' books and records shall be transferred to the iCap Trustees. The iCap Trustees shall be free, in their discretion to abandon, destroy, or otherwise dispose of the books and records in compliance with applicable non-bankruptcy law, or any other order of the Bankruptcy Court, at any time on and after the Effective Date, without the need for any other or further order; *provided, however*, that neither the Debtors nor the iCap Trustees shall destroy or otherwise abandon any books, records, electronically stored information, or other documents without providing advance notice to the SEC (c/o William M. Uptegrove, U.S. Securities and Exchange Commission, 950 East Paces Ferry Road, NE, Suite 900, Atlanta, GA 30326, UptegroveW@SEC.GOV), which shall have seven (7) days to object to any proposed destruction or abandonment, and with authorization from the Bankruptcy Court; *provided further* that, nothing in the Plan or this Confirmation Order shall affect the obligations of the Debtors, the iCap Trust, and/or any transferee or custodian to maintain any books and records that are subject to any governmental

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
50

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 120 of 141

subpoena, document preservation letter, or other investigative request from a governmental agency.

**R.** ~~Q.~~ **Dissolution of the Debtors.**

98.     Upon the Distribution of all iCap Trust Assets, the Debtors shall be dissolved for all purposes by the iCap Trustees without the necessity for any other or further actions to be taken by or on behalf of any Debtors or payments to be made in connection therewith; *provided*, *however*, that, without the need of any further approval, the iCap Trustees in their discretion may execute and file documents and take all other actions as they deem appropriate relating to the dissolution of the Debtors under applicable law, and in such event, all applicable regulatory or governmental agencies shall take all steps necessary to allow and effect the prompt dissolution of the Debtors as provided herein, without the payment of any fee, tax, or charge and without need for the filing of any certificates.

**S.** ~~R.~~ **Cancellation of Indebtedness.**

99.     Except as otherwise provided in the Plan, on the Effective Date, except for the purpose of evidencing a right to distribution under the Plan, any Notes or other instruments or documents evidencing or creating any indebtedness or obligations of, or interest in, the Debtors, except assumed executory contracts and assumed unexpired leases, and/or such Notes or other instruments evidencing indebtedness or obligations of the Debtors that are unimpaired, reinstated, assumed, or amended and restated under the Plan, shall be cancelled and terminated and of no further force or effect.

**T.** ~~S.~~ **Exit Financing.**

100.    The Debtors or the iCap Trust, as applicable, are hereby authorized to enter into, execute, deliver, file, record, and issue the Exit Financing Documents and

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
    51

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503-224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 121 of 141

to incur the obligations under the Exit Financing, including the granting of liens thereunder, the payment of all fees, expenses, indemnities, and other amounts provided for in each Exit Financing and the other instruments, agreements, and documents entered into in connection therewith, all of which are hereby approved. The Debtors or the iCap Trust, as applicable, are authorized and empowered to incur and to perform their obligations in accordance with, and subject to, the Exit Financing Documents and to perform all acts, and make, execute, and deliver all instruments and documents that may be required for the performance by the Debtors or the iCap Trust, as applicable, under the Exit Financing Documents and the creation and perfection of the liens described in and provided for by the Exit Financing Documents.

101.   Upon the Effective Date, the Exit Financing Documents shall constitute legal, valid, binding, and authorized debt obligations of each of the Debtors or the iCap Trust, as applicable, and the terms and provisions set forth in the Exit Financing Documents shall be enforceable in accordance with their terms. The financial accommodations to be extended pursuant to the Exit Financing Documents shall be deemed to have been extended in good faith, for legitimate business purposes, are reasonable, and are for reasonably equivalent value as an inducement to the lenders thereunder to extend credit thereunder.

102.   On the Effective Date, all of the liens and security interests to be granted in accordance with the Exit Financing Documents (a) shall be deemed to be granted, (b) shall be legal, binding, and enforceable liens on, and security interests in, the applicable collateral granted thereunder in accordance with the terms of the Exit Financing Documents, (c) shall be deemed automatically perfected and non-avoidable on the Effective Date, subject only to such liens and security interests

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**
52

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

as may be permitted under the Exit Financing Documents, (d) shall not be subject to avoidance, recharacterization, or equitable subordination for any purposes whatsoever, and (e) shall not constitute preferential transfers, fraudulent transfers, or fraudulent conveyances under the Bankruptcy Code or any applicable non-bankruptcy law.

**U.** ~~T.~~ **Effectuating Documents; Further Transactions.**

103. On and after the Effective Date, the iCap Trustees are authorized to, and may issue, execute, deliver, file, or record, such contracts, instruments, releases, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement, and further evidence the terms and conditions of the Plan, without the need for any approvals, authorization, or consents, except for those expressly required pursuant to the Plan.

104. Issuance of the iCap Trust Interests in accordance with the Plan is approved. The iCap Trust is authorized and empowered, without further approval of this Bankruptcy Court or any other Person, to take such actions and to perform such acts as may be necessary, desirable, or appropriate to implement the issuance of the iCap Trust Interests in accordance with the Plan and to execute and deliver all agreements, documents, securities, instruments, and certificate relating thereto.

105. The approvals and authorizations specifically set forth in this Confirmation Order are not intended to limit the authority of the Debtors or the iCap Trustees, as applicable, to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all document or transactions contemplated by the Plan or this Confirmation Order.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION
53

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 123 of 141

**V. ~~U.~~ Section 1146 Exemption.**

106.   In accordance with section 1146 of the Bankruptcy Code and Washington Administrative Code 458-61A-207, no stamp tax, conveyance fee, real estate, excise, or other transfer tax, mortgage tax, mortgage recording tax, Uniform Commercial Code filing or recording filing fee, or similar tax shall apply to (a) the sale or transfer of iCap Trust Assets to the iCap Trust; (b) the issuance, Distribution, transfer, or exchange of Notes or equity securities under the Plan; (c) the establishment of any mortgage, deed of trust, Lien, pledge, or other security interest, or the execution or delivery of any lease, sublease, deed, or other transfer instrument related to or in support of the Plan; or (d) the sale of any real estate by the iCap Trust. Upon entry of this Confirmation Order, the appropriate state or local governmental officials or agents and any third party shall forgo the collection of any such tax, recordation fee, or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax, recordation fee, or assessment.

**W.   ~~V.~~ Preservation of Rights of Action.**

107.   Except as otherwise provided in the Plan or this Confirmation Order (including in the Investor Claims Special Provisions), in accordance with section 1123(b) of the Bankruptcy Code, from and after the Effective Date, the iCap Trust will retain all rights to institute, commence, file, pursue, prosecute, enforce, abandon, settle, compromise, release, waive, dismiss, or withdraw, as appropriate, any and all of the Debtors' or Estates' Causes of Action and Causes of Action that are Contributed Claims (whether existing as of the Petition Date or thereafter arising), and all Avoidance Actions, all as iCap Trust Actions, in each case in any court or other tribunal, including in an adversary proceeding Filed in the Chapter 11 Cases,

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION
54

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503-224-5560

23-01243-WLH11   Doc 1403   Filed 10/16/24   Entered 10/16/24 12:04:58   Pg 124 of 141

subject to the requirements set forth in the Plan and the iCap Trust Agreement. The iCap Trust shall have the exclusive right, power, and interest on behalf of itself, the Debtors, the Estates, and the Contributing Claimants to, enforce, sue on, settle, compromise, transfer, or assign (or decline to do any of the foregoing) any or all of the iCap Trust Actions without notice to or approval from the Bankruptcy Court, subject to the iCap Trust Agreement. In accordance with the Plan, without any further notice to or action, order, or approval of the Bankruptcy Court, from and after the Effective Date, the iCap Trust may compromise and settle iCap Trust Actions, subject to the iCap Trust Agreement. For the avoidance of doubt, nothing in the Disclosure Statement or the Plan shall require the iCap Trust to commence or pursue litigation concerning any iCap Trust Action.

108. The failure to specifically identify in the Disclosure Statement (including its exhibits and schedules) or the Plan any potential or existing Avoidance Actions or Causes of Action as an iCap Trust Action is not intended to and shall not limit the rights of the iCap Trust to pursue any such Avoidance Actions or Causes of Action. Unless a iCap Trust Action is expressly waived, relinquished, released, compromised, or settled in the Plan or any Final Order (including this Confirmation Order), the Debtors expressly reserve such iCap Trust Action for later resolution by the iCap Trust (including any Avoidance Actions or Causes of Action not specifically identified or of which the Debtors may presently be unaware or that may arise or exist by reason of additional facts or circumstances unknown to the Debtors at this time or facts or circumstances that may change or be different from those the Debtors now believe to exist). In addition, the right to pursue or adopt any claims alleged in any lawsuit in which any Debtor or the iCap Trust is a plaintiff, defendant, or an interested party is fully reserved as against any Person that is not a Released

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
55

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

Party, including the plaintiffs or co-defendants in such lawsuits. No preclusion doctrine, including the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches, shall apply to any iCap Trust Actions upon, after, or as a consequence of the confirmation of the Plan.

**X.** ~~**W.**~~ **Releases, Exculpation, and Injunctions.**

109. The following release, exculpation, and injunction provisions set forth in Article X of the Plan are hereby approved and authorized in their entirety.

110. **Releases and Related Matters. On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each of the Releasing Parties shall be deemed, to the fullest extent permitted under applicable law, to have forever released, waived, and discharged each of the Released Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, and liabilities whatsoever, whether known or unknown, whether foreseen or unforeseen, whether liquidated or unliquidated, whether fixed or contingent, whether matured or unmatured, existing or hereafter arising, at law, in equity, or otherwise, that are based in whole or in part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Estates, the conduct of the Debtors' businesses, the Chapter 11 Cases, or the Plan, except for acts or omissions that are determined by Final Order to have constituted actual fraud or willful misconduct; *provided, however*, that nothing in Article X.G of the Plan shall release or otherwise affect any Person's rights under the Plan or the Confirmation Order.**

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**
56

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 126 of 141

1
2
3
4
5
6
7
8
9
10

111.   **Entry of the Confirmation Order shall constitute (i) the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases set forth in Article X.G of the Plan; and (ii) the Bankruptcy Court's findings that such releases are (1) in exchange for good and valuable consideration provided by the Released Parties (including performance of the terms of the Plan), and a good-faith settlement and compromise of the released claims, (2) in the best interests of the Debtors, the Estates, and any Holders of Claims that are Releasing Parties, (3) fair, equitable, and reasonable, (4) given and made after due notice and opportunity for hearing, and (5) a bar to any of the Releasing Parties asserting any released claim against any of the Released Parties.**

11
12
13
14
15
16
17
18
19
20
21
22

112.   For the avoidance of doubt, the Release does not apply to Christopher Christensen and/or Jim Christensen. The Released Parties shall not include any prepetition insider of any of the Debtors, any non-debtor affiliates of the Debtors or insider of any such non-debtor affiliates, any prepetition employee of any of the Debtors involved in any way in the prepetition marketing or sale of any products offered by any of the Debtors, and any other Person (including any "broker," salesperson, consultant, affiliated entity, or professional) involved in any way in the prepetition marketing or sale of any products offered by any of the Debtors (the "Excluded Parties"). Excluded Parties shall not include any consultant retained or engaged by the Debtors during the Chapter 11 Cases except for Christopher Christensen and Jim Christensen.

23
24
25
26

113.   **Exculpation. On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, to the maximum extent permitted by law, none of the Exculpated Parties shall have or incur any liability to any Person, including to any Holder of a Claim or an Equity Interest,**

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
57

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503-224-5560

23-01243-WLH11   Doc 1403   Filed 10/16/24   Entered 10/16/24 12:04:58   Pg 127 of 141

for any postpetition act or omission occurring from the Petition Date to the Effective Date in connection with, relating to, or arising out of the Chapter 11 Cases, the formulation, negotiation, preparation, dissemination, solicitation of acceptances, implementation, Confirmation, or consummation of the Plan, the Disclosure Statement, or any contract, instrument, release, or other agreement or document created, executed, or contemplated in connection with the Plan, or the administration of the Plan or the property to be distributed under the Plan, or any other act taken or omission originating or occurring after the Petition Date but before the Effective Date in connection with or in contemplation of the restructuring, sale, or liquidation of the Debtors; *provided, however*, that nothing in Article X.H of the Plan shall release or otherwise affect any Person's rights under the Plan or the Confirmation Order, including with respect to the Supplemental DIP Credit Agreement; and *provided, further*, that the exculpation provisions of Article X.H of the Plan shall not apply to acts or omissions constituting actual fraud, willful misconduct, gross negligence, or malpractice by such Exculpated Party as determined by a Final Order. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting the Exculpated Parties from liability. This Confirmation Order shall serve as a permanent injunction against any Person seeking to enforce any Causes of Action against the Exculpated Parties that are encompassed by the exculpation provided by Article X.H of the Plan.

114. <u>Injunction</u>. Except as otherwise expressly provided in the Plan, and except in connection with the enforcement of the Plan or any documents provided for or contemplated in the Plan, all Persons who have held, hold, or

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
58

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 128 of 141

may hold Claims against or Equity Interests in the Debtors or the Estates that (i) have been released pursuant to Article X.G of the Plan or (ii) are subject to exculpation pursuant to Article X.H of the Plan, are permanently enjoined from and after the Effective Date from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such Claim or Equity Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such Claim or Equity Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such Claim or Equity Interest; (d) asserting, directly or indirectly, any setoff, or recoupment of any kind against any obligation due to the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such Claim or Equity Interest, unless approved by the Bankruptcy Court; and (e) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Equity Interest. Without limiting the foregoing, the automatic stay provided under section 362(a) of the Bankruptcy Code shall remain in effect until the Chapter 11 Cases are closed. Nothing contained in Article X.I of the Plan shall prohibit the Holder of a Filed proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
59

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 129 of 141

**Plan, or enjoin or prohibit the interpretation or enforcement by the Holder of such Claim or Equity Interest of any of the obligations of the Debtors or the iCap Trustees under the Plan. The iCap Trust shall be entitled, as liquidated damages, to the payment of any fees and costs incurred by the iCap Trust to address any violation of the injunction contained in Article X.I of the Plan.**

115. **Injunction Against Interference with the Plan. Upon entry of this Confirmation Order, all Holders of Claims and Equity Interests and their respective current and former employees, agents, officers, directors, principals, and direct and indirect affiliates shall be enjoined from taking any actions of any kind against the iCap Trustees, the iCap Trust, or any of the iCap Trust Assets that interfere with the implementation or consummation of the Plan. The iCap Trust shall be entitled, as liquidated damages, to the payment of any fees and costs incurred by the iCap Trust to address any violation of the injunction contained in Article X.J of the Plan.**

**Y. ~~X.~~ Provisions Governing Distributions.**

116. The distribution provisions of Article VI of the Plan shall be, and hereby are, approved in their entirety. The iCap Trustees shall make all Distributions under the Plan to the appropriate Holders of Allowed Claims in accordance with the terms of the Plan and the iCap Trust Agreement, as applicable.

**Z. ~~Y.~~ Administration of the iCap Trust.**

117. The iCap Trust Agreement, substantially in the form filed with the Plan Supplement, as such Plan Supplement may be amended in accordance with the Plan and this Confirmation Order is approved.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
60

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

**AA.** ~~Z.~~ **Post-Confirmation Notices, Professional Compensation, and Bar Dates.**

   **1.    Notice of Entry of the Confirmation Order and Occurrence of the Effective Date.**

   118.    In accordance with Bankruptcy Rules 2002 and 3020(c), promptly after the occurrence of the Effective Date, the Debtors shall promptly cause notice of confirmation of the Plan and the occurrence of the Effective Date ~~, in substantially the form annexed hereto as **Exhibit B**~~ (the "Notice of Effective Date"), to be served by e-mail or United States first class mail to all parties served with the notice of the Confirmation Hearing; *provided*, that the Debtors are excused from distributing the Notice of Effective Date to those addresses from which one or more prior notices served in these Chapter 11 Cases were returned as undeliverable unless the Debtors are provided with updated addresses for such entities before the Effective Date. Mailing of the Notice of Effective Date in the time and manner set forth in this paragraph will be good, adequate, and sufficient notice under the particular circumstances and in accordance with the requirements of Bankruptcy Rules 2002 and 3020(c). No further notice is necessary.

   119.    The Notice of Effective Date will constitute sufficient notice of the entry of this Confirmation Order to filing and recording officers, and will be a recordable instrument notwithstanding any contrary provision of applicable non-bankruptcy law.

   **2.    Final Administrative Claims Bar Date.**

   120.    The provisions governing the treatment of Allowed Administrative Expense Claims set forth in Article III.A.1 of the Plan are approved in their entirety. Administrative expense requests asserting Administrative Expense Claims arising from the Petition Date through and including the Effective Date, excluding (a) Claims of Professional Persons in the Chapter 11 Cases and (b) claims arising in the

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
61

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 131 of 141

ordinary course of business, must be filed no later than thirty (30) days after the notice of the Effective Date is filed with the Bankruptcy Court or such later date as may be established by order of the Bankruptcy Court (the "Administrative Expense Claims Bar Date"). Holders of Administrative Expense Claims who are required to file a request asserting Administrative Expense Claims and who do not file such request by the Administrative Expense Claims Bar Date, may not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such Administrative Expense Claim in the Chapter 11 Cases. Notwithstanding the foregoing, pursuant to section 503(b)(1)(D) of the Bankruptcy Code, no Governmental Unit shall be required to file a request for payment of any Administrative Expense Claim of a type described in sections 503(b)(1)(B) or 503(b)(1)(C) of the Bankruptcy Code as a condition to such Claim being Allowed.

### 3. Professional Fees.

121. The provisions governing compensation or reimbursement of Professional Persons set forth in Article III.A.1.b of the Plan are approved in their entirety. All final requests for compensation or reimbursement of Professional Persons retained in these Chapter 11 Cases for services performed and expenses incurred prior to the Effective Date shall be filed and served on: (a) the iCap Trustees, (i) Pivot Management Group, LLC, 1230 Rosecrans Ave., Suite 530, Manhattan Beach, CA 90266 (Attn: Lance Miller (Lance.miller@pivotgrp.com)) and (ii) B. Riley Advisory Services, 19800 MacArthur Boulevard, Suite 820, Irvine, CA 92612 (Attn: Seth Freeman (SFreeman@brileyfin.com)); (b) counsel to the Debtors, O'Melveny & Myers LLP (i) 400 South Hope Street, Suite 1900, Los Angeles, CA 90071 (Attn: Julian Gurule (jgurule@omm.com)) and (ii) 1301 Avenue of the

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
62

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

Americas, Suite 1700, New York, NY 10019 (Attn: Diana Perez (dperez@omm.com)); (c) counsel to the Unsecured Creditors' Committee, (i) Bush Kornfeld LLP, 601 Union Street, Suite 5000, Seattle, WA 98101 (Attn: Armand J. Kornfeld (jkornfeld@bskd.com) and Aimee S. Willig (awillig@bskd.com)) and (ii) K&L Gates, 925 Fourth Avenue, Suite 2900, Seattle, WA 98104 (Attn: John T. Bender (John.Bender@klgates.com)); (d) the Office of the United States Trustee, United States Department of Justice, 920 West Riverside Avenue, Room 593, Spokane, WA 99201 (Attn: Gary W. Dyer (Gary.W.Dyer@usdoj.gov)); and (e) such other Persons who are designated by the Bankruptcy Rules, the Confirmation Order, or other order of the Bankruptcy Court, by no later than sixty (60) days after the Effective Date, unless otherwise agreed by the Debtors or the iCap Trustees, as applicable. Objections to any Claims of Professional Fees must be filed with the Bankruptcy Court and served on the iCap Trustees and the applicable Professional Person no later than fourteen (14) days after service of such applicable final fee application, unless otherwise ordered by the Bankruptcy Court. After Notice and Hearing in accordance with the procedures established by the Bankruptcy Code and any prior orders of the Bankruptcy Court in the Chapter 11 Cases, the Allowed amounts of such Claims shall be determined by the Bankruptcy Court and, once approved by the Bankruptcy Court, shall be promptly paid in Cash.

   **4.** **Bar Date for Rejection Damages Claims.**

   122. Proofs of Claim asserted in connection with any executory contracts or unexpired leases rejected under the Plan must be filed so that they are actually received by BMC no later than thirty (30) days after service of the notice of Effective Date. Any proofs of Claim not filed and served within such time period shall not

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION
63

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 133 of 141

receive or be entitled to receive any payment or Distribution from the Debtors or the iCap Trust with respect to such Claim in the Chapter 11 Cases.

**5.** **Notice of Subsequent Pleadings.**

123.    Except as otherwise may be provided in the Plan or herein, notice of all subsequent pleadings in the Chapter 11 Cases after the Effective Date shall be limited to the following parties: (a) the iCap Trustees (as set forth in the iCap Trust Agreement); (b) the U.S. Trustee; and (c) any Person that files a renewed request for notice under Bankruptcy Rule 2002 after the Effective Date.

**BB.** **AA. Payment of Statutory Fees.**

124.    The Debtors shall timely make all payments required under the Plan. Without limiting the generality of the foregoing, the iCap Trust shall be responsible for the timely payment of quarterly fees incurred pursuant to 28 U.S.C. § 1930(a)(6) following Confirmation until the Case Closing Date. After Confirmation, the iCap Trust shall serve on the United States Trustee quarterly a financial report for each quarter (or portion thereof) the Chapter 11 Cases remain open. The financial report shall include a statement of all disbursements made during the course of the relevant quarter, whether or not pursuant to the Plan.

**CC.** **BB. Effectiveness of All Actions.**

125.    All actions authorized to be taken pursuant to the Plan, including, without limitation, entry into the iCap Trust Agreement and the Exit Financing, shall be effective on, prior to, or after the Effective Date pursuant to this Confirmation Order, without further application to, or order of the Bankruptcy Court, or further action by the respective officers, directors, managers, members, or stockholders of the Debtors or the iCap Trustees and with the effect that such actions had been taken by unanimous action of such officers, directors, managers, members, or stockholders.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**
64

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503-224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 134 of 141

126. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of all states and any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts and transactions referred to in or contemplated by the Plan, the Plan Supplement, the Disclosure Statement, the iCap Trust Agreement, and any other documents, instruments, securities, or agreements, and any amendments or modifications thereto, including with respect to the Exit Financing.

## DD. ~~CC.~~ Conflicts.

127. Except as set forth in the Plan, to the extent that any provision of the Plan, the Plan Supplement, or any other document (but excluding, for the avoidance of doubt, this Confirmation Order) referenced in the Plan (or any exhibits, schedules, appendices, supplements, or amendments to any of the foregoing), conflict with or are in any way inconsistent with any provision of the Plan (without reference to the Plan Supplement), the Plan (without reference to the Plan Supplement) shall govern and control; *provided*, *however*, that notwithstanding anything herein or the Plan to the contrary, in the event of a conflict between this Confirmation Order, on the one hand, and any of the Plan or the Plan Supplement on the other hand, this Confirmation Order shall govern and control in all respects.

## EE. ~~DD.~~ SEC Rights.

128. Notwithstanding any language to the contrary in the Disclosure Statement, the Plan, and/or this Confirmation Order, no provision shall (i) preclude the SEC from enforcing its police or regulatory powers or (ii) enjoin, limit, impair, or delay the SEC from commencing or continuing any claims, Causes of Action,

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION
65

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 135 of 141

proceedings, or investigations against any non-Debtor Person or non-Debtor entity in any forum.

**FF.** ~~EE.~~ **Reservation of Rights.**

129.   Except as expressly set forth in the Plan, the Plan shall have no force or effect unless the Bankruptcy Court shall enter this Confirmation Order. None of the filing of the Plan, any statement or provision contained herein, or the taking of any action by any Debtor with respect to the Plan shall be or shall be deemed to be an admission or waiver of any rights of any Debtor with respect to the Holders of Claims or Equity Interest before the Effective Date.

**GG.** ~~FF.~~ **Severability.**

130.   In the event the Bankruptcy Court determines, before Confirmation, that any provision in the Plan is invalid, void, or unenforceable, the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of the Plan will remain in full force and effect and will in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation. This Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is: (a) valid and enforceable pursuant to its terms; (b) integral to the Plan and may not be deleted or modified without consent of the Debtors; and (c) nonseverable and mutually dependent.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**
66

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 136 of 141

## HH. GG. Revocation or Withdrawal of the Plan; Non-Occurrence of Effective Date Conditions.

131.   The Debtors reserve the right to revoke or withdraw the Plan before Confirmation and to file a subsequent plan. If the Debtors revoke or withdraw the Plan before Confirmation, then the Plan shall be deemed null and void. In such event, nothing contained herein shall constitute or be deemed a waiver or release of any claims by or against the Debtors or to prejudice in any manner the rights of the Debtors in any further proceedings involving the Debtors.

132.   If the conditions necessary for the Effective Date are not met or duly waived as outlined in Articles IX.A and B of the Plan, upon notification filed by the Debtors with the Bankruptcy Court, the following shall occur: (i) this Confirmation Order will be vacated; (ii) no Distributions will be made; (iii) the Debtors, the Estates, the Committee, and all Creditors will revert to the status quo as of the day immediately preceding the Confirmation Hearing as if the Confirmation Order had not been entered; and (iv) all obligations of the Debtors and the Estates regarding Claims will remain unchanged. Nothing in the Plan will constitute a waiver or release of any Claims by or against the Debtors, the Estates, or any other Person, nor will it prejudice the rights, claims, or defenses of the Debtors, the Estates, or any other Person.

## II. HH. Retention of Jurisdiction.

133.   Pursuant to sections 105(c) and 1142 of the Bankruptcy Code, and notwithstanding entry of this Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court retains jurisdiction and power over all matters arising in, arising under, or related to the Chapter 11 Cases and the Plan to the fullest extent

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**
67

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-01243-WLH11    Doc 1403    Filed 10/16/24    Entered 10/16/24 12:04:58    Pg 137 of 141

permitted by law, including the jurisdiction and power related to those matters set forth in Article XIII of the Plan.

**JJ.** ~~II.~~ **Dissolution of Committee.**

134.　Upon the occurrence of the Effective Date, the Committee shall dissolve automatically, whereupon its members, professionals, and agents shall be released from any duties and responsibilities in the Chapter 11 Cases and under the Bankruptcy Code (except with respect to (a) obligations arising under confidentiality agreements, which shall remain in full force and effect, (b) applications for allowance and payment of the fees of Professional Persons, and (c) any pending motions or other actions seeking enforcement or implementation of the provisions of the Plan).

**KK.** ~~JJ.~~ **Final Order.**

135.　This Confirmation Order is a Final Order and the period in which an appeal must be filed shall commence upon entry hereof.

**LL.** ~~KK.~~ **Enforceability of Plan.**

136.　Pursuant to sections 1123(a), 1141(a), and 1142 of the Bankruptcy Code, the Plan and all Plan-related documents shall be, and hereby are, valid, binding, and enforceable. Upon the occurrence of the Effective Date, the Plan and the Plan Supplement shall be immediately effective and enforceable and deemed binding on the Debtors, all Creditors and Holders of Equity Interests, and all other Persons in accordance with their respective terms.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION
68

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503-224-5560

23-01243-WLH11   Doc 1403   Filed 10/16/24   Entered 10/16/24 12:04:58   Pg 138 of 141

**MM. ~~LL.~~ Substantial Consummation.**

137. "Substantial Consummation" of the Plan, as defined in section 1101(2) of the Bankruptcy Code, shall be deemed to occur on the Effective Date.

**NN. ~~MM.~~ Immediate Binding Effect.**

138. Notwithstanding Bankruptcy Rules 3020(e), 6004(h), or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan shall be immediately effective and enforceable and deemed binding upon the Debtors, and any and all Holders of Claims or Equity Interests (irrespective of whether such Claims or Equity Interests are deemed to have accepted the Plan), all Persons and Entities that are party, or subject, to the settlements, compromises, releases, and injunctions described in the Plan, each Person and Entity acquiring property under the Plan, and the respective heirs, executors, administrators, successors or assigns, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians, if any, with respect to the foregoing.

///End of Order///

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION
69

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503-224-5560

PRESENTED BY:

By: ___/s/___
OREN B. HAKER (WSBA No. 48725)
BRITTA E. WARREN, WSBA No. 43329
BLACK HELTERLINE LLP

*Co-Counsel to Debtors and Debtors in Possession*

By: ___/s/___
JULIAN I. GURULE (Admitted *Pro Hac Vice*)
O'MELVENY & MYERS, LLP

*Co-Counsel to Debtors and Debtors in Possession*

By: ___/s/___
ARMAND J. KORNFELD, WSBA No. 17214
AIMEE S. WILLIG, WSBA No. 22859
JASON WAX, WSBA No. 41944
BUSH KORNFELD LLP

*Counsel for the Official Committee of Unsecured Creditors*

And

JOHN T. BENDER, WSBA No. 49658
K&L ~~Gates~~GATES LLP

*Special Litigation Counsel for the Official Committee of Unsecured Creditors*

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**
70

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

| Summary report: Litera Compare for Word 11.3.0.46 Document comparison done on 10/16/2024 1:53:54 PM | |
|---|---|
| **Style name:** OMM Standard | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** nd://4867-9020-9750/10/iCap - Confirmation Order DRAFT.docx | |
| **Modified DMS:** nd://4867-9020-9750/12/iCap - Confirmation Order DRAFT.docx | |
| **Changes:** | |
| Add | 111 |
| Delete | 104 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 215 |